1  ROBERT F. SCOULAR (SBN 85293)
   robert.scoular@dentons.com
2  JOHN A. MOE II (SBN 66893)
   john.moe@dentons.com
3  NORMAN M. ASPIS (SBN 313466)
   norman.aspis@dentons.com
4  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
5  Los Angeles, California 90017-5704
   Telephone:    213 623 9300
6  Facsimile:    213 623 9924

7  Attorneys for Defendant, Crossclaimant, and Counterclaimant
   YOGI SECURITIES HOLDINGS, LLC
8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11               LOS ANGELES DIVISION

12

13 In re,                              | Case No. 2:21-bk-18205-DS

14 CRESTLLOYD, LLC,

15                        Debtor.        | Chapter 11

16 INFERNO INVESTMENT, INC., a Quebec  | Adversary Proceeding No. 2:22-ap-01125-DS
   corporation,
17                        Plaintiff,
                                         **DEFENDANT YOGI SECURITIES
18            v.                         HOLDINGS, LLC'S ANSWER TO
                                         PLAINTIFF INFERNO INVESTMENT,
19 CRESTLLOYD, LLC, a California limited INC.'S ADVERSARY COMPLAINT**
   liability company; HANKEY CAPITAL, LLC,
20 a California limited liability company; YOGI
   SECURITIES HOLDINGS, LLC, a Nevada
21 limited liability company; and HILLDUN
   CORPORATION, a New York corporation,
22
                        Defendants.
23

24      Defendant Yogi Securities Holdings, LLC ("Defendant" or "Yogi Securities") hereby

25 answers the adversary Complaint ("Complaint") filed by Plaintiff Inferno Investment, Inc.

26 ("Inferno") in the above-captioned action, and each purported claim for relief alleged therein, as

27 follows:

28

1

**NATURE OF THIS PROCEEDING**

2       1.      In response to Paragraph 1 of the Complaint, Yogi Securities denies that "Inferno's

3   lien is senior to those of Hankey Capital, LLC . . . , Yogi Securities Holdings, LLC . . . , and

4   Hilldun Corporation . . . and [that] all amounts owed to Inferno should be paid from proceeds of

5   the sale of the Property prior to payment to any other creditor." Yogi Securities lacks knowledge

6   or information sufficient to form a belief as to the truth or falsity of the other allegations

7   contained in Paragraph 1, and, on that basis, denies each and every of the other allegations

8   contained therein.

9       2.      In response to Paragraph 2 of the Complaint, Yogi Securities admits that "Hankey

10  Capital asserts that Inferno agreed to subordinate its claim to theirs and the Debtor joins in this

11  contention." Yogi Securities denies that Inferno is "not subordinated to any lien" of Yogi

12  Securities and also denies that Inferno should be paid before Yogi Securities is paid. Except as so

13  admitted or expressly denied, Yogi Securities lacks knowledge or information sufficient to form a

14  belief as to the truth or falsity of the other allegations contained in Paragraph 2, and, on that basis,

15  denies each and every of the other allegations contained therein.

16      3.      In response to Paragraph 3 of the Complaint, Yogi Securities admits that "Debtor,

17  Hankey Capital . . . seek to rely on an alleged 2016 'Memorandum of Agreement' between

18  Inferno and Debtor ('the MOA') to claim that Inferno subordinated its debt to Defendant

19  Lienholders' debt, including with respect to loans made to the Debtor even after the MOA was

20  signed." Yogi Securities also admits, on information and belief, that Crestlloyd expended "dollars

21  that were to be used for the Property for other properties and the personal benefit of Nile Niami

22  and Yvonne Niami, the principals of Crestlloyd." Yogi Securities denies that "Inferno and the

23  Debtor agreed that Inferno would subordinate only to future debts to which they specifically

24  agreed in writing," and that it was "for that reason there were amendments to the MOA." Except

25  as so admitted or expressly denied, Yogi Securities lacks knowledge or information sufficient to

26  form a belief as to the truth or falsity of the other allegations contained in Paragraph 3, and, on

27  that basis, denies each and every of the other allegations contained therein.

28

Adversary Proceeding No. 2:22-ap-01125-DS
Yogi Securities Holdings, LLC's Answer to
Adversary Complaint

4.     In response to Paragraph 4 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

5.     In response to Paragraph 5 of the Complaint, and on information and belief, Yogi Securities admits that the Property was incomplete as of the bankruptcy petition date. Yogi Securities denies the allegation that "Inferno has priority and its claims must be paid first, before other creditor claims" to the extent such allegation pertains to Yogi Securities. To the extent Inferno seeks to characterize California law in Paragraph 5, Yogi Securities states that no response is required, as no factual allegation is made thereby. Except as so admitted or expressly denied, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 5, and, on that basis, denies each and every of the other allegations contained therein.

**JURISDICTION AND VENUE**

6.     In response to Paragraph 6 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

7.     In response to Paragraph 7 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

8.     In response to Paragraph 8 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

9.     In response to Paragraph 9 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

**THE PARTIES**

10.     In response to Paragraph 10 of the Complaint, Yogi Securities admits that Inferno filed Proof of Claim No. 11 on or about January 4, 2022." Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 10, and, on that basis, denies each and every of the other allegations contained therein.

11.     In response to Paragraph 11 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

12.     In response to Paragraph 12 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

13.     In response to Paragraph 13 of the Complaint, Yogi Securities admits that "Yogi [Securities] asserted a claim as an alleged secured lender in Proof of Claim No. 15 filed January 14, 2022." Yogi Securities further admits that it is "a limited liability company." Yogi Securities also states that it filed an amended Proof of Claim No. 27 in the above-captioned bankruptcy case, asserting a secured claim in the amount of $24,385,366.77, as set forth therein. Except as so admitted, and subject to the foregoing qualifications and statements, Yogi Securities denies each and every of the other allegations contained in Paragraph 13.

14.     In response to Paragraph 14 of the Complaint, Yogi Securities admits that Hilldun filed "Proof of Claim No. 9 . . . [on] December 23, 2021." Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 14, and, on that basis, denies each and every of the other allegations contained therein.

## **FACTUAL BACKGROUND OF THIS DISPUTE**

### **Commencement of the Airole Project With Inferno Funds**

15.     In response to Paragraph 15 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

16.     In response to Paragraph 16 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

17.     In response to Paragraph 17 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

Adversary Proceeding No. 2:22-ap-01125-DS
Yogi Securities Holdings, LLC's Answer to
Adversary Complaint

18.     In response to Paragraph 18 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

19.     In response to Paragraph 19 of the Complaint, and on information and belief, Yogi Securities admits that "[t]he MOA states that proceeds from sale of the Property shall be used '[f]irst to repay the loan(s) obtained from a bank or third-party parties (excluding Crestlloyd and Inferno) and all other unpaid costs of construction of the [Property].'" Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 19, and, on that basis, denies each and every of the other allegations contained therein.

20.     In response to Paragraph 20 of the Complaint, Yogi Securities admits that Yogi Securities "allege[s] that the MOA subordinates Inferno's debt to the debt[] of" Yogi Securities, but denies each and every other allegation set forth in Paragraph 20, except that Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that "[t]he MOA was not an agreement, in advance, to give a blanket subordination to any debt incurred by Debtor in the future regardless of nature or amount" and that "Inferno did not agree in the MOA to subordinate to the debts of Hankey Capital . . . or Hilldun," and, on that basis, denies such allegations.

**The Original Hankey Capital Loan and Alleged Subordination by Inferno**

21.     In response to Paragraph 21 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every of the allegations contained therein.

22.     In response to Paragraph 22 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every of the allegations contained therein.

23.     In response to Paragraph 23 of the Complaint, and on information and belief, Yogi Securities admits that Hankey Capital agreed that the monies Hankey Capital was providing "would be sufficient to complete construction, and agreed to a procedure to ensure that result;" "that disbursements to Debtor shall be in accordance with Exhibit D" of the so-called

"Construction Loan Agreement;" and "Exhibit D sets forth the procedure by which Debtor shall obtain all disbursements" from Hankey Capital and "requires that Debtor substantiate each request for payment for materials or services and provide documentation establishing that the work being funded is actually being accomplished." Except as so admitted, Yogi Securities denies any allegation that funds disbursed by Hankey Capital should be considered "lending" or a "[l]oan" to the Debtor and, as to the other allegations contained in Paragraph 23, lacks knowledge or information sufficient to form a belief as to the truth or falsity of such other allegations contained in Paragraph 23, and, on that basis, denies each and every of such other allegations contained therein.

24.    In response to Paragraph 24 of the Complaint, Yogi Securities admits that "Hankey Capital alleges that a Subordination Agreement with respect to Hankey Capital's loan facility of $82.5 million in October 2018 gives it priority," and that "[a] copy of the Subordination Agreement . . . is attached as Exhibit 3." Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 24, and, on that basis, denies each and every of the other allegations contained therein.

25.    In response to Paragraph 25 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

26.    In response to Paragraph 26 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every of the allegations contained therein.

27.    In response to Paragraph 27 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every of the allegations contained therein, except Yogi Securities admits that Hankey Capital and Debtor purport to have executed certain documents regarding the advancing of funds by Hankey Capital and that Hankey Capital purports to have advanced funds to the Debtor.

28.     In response to Paragraph 28 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every of the allegations contained therein, except Yogi Securities admits that Hankey Capital and Debtor purport to have executed certain documents regarding the advancing of funds by Hankey Capital and that Hankey Capital purports to have advanced funds to the Debtor.

29.     In response to Paragraph 29 of the Complaint, Yogi Securities admits that Hankey Capital alleges that Inferno executed and delivered a "Subordination Agreement" in favor of Hankey Capital; that Hankey Capital alleges that it advanced funds to Debtor; that to the extent of advanced funds, Hankey Capital provided such additional funds to Debtor without ensuring that the Debtor complied with disbursement provisions or ensuring that the advanced funds were used for construction and improvements to the Property; and that the Property is still not complete or was not complete as of the petition date of the bankruptcy case. Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 29, and, on that basis, denies each and every of the other allegations contained therein.

**Loans by Yogi Securities**

30.     In response to Paragraph 30 of the Complaint, Yogi Securities admits that Yogi Securities made loans to Debtor and other entities associated with Nile Niami, which included loans on multiple real property developments on North Hillcrest Road, Bellagio Road, North Carcassonne Road, Stone Ridge Lane and Londonderry Place; that on or about October 16, 2018, Debtor signed a Secured Promissory Note agreeing to pay Yogi Securities the amount of $30,188,235 plus interest, secured by the Property; and that Yogi Securities filed its "Proof of Claim No. 15 on January 13, 2022, asserting a secured claim on the amount of $21,943,053.75." Yogi Securities also states that it filed an amended Proof of Claim No. 27 in the above-captioned bankruptcy case, asserting a secured claim in the amount of $24,385,366.77. Except as so admitted, Yogi Securities denies each and every of the other allegations contained in Paragraph 30.

Adversary Proceeding No. 2:22-ap-01125-DS
Yogi Securities Holdings, LLC's Answer to
Adversary Complaint

31.     In response to Paragraph 31 of the Complaint, Yogi Securities denies the allegations contained therein.

### The Bankruptcy Filing

32.     In response to Paragraph 32 of the Complaint, Yogi Securities admits the allegations contained therein.

### Proofs of Claim

33.     In response to Paragraph 33 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

34.     In response to Paragraph 34 of the Complaint, Yogi Securities admits the allegations contained therein. Yogi Securities also states that it filed an amended Proof of Claim No. 27 in the above-captioned bankruptcy case, asserting a secured claim in the amount of $24,385,366.77.

35.     In response to Paragraph 35 of the Complaint, Yogi Securities admits the allegations contained therein.

### The Sale of the Property

36.     In response to Paragraph 36 of the Complaint, Yogi Securities admits the allegations contained therein.

37.     In response to Paragraph 37 of the Complaint, Yogi Securities admits the allegations contained therein.

### FIRST CLAIM FOR RELIEF

**(Declaratory Relief Against All Defendants to the Effect that Inferno's**

**Secured Debt Is Not Subordinated to the Debt of Hankey Capital)**

38.     In response to Paragraph 38 of the Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 37 above, as if fully set forth herein.

39.     In response to Paragraph 39 of the Complaint, and on information and belief, Yogi Securities admits that Inferno's liens were "recorded prior to the liens Defendant Lienholders seek to enforce in this bankruptcy proceeding." Except as so admitted, Yogi Securities lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the other

allegations contained in Paragraph 39, and, on that basis, denies each and every of the other

allegations contained therein.

40.     In response to Paragraph 40 of the Complaint, and on information and belief, Yogi

Securities admits that Hankey Capital failed to comply with the requirements imposed to protect

the asset embodied by the Property, particularly its own disbursement requirements, and to ensure

that the construction of the Property be completed; that Hankey Capital's failure to monitor and

compel compliance with disbursement and use requirements or other reasonable distribution

procedures regarding funds that Hankey Capital alleges that it advanced would have led to

dissipation of the Debtor's assets and damage of Debtor's creditors; that funds which Hankey

Capital alleges that it advanced were to be used to complete construction of the Property and were

represented to be sufficient for that purpose; and that Hankey Capital allowed Debtor to use any

such proceeds for other properties of Nile Niami or for his personal benefit. Yogi Securities

further admits that Hankey Capital asserts that Inferno and Hankey Capital each executed and

delivered the Subordination Agreement. Except as so admitted, Yogi Securities lacks knowledge

or information sufficient to form a belief as to the truth or falsity of the other allegations

contained in Paragraph 40, and, on that basis, denies each and every of the other allegations

contained therein.

41.     In response to Paragraph 41 of the Complaint, Yogi Securities admits that Inferno

makes the allegations set forth therein.

42.     In response to Paragraph 42 of the Complaint, Yogi Securities admits that under

California Code of Civil Procedure section 1060 *et seq.*, 28 U.S.C. 2201 and Rule 7001(2) of the

Federal Rules of Bankruptcy Procedure, the Court can determine the validity, priority, and extent

of the liens involved herein. Except as so admitted, Yogi Securities lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the other allegations contained

in Paragraph 42 and, on that basis, denies each and every of the other allegations contained in

Paragraph 42.

Adversary Proceeding No. 2:22-ap-01125-DS
Yogi Securities Holdings, LLC's Answer to
Adversary Complaint

43.     In response to Paragraph 43 of the Complaint, Yogi Securities admits that Inferno seeks declaratory relief as alleged.

## SECOND CLAIM FOR RELIEF

**(Declaratory Relief Against All Defendants to the Effect that Inferno Did Not Subordinate Its Debt to the Defendant Lienholders' Claims Pursuant to the MOA)**

44.     In response to Paragraph 44 of the Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 37 above, as if fully set forth herein.

45.     In response to Paragraph 45 of the Complaint, and on information and belief, Yogi Securities admits that Inferno's liens were "recorded prior to the liens Defendant Lienholders seek to enforce in this bankruptcy proceeding." Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 45, and, on that basis, denies each and every of the other allegations contained therein.

46.     In response to Paragraph 46 of the Complaint, Yogi Securities denies each and every allegation contained therein.

47.     In response to Paragraph 47 of the Complaint, Yogi Securities admits that under California Code of Civil Procedure section 1060 *et seq.*, 28 U.S.C. 2201 and Rule 7001(2) of the Federal Rules of Bankruptcy Procedure, the Court can determine the validity, priority, and extent of the liens involved herein. Except as so admitted, Yogi Securities denies each and every of the other allegations contained in Paragraph 47.

48.     In response to Paragraph 48 of the Complaint, Yogi Securities admits that Inferno seeks declaratory relief, but Yogi Securities otherwise denies that Inferno is entitled to the declaratory relief it seeks.

Adversary Proceeding No. 2:22-ap-01125-DS
Yogi Securities Holdings, LLC's Answer to
Adversary Complaint

**THIRD CLAIM FOR RELIEF**

**(Declaratory Relief Against All Defendants to the Effect that Inferno's Claim**

**Is Senior to and Has Priority Over Debts of Other Secured Creditors**

**Including Those of Defendant Lienholders)**

49.     In response to Paragraph 49 of the Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 37 above, as if fully set forth herein.

50.     In response to Paragraph 50 of the Complaint, and on information and belief, Yogi Securities admits that Inferno's liens were "recorded prior to the liens Defendant Lienholders seek to enforce in this bankruptcy proceeding." Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 50, and, on that basis, denies each and every of the other allegations contained therein.

51.     In response to Paragraph 51 of the Complaint, Yogi Securities denies each and every allegation contained therein.

52.     In response to Paragraph 52 of the Complaint, Yogi Securities admits the allegations contained therein.

53.     In response to Paragraph 53 of the Complaint, Yogi Securities admits that the under California Code of Civil Procedure section 1060 *et seq.*, 28 U.S.C. 2201 and Rule 7001(2) of the Federal Rules of Bankruptcy Procedure, the Court can determine the validity, priority, and extent of the liens involved herein. Except as so admitted, Yogi Securities denies each and every of the other allegations contained in Paragraph 53.

54.     In response to Paragraph 54 of the Complaint, Yogi Securities admits that Inferno seeks declaratory relief, but denies that Inferno is entitled to the declaratory relief it seeks.

1

**FOURTH CLAIM FOR RELIEF**

2

**(Unfair Business Practices Under California Business and Professions Code**

3

**Section 17200, et seq., Against Hankey Capital)**

4          55.      In response to Paragraph 55 of the Complaint, Yogi Securities realleges and

5    incorporates herein by reference its responses to Paragraphs 1 through 37 above, as if fully set

6    forth herein.

7          56.      In response to Paragraph 56 of the Complaint, Yogi Securities neither admits nor

8    denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against

9    Yogi Securities.

10          57.      In response to Paragraph 57 of the Complaint, Yogi Securities neither admits nor

11    denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against

12    Yogi Securities.

13          58.      In response to Paragraph 58 of the Complaint, Yogi Securities neither admits nor

14    denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against

15    Yogi Securities.

16          59.      In response to Paragraph 59 of the Complaint, Yogi Securities neither admits nor

17    denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against

18    Yogi Securities.

19          60.      In response to Paragraph 60 of the Complaint, Yogi Securities neither admits nor

20    denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against

21    Yogi Securities.

22

**FIFTH CLAIM FOR RELIEF**

23

**(Declaratory Relief Regarding Whether the Rebate and the DIP Loan**

24

**Proceeds Are Unencumbered)**

25          61.      In response to Paragraph 61 of the Complaint, Yogi Securities realleges and

26    incorporates herein by reference its responses to Paragraphs 1 through 37 above, as if fully set

27    forth herein.

28

Adversary Proceeding No. 2:22-ap-01125-DS
Yogi Securities Holdings, LLC's Answer to
Adversary Complaint

62.     In response to Paragraph 62 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

63.     In response to Paragraph 63 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

64.     In response to Paragraph 64 of the Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

65.     In response to Paragraph 65 of the Complaint, Yogi Securities admits that "[t]he Debtor and its agents repeatedly testified before and represented to the Court that the Property was worth $325 million but that even if it went for as low as $200 million, all secured creditors would be adequately protected." Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 65, and, on that basis, denies each and every of the other allegations contained therein.

66.     In response to Paragraph 66 of the Complaint, Yogi Securities admits that Inferno seeks declaratory relief and that Inferno is entitled to the declaratory relief it seeks.

## SIXTH CLAIM FOR RELIEF

### (Rescission of the MOA as Against All Defendants)

67.     In response to Paragraph 67 of the Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 37 above, as if fully set forth herein.

68.     In response to Paragraph 68 of the Complaint, Yogi Securities states that the MOA speaks for itself and Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

69.     In response to Paragraph 69 of the Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

70.     In response to Paragraph 70 of the Complaint, Yogi Securities denies each and every allegation contained therein.

Adversary Proceeding No. 2:22-ap-01125-DS
Yogi Securities Holdings, LLC's Answer to
Adversary Complaint

1

**AFFIRMATIVE DEFENSES**

2      Yogi Securities sets forth the following defenses to the Complaint. Yogi Securities

3  reserves the right to restate or delete any affirmative defense, or add additional affirmative

4  defenses. By listing any matter as an affirmative defense, Yogi Securities does not assume the

5  burden of proving any matter upon which Inferno or any other party bears the burden of proof

6  under applicable law, and the matters alleged below are not an admission of any allegation in the

7  Complaint.

8

**FIRST AFFIRMATIVE DEFENSE**

9

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

10      The Complaint, and each of its purported claims for relief, fails to state a claim upon

11  which relief can be granted against Yogi Securities.

12

**SECOND AFFIRMATIVE DEFENSE**

13

**(Statutes of Limitations)**

14      The Complaint, and each of its purported claims for relief, is barred in whole or in part by

15  the applicable statutes of limitations, including, but not limited to, California Code of Civil

16  Procedure sections 337, 338, 339, 340, and 343, and all other applicable limitations, statutes, and

17  requirements.

18

**THIRD AFFIRMATIVE DEFENSE**

19

**(Consent)**

20      Inferno consented to and approved of the acts and omissions alleged in the Complaint.

21  Therefore, Inferno is barred, in whole or in part, from pursuing each purported claim for relief

22  contained in the Complaint.

23

**FOURTH AFFIRMATIVE DEFENSE**

24

**(Implied Consent)**

25      Inferno, through its actions and conduct, impliedly consented to and approved of the acts

26  and omissions alleged in the Complaint. Therefore, Inferno is barred, in whole or in part, from

27  pursuing each purported claim for relief contained in the Complaint.

28

Adversary Proceeding No. 2:22-ap-01125-DS
Yogi Securities Holdings, LLC's Answer to
Adversary Complaint

## **FIFTH AFFIRMATIVE DEFENSE**

### **(Waiver and Laches)**

The Complaint, and each purported claim for relief therein, is barred in whole or in part by the doctrines of waiver and/or laches.

## **SIXTH AFFIRMATIVE DEFENSE**

### **(Good Faith)**

The Complaint, and each purported claim for relief therein, is barred in whole or in part because Yogi Securities at all times acted fairly and in good faith, and all actions taken with regard to Inferno and the Property, as that term is defined in the Complaint, were taken for lawful business reasons and in good faith.

## **SEVENTH AFFIRMATIVE DEFENSE**

### **(Res Judicata and Estoppel)**

The Complaint, and each purported claim for relief therein, is barred in whole or in part by the doctrines of res judicata, collateral estoppel, equitable estoppel, judicial estoppel, and/or any other applicable estoppel or preclusion doctrines.

## **EIGHTH AFFIRMATIVE DEFENSE**

### **(Justification)**

Yogi Securities' conduct was justified and in good faith.

## **NINTH AFFIRMATIVE DEFENSE**

### **(Release)**

Inferno's claims are barred by Inferno's release of any and all such claims.

## **TENTH AFFIRMATIVE DEFENSE**

### **(Unclean Hands)**

Inferno's claims are barred in whole or in part because Inferno comes into court with unclean hands.

## **ELEVENTH AFFIRMATIVE DEFENSE**

### **(Ratification and Consent)**

The Complaint and the purported claims for relief alleged therein are barred under the

doctrines of ratification and consent.

## TWELFTH AFFIRMATIVE DEFENSE

### (Accord & Satisfaction)

The Complaint and the purported claims for relief alleged in the Complaint are barred under the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Inferno has suffered no legally cognizable damages as a result of the conduct alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Speculative Losses or Damages)

Inferno's claims are barred, in whole or in part, because Inferno's claimed losses and/or damages, if any, are too speculative to be ascertainable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

Any damages awarded to Inferno should be reduced by the value of compensation or benefits it received.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Mitigation)

At all times and places mentioned in the Complaint, Inferno failed to make reasonable efforts to mitigate damages, if any there were.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Election of Remedies)

The Complaint is barred and precluded by reason of the doctrine of election of remedies, because Inferno seeks inconsistent remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Complaint, and each purported claim for relief therein, is barred in whole or in part

1 | because Inferno would be unjustly enriched if it were to recover any sum in this action.

2 | **<u>NINETEENTH AFFIRMATIVE DEFENSE</u>**

3 | **(Equity)**

4 | The Complaint, and each purported claim for relief therein, is barred in whole or in part

5 | because it would be inequitable to hold Yogi Securities liable to Inferno.

6 | **<u>TWENTIETH AFFIRMATIVE DEFENSE</u>**

7 | **(Damages Not Recoverable Under Theories Pled)**

8 | Inferno's claims are barred, in whole or in part, to the extent Inferno seeks damages which

9 | are not properly recoverable under the theories set forth in the Complaint.

10 | **<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>**

11 | **(Public Policy)**

12 | Inferno's claims are barred, in whole or in part, to the extent any recovery would be

13 | contrary to public policy.

14 | **<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>**

15 | **(Contributory Negligence)**

16 | Inferno's injuries, damages, or losses, to the extent any exist, are barred or limited by

17 | Inferno's own contributory negligence.

18 | **<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>**

19 | **(Comparative Fault)**

20 | Yogi Securities denies that Inferno has sustained any injury, damages, or losses by reason

21 | of any act, error, or omission on the part of Yogi Securities. If, however, it is established that

22 | Inferno has sustained any injury, damages, or losses, and that Yogi Securities is liable in any

23 | amount or at all, any such injury, damages, or losses was proximately caused or contributed to by

24 | negligence and other improper acts on the part of Inferno and others, and the amount of any such

25 | injury, damages, or losses must be apportioned, according to the respective comparative fault,

26 | among all those persons whose negligence or improper acts caused and contributed to any such

27 | alleged injuries, damages, or losses.

28 |

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Reservation of Rights to Assert Additional Defenses)

3      Yogi Securities has not knowingly or voluntarily waived any applicable defenses and

4  reserves the right to assert and rely on such other applicable defenses as may become available or

5  apparent during discovery proceedings. Yogi Securities further reserves the right to amend its

6  answer and/or defenses accordingly and/or to delete defenses that Yogi Securities determines are

7  not applicable during the course of subsequent discovery.

8                                        ## PRAYER

9      WHEREFORE, Yogi Securities prays for judgment as follows:

10     1.      That Inferno takes nothing by way of its Complaint or any purported claims stated

11             therein, except in connection with its Fifth Claim for Relief;

12     2.      That the Court dismiss Inferno's Complaint and each purported claim for relief

13             therein against Yogi Securities with prejudice;

14     3.      That the Court award Yogi Securities all of its costs and attorneys' fees, to the

15             extent allowed by law, incurred in connection with this action; and

16     4.      That the Court award Yogi Securities such other and further relief as this Court

17             deems just and proper.

18

19  Dated: August 10, 2022                    DENTONS US LLP

20                                            By:    */s/ John A. Moe, II*
                                                     Robert F. Scoular
21                                                   John A. Moe, II
                                                     Norman M. Aspis

22                                            Attorneys for Defendant
23                                            YOGI SECURITIES HOLDINGS, LLC

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is Suite 2500, 601 South Figueroa Street, Los Angeles, California 90017-5704.

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANT YOGI SECURITIES HOLDINGS, LLC'S ANSWER TO PLAINTIFF INFERNO INVESTMENT, INC.'S ADVERSARY COMPLAINT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below.

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 10, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David B Golubchik
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034

Counsel for Crestlloyd, LLC
T: 310 229 1234 / F: 310 229 1244
E: dbg@lnbyg.com

Howard Steinberg
Greenberg Traurig LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121

Counsel for Hankey Capital, LLC
T: 310 586 7702 / F: 310 586 0227
E: steinbergh@gtlaw.com

Ryan Coy
BG Law LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

Counsel for Hilldun Corp.
T: 517 376 0350
E: rcoy@bg.law

Kyra E Andrassy
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626

Counsel for Inferno Investment, Inc.
T: 714 445 1000 / F: 714 445 1002
E: kandrassy@swelawfirm.com

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

U.S. Trustee
T: 213 894 6811
E: ustpregion16.la.ecf@usdoj.gov

**Courtesy NEFs:**

Todd M Arnold
Jonathan Gottlieb
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034

T: 310-229-1234
E: tma/jdg@lnbyg.com

Thomas M Geher
Jeffer Mangels Butler & Mitchell, LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

T: 310-203-8080
E: tmg@jmbm.com

**2. SERVED BY UNITED STATES MAIL:** On (*date*) August 10, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    1                    **F 9013-3.1.PROOF.SERVICE**

sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Martin D Singer<br>Lavely & Singer PC<br>2049 Century Park East Ste 2400<br>Los Angeles, CA 90067-2906 | Counsel for Inferno Investment, Inc.<br>T: 310 556 3501 / F: 310 556 3615<br>E: n/a |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 10, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than the next business day after the document is filed.

| | |
|---|---|
| Honorable Deborah J. Saltzman<br>U.S. Bankruptcy Court, Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 East Temple Street, Suite 1634 / Courtroom 1639<br>Los Angeles, CA 90012 | ☒ No judge's copy of any document is required unless a copy is requested by chambers. If chambers calls to request a judge's copy, it must be provided by means such that it is received in chambers within two business days (for example, by messenger or overnight mail).<br>☐ By Next Business Day [Trkg#_____]<br>☐ By Facsimile to _____<br>☐ Proposed Order via Lodged Order Upload |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 10, 2022 | Frederick Kalve | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    2                    **F 9013-3.1.PROOF.SERVICE**