**MARTIN D. SINGER (BAR NO. 78166)**
**PAUL N. SORRELL (BAR NO. 126346)**
**MAX D. FABRICANT (BAR NO. 333859)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com
psorrell@lavelysinger.com
mfabricant@lavelysinger.com

**KYRA E. ANDRASSY (BAR NO. 207959)**
**SMILEY WANG-EKVALL, LLP**
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone: (714) 445-1000
Email: kandrassy@swelawfirm.com

Attorneys for Plaintiff and Counter-Defendant INFERNO INVESTMENT, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; and HILLDUN CORPORATION, a New York corporation,<br><br>Defendants. | **ANSWER OF PLAINTIFF AND COUNTER-DEFENDANT INFERNO INVESTMENT, INC. TO DEFENDANT CRESTLLOYD LLC'S CROSS-COMPLAINT**<br><br>Judge: Hon. Deborah J. Saltzman<br><br>Action Filed: June 9, 2022 |

| |
|---|
| CRESTLLOYD, LLC, a California limited liability company,<br><br>Cross-Claimant,<br><br>v.<br><br>INFERNO INVESTMENT, INC., a Quebec Corporation; NILE NIAMI, an individual; YVONNE NIAMI, an individual, GROUND VIEW LLLP, A Nevada Limited Liability Limited Partnership, 1369 LONDONDERRY ESTATE LLC, a California limited liability company; MARBELLA CONSTRUCTION INC., a California limited liability company; N:PHILANTHROPY LLC, a California Limited Liability Company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; TROUSDALE ESTATE, LLC, a Nevada limited liability Company; JOSEPH ENGLANOFF, an individual, JUSTINE ENGLANOFF, an individual, NICOLE ENGLANOFF, an individual, JACQUELINE ENGLANOFF, an individual, HILLDUN CORPORATION, a NEW YORK CORPORATION,<br><br>Cross-Defendants. |
| AND RELATED CROSS-ACTIONS. |

Plaintiff and Counter-Defendant Inferno Investment, Inc. (“Inferno”), in response to Debtor/Defendant Crestlloyd, LLC’s Cross-Complaint filed August 10, 2022 as Docket No. 27 (“the Cross-Complaint”), hereby admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1. Inferno admits the allegations in Paragraph 1 of the Cross-Complaint.

2. Inferno admits the allegations in Paragraph 2 of the Cross-Complaint.

3. Inferno admits the allegations in Paragraph 3 of the Cross-Complaint.

4. Inferno admits the allegations set forth in Paragraph 4 of the Cross-Complaint.

## SUMMARY OF CLAIMS

5. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 5 of the Cross-Complaint (much of which are simply argument) and, on that basis, denies such allegations.

6. Inferno denies the allegations of Paragraph 6 (much of which are argument) to the extent they seek to characterize Inferno's secured debtor relationship with Crestlloyd and the alleged effect of the MOA. Except as expressly denied herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 6 of the Cross-Complaint and, on that basis, denies such allegations.

7. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 7 of the Cross-Complaint and, on that basis, denies such allegations.

8. Answering Paragraph 8 of the Cross-Complaint, Inferno admits and alleges, on information and belief, that allegations concerning the relationship between Crestlloyd, Yogi Securities and Niami and the blurring of lines of distinction between entities are accurate and will be the subject of discovery and investigation. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 8 of the Cross-Complaint and, on that basis, denies such allegations.

9. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 9 of the Cross-Complaint and, on that basis, denies such allegations.

10. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 10 of the Cross-Complaint and, on that basis, denies such allegations.

## PARTIES TO THE ACTION

### A. Counter-Complainant

11. Inferno admits the allegations in Paragraph 11 of the Cross-Complaint.

### B. Counter-Defendants

#### 1. The Inferno Parties

12. Inferno admits the allegations in Paragraph 12 of the Cross-Complaint.

#### 2. The Niami Parties

13. Inferno admits the allegations in Paragraph 13 of the Cross-Complaint.

14. Answering Paragraph 14 of the Cross-Complaint, Inferno admits and alleges that Cross-Defendant Yvonne Niami has resided in Los Angeles County and is a spouse of Nile Niami and a principal of Crestlloyd, and that Nile Niami and Yvonne Niami submitted creditor’s claim no. 22 in Crestlloyd’s bankruptcy case. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 14 of the Cross-Complaint and, on that basis, denies such allegations.

15. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 15 of the Cross-Complaint and, on that basis, denies such allegations.

16. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 16 of the Cross-Complaint and, on that basis, denies such allegations.

17. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 17 of the Cross-Complaint and, on that basis, denies such allegations.

18. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 18 of the Cross-Complaint and, on that basis, denies such allegations.

19. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 19 of the Cross-Complaint and, on that basis, denies such allegations.

20. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 20 of the Cross-Complaint and, on that basis, denies such allegations.

**3. The Englanoff Parties**

21. Inferno admits the allegations in Paragraph 21 of the Cross-Complaint.

22. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 22 of the Cross-Complaint and, on that basis, denies such allegations.

23. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 23 of the Cross-Complaint and, on that basis, denies such allegations.

24. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 24 of the Cross-Complaint and, on that basis, denies such allegations.

25. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 25 of the Cross-Complaint and, on that basis, denies such allegations.

26. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 26 of the Cross-Complaint and, on that basis, denies such allegations.

27. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 27 of the Cross-Complaint and, on that basis, denies such allegations.

28. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 28 of the Cross-Complaint and, on that basis, denies such allegations.

29. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 29 of the Cross-Complaint and, on that basis, denies such allegations.

**4. Hilldun Corporation**

30. Inferno admits the allegations in Paragraph 30 of the Cross-Complaint.

## GENERAL ALLEGATIONS

31. Inferno admits the allegations in Paragraph 31 of the Cross-Complaint.

32. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 32 of the Cross-Complaint and, on that basis, denies such allegations.

33. Answering Paragraph 33 of the Cross-Complaint, Inferno is informed and believes, and on that basis, admits and alleges that Nile Niami controlled Crestlloyd's operations at all relevant times. Except as expressly admitted and alleged herein, Inferno denies the allegations in Paragraph 33 of the Cross-Complaint.

34. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 34 of the Cross-Complaint and, on that basis, denies such allegations.

35. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 35 of the Cross-Complaint and, on that basis, denies such allegations.

36. Inferno is informed and believes that the sale date identified in Paragraph 36 of the Cross-Complaint is accurate and, on that basis, admits the allegations in Paragraph 36 of the Cross-Complaint.

**A. <u>Crestlloyd's Dealings with Inferno</u>**

37. Inferno is informed and believes that the promissory note attached as Exhibit 1 to the Cross-Complaint is the Modified Promissory Note between the parties, reflecting changes in 2015. On that basis, Inferno denies the allegations in Paragraph 37 of the Cross-Complaint.

38. Inferno admits the allegations in Paragraph 38 of the Cross-Complaint.

39. Inferno admits the allegations in Paragraph 39 of the Cross-Complaint (except that the reference to Inferno's allegation in the Complaint should be to Paragraph 17, not 16).

40. Inferno admits the allegations in Paragraph 40 of the Cross-Complaint (except that the docket number of its Complaint is misstated).

41. Inferno denies the allegations in Paragraph 41 of the Cross-Complaint.

42. Inferno admits and alleges the allegations in Paragraph 42 of the Cross-Complaint concerning the parties entering into the MOA, but denies that the MOA is valid and fully binding for the reasons alleged herein and in the Complaint.

43. Inferno admits that Crestlloyd alleges that the Inferno Subordination Agreement is valid and binding upon Inferno and Crestlloyd, but denies that the Inferno Subordination Agreement is in fact valid and binding. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 43 of the Cross-Complaint.

44. Inferno admits and alleges that the MOA is in the form attached as Exhibit 2 to the Cross-Complaint. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 44 of the Cross-Complaint.

45. Inferno admits and alleges that the MOA is in the form attached as Exhibit 2 to the Cross-Complaint. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 45 of the Cross-Complaint.

46. Inferno denies the allegations in Paragraph 46 of the Cross-Complaint.

47. Answering Paragraph 47 of the Cross-Complaint, Inferno admits and alleges that, as referenced in the Complaint, the context of the MOA including its amendments was to implement an agreement that the parties would authorize subordination only of additional debt that was fully disclosed and to which they agreed in writing. Inferno further admits and alleges that the parties actually conducted themselves in this manner, such that Inferno's consent was sought to subordinate any particular debt sought to be subordinated under the MOA. Inferno and Crestlloyd entered into written amendments of the MOA with respect to the only debts that were agreed to be subordinated. None of the debts alleged by Defendants were the subject of subordination under the MOA. Inferno in fact declined in February 2021 to subordinate to a loan by Hankey Capital. Inferno further admits and alleges that MOA amendments contain the language quoted in Paragraph 47. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 47 of the Cross-Complaint.

48. Answering Paragraph 48 of the Cross-Complaint, Inferno admits and alleges that Amendment No. 1 to the MOA was entered into as alleged and is attached as Exhibit 4 to the Cross-Complaint. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 48 of the Cross-Complaint.

49. Answering Paragraph 49 of the Cross-Complaint, Inferno admits and alleges that Revised Amendment No. 2 to the MOA was entered into as alleged and is attached as Exhibit 5 to the Cross-Complaint. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 49 of the Cross-Complaint.

50. Answering Paragraph 50 of the Cross-Complaint, Inferno admits and alleges that Amendment No. 3 to the MOA was entered into on or about March 29, 2018, but Crestlloyd refers to and attaches Revised Amendment No. 3 to the MOA as Exhibit 6 to the Cross-Complaint. That document was entered into as of May 16, 2018. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 50 of the Cross-Complaint.

51. Inferno denies the allegations in Paragraph 51 of the Cross-Complaint.

**B. <u>Crestlloyd's Dealings with Yogi and the Englanoff Parties</u>**

**1. The August 9, 2017 Yogi Note and Wrongful Diversion of Closing Funds**

52. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 52 of the Cross-Complaint and, on that basis, denies such allegations.

53. Answering Paragraph 53 of the Cross-Complaint, Inferno admits and alleges based on information and belief that Yogi Securities had extensive financial involvement in activities of Crestlloyd and the Niamis going far beyond the Airole Property, and including the Hillcrest Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 53 of the Cross-Complaint and, on that basis, denies such allegations.

54. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 54 of the Cross-Complaint and, on that basis, denies such allegations.

55. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 55 of the Cross-Complaint and, on that basis, denies such allegations.

56. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 56 of the Cross-Complaint and, on that basis, denies such allegations.

57. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 57 of the Cross-Complaint and, on that basis, denies such allegations.

**2. The May 22, 2018 Yogi Note**

58. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 58 of the Cross-Complaint and, on that basis, denies such allegations.

59. Answering Paragraph 59 of the Cross-Complaint, Inferno admits and alleges based on information and belief that Yogi Securities had extensive financial involvement in activities of Crestlloyd and the Niamis going far beyond the Airole Property, and including the Hillcrest Property and the Copa de Oro Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 59 of the Cross-Complaint and, on that basis, denies such allegations.

60. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 60 of the Cross-Complaint and, on that basis, denies such allegations.

61. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 61 of the Cross-Complaint and, on that basis, denies such allegations.

62. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 62 of the Cross-Complaint and, on that basis, denies such allegations.

63. Inferno is informed and believes, and thereon admits and alleges, that Crestlloyd failed to respect corporate formalities in transactions involving Nile

Niami's other business entities, in part because they were involved in a protracted business relationship involving many properties. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 63 of the Cross-Complaint and, on that basis, denies such allegations.

64. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 64 of the Cross-Complaint and, on that basis, denies such allegations.

65. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 65 of the Cross-Complaint and, on that basis, denies such allegations.

**3. The October 16, 2018 Yogi Note**

66. Inferno admits the allegations in Paragraph 66 of the Cross-Complaint.

67. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 67 of the Cross-Complaint and, on that basis, denies such allegations.

68. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 68 of the Cross-Complaint and, on that basis, denies such allegations.

69. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 69 of the Cross-Complaint and, on that basis, denies such allegations.

70. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 70 of the Cross-Complaint and, on that basis, denies such allegations.

71. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 71 of the Cross-Complaint and, on that basis, denies such allegations.

72. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 72 of the Cross-Complaint and, on that basis, denies such allegations.

73. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 73 of the Cross-Complaint and, on that basis, denies such allegations.

**4. The Sale of the Hillcrest Property and Wrongful Diversion of Closing Funds Belonging to Crestlloyd**

74. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 74 of the Cross-Complaint and, on that basis, denies such allegations.

75. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 75 of the Cross-Complaint and, on that basis, denies such allegations.

76. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 76 of the Cross-Complaint and, on that basis, denies such allegations.

77. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 77 of the Cross-Complaint and, on that basis, denies such allegations.

78. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 78 of the Cross-Complaint and, on that basis, denies such allegations.

79. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 79 of the Cross-Complaint and, on that basis, denies such allegations.

80. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 80 of the Cross-Complaint and, on that basis, denies such allegations.

**5. The Sale of the Londonderry Property**

81. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 81 of the Cross-Complaint and, on that basis, denies such allegations.

82. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 82 of the Cross-Complaint and, on that basis, denies such allegations.

83. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 83 of the Cross-Complaint and, on that basis, denies such allegations.

**C. Crestlloyd's Dealings with Hilldun**

84. Inferno admits that Hilldun filed Proof of Claim No, 9 in this bankruptcy. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 84 of the Cross-Complaint and, on that basis, denies such allegations.

85. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 85 of the Cross-Complaint and, on that basis, denies such allegations.

86. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 86 of the Cross-Complaint and, on that basis, denies such allegations.

87. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 87 of the Cross-Complaint and, on that basis, denies such allegations.

88. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 88 of the Cross-Complaint and, on that basis, denies such allegations.

89. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 89 of the Cross-Complaint and, on that basis, denies such allegations.

90. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 90 of the Cross-Complaint and, on that basis, denies such allegations.

91. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 91 of the Cross-Complaint and, on that basis, denies such allegations.

92. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 92 of the Cross-Complaint and, on that basis, denies such allegations.

**D. Crestlloyd's Dealings with Hilldun**

93. Inferno admits the allegations in Paragraph 93 of the Cross-Complaint.

94. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 94 of the Cross-Complaint and, on that basis, denies such allegations.

## CLAIMS FOR RELIEF

### First Claim for Relief
### Recharacterization of Debt as to Inferno
### [11 U.S.C. §502 and 54 8]

95. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

96. Inferno admits the allegations in Paragraph 96 of the Cross-Complaint.

97. Inferno admits the allegations in Paragraph 97 of the Cross-Complaint.

98. Inferno admits the allegations in Paragraph 98 of the Cross-Complaint.

99. Inferno admits the allegations in Paragraph 99 of the Cross-Complaint.

100. Answering Paragraph 100 of the Cross-Complaint, Inferno admits and alleges that it signed the MOA attached as Exhibit 2 to the Cross-Complaint, but the MOA is not enforceable as alleged by Crestlloyd for the reasons alleged herein and in Inferno's Complaint. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 100 of the Cross-Complaint.

101. Inferno admits and alleges that it signed the MOA in the form attached as Exhibit 2 to the Cross-Complaint. Except as expressly admitted and alleged herein, Inferno denies lacks the allegations set forth in Paragraph 101 of the Cross-Complaint.

102. Inferno admits and alleges that it signed the MOA in the form attached as Exhibit 2 to the Cross-Complaint. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 102 of the Cross-Complaint.

103. Inferno admits and alleges that the MOA is in the form attached as Exhibit 2 to the Cross-Complaint. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 103 of the Cross-Complaint.

104. Answering Paragraph 104 of the Cross-Complaint, Inferno admits and alleges that, as referenced in the Complaint, the context of the MOA including its amendments was to implement the agreement that the parties would authorize subordination only of additional debt that was fully disclosed and to which they agreed in writing. Inferno further admits and alleges that the parties actually conducted themselves in this manner, such that Inferno's consent was sought to subordinate obligations under the MOA. Inferno and Crestlloyd entered into written amendments of the MOA with respect to the only debts that were agreed to be subordinated. None of the debts alleged by Defendants were the subject of subordination under the MOA. Inferno declined in February 2021 to subordinate to an increased loan facility by Hankey Capital. Inferno admits and alleges that the

MOA amendments contain the language quoted in Paragraph 104 of the Cross-Complaint. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 104 of the Cross-Complaint.

105. Inferno denies the allegations in Paragraph 105 of the Cross-Complaint.

106. Inferno denies the allegations in Paragraph 106 of the Cross-Complaint.

107. Inferno denies the allegations in Paragraph 107 of the Cross-Complaint.

**Second Claim for Relief**
**Equitable Subordination as to Inferno**
**[11 U.S.C. §510 (a) and (c)]**

108. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

109. Inferno denies the allegations in Paragraph 109 of the Cross-Complaint.

110. Inferno denies the allegations in Paragraph 110 of the Cross-Complaint.

111. Inferno denies the allegations in Paragraph 111 of the Cross-Complaint.

112. Inferno denies the allegations in Paragraph 112 of the Cross-Complaint.

113. Inferno denies the allegations in Paragraph 113 of the Cross-Complaint.

**Third Claim for Relief**
**Declaratory Relief as to Defendant Inferno**

114. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

115. Inferno admits the allegations in Paragraph 115 of the Cross-Complaint (that such fraud is one ground as to why the MOA should be rescinded).

116. Inferno denies the allegations in Paragraph 116 of the Cross-Complaint.

117. Inferno denies the allegations in Paragraph 117 of the Cross-Complaint.

118. Inferno admits and alleges that MOA amendments were entered into by Inferno and are attached as Exhibits 4 and 5 to the Cross-Complaint. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 118 of the Cross-Complaint.

119. Inferno denies the allegations in Paragraph 119 of the Cross-Complaint.

120. Inferno denies the allegations in Paragraph 120 of the Cross-Complaint.

121. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 121 of the Cross-Complaint and, on that basis, denies such allegations.

**Fourth Claim for Relief**
**Breach of Fiduciary Duty Against Nile Niami, Yvonne Niami, and Ground View**

122. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

123. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 123 of the Cross-Complaint and, on that basis, denies such allegations.

124. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 124 of the Cross-Complaint and, on that basis, denies such allegations.

125. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 125 of the Cross-Complaint and, on that basis, denies such allegations.

126. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 126 of the Cross-Complaint and, on that basis, denies such allegations.

127. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 127 of the Cross-Complaint and, on that basis, denies such allegations.

128. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 128 of the Cross-Complaint and, on that basis, denies such allegations.

129. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 129 of the Cross-Complaint and, on that basis, denies such allegations.

130. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 130 of the Cross-Complaint and, on that basis, denies such allegations.

131. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 131 of the Cross-Complaint and, on that basis, denies such allegations.

132. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 132 of the Cross-Complaint and, on that basis, denies such allegations.

133. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 133 of the Cross-Complaint and, on that basis, denies such allegations.

134. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 134 of the Cross-Complaint and, on that basis, denies such allegations.

135. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 135 of the Cross-Complaint and, on that basis, denies such allegations.

136. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 136 of the Cross-Complaint and, on that basis, denies such allegations.

**Fifth Claim for Relief**
**Disallowance of Claim as to Nile Niami and Yvonne Niami**
**[11 U.S.C. §502(b)(1), (b)(4), and (d)]**

137. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

138. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 137 of the Cross-Complaint and, on that basis, denies such allegations.

139. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 139 of the Cross-Complaint and, on that basis, denies such allegations.

**Sixth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Nile Niami, Yvonne Niami, 1369 LE, and Marbella**
**[11 U.S.C. §548(a)(1)(A), 11 U.S.C. §550]**

140. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

141. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 141 of the Cross-Complaint and, on that basis, denies such allegations.

142. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 142 of the Cross-Complaint and, on that basis, denies such allegations.

143. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 143 of the Cross-Complaint and, on that basis, denies such allegations.

144. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 144 of the Cross-Complaint and, on that basis, denies such allegations.

**Seventh Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to 1369 LE, and Marbella**
**[Cal. Civ. Code §3439.04]**

145. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

146. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 146 of the Cross-Complaint and, on that basis, denies such allegations.

147. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 147 of the Cross-Complaint and, on that basis, denies such allegations.

148. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 148 of the Cross-Complaint and, on that basis, denies such allegations.

149. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 149 of the Cross-Complaint and, on that basis, denies such allegations.

150. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 150 of the Cross-Complaint and, on that basis, denies such allegations.

**Eighth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to 1369 LE, and Marbella, and N: Philanthropy**
**[11 U.S.C. §548(a)(1)(B), 11. U.S.C. §550]**

151. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

152. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 152 of the Cross-Complaint and, on that basis, denies such allegations.

153. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 153 of the Cross-Complaint and, on that basis, denies such allegations.

154. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 154 of the Cross-Complaint and, on that basis, denies such allegations.

155. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 155 of the Cross-Complaint and, on that basis, denies such allegations.

156. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 156 of the Cross-Complaint and, on that basis, denies such allegations.

157. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 157 of the Cross-Complaint and, on that basis, denies such allegations.

158. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 158 of the Cross-Complaint and, on that basis, denies such allegations.

159. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 159 of the Cross-Complaint and, on that basis, denies such allegations.

**Ninth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Nile Niami, Yvonne Niami, 1369 LE, and Marbella**
**[Cal. Civ. Code §3439.05]**

160. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

161. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 161 of the Cross-Complaint and, on that basis, denies such allegations.

162. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 162 of the Cross-Complaint and, on that basis, denies such allegations.

163. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 163 of the Cross-Complaint and, on that basis, denies such allegations.

164. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 164 of the Cross-Complaint and, on that basis, denies such allegations.

165. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 165 of the Cross-Complaint and, on that basis, denies such allegations.

166. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 166 of the Cross-Complaint and, on that basis, denies such allegations.

167. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 167 of the Cross-Complaint and, on that basis, denies such allegations.

**Tenth Claim for Relief**
**Equitable Indemnification as to Nile Niami, Yvonne Niami, Ground View, and N: Philanthropy**

168. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

169. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 169 of the Cross-Complaint and, on that basis, denies such allegations.

170. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 170 of the Cross-Complaint and, on that basis, denies such allegations.

171. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 171 of the Cross-Complaint and, on that basis, denies such allegations.

172. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 172 of the Cross-Complaint and, on that basis, denies such allegations.

173. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 173 of the Cross-Complaint and, on that basis, denies such allegations.

**Eleventh Claim for Relief**
**Recharacterization as to Yogi**
**[11 U.S.C. §502]**

174. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

175. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 175 of the Cross-Complaint and, on that basis, denies such allegations.

176. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 176 of the Cross-Complaint and, on that basis, denies such allegations.

177. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 177 of the Cross-Complaint and, on that basis, denies such allegations.

178. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 178 of the Cross-Complaint and, on that basis, denies such allegations.

179. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 179 of the Cross-Complaint and, on that basis, denies such allegations.

**Twelfth Claim for Relief**
**Equitable Subordination as to Yogi**
**[11 U.S.C. §510]**

180. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

181. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 181 of the Cross-Complaint and, on that basis, denies such allegations.

182. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 182 of the Cross-Complaint and, on that basis, denies such allegations.

183. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 183 of the Cross-Complaint and, on that basis, denies such allegations.

**Thirteenth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**
**[11 U.S.C. §548(a)(1)(A) and 11 U.S.C. §550]**

184. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

185. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 185 of the Cross-Complaint and, on that basis, denies such allegations.

186. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 186 of the Cross-Complaint and, on that basis, denies such allegations.

187. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 187 of the Cross-Complaint and, on that basis, denies such allegations.

188. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 188 of the Cross-Complaint and, on that basis, denies such allegations.

**Fourteenth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**
**[Cal. Civ. Code §3439.004]**

189. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

190. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 190 of the Cross-Complaint and, on that basis, denies such allegations.

191. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 191 of the Cross-Complaint and, on that basis, denies such allegations.

192. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 192 of the Cross-Complaint and, on that basis, denies such allegations.

193. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 193 of the Cross-Complaint and, on that basis, denies such allegations.

194. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 194 of the Cross-Complaint and, on that basis, denies such allegations.

**Fifteenth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**
**[11 U.S.C. §548(a)(1)(B) and 11 U.S.C. §550]**

195. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

196. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 196 of the Cross-Complaint and, on that basis, denies such allegations.

197. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 197 of the Cross-Complaint and, on that basis, denies such allegations.

198. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 198 of the Cross-Complaint and, on that basis, denies such allegations.

199. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 199 of the Cross-Complaint and, on that basis, denies such allegations.

200. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 200 of the Cross-Complaint and, on that basis, denies such allegations.

**Sixteenth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**
**[Cal. Civ. Code §3439.005]**

201. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

202. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 202 of the Cross-Complaint and, on that basis, denies such allegations.

203. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 203 of the Cross-Complaint and, on that basis, denies such allegations.

204. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 204 of the Cross-Complaint and, on that basis, denies such allegations.

205. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 205 of the Cross-Complaint and, on that basis, denies such allegations.

206. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 206 of the Cross-Complaint and, on that basis, denies such allegations.

**Seventeenth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**
**[11 U.S.C. §548(a)(1)(A) and 11 U.S.C. §550]**

207. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

208. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 208 of the Cross-Complaint and, on that basis, denies such allegations.

209. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 209 of the Cross-Complaint and, on that basis, denies such allegations.

210. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 210 of the Cross-Complaint and, on that basis, denies such allegations.

211. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 211 of the Cross-Complaint and, on that basis, denies such allegations.

212. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 212 of the Cross-Complaint and, on that basis, denies such allegations.

**Eighteenth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**
**[Cal. Civil Code §3439.004]**

213. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

214. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 214 of the Cross-Complaint and, on that basis, denies such allegations.

215. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 215 of the Cross-Complaint and, on that basis, denies such allegations.

216. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 216 of the Cross-Complaint and, on that basis, denies such allegations.

217. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 217 of the Cross-Complaint and, on that basis, denies such allegations.

218. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 218 of the Cross-Complaint and, on that basis, denies such allegations.

219. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 219 of the Cross-Complaint and, on that basis, denies such allegations.

**Nineteenth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**
**[11 U.S.C. §548(a)(1)(B) and 11 U.S.C. §550]**

220. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

221. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 221 of the Cross-Complaint and, on that basis, denies such allegations.

222. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 222 of the Cross-Complaint and, on that basis, denies such allegations.

223. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 223 of the Cross-Complaint and, on that basis, denies such allegations.

224. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 224 of the Cross-Complaint and, on that basis, denies such allegations.

225. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 225 of the Cross-Complaint and, on that basis, denies such allegations.

226. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 226 of the Cross-Complaint and, on that basis, denies such allegations.

**Twentieth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**
**[Cal. Civil Code §3439.005]**

227. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

228. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 228 of the Cross-Complaint and, on that basis, denies such allegations.

229. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 229 of the Cross-Complaint and, on that basis, denies such allegations.

230. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 230 of the Cross-Complaint and, on that basis, denies such allegations.

231. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 231 of the Cross-Complaint and, on that basis, denies such allegations.

232. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 232 of the Cross-Complaint and, on that basis, denies such allegations.

233. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 233 of the Cross-Complaint and, on that basis, denies such allegations.

**Twenty-First Claim for Relief**
**Disallowance of Claim as to Yogi**
**[11 U.S.C. §502(b)(1), and (d)]**

234. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

235. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 235 of the Cross-Complaint and, on that basis, denies such allegations.

236. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 236 of the Cross-Complaint and, on that basis, denies such allegations.

237. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 237 of the Cross-Complaint and, on that basis, denies such allegations.

238. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 238 of the Cross-Complaint and, on that basis, denies such allegations.

239. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 239 of the Cross-Complaint and, on that basis, denies such allegations.

240. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 240 of the Cross-Complaint and, on that basis, denies such allegations.

**Twenty-Second Claim for Relief**
**Avoidance of Constructive Fraudulent Transfers as to Hilldun**
**[11 U.S.C. § 548(a)(1)(B), 11 U.S.C. § 550]**

241. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

242. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 242 of the Cross-Complaint and, on that basis, denies such allegations.

243. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 243 of the Cross-Complaint and, on that basis, denies such allegations.

244. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 244 of the Cross-Complaint and, on that basis, denies such allegations.

245. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 245 of the Cross-Complaint and, on that basis, denies such allegations.

246. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 246 of the Cross-Complaint and, on that basis, denies such allegations.

247. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 247 of the Cross-Complaint and, on that basis, denies such allegations.

248. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 248 of the Cross-Complaint and, on that basis, denies such allegations.

249. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 249 of the Cross-Complaint and, on that basis, denies such allegations.

250. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 250 of the Cross-Complaint and, on that basis, denies such allegations.

251. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 251 of the Cross-Complaint and, on that basis, denies such allegations.

## Twenty-Third Claim for Relief
## Avoidance of Constructive Fraudulent Transfers as to Hilldun
## [Cal. Civil Code §3439.05]

252. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

253. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 253 of the Cross-Complaint and, on that basis, denies such allegations.

254. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 254 of the Cross-Complaint and, on that basis, denies such allegations.

255. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 255 of the Cross-Complaint and, on that basis, denies such allegations.

256. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 256 of the Cross-Complaint and, on that basis, denies such allegations.

257. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 257 of the Cross-Complaint and, on that basis, denies such allegations.

258. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 258 of the Cross-Complaint and, on that basis, denies such allegations.

259. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 259 of the Cross-Complaint and, on that basis, denies such allegations.

260. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 260 of the Cross-Complaint and, on that basis, denies such allegations.

261. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 261 of the Cross-Complaint and, on that basis, denies such allegations.

262. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 262 of the Cross-Complaint and, on that basis, denies such allegations.

263. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 263 of the Cross-Complaint and, on that basis, denies such allegations.

**Twenty-Fourth Claim for Relief**
**Disallowance of Claim as to Hilldun Corporation**
**[11 U.S.C. §502(b)(1) and (d)]**

264. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

265. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 265 of the Cross-Complaint and, on that basis, denies such allegations..

266. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 266 of the Cross-Complaint and, on that basis, denies such allegations.

267. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the

allegations set forth in Paragraph 267 of the Cross-Complaint and, on that basis, denies such allegations.

**Twenty-Fifth Claim for Relief**
**Recovery of Avoided Transfers**
**[11 U.S.C. §§ 544, 548 and 550; Cal. Civ. Code § 3439.07]**

268. Inferno repeats and realleges each of the foregoing allegations as if set forth in full herein.

269. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 269 of the Cross-Complaint and, on that basis, denies such allegations.

270. As this claim involves allegations relating to persons and entities other than Inferno, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 270 of the Cross-Complaint and, on that basis, denies such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

271. As a First Affirmative Defense to the Cross-Complaint, Inferno alleges that the Cross-Complaint fails to state a claim on which relief can be granted in the First, Second and Third Claims for Relief in the Cross-Complaint.

### SECOND AFFIRMATIVE DEFENSE

**(Priority of Claim)**

272. As a Second Affirmative Defense to the Cross-Complaint, Inferno alleges that its interest as a lender in the property is first in time vis a vis other claimants and its lien was recorded prior to the claims of other claimants. Furthermore, there is no basis for subordination of Inferno's claim. Accordingly, Inferno's claim has priority over all other claims alleged and the Cross-Complaint is barred on that basis.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

273. As a Third Affirmative Defense to the Cross-Complaint, Inferno alleges that the Cross-Complaint is barred, in whole or in part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

274. As a Fourth Affirmative Defense to the Cross-Complaint, Inferno alleges that the Cross-Complaint is barred, in whole or in part, by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

275. As a Fifth Affirmative Defense to the Cross-Complaint, Inferno alleges that Crestlloyd is guilty of unclean hands with regard to the matters at issue, and is, therefore, barred from seeking any recovery thereon.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

276. As a Sixth Affirmative Defense to the Cross-Complaint, Inferno alleges that the Cross-Complaint is barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

277. As a Seventh Affirmative Defense to the Cross-Complaint, Inferno alleges that Crestlloyd is not entitled to any relief sought against Inferno because such relief under the circumstances would unjustly enrich Crestlloyd despite its wrongful conduct and unjustly impose a loss on Inferno.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Acts of Independent Third Parties)**

278. As an Eighth Affirmative Defense to the Cross-Complaint, Inferno alleges that Crestlloyd is barred from proceeding on its claims against Inferno

because the issues of which it complains were caused by the acts of third parties including Hankey Capital's unfair business practices as alleged in Inferno's Complaint, not Inferno.

**NINTH AFFIRMATIVE DEFENSE**

**(Justification)**

279. As a Ninth Affirmative Defense to the Cross-Complaint, Inferno alleges that its conduct in regard to the matters alleged in the Cross-Complaint was justified and, therefore, Crestlloyd is barred from obtaining relief against Inferno.

**TENTH AFFIRMATIVE DEFENSE**

**(In Pari Delicto)**

280. As a Tenth Affirmative Defense to the Cross-Complaint, Inferno alleges that Crestlloyd is barred by its own conduct, actions and omissions, which render Crestlloyd at a minimum in pari delicto, from obtaining relief against Inferno.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unrecorded Property Interest – Civil Code Section 1214)**

281. As an Eleventh Affirmative Defense to the Cross-Complaint, Inferno alleges that to the extent that Crestlloyd alleges any interest in property that is unrecorded, its interest is invalid pursuant to governing California law including California Civil Code Section 1214 which provides that "[e]very conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

## TWELFTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

282. Inferno presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated affirmative defenses. Inferno, therefore, reserves the right to assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Inferno prays for judgment on the Cross-Complaint as follows:

1. That Crestlloyd take nothing by reason of the Cross-Complaint, and that the requested orders for recharacterization and subordination of Inferno's debt and declaratory relief be denied;
2. That judgment be rendered on all claims in the Cross-Complaint in Inferno's favor;
3. That Inferno be awarded costs of suit incurred in defense of this action; and
4. That Inferno be granted such other and further relief as the Court deems proper.

DATE: August 31, 2022

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
PAUL N. SORRELL
MAX D. FABRICANT

By: ______________________
MARTIN D. SINGER
Attorneys for Plaintiff and Counter-Defendant INFERNO INVESTMENT, INC.