**MARTIN D. SINGER (BAR NO. 78166)**
**PAUL N. SORRELL (BAR NO. 126346)**
**MAX D. FABRICANT (BAR NO. 333859)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com
psorrell@lavelysinger.com
mfabricant@lavelysinger.com

**KYRA E. ANDRASSY (BAR NO. 207959)**
**SMILEY WANG-EKVALL, LLP**
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone: (714) 445-1000
Email: kandrassy@swelawfirm.com

Attorneys for Plaintiff and Counter-Defendant
INFERNO INVESTMENT, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; and HILLDUN CORPORATION, a New York corporation,<br><br>Defendants. | **ANSWER OF COUNTER-DEFENDANT INFERNO INVESTMENT, INC. TO COUNTERCLAIM AND CROSSCLAIM OF YOGI SECURITIES HOLDINGS, LLC**<br><br>Judge: Hon. Deborah J. Saltzman<br><br>Action Filed: June 9, 2022 |

| |
|---|
| YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company,<br><br>Counter/Cross-Complainant,<br><br>v.<br><br>CRESTLLOYD, LLC, a California Limited Liability Company; HANKEY CAPITAL, LLC, a California limited liability company; INFERNO INVESTMENT, INC., a Quebec corporation; and HILLDUN CORPORATION, a New York corporation,<br><br>Counter/Cross-Defendants. |
| AND RELATED CROSS-ACTIONS. |

Plaintiff and Counter-Defendant Inferno Investment, Inc. ("Inferno"), in response to the "Counterclaim and Crossclaim of Yogi Securities Holdings. LLC For Declaratory Relief, Equitable Subordination, An Accounting, and Disallowance Of Claims" filed August 10, 2022 as Docket No. 32 in this case ("the Counterclaim"), hereby admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1. Inferno admits the allegations set forth in Paragraph 1 of the Counterclaim.

2. Inferno admits the allegations set forth in Paragraph 2 of the Counterclaim.

3. Inferno admits the allegations set forth in Paragraph 3 of the Counterclaim.

4. Inferno admits the allegations set forth in Paragraph 4 of the Counterclaim.

## THE PARTIES

5. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 5 of the Counterclaim and, on that basis, denies such allegations.

6. Answering Paragraph 6 of the Counterclaim, Inferno admits and alleges that Crestlloyd is the Debtor in this pending bankruptcy proceeding which remains pending. Inferno lacks information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 6 of the Counterclaim and, on that basis, denies such allegations.

7. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 7 of the Counterclaim and, on that basis, denies such allegations.

8. Inferno admits the allegations set forth in Paragraph 8 of the Counterclaim.

9. Inferno admits the allegations set forth in Paragraph 9 of the Counterclaim.

## FACTUAL BACKGROUND

10. Answering Paragraph 10 of the Counterclaim, Inferno admits and alleges that it loaned money and extended credit to Crestlloyd for construction of "The One," secured by the Property. Inferno further admits and alleges that Defendants Hankey, Hilldun and Yogi Securities contend that they made loans to Crestlloyd secured by the Property as well. Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 10 of the Counterclaim and, on that basis, denies such allegations.

### A. The Alleged Inferno Funding

11. Inferno admits and alleges that it entered into the Promissory Note transaction in the amount of $3,925,545. Inferno further admits and alleges that transactions were entered into for loans by Inferno Realty, LP and Maybach

Holdings Corporation, Inc. as alleged in Paragraph 11 of the Counterclaim. Inferno further admits and alleges that it acquired all right, title and interest of Inferno Realty and Maybach in these transactions and that, on or about October 21, 2015, it entered into a Modification and Supplement to Deed of Trust with Crestlloyd, which identified an amount then allegedly owed as $10,925,545. Inferno further admits and alleges that the documents referenced in Paragraph 11 of the Counterclaim were recorded with the Los Angeles County Recorder's office and that copies of the documents are attached as Exhibits A, B and C to the Counterclaim. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 11 of the Counterclaim.

12. Answering Paragraph 12 of the Counterclaim, Inferno admits and alleges that it entered into a document dated as of January 1, 2016, entitled "Memorandum of Agreement," a copy of which is attached as Exhibit D to the Counterclaim ("the MOA"), that contained the language referenced therein. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 12 of the Counterclaim, and admits, repeats and realleges the allegations in its Complaint regarding the MOA.

13. Inferno admits the allegations in Paragraph 13 of the Counterclaim, and further admits, repeats and realleges the allegations in its Complaint regarding the MOA and its amendments.

14. Answering Paragraph 14 of the Counterclaim, Inferno admits that Hankey, Hilldun and Yogi Securities allege in Crestlloyd's bankruptcy case that they loaned money to Crestlloyd. Except as expressly admitted herein, Inferno denies the allegations of Paragraph 14 of the Counterclaim.

**B. The Yogi Securities Loans**

15. Answering Paragraph 15 of the Counterclaim, Inferno admits and alleges that Yogi Securities did not loan funds intended for use in construction of the Property and, in fact, funds obtained by Crestlloyd from Yogi Securities were not

used for purposes of improving the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 15 of the Counterclaim and, on that basis, denies such allegations.

16. Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Counterclaim and, on that basis, denies such allegations.

17. Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 17 of the Counterclaim and, on that basis, denies such allegations.

18. Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 18 of the Counterclaim and, on that basis, denies such allegations.

19. Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 19 of the Counterclaim and, on that basis, denies such allegations.

20. Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 20 of the Counterclaim and, on that basis, denies such allegations.

21. Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Counterclaim and, on that basis, denies such allegations.

22. Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 22 of the Counterclaim and, on that basis, denies such allegations.

**C. The Alleged Hankey Funding**

23. Inferno is informed and believes, and thereon admits and alleges, that Hankey Capital and Crestlloyd entered into the agreements referenced in Paragraph 23 of the Counterclaim. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to admit or deny the allegations concerning an alleged debt to Hankey Capital as set forth in Paragraph 23 of the Counterclaim, except that Inferno alleges that, to the extent that Crestlloyd incurred any debt to Hankey Capital, it is subordinated to the debt of Inferno as alleged in the Complaint, and on that basis denies such allegations.

24. Inferno denies the allegations in Paragraph 24 of the Counterclaim, and further repeats and realleges the allegations in the Complaint concerning the alleged Subordination Agreement, including its forgery, and the priority of Inferno's claims over the claims of all other creditors of Crestlloyd.

25. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 25 of the Counterclaim and, on that basis, denies such allegations.

26. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 26 of the Counterclaim and, on that basis, denies such allegations.

27. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 27 of the Counterclaim and, on that basis, denies such allegations.

28. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 28 of the Counterclaim and, on that basis, denies such allegations.

29. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 29 of the Counterclaim and, on that basis, denies such allegations.

30. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 30 of the Counterclaim and, on that basis, denies such allegations.

31. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 31 of the Counterclaim and, on that basis, denies such allegations.

32. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 32 of the Counterclaim and, on that basis, denies such allegations.

33. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 33 of the Counterclaim and, on that basis, denies such allegations.

34. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 34 of the Counterclaim and, on that basis, denies such allegations.

35. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 35 of the Counterclaim and, on that basis, denies such allegations.

**D. The Hilldun Loan**

36. Answering Paragraph 36 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that Hilldun did not loan funds intended for use in the construction of the Property and, in fact, funds obtained by Crestlloyd from Hilldun were not used for purposes of improving the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 36 of the Counterclaim and, on that basis, denies such allegations.

## THE SALE OF THE PROPERTIES

37. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 37 of the Counterclaim and, on that basis, denies such allegations.

38. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 38 of the Counterclaim and, on that basis, denies such allegations.

## THE BANKRUPTCY

39. Inferno admits the allegations of Paragraph 39 of the Counterclaim.

40. Inferno admits the allegations of Paragraph 40 of the Counterclaim.

**THE SALE OF THE PROPERTY**

41. Inferno admits the allegations of Paragraph 41 of the Counterclaim.

42. Inferno admits the allegations set forth in Paragraph 42 of the Counterclaim.

43. Inferno admits the allegations of Paragraph 43 of the Counterclaim, except that the motion was filed on May 24, 2022 and is Docket No. 325 (not 326).

**FIRST CLAIM FOR RELIEF**

COUNTERCLAIM AGAINST INFERNO FOR DECLARATORY RELIEF TO THE EFFECT THAT INFERNO'S PURPORTED LIEN SHOULD BE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

44. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 of this Answer and incorporates them as though set forth in full herein.

45. Answering Paragraph 45 of the Counterclaim, Inferno admits and alleges that, as stated in the Complaint, the context of the MOA including its amendments was to implement the agreement that the parties would authorize subordination only of any additional debt that was fully disclosed and to which they agreed in writing. Inferno further admits and alleges that the parties actually conducted themselves in this manner, such that Inferno's consent was sought to subordinate obligations under the MOA. Inferno declined in February 2021 to subordinate to an increased loan facility by Hankey Capital. Inferno and Crestlloyd entered into written amendments of the MOA with respect to debts that were intended to be subordinated. None of the debts alleged by Defendants were the subject of subordination under the MOA. Inferno further admits and alleges that the MOU contains the language quoted in Paragraph 45. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 45 of the Counterclaim.

46. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 46 of the Counterclaim and, on that basis, denies such allegations.

47. Answering Paragraph 47 of the Counterclaim, Inferno admits and alleges that as referenced in the Complaint, the context of the MOA as amended was to implement the agreement that the parties would authorize subordination only of certain additional debt that was disclosed and to which they agreed in writing. Inferno further admits and alleges that the parties actually conducted themselves in this manner, such that Inferno's consent was sought to subordinate obligations under the MOA. Inferno in fact declined in February 2021 to subordinate to an increased loan facility by Hankey Capital. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 47 of the Counterclaim.

48. Answering Paragraph 48 of the Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by the competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 48 of the Counterclaim.

49. Answering Paragraph 49 of the Counterclaim, Inferno admits and alleges that its secured debt retains priority higher than any debt of Yogi Securities. At no time did Crestlloyd ever request that Yogi Securities alleged debt be subordinated by Inferno. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 49 of the Counterclaim and, on that basis, denies such allegations.

50. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 50 of the Counterclaim and, on that basis, denies such allegations.

**<u>SECOND CLAIM FOR RELIEF</u>**

CLAIM FOR AN ACCOUNTING FROM CRESTLLOYD AND INFERNO ON ALL DISBURSEMENTS FROM INFERNO TO CRESTLLOYD AND ON THE AMOUNT DUE FROM CRESTLLOYD TO INFERNO

51. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 of this Answer and incorporates them as though set forth in full herein.

52. Answering Paragraph 52 of the Counterclaim, Inferno repeats and realleges its allegations regarding the alleged transactions contained in Paragraphs 11 through 14 above.

53. Inferno denies the allegations in Paragraph 53 of the Counterclaim.

**<u>THIRD CLAIM FOR RELIEF</u>**

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT HANKEY'S PURPORTED LIEN IS SUBORDINATED TO THE LIEN OF YOGI SECURITIES

54. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 of this Answer and incorporates them as though set forth in full herein.

55. Answering Paragraph 55 of the Counterclaim, Inferno admits and alleges that, to the extent that any such modifications occurred, Inferno had no knowledge or notice. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 55 of the Counterclaim and, on that basis, denies such allegations.

56. Answering Paragraph 56 of the Counterclaim, Inferno alleges that, to the extent that such modifications occurred, Inferno had no knowledge or notice. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 56 of the Counterclaim and, on that basis, denies such allegations.

57. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 57 of the Counterclaim and, on that basis, denies such allegations.

58. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 58 of the Counterclaim and, on that basis, denies such allegations.

59. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 59 of the Counterclaim and, on that basis, denies such allegations.

60. Inferno admits and alleges that Hankey Capital's predatory and improper lending practices created the conditions alleged in Paragraph 60 of the Counterclaim. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 60 of the Counterclaim and, on that basis, denies such allegations.

61. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 61 of the Counterclaim and, on that basis, denies such allegations.

62. Answering Paragraph 62 of the Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 62 of the Counterclaim and, on that basis, denies such allegations.

63. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 63 of the Counterclaim and, on that basis, denies such allegations.

64. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 64 of the Counterclaim and, on that basis, denies such allegations.

## FOURTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S CLAIM TO YOGI SECURITIES' CLAIM

65. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 and 55 through 61 of this Answer and incorporates them as though set forth in full herein.

66. Inferno admits the allegations alleged in Paragraph 66 of the Counterclaim.

67. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 67 of the Counterclaim and, on that basis, denies such allegations.

68. Inferno admits the allegations alleged in Paragraph 68 of the Counterclaim.

69. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 69 of the Counterclaim and, on that basis, denies such allegations.

70. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 70 of the Counterclaim and, on that basis, denies such allegations.

71. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 71 of the Counterclaim and, on that basis, denies such allegations.

## FIFTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT PRINCIPAL AND INTEREST, FEES AND COSTS INCLUDED IN HANKEY'S PURPORTED LIEN, RELATED TO HANKEY'S MODIFICATIONS OF DECEMBER 10, 2019 AND AUGUST 20, 2020, ARE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

72. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 and 55 through 61 of this Answer and incorporates them as though set forth in full herein.

73. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 73 of the Counterclaim and, on that basis, denies such allegations.

74. Answering Paragraph 74 of the Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 74 of the Counterclaim.

75. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 75 of the Counterclaim and, on that basis, denies such allegations.

76. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 76 of the Counterclaim and, on that basis, denies such allegations.

**SIXTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S CLAIM TO YOGI SECURITIES' CLAIM IN REGARD TO THE AMOUNT OF PRINCIPAL AND INTEREST, FEES AND COSTS RELATED TO HANKEY'S PURPORTED LOAN MODIFICATIONS OF DECEMBER 10, 2019 AND AUGUST 20, 2020

77. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43, 55 through 61, 66 through 70 and 73 of this Answer and incorporates them as though set forth in full herein.

78. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 78 of the Counterclaim and, on that basis, denies such allegations.

**SEVENTH CLAIM FOR RELIEF**

CLAIM FOR AN ACCOUNTING BY CRESTLLOYD AND HANKEY ON ALL DISBURSEMENTS FROM HANKEY TO CRESTLLOYD FOR CONSTRUCTION OF IMPROVEMENTS TO THE PROPERTY, AND ON THE AMOUNT DUE FROM CRESTLLOYD TO HANKEY

79. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 of this Answer and incorporates them as though set forth in full herein.

80. Answering Paragraph 80 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 80, and that the loan funds from Hankey Capital were to have been used for the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 80 of the Counterclaim and, on that basis, denies such allegations.

81. Answering Paragraph 81 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 81.

82. Answering Paragraph 82 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 82.

83. Answering Paragraph 83 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 83.

84. Answering Paragraph 84 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 84.

85. Inferno is informed and believes and thereon alleges that the allegations alleged in Paragraph 85 of the Counterclaim are true and, on that basis, admits those allegations.

86. Answering Paragraph 86 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that loan funds from Hankey Capital were used for purposes other than construction of the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 86 of the Counterclaim and, on that basis, denies such allegations.

87. Answering Paragraph 87 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that loan funds from Hankey Capital were used for purposes other than construction of the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 87 of the Counterclaim and, on that basis, denies such allegations.

88. Answering Paragraph 88 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that loan funds from Hankey Capital were used for purposes other than construction of the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to

admit or deny the allegations alleged in Paragraph 88 of the Counterclaim and, on that basis, denies such allegations.

89. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 89 of the Counterclaim and, on that basis, denies such allegations.

90. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 90 of the Counterclaim and, on that basis, denies such allegations.

91. Inferno admits the allegations alleged in Paragraph 91 of the Counterclaim.

## EIGHTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT A PORTION OF HANKEY'S PURPORTED LIEN SHOULD BE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

92. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43, 55 through 61, and 80 through 89 of this Answer and incorporates them as though set forth in full herein.

93. Answering Paragraph 93 of the Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 93 of the Counterclaim.

94. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 94 of the Counterclaim and, on that basis, denies such allegations.

95. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 95 of the Counterclaim and, on that basis, denies such allegations.

**NINTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S CLAIM TO THE CLAIM OF YOGI SECURITIES TO THE EXTENT HANKEY'S PURPORTED LOAN WAS NOT USED FOR CONSTRUCTION OF IMPROVEMENTS TO THE PROPERTY

96. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43, 66 through 79 and 80 through 89 of this Answer and incorporates them as though set forth in full herein.

97. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 97 of the Counterclaim and, on that basis, denies such allegations.

**TENTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT INTEREST CHARGED ON INTEREST INCLUDED IN HANKEY'S PURPORTED LIEN SHOULD BE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

98. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 of this Answer and incorporates them as though set forth in full herein.

99. Answering Paragraph 99 of the Counterclaim, Inferno is informed and believes, and thereon admits and alleges, that substantial funds were disbursed and/or retained by Hankey Capital to itself to pay alleged interest on its alleged loans to Crestlloyd. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 99 of the Counterclaim and, on that basis, denies such allegations.

100. Based on information and belief, Inferno admits the allegations alleged in Paragraph 100 of the Counterclaim.

101. Answering Paragraph 101 of the Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as

expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 101 of the Counterclaim.

102. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 102 of the Counterclaim and, on that basis, denies such allegations.

103. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 103 of the Counterclaim and, on that basis, denies such allegations.

## ELEVENTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S PROOF OF CLAIM TO YOGI SECURITIES' PROOF OF CLAIM TO THE EXTENT THAT HANKEY'S CLAIM INCLUDES INTEREST AND DEFAULT INTEREST CHARGED ON INTEREST PAYMENTS TIMELY DISBURSED TO OR RECEIVED BY HANKEY

104. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43, 66 through 70, 99 and 100 of this Answer and incorporates them as though set forth in full herein.

105. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 105 of the Counterclaim and, on that basis, denies such allegations.

## TWELFTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR DISALLOWANCE OF HANKEY'S ALLEGED SECURED CLAIMS ARISING FROM PROFIT PARTICIPATION AGREEMENTS

106. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 of this Answer and incorporates them as though set forth in full herein.

107. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 107 of the Counterclaim and, on that basis, denies such allegations.

108. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 108 of the Counterclaim and, on that basis, denies such allegations.

109. Inferno admits the allegations alleged in Paragraph 109 of the Counterclaim.

110. Inferno is informed and believes, and thereon admits and alleges, that Hankey Capital's Claims 17 and 18 are not secured claims and should be disallowed.

**THIRTEENTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR
RECHARACTERIZATION OF HANKEY'S PROOF OF CLAIM
FROM DEBT TO EQUITY

111. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43, 55 through 61, 80 through 89, 99 and 100 of this Answer and incorporates them as though set forth in full herein.

112. Inferno admits the allegations in Paragraph 112 of the Counterclaim.

113. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 113 of the Counterclaim and, on that basis, denies such allegations.

114. Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 114 of the Counterclaim and, on that basis, denies such allegations.

115. Inferno admits the allegations in Paragraph 115 of the Counterclaim.

116. Inferno admits the allegations in Paragraph 116 of the Counterclaim.

**FOURTEENTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST INFERNO FOR
RECHARACTERIZATION OF THE CLAIM OF INFERNO
FROM DEBT TO EQUITY

117. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 of this Answer and incorporates them as though set forth in full herein.

118. Inferno denies the allegations alleged in Paragraph 118 of the Counterclaim.

119. Inferno denies the allegations alleged in Paragraph 119 of the Counterclaim.

120. Inferno denies the allegations alleged in Paragraph 120 of the Counterclaim.

121. Inferno denies the allegations alleged in Paragraph 121 of the Counterclaim.

## FIFTEENTH CLAIM FOR RELIEF

### CROSSCLAIM AGAINST CRESTLLOYD FOR DECLARATORY RELIEF TO THE EFFECT THAT THE REBATE AND THE DIP LOAN PROCEEDS ARE ENCUMBERED

122. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 43 of this Answer and incorporates them as though set forth in full herein.

123. Answering Paragraph 123 of the Counterclaim, Inferno is informed and believes that the allegations in Paragraph 123 of the Counterclaim are accurate and, on that basis, admits such allegations.

124. Answering Paragraph 124 of the Counterclaim, Inferno is informed and believes that the allegations contained in Paragraph 124 of the Counterclaim are substantially accurate (subject to discovery and confirmation of the actual dollar amounts) and, on that basis, admits such allegations.

125. Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 125 of the Counterclaim.

126. Answering Paragraph 126 of the Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as

expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 126 of the Counterclaim.

127. Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 127 of the Counterclaim.

128. Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 128 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

129. As a First Affirmative Defense to the Counterclaim, Inferno alleges that the Counterclaim fails to state a claim on which relief can be granted in the First, Second and Fourteenth Claims for Relief alleged in the Counterclaim.

### SECOND AFFIRMATIVE DEFENSE

**(Priority of Claim)**

130. As a Second Affirmative Defense to the Counterclaim, Inferno alleges that its interest as a lender in the property is first in time vis a vis other claimants and its lien was recorded prior to the claims of other claimants. Furthermore, there is no basis for subordination of Inferno's claim. Accordingly, Inferno's claim has priority over all other claims alleged and the Counterclaim is barred on that basis.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

131. As a Third Affirmative Defense to the Counterclaim, Inferno alleges that the Counterclaim is barred, in whole or in part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

132. As a Fourth Affirmative Defense to the Counterclaim, Inferno alleges that the Counterclaim is barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

133. As a Fifth Affirmative Defense to the Counterclaim, Inferno alleges that Yogi Securities is guilty of unclean hands with regard to the matters at issue, including with respect to its lack of monitoring of loan funds to be used for construction of "The One," and is, therefore, barred from seeking any recovery thereon.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

134. As a Sixth Affirmative Defense to the Counterclaim, Inferno alleges that the Counterclaim is barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

135. As a Seventh Affirmative Defense to the Counterclaim, Inferno alleges that Yogi Securities is not entitled to any relief sought against Inferno, including the relief sought in the Counterclaim, as granting Yogi Securities such relief would unjustly enrich Yogi Securities despite its wrongful or inequitable conduct and unjustly impose a loss on Inferno.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Acts of Independent Third Parties)**

136. As an Eighth Affirmative Defense to the Counterclaim, Inferno alleges that Yogi Securities is barred from proceeding on its claims against Inferno because the issues of which it complains were caused by the acts of third parties including

Hankey Capital's unfair business practices as alleged in Inferno's Complaint, not Inferno.

**NINTH AFFIRMATIVE DEFENSE**

**(Justification)**

137. As a Ninth Affirmative Defense to the Counterclaim, Inferno alleges that its conduct in regard to the matters alleged in the Counterclaim was justified and, therefore, Yogi Securities is barred from obtaining relief against Inferno.

**TENTH AFFIRMATIVE DEFENSE**

**(In Pari Delicto)**

138. As a Tenth Affirmative Defense to the Counterclaim, Inferno alleges that Yogi Securities is barred from recovery by its own conduct, actions and omissions, which render Yogi Securities at a minimum in pari delicto with Inferno, and barring Yogi Securities from obtaining relief against Inferno.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unrecorded Property Interest – Civil Code Section 1214)**

139. As an Eleventh Affirmative Defense to the Counterclaim, Inferno alleges that to the extent that Yogi Securities alleges any interest in property that is unrecorded, it is invalid pursuant to governing California law including California Civil Code Section 1214 which provides that "[e]very conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

**TWELFTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

140. Inferno presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated affirmative defenses. Inferno, therefore, reserves the right to assert additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Inferno prays for judgment on the Counterclaim as follows:

1. That Counterclaimant take nothing by reason of the Counterclaim, that the orders requesting subordination, recharacterization or declaratory relief regarding the obligation of Yogi Securities to Inferno be denied, and judgment be rendered in favor of Inferno on all issues;

2. That Inferno be awarded costs of suit incurred in defense of this action; and

3. That Inferno be granted such other and further relief as the Court deems proper.

DATE: August 31, 2022

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
PAUL N. SORRELL
MAX D. FABRICANT

By: ______________________
MARTIN D. SINGER
Attorneys for Plaintiff and Counter-Defendant INFERNO INVESTMENT, INC.