ROBERT F. SCOULAR (SBN 85293)
robert.scoular@dentons.com
JOHN A. MOE II (SBN 66893)
john.moe@dentons.com
NORMAN M. ASPIS (SBN 313466)
norman.aspis@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213 623 9300
Facsimile: 213 623 9924

Attorneys for Defendant, Cross-Claimant, Counter-Claimant and Cross-Defendant YOGI SECURITIES HOLDINGS, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adversary Proceeding No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,<br><br>Defendants. | **CROSS-DEFENDANT YOGI SECURITIES HOLDINGS, LLC'S ANSWER TO CROSS-CLAIMANT CRESTLLOYD, LLC'S CROSS-COMPLAINT** |

CRESTLLOYD, LLC, a California limited liability company,

Cross-Claimant,

v.

INFERNO INVESTMENT, INC., a Quebec corporation; NILE NIAMI, an individual; YVONNE NIAMI, an individual; GROUND VIEW LLLP, a Nevada limited liability limited partnership; 1369 LONDONDERRY ESTATE LLC, a California limited liability company; MARBELLA CONSTRUCTION INC., a California limited liability company; N:PHILANTHROPY LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; JOSEPH ENGLANOFF, an individual; JUSTINE ENGLANOFF, an individual; NICOLE ENGLANOFF, an individual; JACQUELINE ENGLANOFF, an individual; HILLDUN CORPORATION, a New York corporation,

Cross-Defendants.

Cross- Defendant Yogi Securities Holdings, LLC ("Yogi Securities") hereby answers the Cross-Complaint ("Cross-Complaint") filed by Cross-Claimant Crestlloyd, LLC ("Crestlloyd") in the above-captioned action, and each purported claim for relief alleged therein, as follows:

**JURISDICTION AND VENUE**

1. In response to Paragraph 1 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

2. In response to Paragraph 2 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

3. In response to Paragraph 3 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

4. In response to Paragraph 4 of the Cross-Complaint, Yogi Securities admits the

allegations contained therein.

**SUMMARY OF CLAIMS**

5. In response to Paragraph 5 of the Cross-Complaint, Yogi Securities admits that "Crestlloyd seeks to recharacterize certain debts as equity; equitably subordinate certain debts; recover [alleged] fraudulent conveyances from certain Cross-Defendants; and pursue [alleged] breach of fiduciary duty claims against Crestlloyd's former principals, Nile Niami and Yvonne Niami and their related entities," and denies that Crestlloyd is entitled to any relief as against Yogi Securities. Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 5, and, on that basis, denies each and every of the other allegations contained therein.

6. In response to Paragraph 6 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that they are not asserted against Yogi Securities.

7. In response to Paragraph 7 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that they are not asserted against Yogi Securities.

8. In response to Paragraph 8 of the Cross-Complaint, Yogi Securities admits that Crestlloyd states it "also seeks to recharacterize the alleged debts owing to Yogi Securities . . . as equity, not debt." Except as so admitted, Yogi Securities denies each and every of the other allegations contained in Paragraph 8 and further denies that Crestlloyd is entitled to any relief as against Yogi Securities.

9. In response to Paragraph 9 of the Cross-Complaint, Yogi Securities admits that Crestlloyd states that it "seeks to recover [alleged] fraudulent transfers from Yogi [Securities]; . . . Trousdale Estate, LLC . . .; Yogi [Securities'] principal, Joseph Englanoff . . .; and three individuals believed to be Englanoff's children, Justine Englanoff; Nicole Englanoff, and Jacqueline Englanoff . . . ." Except as so admitted, Yogi Securities denies each and every of the other allegations contained in Paragraph 9.

10. In response to Paragraph 10 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that they are not asserted against Yogi Securities.

## PARTIES TO THE ACTION

**A. Counter-Complainant**

11. In response to Paragraph 11 of the Cross-Complaint, and on information and belief, Yogi Securities admits "Cross-Complainant Debtor Crestlloyd [is] a California limited liability company, and is the Chapter 11 Debtor in possession in this bankruptcy case."

**B. Counter-Defendants**

**1. The Inferno Parties**

12. In response to Paragraph 12 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

**2. The Niami Parties**

13. In response to Paragraph 13 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

14. In response to Paragraph 14 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

15. In response to Paragraph 15 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

16. In response to Paragraph 16 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

17. In response to Paragraph 17 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

18. In response to Paragraph 18 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

19. In response to Paragraph 19 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

20. In response to Paragraph 20 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

**3. The Englanoff Parties**

21. In response to Paragraph 21 of the Cross-Complaint, Yogi Securities denies that it is "owned and controlled by Englanoff." Except as so expressly denied, Yogi Securities admits the other allegations contained in Paragraph 21 of the Cross-Complaint.

22. In response to Paragraph 22 of the Cross-Complaint, Yogi Securities admits that "Cross-Defendant Trousdale is a Nevada limited liability company," but denies that Cross-Defendant Trousdale is "owned and controlled by Englanoff." Except as so expressly admitted or denied, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 22 of the Cross-Complaint, and, on that basis, denies the other allegation contained therein.

23. In response to Paragraph 23 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

24. In response to Paragraph 24 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

25. In response to Paragraph 25 of the Cross-Complaint, and on information and belief, Yogi Securities admits that Justine Englanoff is an individual and a child of Yogi Securities' principal, Joseph Englanoff. Except as so admitted, Yogi Securities denies each and every of the other allegations contained in Paragraph 25.

26. In response to Paragraph 26 of the Cross-Complaint, and on information and belief, Yogi Securities admits that Nicole Englanoff is an individual and a child of Yogi Securities' principal, Joseph Englanoff. Except as so admitted, Yogi Securities denies each and every of the other allegations contained in Paragraph 26.

27. In response to Paragraph 27 of the Cross-Complaint, and on information and belief, Yogi Securities admits that Jacqueline Englanoff is an individual and a child of Yogi Securities' principal, Joseph Englanoff. Except as so admitted, Yogi Securities denies each and every of the other allegations contained in Paragraph 27.

28. In response to Paragraph 28 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that they are not factual allegations asserted

against Yogi Securities.

29. In response to Paragraph 29 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that they are not factual allegations asserted against Yogi Securities.

**4. Hilldun Corporation**

30. In response to Paragraph 30 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

## GENERAL ALLEGATIONS

31. In response to Paragraph 31 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

32. In response to Paragraph 32 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

33. In response to Paragraph 33 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

34. In response to Paragraph 34 of the Cross-Complaint, Yogi Securities admits that Crestlloyd states that it "engaged in a series of transactions with" Yogi Securities to obtain financial resources. Yogi Securities is also informed and believes that Crestlloyd obtained financial resources from Inferno. Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 34, and, on that basis, denies each and every of the other allegations contained therein.

35. In response to Paragraph 35 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

36. In response to Paragraph 36 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

**A. <u>Crestlloyd's Dealings with Inferno</u>**

37. In response to Paragraph 37 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

38. In response to Paragraph 38 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

39. In response to Paragraph 39 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

40. In response to Paragraph 40 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

41. In response to Paragraph 41 of the Cross-Complaint, and on information and belief, Yogi Securities admits that Crestlloyd subsequently entered into the Memorandum of Agreement ("MOA") with Inferno. Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 41, and, on that basis, denies the other allegations contained therein.

42. In response to Paragraph 42 of the Cross-Complaint, Yogi Securities admits the allegations contained therein, including the allegation that "the MOA is valid and fully binding upon both Inferno and Crestlloyd."

43. In response to Paragraph 43 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

44. In response to Paragraph 44 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

45. In response to Paragraph 45 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

46. In response to Paragraph 46 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

47. In response to Paragraph 47 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

48. In response to Paragraph 48 of the Cross-Complaint, and on information and

belief, Yogi Securities states that a purported true and correct copy of Amendment No. 1 to the MOA is attached as Exhibit 4 to Crestlloyd's Cross-Complaint. Yogi Securities states that Exhibit 4 to Crestlloyd's Cross-Complaint speaks for itself. Except as so stated, and on information and belief, Yogi Securities admits the other allegations contained in Paragraph 48.

49. In response to Paragraph 49 of the Cross-Complaint, and on information and belief, Yogi Securities states that a purported true and correct copy of Amendment No. 2 to the MOA is attached as Exhibit 5 to Crestlloyd's Cross-Complaint. Yogi Securities states that Exhibit 5 to Crestlloyd's Cross-Complaint speaks for itself. Except as so stated, and on information and belief, Yogi Securities admits the other allegations contained in Paragraph 49.

50. In response to Paragraph 50 of the Cross-Complaint, and on information and belief, Yogi Securities states that a purported true and correct copy of Amendment No. 3 to the MOA is attached as Exhibit 6 to Crestlloyd's Cross-Complaint. Yogi Securities states that Exhibit 6 to Crestlloyd's Cross-Complaint speaks for itself. Except as so stated, and on information and belief, Yogi Securities admits the other allegations contained in Paragraph 50.

51. In response to Paragraph 51 of the Cross-Complaint, and on information and belief, Yogi Securities admits that certain amendments were entered into relating to the MOA, but Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 51, and, on that basis, denies each and every of the other allegations contained therein.

**B. Crestlloyd's Dealings with Yogi and the Englanoff Parties**

52. In response to Paragraph 52 of the Cross-Complaint, Yogi Securities admits the allegations contained in Paragraph 52.

53. In response to Paragraph 53 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

54. In response to Paragraph 54 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

55. In response to Paragraph 55 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

56. In response to Paragraph 56 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

57. In response to Paragraph 57 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

58. In response to Paragraph 58 of the Cross-Complaint, Yogi Securities denies that the May 22, 2018 Yogi Note was "in the amount of $17,488,900." As set forth in the May 22, 2018 Yogi Note, which is attached as Exhibit 9 to the Cross-Complaint, the principal sum therein was "up to $17,499,900.00." Yogi Securities admits that Exhibit 9 is a true and correct copy of the May 22, 2018 Yogi Note, which is a secured promissory note in favor of Yogi Securities. On information and belief, Yogi Securities also admits that Nile Niami executed the May 22, 2018 Yogi Note on behalf of Crestlloyd.

59. In response to Paragraph 59 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

60. In response to Paragraph 60 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies the allegations contained therein.

61. In response to Paragraph 61 of the Cross-Complaint, and on information and belief, Yogi Securities admits that it knew "that Crestlloyd did not own the Copa de Oro Property at the time the May 22, 2018 Yogi Note was executed." Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 61, and, on that basis, denies each and every of the other allegations contained therein.

62. In response to Paragraph 62 of the Cross-Complaint, Yogi Securities admits that it "proceeded with the May 22, 2018 Yogi Note, referencing the Copa de Oro Property as collateral even though Crestlloyd did not own it." Except as so admitted, Yogi Securities denies the other allegations contained in Paragraph 62 of the Cross-Complaint.

63. In response to Paragraph 63 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

64. In response to Paragraph 64 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

65. In response to Paragraph 65 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

66. In response to Paragraph 66 of the Cross-Complaint, Yogi Securities admits the allegations contained therein and states that it submitted Proof of Claim No. 27 in this bankruptcy case, which amended its Proof of Claim No. 15.

67. In response to Paragraph 67 of the Cross-Complaint, Yogi Securities admits that the October 16, 2018 Yogi Note was secured by several real properties as collateral, which real properties are listed in section 3 of that note. Yogi Securities also admits that, of the six real properties identified as collateral in the October 16, 2018 Yogi Note, two were owned, at least in part, by Crestlloyd (the Hillcrest Property and the Airole Property) at the time Yogi Securities executed the October 16, 2018 Yogi Note. Yogi Securities denies any allegation suggesting that the October 16, 2018 Yogi Note was for "$30,000,000," as the note is in the amount of $30,188,235. Yogi Securities admits, on information and belief, that all of the real properties identified as collateral in the October 16, 2018 Yogi Note were owned by entities that were controlled by Nile Niami at the time Yogi Securities executed the October 16, 2018 Yogi Note. Except as so admitted or expressly denied, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 67, and, on that basis, denies the other allegations contained therein.

a. In response to Paragraph 67(a) of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

b. In response to Paragraph 67(b) of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

c. In response to Paragraph 67(c) of the Cross-Complaint, and on information and belief, Yogi Securities denies that the "Stone Ridge Property" "was conveyed to third party Li Jing." Except as so expressly denied, and on information and belief Yogi Securities admits the allegations contained therein.

d. In response to Paragraph 67(d) of the Cross-Complaint, and on information and belief, Yogi Securities admits that 627 Carcassonne Road, Los Angeles, CA 90077 was owned by Carcassonne Fine Homes, LLC, which was owned and controlled by Nile Niami at the time Yogi Securities executed the October 16, 2018 Yogi Note.

68. In response to Paragraph 68 of the Cross-Complaint, Yogi Securities admits that the October 16, 2018 Yogi Note was secured by several real properties as collateral, which real properties are listed in section 3 of that note. Yogi Securities also admits that, of the six real properties identified as collateral in the October 16, 2018 Yogi Note, two were owned, at least in part, by Crestlloyd (the Hillcrest Property and the Airole Property) at the time Yogi Securities executed the October 16, 2018 Yogi Note. Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 68, and, on that basis, denies each and every of the other allegations contained therein.

69. In response to Paragraph 69 of the Cross-Complaint, and on information and belief, Yogi Securities admits that it knew “that Crestlloyd did not own any of the properties listed as security in the October 16, 2018 Yogi Note other than the Hillcrest Property and the Airole Property, and that public records reflect the same.” Except as so admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 69, and, on that basis, denies each and every of the other allegations contained therein.

70. In response to Paragraph 70 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

71. In response to Paragraph 71 of the Cross-Complaint, Yogi Securities admits that it did not record any deed of trust relating to the October 16, 2018 Yogi Note until after a Deed of Trust was issued by Crestlloyd to Hankey Capital LLC. Yogi Securities denies that it “delayed” such recording. Except as so admitted or expressly denied, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained

in Paragraph 71, and, on that basis, denies each and every of the other allegations contained therein.

72. In response to Paragraph 72 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

73. In response to Paragraph 73 of the Cross-Complaint, Yogi Securities admits that the October 16, 2018 Yogi Note contains a "Due on Sale and Encumbrance" clause, in paragraph 10, which states, in part: "[T]he Property shall not be sold, agreed to be sold, conveyed, transferred, assigned, disposed of, or further encumbered . . . without the written consent of the holder hereof being first obtained, which consent may be withheld in holder's sole and absolute discretion." Except as so admitted, Yogi Securities denies the other allegations contained in Paragraph 73 of the Cross-Complaint.

74. In response to Paragraph 74 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein.

75. In response to Paragraph 75 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

76. In response to Paragraph 76 of the Cross-Complaint, Yogi Securities denies that the February 8, 2020 letter agreement sent from Joseph Englanoff to Nile Niami "explains the 'Pay Down to Yogi Securities Holdings' in the Hillcrest Closing Statement." Except as so expressly denied, Yogi Securities admits the other allegations contained in Paragraph 76 of the Cross-Complaint. Yogi Securities also states that the payment of "at least $6,435,535.37" resulted in the release of an obligation from Crestlloyd to Yogi Securities and the release of liens against the Airole Property.

77. In response to Paragraph 77 of the Cross-Complaint, Yogi Securities admits that $6,435,535.37 "out of the $9,352,824 was . . . credited to Yogi [Securities] as part of the Hillcrest Property sale," resulting in a release of liens on real properties, including a release of liens on the Airole Property. Except as so expressly admitted, Yogi Securities denies each and every of the other allegations contained in Paragraph 77 of the Cross-Complaint.

78. In response to Paragraph 78 of the Cross-Complaint, Yogi Securities denies the

allegations contained therein and states that the $6,435,535.37 was "credited to Crestlloyd," in regard to the fact that Crestlloyd was obligated to Yogi Securities on a $5.2M Promissory Note, and the Airole Property was security for payment of that $5.2M Promissory Note.

79. In response to Paragraph 79 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

80. In response to Paragraph 80 of the Cross-Complaint, and on information and belief, Yogi Securities admits that Trousdale sold the Hillcrest Property to another, third party for approximately $47,000,000, less than a year after Crestlloyd conveyed it to Trousdale. Except as so expressly admitted, Yogi Securities denies the other allegations contained in Paragraph 80 of the Cross-Complaint.

81. In response to Paragraph 81 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein, except that Yogi Securities is informed and believed that 1369 LE sold the Londonderry Property on or about July 9, 2021.

82. In response to Paragraph 82 of the Cross-Complaint, and on information and belief, Yogi Securities admits the allegations contained therein, but denies that "the $8,708,122" was credited toward the Crestlloyd balance due to Yogi Securities. $6,013,000 of the sale proceeds were credited toward the Crestlloyd balance due to Yogi Securities.

83. In response to Paragraph 83 of the Cross-Complaint, Yogi Securities admits that "1369 LE pa[id] to Yogi $8,708,122 as part of the closing of the deal," $6,013,000 of which was credited to the Crestlloyd balance to Yogi Securities. Except as so expressly admitted, Yogi Securities denies the other allegations contained in Paragraph 83 of the Cross-Complaint.

**C. <u>Crestlloyd's Dealings with Hilldun</u>**

84. In response to Paragraph 84 of the Cross-Complaint, Yogi Securities admits that "Hilldun filed proof of claim number 9 in this bankruptcy." Except as so expressly admitted, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 81, and, on that basis, denies the other allegations contained therein.

85. In response to Paragraph 85 of the Cross-Complaint, Yogi Securities lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies the allegations contained therein.

86. In response to Paragraph 86 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies the allegations contained therein.

87. In response to Paragraph 87 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies the allegations contained therein.

88. In response to Paragraph 88 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies the allegations contained therein.

89. In response to Paragraph 89 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies the allegations contained therein.

90. In response to Paragraph 90 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies each and every allegation contained therein.

91. In response to Paragraph 91 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Cross-Complaint, and, on that basis, denies the allegations contained therein.

92. In response to Paragraph 92 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

**D. <u>Crestlloyd's Dealings with Hilldun</u>**

93. In response to Paragraph 93 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

94. In response to Paragraph 94 of the Cross-Complaint, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained therein, and, on that basis, denies each and every allegation contained therein.

**CLAIMS FOR RELIEF**

**First Claim for Relief**
**Recharacterization of Debt as to Inferno**
**[11 U.S.C. § 502 and 548]**

95. In response to Paragraph 95 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 94 above, as if fully set forth herein.

96. In response to Paragraph 96 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

97. In response to Paragraph 97 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

98. In response to Paragraph 98 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

99. In response to Paragraph 99 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

100. In response to Paragraph 100 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

101. In response to Paragraph 101 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

102. In response to Paragraph 102 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not

asserted against Yogi Securities.

103. In response to Paragraph 103 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

104. In response to Paragraph 104 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

105. In response to Paragraph 105 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

106. In response to Paragraph 106 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

107. In response to Paragraph 107 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the First Claim for Relief is not asserted against Yogi Securities.

**Second Claim for Relief**
**Equitable Subordination as to Inferno**
**[11 U.S.C. § 510(a) and (c)]**

108. In response to Paragraph 108 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 107 above, as if fully set forth herein.

109. In response to Paragraph 109 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Second Claim for Relief is not asserted against Yogi Securities.

110. In response to Paragraph 110 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Second Claim for Relief is not asserted against Yogi Securities.

111. In response to Paragraph 111 of the Cross-Complaint, Yogi Securities neither

admits nor denies the allegations contained therein in that the Second Claim for Relief is not asserted against Yogi Securities.

112. In response to Paragraph 112 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Second Claim for Relief is not asserted against Yogi Securities.

113. In response to Paragraph 113 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Second Claim for Relief is not asserted against Yogi Securities.

**Third Claim for Relief**
**Declaratory Relief as to Defendant Inferno**

114. In response to Paragraph 114 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 113 above, as if fully set forth herein.

115. In response to Paragraph 115 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Third Claim for Relief is not asserted against Yogi Securities.

116. In response to Paragraph 116 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Third Claim for Relief is not asserted against Yogi Securities.

117. In response to Paragraph 117 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Third Claim for Relief is not asserted against Yogi Securities.

118. In response to Paragraph 118 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Third Claim for Relief is not asserted against Yogi Securities.

119. In response to Paragraph 119 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Third Claim for Relief is not asserted against Yogi Securities.

120. In response to Paragraph 120 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Third Claim for Relief is not asserted against Yogi Securities.

121. In response to Paragraph 121 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Third Claim for Relief is not asserted against Yogi Securities.

**Fourth Claim for Relief**
**Breach of Fiduciary Duty Against Nile Niami, Yvonne Niami, and Ground View**

122. In response to Paragraph 122 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 121 above, as if fully set forth herein.

123. In response to Paragraph 123 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

124. In response to Paragraph 124 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

125. In response to Paragraph 125 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

126. In response to Paragraph 126 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

127. In response to Paragraph 127 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

128. In response to Paragraph 128 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not

asserted against Yogi Securities.

129. In response to Paragraph 129 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

130. In response to Paragraph 130 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

131. In response to Paragraph 131 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

132. In response to Paragraph 132 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

133. In response to Paragraph 133 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

134. In response to Paragraph 134 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

135. In response to Paragraph 135 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

136. In response to Paragraph 136 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fourth Claim for Relief is not asserted against Yogi Securities.

**Fifth Claim for Relief**
**Disallowance of Claim as to Nile Niami and Yvonne Niami**
**[11 U.S.C. § 502(b)(1), (b)(4), and (d)]**

137. In response to Paragraph 137 of the Cross-Complaint, and on information and

belief, Yogi Securities admits the allegations contained therein.

138. In response to Paragraph 138 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fifth Claim for Relief is not asserted against Yogi Securities.

139. In response to Paragraph 139 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Fifth Claim for Relief is not asserted against Yogi Securities.

**Sixth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Nile Niami, Yvonne Niami, 1369 LE, and Marbella**
**[11 U.S.C. § 548(a)(1)(A), 11 U.S.C. § 550]**

140. In response to Paragraph 140 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 139 above, as if fully set forth herein.

141. In response to Paragraph 141 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Sixth Claim for Relief is not asserted against Yogi Securities.

142. In response to Paragraph 142 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Sixth Claim for Relief is not asserted against Yogi Securities.

143. In response to Paragraph 143 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Sixth Claim for Relief is not asserted against Yogi Securities.

144. In response to Paragraph 144 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Sixth Claim for Relief is not asserted against Yogi Securities.

**Seventh Claim for Relief for**
**Avoidance of Actual Fraudulent Transfer as to 1369 LE, and Marbella**
**[Cal. Civ. Code § 3439.04]**

145. In response to Paragraph 145 of the Cross-Complaint, Yogi Securities realleges

and incorporates herein by reference its responses to Paragraphs 1 through 144 above, as if fully set forth herein.

146. In response to Paragraph 146 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Seventh Claim for Relief is not asserted against Yogi Securities.

147. In response to Paragraph 147 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Seventh Claim for Relief is not asserted against Yogi Securities.

148. In response to Paragraph 148 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Seventh Claim for Relief is not asserted against Yogi Securities.

149. In response to Paragraph 149 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Seventh Claim for Relief is not asserted against Yogi Securities.

150. In response to Paragraph 150 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Seventh Claim for Relief is not asserted against Yogi Securities.

**Eighth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to 1369 LE, and Marbella, and N:Philanthropy**
**[11 U.S.C. § 548(a)(1)(B), 11 U.S.C. § 550]**

151. In response to Paragraph 151 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 150 above, as if fully set forth herein.

152. In response to Paragraph 152 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighth Claim for Relief is not asserted against Yogi Securities.

153. In response to Paragraph 153 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighth Claim for Relief is not

asserted against Yogi Securities.

154. In response to Paragraph 154 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighth Claim for Relief is not asserted against Yogi Securities.

155. In response to Paragraph 155 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighth Claim for Relief is not asserted against Yogi Securities.

156. In response to Paragraph 156 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighth Claim for Relief is not asserted against Yogi Securities.

157. In response to Paragraph 157 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighth Claim for Relief is not asserted against Yogi Securities.

158. In response to Paragraph 158 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighth Claim for Relief is not asserted against Yogi Securities.

159. In response to Paragraph 159 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighth Claim for Relief is not asserted against Yogi Securities.

**Ninth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Nile Niami, Yvonne Niami, 1369 LE, and Marbella**
**[Cal. Civ. Code § 3439.05]**

160. In response to Paragraph 160 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 159 above, as if fully set forth herein.

161. In response to Paragraph 161 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Ninth Claim for Relief is not asserted against Yogi Securities.

162. In response to Paragraph 162 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Ninth Claim for Relief is not asserted against Yogi Securities.

163. In response to Paragraph 163 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Ninth Claim for Relief is not asserted against Yogi Securities.

164. In response to Paragraph 164 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Ninth Claim for Relief is not asserted against Yogi Securities.

165. In response to Paragraph 165 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Ninth Claim for Relief is not asserted against Yogi Securities.

166. In response to Paragraph 166 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Ninth Claim for Relief is not asserted against Yogi Securities.

167. In response to Paragraph 167 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Ninth Claim for Relief is not asserted against Yogi Securities.

**Tenth Claim for Relief**
**Equitable Indemnification as to Nile Niami, Yvonne Niami, Ground View, and N:Philanthropy**

168. In response to Paragraph 168 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 167 above, as if fully set forth herein.

169. In response to Paragraph 169 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Tenth Claim for Relief is not asserted against Yogi Securities.

170. In response to Paragraph 170 of the Cross-Complaint, Yogi Securities neither

admits nor denies the allegations contained therein in that the Tenth Claim for Relief is not asserted against Yogi Securities.

171. In response to Paragraph 171 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Tenth Claim for Relief is not asserted against Yogi Securities.

172. In response to Paragraph 172 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Tenth Claim for Relief is not asserted against Yogi Securities.

173. In response to Paragraph 173 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Tenth Claim for Relief is not asserted against Yogi Securities.

**Eleventh Claim for Relief**
**Recharacterization as to Yogi**
**[11 U.S.C. § 502]**

174. In response to Paragraph 174 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 173 above, as if fully set forth herein.

175. In response to Paragraph 175 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

176. In response to Paragraph 176 of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

177. In response to Paragraph 177 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

178. In response to Paragraph 178 of the Cross-Complaint, Yogi Securities denies the allegations contained therein and states that the allegations are unintelligible as pled.

a. In response to Paragraph 178(a) of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

b. In response to Paragraph 178(b) of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

c. In response to Paragraph 178(c) of the Cross-Complaint, Yogi Securities admits the allegations contained therein.

d. In response to Paragraph 178(d) of the Cross-Complaint, and on information and belief, Yogi Securities admits that the Hillcrest Property was sold to Trousdale. Except as so expressly admitted, Yogi Securities denies the other allegations contained in Paragraph 178(d) of the Cross-Complaint.

e. In response to Paragraph 178(e) of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that they are not asserted against Yogi Securities.

f. In response to Paragraph 178(f) of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

g. In response to Paragraph 178(g) of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

179. In response to Paragraph 179 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

**Twelfth Claim for Relief**
**Equitable Subordination as to Yogi**
**[11 U.S.C. § 510]**

180. In response to Paragraph 180 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 179 above, as if fully set forth herein.

181. In response to Paragraph 181 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

182. In response to Paragraph 182 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

183. In response to Paragraph 183 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

**Thirteenth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**

**[11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. § 550]**

184. In response to Paragraph 184 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 183 above, as if fully set forth herein.

185. In response to Paragraph 185 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

186. In response to Paragraph 186 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

187. In response to Paragraph 187 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

188. In response to Paragraph 188 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

**Fourteenth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**
**[Cal. Civ. Code § 3439.004]**

189. In response to Paragraph 189 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 188 above, as if fully set forth herein.

190. In response to Paragraph 190 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

191. In response to Paragraph 191 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

192. In response to Paragraph 192 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

193. In response to Paragraph 193 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

194. In response to Paragraph 194 of the Cross-Complaint, Yogi Securities denies the

allegations contained therein.

**Fifteenth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**
**[11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 550]**

195. In response to Paragraph 195 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 194 above, as if fully set forth herein.

196. In response to Paragraph 196 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

197. In response to Paragraph 197 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

198. In response to Paragraph 198 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

199. In response to Paragraph 199 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

200. In response to Paragraph 200 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

**Sixteenth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**
**[Cal. Civ. Code § 3439.005]**

201. In response to Paragraph 201 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 200 above, as if fully set forth herein.

202. In response to Paragraph 202 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

203. In response to Paragraph 203 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

204. In response to Paragraph 204 of the Cross-Complaint, Yogi Securities denies the

allegations contained therein.

205. In response to Paragraph 205 of the Cross-Complaint, Yogi Securities denies the allegations therein.

206. In response to Paragraph 206 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

**Seventeenth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**
**[11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. § 550]**

207. In response to Paragraph 207 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 206 above, as if fully set forth herein.

208. In response to Paragraph 208 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

209. In response to Paragraph 209 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Seventeenth Claim for Relief is not asserted against Yogi Securities.

210. In response to Paragraph 210 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Seventeenth Claim for Relief is not asserted against Yogi Securities.

211. In response to Paragraph 211 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Seventeenth Claim for Relief is not asserted against Yogi Securities.

212. In response to Paragraph 212 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Seventeenth Claim for Relief is not asserted against Yogi Securities.

**Eighteenth Claim for Relief**
**Avoidance of Actual Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**
**[Cal. Civ. Code § 3439.004]**

213. In response to Paragraph 213 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 212 above, as if fully set forth herein.

214. In response to Paragraph 214 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

215. In response to Paragraph 215 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighteenth Claim for Relief is not asserted against Yogi Securities.

216. In response to Paragraph 216 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighteenth Claim for Relief is not asserted against Yogi Securities.

217. In response to Paragraph 217 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighteenth Claim for Relief is not asserted against Yogi Securities.

218. In response to Paragraph 218 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighteenth Claim for Relief is not asserted against Yogi Securities.

219. In response to Paragraph 219 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Eighteenth Claim for Relief is not asserted against Yogi Securities.

**Nineteenth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**
**[11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 550]**

220. In response to Paragraph 220 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 219 above, as if fully set forth herein.

221. In response to Paragraph 221 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

222. In response to Paragraph 222 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Nineteenth Claim for Relief is not asserted against Yogi Securities.

223. In response to Paragraph 223 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Nineteenth Claim for Relief is not asserted against Yogi Securities.

224. In response to Paragraph 224 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Nineteenth Claim for Relief is not asserted against Yogi Securities.

225. In response to Paragraph 225 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Nineteenth Claim for Relief is not asserted against Yogi Securities.

226. In response to Paragraph 226 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Nineteenth Claim for Relief is not asserted against Yogi Securities.

**Twentieth Claim for Relief**
**Avoidance of Constructive Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**
**[Cal. Civ. Code § 3439.005]**

227. In response to Paragraph 227 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 226 above, as if fully set forth herein.

228. In response to Paragraph 228 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

229. In response to Paragraph 229 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twentieth Claim for Relief is not asserted against Yogi Securities.

230. In response to Paragraph 230 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twentieth Claim for Relief is not

asserted against Yogi Securities.

231. In response to Paragraph 231 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twentieth Claim for Relief is not asserted against Yogi Securities.

232. In response to Paragraph 232 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twentieth Claim for Relief is not asserted against Yogi Securities.

233. In response to Paragraph 233 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twentieth Claim for Relief is not asserted against Yogi Securities.

**Twenty-First Claim for Relief**
**Disallowance of Claim as to Yogi**
**[11 U.S.C. § 502(b)(1), and (d)]**

234. In response to Paragraph 234 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 233 above, as if fully set forth herein.

235. In response to Paragraph 235 of the Cross-Complaint, and on information and belief, Yogi Securities denies the allegations contained therein.

236. In response to Paragraph 236 of the Cross-Complaint, Yogi Securities admits that, "according to the Borrower's Final Closing Statement, when the August 9, 2017 Yogi Note on the Hillcrest Property closed, there were three disbursements made . . . in the amount of $21,000 each: to Justine Englanoff; to Nicole Englanoff; and to Jacqueline Englanoff."

237. In response to Paragraph 237 of the Cross-Complaint, and on information and belief, Yogi Securities denies the allegations contained therein.

238. In response to Paragraph 238 of the Cross-Complaint, Yogi Securities admits that it did not record any deed of trust relating to the October 16, 2018 Yogi Note until after a Deed of Trust was issued by Crestlloyd to Hankey Capital LLC. Yogi Securities denies that it "avoided" such recording. Except as so admitted or expressly denied, Yogi Securities denies the other allegations contained in Paragraph 238 of the Cross-Complaint.

239. In response to Paragraph 239 of the Cross-Complaint, Yogi Securities denies the allegations against Yogi Securities contained therein. Except as so expressly denied, and on information and belief, Yogi Securities denies the other allegations contained in Paragraph 239 of the Cross-Complaint.

240. In response to Paragraph 240 of the Cross-Complaint, Yogi Securities denies the allegations contained therein.

**Twenty-Second Claim for Relief**
**Avoidance of Constructive Fraudulent Transfers as to Hilldun**
**[11 U.S.C. § 548(a)(1)(B), 11 U.S.C. § 550]**

241. In response to Paragraph 241 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 240 above, as if fully set forth herein.

242. In response to Paragraph 242 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is not asserted against Yogi Securities.

243. In response to Paragraph 243 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is not asserted against Yogi Securities.

244. In response to Paragraph 244 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is not asserted against Yogi Securities.

245. In response to Paragraph 245 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is not asserted against Yogi Securities.

246. In response to Paragraph 246 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is not asserted against Yogi Securities.

247. In response to Paragraph 247 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is

not asserted against Yogi Securities.

248. In response to Paragraph 248 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is not asserted against Yogi Securities.

249. In response to Paragraph 249 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is not asserted against Yogi Securities.

250. In response to Paragraph 250 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is not asserted against Yogi Securities.

251. In response to Paragraph 251 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Second Claim for Relief is not asserted against Yogi Securities.

**Twenty-Third Claim for Relief**
**Avoidance of Constructive Fraudulent Transfers as to Hilldun**
**[Cal. Civ. Code § 3439.05]**

252. In response to Paragraph 252 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 251 above, as if fully set forth herein.

253. In response to Paragraph 253 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

254. In response to Paragraph 254 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

255. In response to Paragraph 255 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

256. In response to Paragraph 256 of the Cross-Complaint, Yogi Securities neither

admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

257. In response to Paragraph 257 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

258. In response to Paragraph 258 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

259. In response to Paragraph 259 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

260. In response to Paragraph 260 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

261. In response to Paragraph 261 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

262. In response to Paragraph 262 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

263. In response to Paragraph 263 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Third Claim for Relief is not asserted against Yogi Securities.

**Twenty-Fourth Claim for Relief**
**Disallowance of Claim as to Hilldun Corporation**
**[11 U.S.C. § 502(b)(1) and (d)]**

264. In response to Paragraph 264 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 263 above, as if fully set forth herein.

265. In response to Paragraph 265 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Fourth Claim for Relief is not asserted against Yogi Securities.

266. In response to Paragraph 266 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Fourth Claim for Relief is not asserted against Yogi Securities.

267. In response to Paragraph 267 of the Cross-Complaint, Yogi Securities neither admits nor denies the allegations contained therein in that the Twenty-Fourth Claim for Relief is not asserted against Yogi Securities.

**Twenty-Fifth Claim for Relief**
**Recovery of Avoided Transfers**
**[11 U.S.C. §§ 544, 548 and 550; Cal. Civ. Code § 3439.07]**

268. In response to Paragraph 268 of the Cross-Complaint, Yogi Securities realleges and incorporates herein by reference its responses to Paragraphs 1 through 267 above, as if fully set forth herein.

269. In response to Paragraph 269 of the Cross-Complaint, Yogi Securities denies the allegations contained therein to the extent asserted against Yogi Securities and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against other parties and, on that basis, denies such other allegations contained therein.

270. In response to Paragraph 270 of the Cross-Complaint, Yogi Securities denies that Crestlloyd is entitled to recover any sums against Yogi Securities, by virtue of the Twenty-Fifth Claim for Relief or otherwise. Except as so expressly denied, Yogi Securities lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 270, and, on that basis, denies each and every of the other allegations contained therein.

## AFFIRMATIVE DEFENSES

Yogi Securities asserts the following defenses to the Cross-Complaint. Yogi Securities reserves the right to restate or delete any affirmative defense, or add additional affirmative defenses. By listing any matter as an affirmative defense, Yogi Securities does not assume the

burden of proving any matter upon which Crestlloyd or any other party bears the burden of proof under applicable law, and the matters set forth below are not an admission of any allegation in the Cross-Complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

The Cross-Complaint, and each purported claim for relief therein, fails to state a claim upon which relief can be granted against Yogi Securities.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

The Cross-Complaint, and each purported claim for relief therein against Yogi Securities, is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, and 343, and all other applicable limitations, statutes, and requirements.

**THIRD AFFIRMATIVE DEFENSE**

**(Consent)**

Crestlloyd consented to and approved of the acts and omissions alleged in the Cross-Complaint against Yogi Securities. Therefore, Crestlloyd is barred, in whole or in part, from pursuing each purported claim for relief contained in the Cross-Complaint against Yogi Securities.

**FOURTH AFFIRMATIVE DEFENSE**

**(Implied Consent)**

Crestlloyd, through its actions and conduct, impliedly consented to and approved of the acts and omissions alleged in the Cross-Complaint against Yogi Securities. Therefore, Crestlloyd is barred, in whole or in part, from pursuing each purported claim for relief contained in the Cross-Complaint against Yogi Securities.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

The Cross-Complaint, and each purported claim for relief therein against Yogi Securities,

is barred in whole or in part by the doctrines of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Cross-Complaint, and each purported claim for relief therein against Yogi Securities, is barred in whole or in part by the doctrines of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

The Cross-Complaint, and each purported claim for relief therein against Yogi Securities, is barred in whole or in part because Yogi Securities at all times acted fairly and in good faith, and all actions taken with regard to Crestlloyd were taken for lawful business reasons and in good faith.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Cross-Complaint, and each purported claim for relief therein, is barred in whole or in part by the doctrines of collateral estoppel, equitable estoppel, judicial estoppel, and/or any other applicable estoppel or preclusion doctrines.

**NINTH AFFIRMATIVE DEFENSE**

**(Justification)**

At all relevant times, Yogi Securities' conduct was justified and in good faith.

**TENTH AFFIRMATIVE DEFENSE**

**(Release)**

Crestlloyd's purported claims against Yogi Securities are barred by Crestlloyd's release of any and all such purported claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Crestlloyd's purported claims against Yogi Securities are barred in whole or in part because Crestlloyd comes into court with unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Ratification and Consent)**

The Cross-Complaint and each purported claim for relief alleged therein against Yogi Securities is barred under the doctrines of ratification and consent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Accord & Satisfaction)**

The Cross-Complaint and each purported claim for relief alleged therein against Yogi Securities is barred under the doctrine of accord and satisfaction.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

Crestlloyd has suffered no legally cognizable damages as a result of any conduct alleged in the Cross-Complaint as against Yogi Securities.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Speculative Losses or Damages)**

Crestlloyd's purported claims against Yogi Securities are barred, in whole or in part, because Crestlloyd's claimed losses and/or damages, if any, are too speculative to be ascertainable.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

Any damages awarded to Crestlloyd against Yogi Securities should be reduced by the value of compensation or benefits it received.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Mitigation)**

At all times and places mentioned in the Cross-Complaint, Crestlloyd failed to make reasonable efforts to mitigate damages, if any there were.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Election of Remedies)**

The Cross-Complaint, and each purported claim for relief therein against Yogi Securities,

is barred and precluded by reason of the doctrine of election of remedies, because Crestlloyd seeks inconsistent remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

The Cross-Complaint, and each purported claim for relief therein against Yogi Securities, is barred in whole or in part because Crestlloyd would be unjustly enriched if it were to recover any sum in this action from Yogi Securities.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Equity)**

The Cross-Complaint, and each purported claim for relief therein against Yogi Securities, is barred in whole or in part because it would be inequitable to hold Yogi Securities liable to Crestlloyd.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Damages Not Recoverable Under Theories Pled)**

Crestlloyd's purported claims against Yogi Securities are barred, in whole or in part, to the extent Crestlloyd seeks damages which are not properly recoverable under the theories set forth in the Cross-Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Public Policy)**

Crestlloyd's purported claims against Yogi Securities are barred, in whole or in part, to the extent any recovery would be contrary to public policy.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

Crestlloyd's alleged injuries, damages, or losses, to the extent any exist and are asserted against Yogi Securities, are barred or limited by Crestlloyd's own contributory negligence.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Yogi Securities denies that Crestlloyd has sustained any injury, damages, or losses by reason of any act, error, or omission on the part of Yogi Securities. If, however, it is established that Crestlloyd has sustained any injury, damages, or losses, and that Yogi Securities is liable in any amount or at all, to the extent any such injury, damages, or losses were proximately caused or contributed to by negligence or other improper acts on the part of Crestlloyd or others, then the amount of any such injury, damages, or losses must be apportioned according to the respective comparative fault among all those persons whose negligence or improper acts caused and contributed to any such alleged injuries, damages, or losses.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Name and Join Indispensable Parties)**

The Cross-Complaint, and each purported claim for relief therein against Yogi Securities, is barred in whole or in part because it fails to name and join indispensable parties, including, but not limited to, Hankey Capital, LLC.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights to Assert Additional Defenses)**

Yogi Securities has not knowingly or voluntarily waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. Yogi Securities further reserves the right to amend its answer and/or defenses accordingly and/or to delete defenses that Yogi Securities determines are not applicable during the course of subsequent discovery.

**PRAYER**

WHEREFORE, Yogi Securities prays for judgment as follows:

1. That Crestlloyd takes nothing by way of its Cross-Complaint or any purported claims stated therein as against Yogi Securities;
2. That the Court dismiss Crestlloyd's Cross-Complaint and each purported claim for relief therein against Yogi Securities with prejudice;

3. That the Court award Yogi Securities all of its costs and attorneys' fees, to the maximum extent allowed by law, incurred in connection with this action; and

4. That the Court award Yogi Securities such other and further relief as this Court deems just and proper.

Dated: October 14, 2022

DENTONS US LLP

By: */s/ John A. Moe, II*
Robert F. Scoular
John A. Moe, II
Norman M. Aspis

Attorneys for Cross-Defendant
YOGI SECURITIES HOLDINGS, LLC

122277480\V-5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): ***Cross-Defendant Yogi Securities Holdings, LLC's Answer To Cross-Claimant Crestlloyd, LLC's Cross-Complaint*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 14, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold tma@lnbyg.com
- Ryan Coy rcoy@bg.law, ecf@bg.law
- Thomas M Geher tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik dbg@lnbyg.com, stephanie@lnbyb.com
- Jonathan Gottlieb jdg@lnbyg.com
- John A Moe john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Joseph M Rothberg jmr@lnbg.com
- Paul Sorrell psorrell@lavelysinger.com
- Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com;lalitdock@gtlaw.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:
On (*date*) October 14, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

NONE

☐ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 14, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

NONE

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 14, 2022 | Glenda Spratt | /s/ Glenda Spratt |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |