**MARTIN D. SINGER (BAR NO. 78166)**
**PAUL N. SORRELL (BAR NO. 126346)**
**MAX D. FABRICANT (BAR NO. 333859)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com
psorrell@lavelysinger.com
mfabricant@lavelysinger.com

**KYRA E. ANDRASSY (BAR NO. 207959)**
**SMILEY WANG-EKVALL, LLP**
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone: (714) 445-1000
Email: kandrassy@swelawfirm.com

Attorneys for Plaintiff and Counter-Defendant
INFERNO INVESTMENT, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; and HILLDUN CORPORATION, a New York corporation,<br><br>Defendants. | **ANSWER OF PLAINTIFF AND COUNTER-DEFENDANT INFERNO INVESTMENT, INC. TO FIRST AMENDED COUNTERCLAIM AND CROSSCLAIM OF YOGI SECURITIES HOLDINGS, LLC**<br><br>Judge: Hon. Deborah J. Saltzman<br><br>Action Filed: June 9, 2022 |

| |
|---|
| YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company,<br><br>Counter/Cross-Complainant,<br><br>v.<br><br>CRESTLLOYD, LLC, a California Limited Liability Company; HANKEY CAPITAL, LLC, a California limited liability company; INFERNO INVESTMENT, INC., a Quebec corporation; and HILLDUN CORPORATION, a New York corporation,<br><br>Counter/Cross-Defendants. |
| AND RELATED CROSS-ACTIONS. |

Plaintiff and Counter-Defendant Inferno Investment, Inc. ("Inferno"), in response to the First Amended Counterclaim and Crossclaim of Yogi Securities Holdings, LLC For Declaratory Relief, An Accounting, Equitable Subordination, and Disallowance Of Claims and Recharacterization of Claims, filed September 21, 2022 as Docket No. 55 in this case (the "Amended Counterclaim"), hereby admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1. Inferno admits the allegations set forth in Paragraph 1 of the Amended Counterclaim.

2. Inferno admits the allegations set forth in Paragraph 2 of the Amended Counterclaim.

3. Inferno admits the allegations set forth in Paragraph 3 of the Amended Counterclaim.

4. Inferno admits the allegations set forth in Paragraph 4 of the Amended Counterclaim.

## THE PARTIES

5. Answering Paragraph 5 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 5 of the Amended Counterclaim and, on that basis, denies such allegations.

6. Answering Paragraph 6 of the Amended Counterclaim, Inferno admits and alleges that Crestlloyd is the Debtor in this pending bankruptcy proceeding which remains pending. Inferno lacks information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 6 of the Amended Counterclaim and, on that basis, denies such allegations.

7. Answering Paragraph 7 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 7 of the Amended Counterclaim and, on that basis, denies such allegations.

8. Answering Paragraph 8 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 8 of Amended Counterclaim and, on that basis, denies such allegations.

9. Answering Paragraph 9 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 9 of the Amended Counterclaim and, on that basis, denies such allegations.

## FACTUAL BACKGROUND

10. Answering Paragraph 10 of the Amended Counterclaim, Inferno admits and alleges that it loaned money and extended credit to Crestlloyd for construction of "The One," secured by the Property, and that Inferno's lending and participation preceded involvement of any other Defendant. Inferno further admits and alleges that Defendants Hankey, Hilldun and Yogi Securities contend that they made loans to Crestlloyd secured by the Property as well. Inferno lacks information sufficient to

enable it to admit or deny the remaining allegations set forth in Paragraph 10 of the Counterclaim and, on that basis, denies such allegations.

**A. The Alleged Inferno Funding**

11. Inferno is informed and believes that the allegations set forth in Paragraph 11 of the Amended Counterclaim are true and, on that basis, admits those allegations.

12. Inferno admits the allegations set forth in Paragraph 12 of the Amended Counterclaim.

13. Inferno admits the allegations set forth in Paragraph 13 of the Amended Counterclaim.

14. Inferno admits the allegations set forth in Paragraph 14 of the Amended Counterclaim.

15. Answering Paragraph 15 of the Amended Counterclaim, Inferno admits and alleges that the Promissory Note referenced in Paragraph 12 of the Amended Counterclaim was reduced to provide that the face amount was $7,000,000.00. Inferno further admits and alleges that the Promissory Note's "modifications" included language typed into the Promissory Note reflected on Exhibit D signed by Julien Remillard, Director of Inferno Investments, Inc, a Canadian Corporation. Inferno further admits and alleges that this "modified" Promissory Note referenced in Paragraph 15 of the Amended Counterclaim is attached as Exhibit D of the Amended Counterclaim. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 15 of the Amended Counterclaim.

16. Answering Paragraph 16 of the Amended Counterclaim, Inferno admits and alleges that it acquired all right, title and interest of Inferno Realty and Maybach in these transactions and that, on or about October 21, 2015, it entered into a Modification and Supplement to Deed of Trust with Crestlloyd, which identified an amount then allegedly owed as $10,925,545. Inferno further admits and alleges that this "Modified Inferno Deed of Trust" secures the Promissory Note referenced in

Paragraph 11 of the Amended Counterclaim and the Modified Promissory Note referenced in Paragraph 15 of the Amended Counterclaim, and that the total amount secured by the Modified Inferno Deed of Trust is $10,295,545. Inferno further admits and alleges that this "Modified Inferno Deed of Trust" is attached as Exhibit E of the Amended Counterclaim. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 16 of the Amended Counterclaim.

17. Answering Paragraph 17 of the Amended Counterclaim, Inferno admits and alleges that it entered into a document dated as of January 1, 2016, entitled "Memorandum of Agreement," a copy of which is attached as Exhibit F to the Amended Counterclaim ("the MOA"), that contained language referenced therein. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 17 of the Amended Counterclaim, and admits, repeats and realleges the allegations in its Complaint regarding the MOA and its amendments.

18. Answering Paragraph 18 of the Amended Counterclaim, Inferno admits the allegations in Paragraph 18 of the Amended Counterclaim, and further admits, repeats and realleges the allegations in its Complaint regarding the MOA and its amendments.

19. Answering Paragraph 19 of the Amended Counterclaim, Inferno admits that Hankey, Hilldun and Yogi Securities allege in Crestlloyd's bankruptcy case that they loaned money to Crestlloyd. Except as expressly admitted herein, Inferno denies the allegations of Paragraph 19 of the Amended Counterclaim.

**B. The Yogi Securities Loans**

20. Answering Paragraph 20 of the Amended Counterclaim, Inferno admits and alleges that Yogi Securities alleges that it lent funds secured by the Property, but the loan funds obtained from Yogi Securities were not used for purposes of construction or development of the Property and is informed and believes that Yogi Securities knew that the funds were not used for the Property. Instead, the Yogi Securities funds were used for other projects of Crestlloyd, Nile Niami and Yvonne

Niami including, but not limited to, the multiple speculative real property developments alleged in the Complaint such as North Hillcrest, Bellagio, North Carcassonne, Stone Ridge Lane and Londonberry Place. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 20 of the Amended Counterclaim and, on that basis, denies such allegations.

21. Answering Paragraph 21 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Amended Counterclaim and, on that basis, denies such allegations.

22. Answering Paragraph 22 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 22 of the Amended Counterclaim and, on that basis, denies such allegations.

23. Answering Paragraph 23 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 23 of the Amended Counterclaim and, on that basis, denies such allegations.

24. Answering Paragraph 24 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 24 of the Amended Counterclaim and, on that basis, denies such allegations.

25. Answering Paragraph 25 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 25 of the Amended Counterclaim and, on that basis, denies such allegations.

26. Answering Paragraph 26 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 26 of the Amended Counterclaim and, on that basis, denies such allegations.

27. Answering Paragraph 27 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 27 of the Amended Counterclaim and, on that basis, denies such allegations.

**C. The Alleged Hankey Funding**

28. Answering Paragraph 28 of the Amended Counterclaim, Inferno is informed and believes, and thereon admits and alleges, that Hankey Capital and Crestlloyd entered into the agreements referenced in Paragraph 28 of the Amended Counterclaim. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to admit or deny the allegations concerning an alleged debt to Hankey Capital as set forth in Paragraph 28 of the Amended Counterclaim, except that Inferno alleges that, to the extent that Crestlloyd incurred any debt to Hankey Capital, it is subordinated to the debt of Inferno as alleged in the Complaint, and on that basis denies such allegations.

29. Answering Paragraph 29 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 29 of the Amended Counterclaim and, on that basis, denies such allegations.

30. Answering Paragraph 30 of the Amended Counterclaim, Inferno denies the allegations in Paragraph 30 of the Amended Counterclaim, and further repeats and realleges the allegations in the Complaint concerning the alleged Subordination Agreement, including the forgery of its representative's alleged signatures, and the priority of Inferno's claims over the claims of all other creditors of Crestlloyd.

31. Answering Paragraph 31 of the Amended Counterclaim, Inferno admits and alleges that Hankey increased its loan without notifying or obtaining consent from Inferno. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 31 of the Amended Counterclaim and, on that basis, denies such allegations.

32. Answering Paragraph 32 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 32 of the Amended Counterclaim and, on that basis, denies such allegations.

33. Answering Paragraph 33 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 33 of the Amended Counterclaim and, on that basis, denies such allegations.

34. Answering Paragraph 34 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 34 of the Amended Counterclaim and, on that basis, denies such allegations.

35. Answering Paragraph 35 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 35 of the Amended Counterclaim and, on that basis, denies such allegations.

36. Answering Paragraph 36 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 36 of the Amended Counterclaim and, on that basis, denies such allegations.

37. Answering Paragraph 37 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 37 of the Amended Counterclaim and, on that basis, denies such allegations.

38. Answering Paragraph 38 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 38 of the Amended Counterclaim and, on that basis, denies such allegations.

39. Answering Paragraph 39 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 39 of the Amended Counterclaim and, on that basis, denies such allegations.

40. Answering Paragraph 40 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 40 of the Amended Counterclaim and, on that basis, denies such allegations.

41. Answering Paragraph 41 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 41 of the Amended Counterclaim and, on that basis, denies such allegations.

**D. The Hilldun Loan**

42. Answering Paragraph 42 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 42 of the Amended Counterclaim and, on that basis, denies such allegations.

**THE SALE OF THE PROPERTIES**

43. Answering Paragraph 43 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 43 of the Amended Counterclaim and, on that basis, denies such allegations.

44. Answering Paragraph 44 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 44 of the Amended Counterclaim and, on that basis, denies such allegations.

**THE BANKRUPTCY**

45. Inferno admits the allegations of Paragraph 45 of the Amended Counterclaim.

46. Answering Paragraph 46 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations in Paragraph 46 of the Amended Counterclaim and, on that basis, denies such allegations.

## THE SALE OF THE PROPERTY

47. Inferno admits the allegations of Paragraph 47 of the Amended Counterclaim.

48. Inferno admits the allegations set forth in Paragraph 48 of the Amended Counterclaim.

49. Answering Paragraph 49 of the Amended Counterclaim, Inferno admits the allegations of Paragraph 49 of the Amended Counterclaim, except that the motion was filed on May 24, 2022 and is Docket No. 325 (not 326).

## FIRST CLAIM FOR RELIEF

COUNTERCLAIM AGAINST INFERNO FOR DECLARATORY RELIEF TO THE EFFECT THAT INFERNO'S PURPORTED LIEN SHOULD BE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

50. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 of this Answer and incorporates them as though set forth in full herein.

51. Answering Paragraph 51 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 51 of the Amended Counterclaim and, on that basis, denies such allegations.

52. Answering Paragraph 52 of the Amended Counterclaim, Inferno admits and alleges that, as stated in the Complaint, the context of the MOA including its amendments was to implement the agreement that the parties would authorize subordination only of any additional debt that was fully disclosed and to which they agreed in writing. Inferno further admits and alleges that the parties actually conducted themselves in this manner, such that Inferno's consent was sought to subordinate obligations under the MOA. Inferno declined in February 2021 to subordinate to an increased loan facility by Hankey Capital. None of the debts alleged by Defendants were the subject of subordination under the MOA. Inferno further admits and alleges that the MOU contains the language quoted in Paragraph

52. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 52 of the Amended Counterclaim.

53. Answering Paragraph 53 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 53 of the Amended Counterclaim and, on that basis, denies such allegations.

54. Answering Paragraph 54 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 54 of the Amended Counterclaim.

55. Answering Paragraph 55 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by the competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 55 of the Amended Counterclaim.

56. Answering Paragraph 56 of the Amended Counterclaim, Inferno admits and alleges that its secured debt priority higher than any debt of Yogi Securities, but denies that Yogi's alleged debt constitutes a lien. At no time did Crestlloyd ever request that Yogi Securities alleged debt (or lien) be subordinated by Inferno. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 56 of the Amended Counterclaim and, on that basis, denies such allegations.

57. Answering Paragraph 57 of the Amended Counterclaim, Inferno denies that any secured lien referenced in Paragraph 57 of the Amended Counterclaim constitutes a lien instead of a debt. Except as expressly denied herein, lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 57 of the Amended Counterclaim and, on that basis, denies such allegations.

## SECOND CLAIM FOR RELIEF

CLAIM FOR AN ACCOUNTING FROM CRESTLLOYD AND INFERNO ON ALL DISBURSEMENTS FROM INFERNO TO CRESTLLOYD AND ON THE AMOUNT DUE FROM CRESTLLOYD TO INFERNO

58. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 of this Answer and incorporates them as though set forth in full herein.

59. Answering Paragraph 59 of the Amended Counterclaim, Inferno repeats and realleges its allegations regarding the alleged transactions contained in Paragraphs 11 through 18 above.

60. Answering Paragraph 60 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 60 of the Amended Counterclaim.

## THIRD CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT HANKEY'S PURPORTED LIEN IS SUBORDINATED TO THE LIEN OF YOGI SECURITIES

61. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 of this Answer and incorporates them as though set forth in full herein.

62. Answering Paragraph 62 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 62 of the Amended Counterclaim and, on that basis, denies such allegations.

63. Answering Paragraph 63 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 63 of the Amended Counterclaim and, on that basis, denies such allegations.

64. Answering Paragraph 64 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 64 of the Amended Counterclaim and, on that basis, denies such allegations.

65. Answering Paragraph 65 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 65 of the Amended Counterclaim and, on that basis, denies such allegations.

66. Answering Paragraph 66 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 66 of the Amended Counterclaim and, on that basis, denies such allegations.

67. Answering Paragraph 67 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 67 of the Amended Counterclaim and, on that basis, denies such allegations.

68. Answering Paragraph 68 of the Amended Counterclaim, Inferno admits and alleges that Hankey Capital's predatory and improper lending practices created the conditions alleged in Paragraph 68 of the Amended Counterclaim. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 68 of the Amended Counterclaim and, on that basis, denies such allegations.

69. Answering Paragraph 69 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 69 of the Amended Counterclaim and, on that basis, denies such allegations.

70. Answering Paragraph 70 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable

it to admit or deny the allegations alleged in Paragraph 70 of the Amended Counterclaim and, on that basis, denies such allegations.

71. Answering Paragraph 71 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 71 of the Amended Counterclaim and, on that basis, denies such allegations.

72. Answering Paragraph 72 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 72 of the Amended Counterclaim and, on that basis, denies such allegations.

## **FOURTH CLAIM FOR RELIEF**

### CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S CLAIM TO YOGI SECURITIES' CLAIM

73. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 and 62 through 69 of this Answer and incorporates them as though set forth in full herein.

74. Answering Paragraph 74 of the Amended Counterclaim, Inferno admits the allegations alleged in Paragraph 74 of the Amended Counterclaim.

75. Answering Paragraph 75 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 75 of the Amended Counterclaim and, on that basis, denies such allegations.

76. Answering Paragraph 76 of the Amended Counterclaim, Inferno admits the allegations alleged in Paragraph 76 of the Amended Counterclaim.

77. Answering Paragraph 77 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 77 of the Amended Counterclaim and, on that basis, denies such allegations.

78. Answering Paragraph 78 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 78 of the Amended Counterclaim and, on that basis, denies such allegations.

79. Answering Paragraph 79 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 79 of the Amended Counterclaim and, on that basis, denies such allegations.

## **FIFTH CLAIM FOR RELIEF**

### CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT PRINCIPAL AND INTEREST, FEES AND COSTS INCLUDED IN HANKEY'S PURPORTED LIEN, RELATED TO HANKEY'S MODIFICATIONS OF DECEMBER 10, 2019 AND AUGUST 20, 2020, ARE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

80. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 and 62 through 69 of this Answer and incorporates them as though set forth in full herein.

81. Answering Paragraph 81 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 81 of the Amended Counterclaim and, on that basis, denies such allegations.

82. Answering Paragraph 82 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 82 of the Amended Counterclaim and, on that basis, denies such allegations.

83. Answering Paragraph 83 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as

expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 74 of the Counterclaim.

84. Answering Paragraph 84 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 84 of the Amended Counterclaim and, on that basis, denies such allegations.

85. Answering Paragraph 85 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 85 of the Amended Counterclaim and, on that basis, denies such allegations.

## SIXTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S CLAIM TO YOGI SECURITIES' CLAIM IN REGARD TO THE AMOUNT OF PRINCIPAL AND INTEREST, FEES AND COSTS RELATED TO HANKEY'S PURPORTED LOAN MODIFICATIONS OF DECEMBER 10, 2019 AND AUGUST 20, 2020

86. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49, 62 through 69, 74 through 78 and 83 of this Answer and incorporates them as though set forth in full herein.

87. Answering Paragraph 87 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 87 of the Amended Counterclaim and, on that basis, denies such allegations.

## SEVENTH CLAIM FOR RELIEF

CLAIM FOR AN ACCOUNTING BY CRESTLLOYD AND HANKEY ON ALL DISBURSEMENTS FROM HANKEY TO CRESTLLOYD FOR CONSTRUCTION OF IMPROVEMENTS TO THE PROPERTY, AND ON THE AMOUNT DUE FROM CRESTLLOYD TO HANKEY

88. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 of this Answer and incorporates them as though set forth in full herein.

89. Answering Paragraph 89 of the Amended Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 89, and that the loan funds from Hankey Capital were to have been used for the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 89 of the Amended Counterclaim and, on that basis, denies such allegations.

90. Answering Paragraph 90 of the Amended Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 90.

91. Answering Paragraph 91 of the Amended Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 91.

92. Answering Paragraph 92 of the Amended Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 92.

93. Answering Paragraph 93 of the Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Construction Loan Agreement contains the language quoted in Paragraph 93.

94. Answering Paragraph 94 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to enable or deny the allegations in Paragraph 94 and, on that basis, denies such allegations.

95. Answering Paragraph 95 of the Amended Counterclaim, Inferno is informed and believes and thereon admits and alleges Hankey was, or should have been under Exhibit D of its Construction Loan Agreement, actively engaged in funds control in regard to disbursements to Crestlloyd for construction of improvements to the Property, but failed to monitor and/or control all disbursements

such that funds disbursed to Crestlloyd were not used for construction of improvements to the Property.

96. Answering Paragraph 96 of the Amended Counterclaim, Inferno is informed and believes and thereon admits and alleges that loan funds from Hankey Capital were used for purposes other than construction of the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 96 of the Amended Counterclaim and, on that basis, denies such allegations.

97. Answering Paragraph 97 of the Amended Counterclaim, Inferno is informed and believes and thereon admits and alleges that loan funds from Hankey Capital were used for purposes other than construction of the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 97 of the Amended Counterclaim and, on that basis, denies such allegations.

98. Answering Paragraph 98 of the Amended Counterclaim, Inferno admits the allegations set forth in Paragraph 98 of the Amended Counterclaim.

99. Answering Paragraph 99 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 99 of the Amended Counterclaim and, on that basis, denies such allegations.

100. Answering Paragraph 100 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 100 of the Amended Counterclaim and, on that basis, denies such allegations.

101. Answering Paragraph 101 of the Amended Counterclaim, Inferno admits the allegations set forth in Paragraph 101 of the Amended Counterclaim.

## EIGHTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT A PORTION OF HANKEY'S PURPORTED LIEN SHOULD BE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

102. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49, 62 through 69, and 89 through 99 of this Answer and incorporates them as though set forth in full herein.

103. Answering Paragraph 103 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 103 of the Amended Counterclaim and, on that basis, denies such allegations.

104. Answering Paragraph 104 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 93 of the Counterclaim.

105. Answering Paragraph 105 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 105 of the Amended Counterclaim and, on that basis, denies such allegations.

106. Answering Paragraph 106 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 106 of the Amended Counterclaim and, on that basis, denies such allegations.

**NINTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S CLAIM TO THE CLAIM OF YOGI SECURITIES TO THE EXTENT HANKEY'S PURPORTED LOAN WAS NOT USED FOR CONSTRUCTION OF IMPROVEMENTS TO THE PROPERTY

107. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49, 74 through 78 and 89 through 99 of this Answer and incorporates them as though set forth in full herein.

108. Answering Paragraph 108 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 108 of the Amended Counterclaim and, on that basis, denies such allegations.

**TENTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT INTEREST CHARGED ON INTEREST INCLUDED IN HANKEY'S PURPORTED LIEN SHOULD BE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

109. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 of this Answer and incorporates them as though set forth in full herein.

110. Answering Paragraph 110 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 110 of the Amended Counterclaim and, on that basis, denies such allegations.

111. Answering Paragraph 111 of the Amended Counterclaim, Inferno is informed and believes, and thereon admits and alleges, that substantial funds were disbursed and/or retained by Hankey Capital to itself to pay alleged interest on its alleged loans to Crestlloyd. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 111 of the Amended Counterclaim and, on that basis, denies such allegations.

112. Answering Paragraph 112 of the Amended Counterclaim, upon information and belief, Inferno admits the allegations alleged in Paragraph 112 of the Amended Counterclaim.

113. Answering Paragraph 113 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 113 of the Amended Counterclaim.

114. Answering Paragraph 114 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 114 of the Amended Counterclaim and, on that basis, denies such allegations.

115. Answering Paragraph 115 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 115 of the Amended Counterclaim and, on that basis, denies such allegations.

## ELEVENTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S PROOF OF CLAIM TO YOGI SECURITIES' PROOF OF CLAIM TO THE EXTENT THAT HANKEY'S CLAIM INCLUDES INTEREST AND DEFAULT INTEREST CHARGED ON INTEREST PAYMENTS TIMELY DISBURSED TO OR RECEIVED BY HANKEY

116. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49, 74 through 78, 111 and 112 of this Answer and incorporates them as though set forth in full herein.

117. Answering Paragraph 117 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 117 of the Amended Counterclaim and, on that basis, denies such allegations.

**TWELFTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR DISALLOWANCE OF HANKEY'S ALLEGED SECURED CLAIMS ARISING FROM PROFIT PARTICIPATION AGREEMENTS

118. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 of this Answer and incorporates them as though set forth in full herein.

119. Answering Paragraph 119 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 119 of the Amended Counterclaim and, on that basis, denies such allegations.

120. Answering Paragraph 120 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 120 of the Amended Counterclaim and, on that basis, denies such allegations.

121. Answering Paragraph 121 of the Amended Counterclaim, Inferno admits the allegations alleged in Paragraph 121 of the Amended Counterclaim.

122. Answering Paragraph 122 of the Amended Counterclaim, Inferno is informed and believes, and thereon admits and alleges, that Hankey Capital’s Claims 17 and 18 are not secured claims and should be disallowed.

**THIRTEENTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR RECHARACTERIZATION OF HANKEY'S PROOF OF CLAIM FROM DEBT TO EQUITY

123. Answering Paragraph 123 of the Amended Counterclaim, Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49, 62 through 69, 89 through 99, 111 and 112 of this Answer and incorporates them as though set forth in full herein.

124. Answering Paragraph 124 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in

Paragraph 124 of the Amended Counterclaim and, on that basis, denies such allegations.

125. Answering Paragraph 125 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 125 of the Amended Counterclaim and, on that basis, denies such allegations.

126. Answering Paragraph 126 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 126 of the Amended Counterclaim and, on that basis, denies such allegations.

127. Answering Paragraph 127 of the Amended Counterclaim, Inferno is informed and believes that Hankey's conduct in various respects, including respects alleged by Yogi Securities and as alleged by Inferno in its Complaint in this matter, slowed construction, impeded sale of the Property and hindered payment of creditors. Excepts as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations in Paragraph 127 of the Amended Counterclaim and, on that basis, denies such allegations.

128. Answering Paragraph 128 of the Amended Counterclaim, Inferno admits the allegations in Paragraph 128 of the Amended Counterclaim.

129. Answering Paragraph 129 of the Amended Counterclaim, Inferno admits the allegations in Paragraph 129 of the Amended Counterclaim.

## <u>FOURTEENTH CLAIM FOR RELIEF</u>

### CROSSCLAIM AGAINST INFERNO FOR RECHARACTERIZATION OF THE CLAIM OF INFERNO FROM DEBT TO EQUITY

130. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 of this Answer and incorporates them as though set forth in full herein.

131. Answering Paragraph 131 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 131 of the Amended Counterclaim.

132. Answering Paragraph 132 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 132 of the Amended Counterclaim.

133. Answering Paragraph 133 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 133 of the Amended Counterclaim.

134. Answering Paragraph 134 of the Amended Counterclaim, Inferno admits to the allegations set forth in Paragraph 134 of the Amended Counterclaim.

135. Answering Paragraph 135 of the Amended Counterclaim, Inferno is informed and believes and thereon admits and alleges that the MOA contains the language quoted in Paragraph 135. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 135 of the Amended Counterclaim and, on that basis, denies such allegations.

136. Answering Paragraph 136 of the Amended Counterclaim, Inferno denies the allegations alleged in Paragraph 136 of the Amended Counterclaim.

137. Answering Paragraph 137 of the Amended Counterclaim, Inferno denies the allegations alleged in Paragraph 137 of the Amended Counterclaim.

138. Answering Paragraph 138 of the Amended Counterclaim, Inferno denies the allegations alleged in Paragraph 138 of the Amended Counterclaim.

## **FIFTEENTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST CRESTLLOYD FOR DECLARATORY RELIEF TO THE EFFECT THAT THE REBATE AND THE DIP LOAN PROCEEDS ARE ENCUMBERED

139. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 49 of this Answer and incorporates them as though set forth in full herein.

140. Answering Paragraph 140 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 140 of the Amended Counterclaim and, on that basis, denies such allegations.

141. Answering Paragraph 141 of the Amended Counterclaim, Inferno is informed and believes that the allegations in Paragraph 141 of the Amended Counterclaim are accurate and, on that basis, admits such allegations.

142. Answering Paragraph 142 of the Amended Counterclaim, Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 142 of the Amended Counterclaim.

143. Answering Paragraph 143 of the Amended Counterclaim, Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 143 of the Amended Counterclaim.

144. Answering Paragraph 144 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 144 of the Amended Counterclaim.

145. Answering Paragraph 145 of the Amended Counterclaim, Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 145 of the Amended Counterclaim.

146. Answering Paragraph 146 of the Amended Counterclaim, Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 146 of the Amended Counterclaim.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

147. As a First Affirmative Defense to the Amended Counterclaim, Inferno alleges that the Amended Counterclaim fails to state a claim on which relief can be granted, and particularly with respect to the First, Second and Fourteenth Claims for Relief alleged against Inferno in the Amended Counterclaim.

## SECOND AFFIRMATIVE DEFENSE

**(Priority of Claim)**

148. As a Second Affirmative Defense to the Amended Counterclaim, Inferno alleges that its interest as a lender in the property is first in time vis a vis Defendants, including Yogi Securities, and its lien was recorded prior to the claims of other claimants. In addition, Yogi Securities intended, and was fully aware at all relevant times in lending monies to Crestlloyd, that its loan funds were not to be used, and were not in fact used, for purposes of construction or development of the Property. Yogi Securities' loan documents, in fact, memorialize that its loans are being made for purposes of developing multiple properties besides the Property. As a result, Yogi Securities' claim should be subordinated to Inferno's claims.

## THIRD AFFIRMATIVE DEFENSE

**(Fraud)**

149. Inferno repeats and realleges the allegations contained in Paragraph 148 of this Answer and incorporates them as though set forth in full herein.

150. As a Third Affirmative Defense to the Amended Counterclaim, Inferno is informed and believes and thereon alleges that, in addition to the foregoing, Yogi Securities also participated in a fraudulent scheme by representing to third parties that it was lending funds for purposes of the Property that were in fact, with Yogi Securities' knowledge and consent, being used for multiple other properties. As a result, its claim should be denied or subordinated.

151. Inferno is further informed and believes and thereon alleges that the deeds reflecting an alleged interest of Yogi Securities in the Property were prepared and recorded to protect the alleged surreptitious claim of Nile Niami or Crestlloyd in the Property and to defraud other creditors of the Property. Accordingly, Inferno's claim has priority over all other claims alleged and the Amended Counterclaim is barred on that basis.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

152. As a Fourth Affirmative Defense to the Amended Counterclaim, Inferno alleges that the Amended Counterclaim is barred, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

153. Inferno repeats and realleges the allegations contained in Paragraph 148 of this Answer and incorporates them as though set forth in full herein.

154. As a Fifth Affirmative Defense to the Amended Counterclaim, Inferno alleges that the Amended Counterclaim is barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

155. Inferno repeats and realleges the allegations contained in Paragraph 148 of this Answer and incorporates them as though set forth in full herein.

156. As a Sixth Affirmative Defense to the Amended Counterclaim, Inferno alleges that Yogi Securities is guilty of unclean hands with regard to the matters at issue, including with respect to its lack of monitoring of loan funds to be used for construction of "The One," and is, therefore, barred from seeking any recovery thereon.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

157. As a Seventh Affirmative Defense to the Amended Counterclaim, Inferno alleges that the Counterclaim is barred by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

158. Inferno repeats and realleges the allegations contained in Paragraph 148 of this Answer and incorporates them as though set forth in full herein.

159. As an Eighth Affirmative Defense to the Amended Counterclaim, Inferno alleges that Yogi Securities is not entitled to any relief sought against Inferno, including the relief sought in the Amended Counterclaim, as granting Yogi Securities such relief would unjustly enrich Yogi Securities despite its wrongful or inequitable conduct and unjustly impose a loss on Inferno.

**NINTH AFFIRMATIVE DEFENSE**

**(Acts of Independent Third Parties)**

160. As a Ninth Affirmative Defense to the Amended Counterclaim, Inferno alleges that Yogi Securities is barred from proceeding on its claims against Inferno because the issues of which it complains were caused by the acts of third parties including Hankey Capital's unfair business practices as alleged in Inferno's Complaint, not Inferno.

**TENTH AFFIRMATIVE DEFENSE**

**(Justification)**

161. Inferno repeats and realleges the allegations contained in Paragraph 148 of this Answer and incorporates them as though set forth in full herein.

162. As a Tenth Affirmative Defense to the Amended Counterclaim, Inferno alleges that its conduct in regard to the matters alleged in the Amended Counterclaim was justified and, therefore, Yogi Securities is barred from obtaining relief against Inferno.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(In Pari Delicto)**

163. Inferno repeats and realleges the allegations contained in Paragraph 148 of this Answer and incorporates them as though set forth in full herein.

164. As an Eleventh Affirmative Defense to the Amended Counterclaim, Inferno alleges that Yogi Securities is barred from recovery by its own conduct, actions and omissions, which render Yogi Securities at a minimum in pari delicto with Inferno, and barring Yogi Securities from obtaining relief against Inferno.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unrecorded Property Interest – Civil Code Section 1214)**

165. As a Twelfth Affirmative Defense to the Amended Counterclaim, Inferno alleges that to the extent that Yogi Securities alleges any interest in property that is unrecorded, it is invalid pursuant to governing California law including California Civil Code Section 1214 which provides that "[e]very conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

166. Inferno presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated affirmative defenses. Inferno, therefore, reserves the right to assert additional affirmative defenses discovered at a later date.

## PRAYER FOR RELIEF

WHEREFORE, Inferno prays for judgment on the Amended Counterclaim as follows:

1. That Yogi Securities take nothing by reason of the Amended Counterclaim, that all orders requesting subordination, recharacterization or declaratory relief regarding the obligation of Yogi Securities to Inferno be denied, and that judgment be rendered in favor of Inferno on all issues raised in the Amended Counterclaim;

2. That Inferno be awarded costs of suit incurred in defense of this action; and

3. That Inferno be granted such other and further relief as the Court deems proper.

DATE: October 14, 2022

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
PAUL N. SORRELL
MAX D. FABRICANT

By: ______________________
MARTIN D. SINGER
Attorneys for Plaintiff and Counter-Defendant INFERNO INVESTMENT, INC.