MARK J. ROSENBAUM (State Bar No. 167168)
mrosenbaum@wrslawyers.com
JOHNNY WHITE (State Bar No. 269306)
jwhite@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

Attorneys for Cross-Defendants Joseph Englanoff, Justine Englanoff, Nicole Englanoff, Jacqueline Englanoff and Trousdale Estate, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br>Chapter 11<br><br>Adv No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,<br><br>Defendants. | **CROSS-DEFENDANTS JOSEPH ENGLANOFF, JUSTINE ENGLANOFF, NICOLE ENGLANOFF, JACQUELINE ENGLANOFF AND TROUSDALE ESTATE, LLC'S ANSWER TO DEFENDANT CRESTLLOYD LLC'S CROSS-COMPLAINT**<br><br>Judge: Hon. Deborah J. Saltzman<br><br>Action Filed: June 9, 2022 |
| CRESTLLOYD, LLC, a California limited liability company,<br><br>Cross-Claimant,<br><br>vs.<br><br>INFERNO INVESTMENT, INC., a Quebec Corporation; NILE NIAMI, an individual; YVONNE NIAMI, an individual, GROUND VIEW LLLP, a Nevada limited liability | |

limited partnership; 1369 LONDONDERRY ESTATE LLC, a California limited liability company; MARBELLA CONSTRUCTION INC., a California limited liability company; N:PHILANTHROPY LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; TROUSDALE ESTATE, LLC, a Nevada limited liability Company; JOSEPH ENGLANOFF, an individual; JUSTINE ENGLANOFF, an individual; NICOLE ENGLANOFF , an individual; JACQUELINE ENGLANOFF, an individual; HILLDUN CORPORATION, a New York corporation,

Cross-Defendants.

Cross-Defendants Joseph Englanoff, Justine Englanoff, Nicole Englanoff, Jacqueline Englanoff and Trousdale Estate, LLC (collectively referred to as "**Cross-Defendants**"), hereby file their answer ("**Answer**") to *Defendant Crestlloyd LLC's Cross*-*Complaint for: 1. Recharacterization of Debt as Equity (Inferno Investment, Inc.) [11 U.S.C. §502]; 2. Equitable Subordination (Inferno Investment, Inc.) [11 U.S.C. §510]; 3. Declaratory Relief (Inferno Investment, Inc.); 4. Breach of Fiduciary Duty (Nile Niami, Yvonne Niami, and Ground View LLLP); 5. Disallowance of Claim (Nile Niami and Yvonne Niami) [11 U.S.C. §502(b)(1), (b)(4), and (d)]; 6. Avoidance of Actual Fraudulent Transfers (1369 Londonderry Estate LLC; Marbella Construction Inc., N:Philanthropy LLC) [11 U.S.C. §548(a)(1)(A), and 11 U.S.C. § 550]; 7. Avoidance of Actual Fraudulent Transfers (1369 Londonderry Estate LLC; Marbella Construction Inc., N:Philanthropy LLC) [Cal. Civ. Code § 3439.04]; 8. Avoidance of Constructive Fraudulent Transfers (1369 Londonderry Estate LLC; Marbella Construction Inc., N:Philanthropy LLC) [11 U.S.C. §548(a)(1)(B), and 11 U.S.C. § 550]; 9. Avoidance of Constructive Fraudulent Transfers (1369 Londonderry Estate LLC; Marbella Construction Inc., N:Philanthropy LLC) [Cal. Civ. Code § 3439.05]; 10. Equitable Indemnification (Nile Niami, Yvonne Niami, Groud View LLLP, and N:Philanthropy LLC); 11. Recharacterization of Debt as Equity (Yogi Securities Holdings LLC) [11 U.S.C. §502]; 12. Equitable Subordination (Yogi Securities Holdings LLC) [11 U.S.C. §510]; 13. Avoidance of Actual Fraudulent Transfers (Yogi Securities Holdings, LLC; Trousdale*

*Estate LLC; Joseph Englanoff) [11 U.S.C. §548(a)(1)(A), and 11 U.S.C. § 550]; 14. Avoidance of Actual Fraudulent Transfers (Yogi Securities Holdings, LLC; Trousdale Estate LLC; Joseph Englanoff) [Cal. Civ. Code § 3439.04]; 15. Avoidance of Constructive Fraudulent Transfers (Yogi Securities Holdings, LLC; Trousdale Estate LLC; Joseph Englanoff) [11 U.S.C. §548(a)(1)(B), and 11 U.S.C. § 550]; 16. Avoidance of Constructive Fraudulent Transfers (Yogi Securities Holdings, LLC; Trousdale Estate LLC; Joseph Englanoff) [Cal. Civ. Code § 3439.05]; 17. Avoidance of Actual Fraudulent Transfers (Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff) [11 U.S.C. §548(a)(1)(A), and 11 U.S.C. § 550]; 18. Avoidance of Actual Fraudulent Transfers (Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff) [Cal. Civ. Code § 3439.04]; 19. Avoidance of Constructive Fraudulent Transfers (Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff) [11 U.S.C. §548(a)(1)(B), and 11 U.S.C. § 550]; 20. Avoidance of Constructive Fraudulent Transfers (Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff) [Cal. Civ. Code § 3439.05]; 21. Disallowance of Claim (Yogi Securities Holdings LLC) [11 U.S.C. §502(b)(1), and (d)]; 22. Avoidance of Constructive Fraudulent Transfers (Hilldun Corporation) [11 U.S.C. §548(a)(1)(B), and 11 U.S.C. § 550]; 23. Avoidance of Constructive Fraudulent Transfers (Hilldun Corporation) [Cal. Civ. Code § 3439.05]; 24. Disallowance of Claim (Hilldun Corporation) [11 U.S.C. §502(b)(1), and (d)]; 25. Recovery of Fraudulent Transfers [11 U.S.C. § 544, 11 U.S.C. § 548 and 11 U.S.C. § 550]*. [Doc. #27] (the "**Cross-Complaint**") filed in the above-captioned adversary proceeding:

## I.

## GENERAL DENIAL

Except as otherwise expressly admitted, Cross-Defendants deny each and every allegation of the Cross-Complaint, including, without limitation, all allegations contained in the preamble, headings, or subheadings of the Cross-Complaint. Allegations in the Cross-Complaint to which no responsive pleading is required shall be deemed denied. Cross-Defendants expressly reserve the right to modify, amend or supplement their Answer as may be necessary.

/ / /

/ / /

**II**.

**ANSWER TO CROSS-COMPLAINT**

**JURISDICTION AND VENUE**

1. **Paragraph 1:** Cross-Defendants are not required to admit or deny Paragraph 1 of the Cross-Complaint because it consists of legal conclusions and arguments, and contains no factual allegations.

**2.** **Paragraph 2:** Defendant Jacqueline Englanoff specifically denies that venue is proper in this District pursuant to 28 U.S.C. § 1409(b) because she does not reside in this District. She is a resident of New York City, New York. Cross-Defendants are otherwise not required to admit or deny Paragraph 2 of the Cross-Complaint because it consists of legal conclusions and arguments, and contains no factual allegations.

3. **Paragraph 3:** Cross-Defendants are not required to admit or deny Paragraph 3 of the Cross-Complaint because it consists of legal conclusions and arguments, and contains no factual allegations.

4. **Paragraph 4:** Cross-Defendants are not required to admit or deny Paragraph 4 of the Cross-Complaint because it consists of legal conclusions and arguments, and contains no factual allegations. Cross-Defendants do not give their consent to the entry of final orders and judgments by the Bankruptcy Court in this case.

**SUMMARY OF CLAIMS**

5. **Paragraph 5:** Cross-Defendants are not required to admit or deny Paragraph 5 of the Cross-Complaint because it consists of general descriptions of the pleading, legal conclusions and arguments, and contains no factual allegations.

6. **Paragraph 6:** Cross-Defendants are not required to admit or deny Paragraph 6 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 6 of the Cross-Complaint and on that basis deny same.

7. **Paragraph 7:** Cross-Defendants are not required to admit or deny Paragraph 7 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient

knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 6 of the Cross-Complaint and on that basis deny same.

8. **Paragraph 8:** Cross-Defendants are not required to admit or deny Paragraph 7 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants deny the allegations of Paragraph 8 of the Cross-Complaint.

9. **Paragraph 9:** Cross-Defendants deny the allegations of Paragraph 9 of the Cross-Complaint.

10. **Paragraph 10:** Cross-Defendants are not required to admit or deny Paragraph 10 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 10 of the Cross-Complaint and on that basis deny same.

## PARTIES TO THE ACTION

### A. Counter-Complainant

11. **Paragraph 11:** Cross-Defendants admit the allegations of Paragraph 11 of the Cross-Complaint.

### B. Counter-Defendants

#### 1. The Inferno Parties

12. **Paragraph 12:** Cross-Defendants are not required to admit or deny Paragraph 12 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 12 of the Cross-Complaint and on that basis deny same.

#### 2. The Niami Parties

13. **Paragraph 13:** Cross-Defendants are not required to admit or deny Paragraph 13 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 13 of the Cross-Complaint and on that basis deny same.

14. **Paragraph 14:** Cross-Defendants are not required to admit or deny Paragraph 14 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient

knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 14 of the Cross-Complaint and on that basis deny same.

15. **Paragraph 15:** Cross-Defendants are not required to admit or deny Paragraph 15 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 15 of the Cross-Complaint and on that basis deny same.

16. **Paragraph 16:** Cross-Defendants are not required to admit or deny Paragraph 16 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 16 of the Cross-Complaint and on that basis deny same.

17. **Paragraph 17:** Cross-Defendants are not required to admit or deny Paragraph 17 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 17 of the Cross-Complaint and on that basis deny same.

18. **Paragraph 18:** Cross-Defendants are not required to admit or deny Paragraph 18 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 18 of the Cross-Complaint and on that basis deny same.

19. **Paragraph 19:** Cross-Defendants are not required to admit or deny Paragraph 19 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 19 of the Cross-Complaint and on that basis deny same.

20. **Paragraph 20:** Cross-Defendants are not required to admit or deny Paragraph 20 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 20 of the Cross-Complaint and on that basis deny same.

/ / /

/ / /

**3. The Englanoff Parties**

21. **Paragraph 21:** Cross-Defendants admit that Yogi is a Nevada limited liability company that filed proof of claim no. 27 in Crestlloyd's bankruptcy. Cross-Defendants either lack sufficient knowledge and information to form an opinion as to the truth of the other allegations set forth in Paragraph 21 of the Cross-Complaint and on that basis deny same or they are not required to admit or deny the allegations because they consist of legal conclusions and arguments, and not factual allegations.

22. **Paragraph 22:** Cross-Defendants admit that Trousdale is a Nevada limited liability company. Cross-Defendants either lack sufficient knowledge and information to form an opinion as to the truth of the other allegations set forth in Paragraph 22 of the Cross-Complaint and on that basis deny same or they are not required to admit or deny the allegations because they consist of legal conclusions and arguments, and not factual allegations.

23. **Paragraph 23:** Cross-Defendants admit the allegations of paragraph 23 of the Cross-Complaint.

24. **Paragraph 24:** Cross-Defendants deny the allegations of paragraph 24 of the Cross-Complaint.

25. **Paragraph 25:** Cross-Defendants admit that Justine Englanoff is a child of Joseph Englanoff and otherwise deny the allegations of paragraph 25 of the Cross-Complaint.

26. **Paragraph 26:** Cross-Defendants admit that Nicole Englanoff is a child of Joseph Englanoff and otherwise deny the allegations of paragraph 26 of the Cross-Complaint.

27. **Paragraph 27:** Cross-Defendants admit that Jacqueline Englanoff is a child of Joseph Englanoff and otherwise deny the allegations of paragraph 27 of the Cross-Complaint.

28. **Paragraph 28:** Cross-Defendants are not required to admit or deny Paragraph 28 of the Cross-Complaint because it consists of general descriptions of the pleading, legal conclusions and arguments, and contains no factual allegations.

29. **Paragraph 29:** Cross-Defendants are not required to admit or deny Paragraph 29 of the Cross-Complaint because it consists of general descriptions of the pleading, legal conclusions and arguments, and contains no factual allegations.

**4. Hilldun Corporation**

30. **Paragraph 30:** Cross-Defendants are not required to admit or deny Paragraph 30 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 30 of the Cross-Complaint and on that basis deny same.

**GENERAL ALLEGATIONS**

31. **Paragraph 31:** Cross-Defendants are not required to admit or deny Paragraph 31 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 31 of the Cross-Complaint and on that basis deny same.

32. **Paragraph 32:** Cross-Defendants are not required to admit or deny Paragraph 32 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 32 of the Cross-Complaint and on that basis deny same.

33. **Paragraph 33:** Cross-Defendants are not required to admit or deny Paragraph 33 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 33 of the Cross-Complaint and on that basis deny same.

34. **Paragraph 34:** Cross-Defendants are not required to admit or deny Paragraph 34 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 34 of the Cross-Complaint and on that basis deny same.

35. **Paragraph 35:** Cross-Defendants are not required to admit or deny Paragraph 35 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 35 of the Cross-Complaint and on that basis deny same.

36. **Paragraph 36:** Cross-Defendants are not required to admit or deny Paragraph 36 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient

knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 36 of the Cross-Complaint and on that basis deny same.

**A. Crestlloyd's Dealings with Inferno**

37. **Paragraph 37:** Cross-Defendants are not required to admit or deny Paragraph 37 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 37 of the Cross-Complaint and on that basis deny same.

38. **Paragraph 38:** Cross-Defendants are not required to admit or deny Paragraph 38 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 38 of the Cross-Complaint and on that basis deny same.

39. **Paragraph 39:** Cross-Defendants are not required to admit or deny Paragraph 39 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 39 of the Cross-Complaint and on that basis deny same.

40. **Paragraph 40:** Cross-Defendants are not required to admit or deny Paragraph 40 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 40 of the Cross-Complaint and on that basis deny same.

41. **Paragraph 41:** Cross-Defendants are not required to admit or deny Paragraph 41 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 41 of the Cross-Complaint and on that basis deny same.

42. **Paragraph 42:** Cross-Defendants are not required to admit or deny Paragraph 42 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 42 of the Cross-Complaint and on that basis deny same.

/ / /

43. **Paragraph 43:** Cross-Defendants are not required to admit or deny Paragraph 43 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 43 of the Cross-Complaint and on that basis deny same.

44. **Paragraph 44:** Cross-Defendants are not required to admit or deny Paragraph 44 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 44 of the Cross-Complaint and on that basis deny same.

45. **Paragraph 45:** Cross-Defendants are not required to admit or deny Paragraph 45 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 45 of the Cross-Complaint and on that basis deny same.

46. **Paragraph 46:** Cross-Defendants are not required to admit or deny Paragraph 46 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 46 of the Cross-Complaint and on that basis deny same.

47. **Paragraph 47:** Cross-Defendants are not required to admit or deny Paragraph 47 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 47 of the Cross-Complaint and on that basis deny same.

48. **Paragraph 48:** Cross-Defendants are not required to admit or deny Paragraph 48 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 48 of the Cross-Complaint and on that basis deny same.

49. **Paragraph 49:** Cross-Defendants are not required to admit or deny Paragraph 49 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 49 of the Cross-Complaint and on that basis deny same.

50. **Paragraph 50:** Cross-Defendants are not required to admit or deny Paragraph 50 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 50 of the Cross-Complaint and on that basis deny same.

51. **Paragraph 51:** Cross-Defendants are not required to admit or deny Paragraph 51 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 51 of the Cross-Complaint and on that basis deny same.

**B. <u>Crestlloyd's Dealings with Yogi and the Englanoff Parties</u>**

**1. The August 9, 2017 Yogi Note and Wrongful Diversion of Closing Funds**

52. **Paragraph 52:** Cross-Defendants admit the allegations of Paragraph 52 of the Cross-Complaint.

53. **Paragraph 53:** Cross-Defendants admit that the "Property" referenced as security in the August 9, 2017 Yogi Note was the Hillcrest Property and otherwise denies the allegations of Paragraph 53 of the Cross-Complaint.

54. **Paragraph 54:** Cross-Defendants admit the allegations of Paragraph 54 of the Cross-Complaint.

55. **Paragraph 55:** Cross-Defendants admit the allegations of Paragraph 55 of the Cross-Complaint.

56. **Paragraph 56:** Cross-Defendants deny the allegations of Paragraph 56 of the Cross-Complaint.

57. **Paragraph 57:** Cross-Defendants deny the allegations of Paragraph 57 of the Cross-Complaint.

**2. The May 22, 2018 Yogi Note**

58. **Paragraph 58:** In response to Paragraph 58 of the Cross-Complaint, Cross-Defendants deny that the May 22, 2018 Yogi Note was "in the amount of $17,488,900." As set forth in the May 22, 2018 Yogi Note, which is attached as Exhibit 9 to the Cross-Complaint, the principal sum therein was "up to $17,499,900.00." Cross-Defendants admit that Exhibit 9 is a true

and correct copy of the May 22, 2018 Yogi Note, which is a secured promissory note in favor of Yogi Securities. On information and belief, Cross-Defendants also admit that Nile Niami executed the May 22, 2018 Yogi Note on behalf of Crestlloyd.

59. **Paragraph 59:** In response to Paragraph 59 of the Cross-Complaint, Cross-Defendants admit the allegations contained therein.

60. **Paragraph 60:** In response to Paragraph 60 of the Cross-Complaint, Cross-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, deny the allegations contained therein.

61. **Paragraph 61:** In response to Paragraph 61 of the Cross-Complaint, and on information and belief, Cross-Defendants admit that Yogi and/or Joseph Englanoff knew "that Crestlloyd did not own the Copa de Oro Property at the time the May 22, 2018 Yogi Note was executed." Except as so admitted, Cross-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 61, and, on that basis, deny each and every of the other allegations contained therein.

62. **Paragraph 62:** In response to Paragraph 62 of the Cross-Complaint, Cross-Defendants admit that Yogi "proceeded with the May 22, 2018 Yogi Note, referencing the Copa de Oro Property as collateral even though Crestlloyd did not own it." Except as so admitted, Cross-Defendants deny the other allegations contained in Paragraph 62 of the Cross-Complaint.

63. **Paragraph 63:** Cross-Defendants deny the allegations of Paragraph 63 of the Cross-Complaint.

64. **Paragraph 64:** Cross-Defendants admit the allegations of Paragraph 64 of the Cross-Complaint.

65. **Paragraph 65:** Cross-Defendants deny the allegations of Paragraph 65 of the Cross-Complaint.

**3. The October 16, 2018 Yogi Note**

66. **Paragraph 66:** In response to Paragraph 66 of the Cross-Complaint, Cross-Defendants admit the allegations contained therein and state that Yogi submitted Proof of Claim No. 27 in this bankruptcy case, which amended Proof of Claim No. 15.

67. **Paragraph 67:** In response to Paragraph 67 of the Cross-Complaint, Cross-Defendants admit that the October 16, 2018 Yogi Note was secured by several real properties as collateral, which real properties are listed in section 3 of that note. Cross-Defendants also admit that, of the six real properties identified as collateral in the October 16, 2018 Yogi Note, two were owned, at least in part, by Crestlloyd (the Hillcrest Property and the Airole Property) at the time Yogi Securities executed the October 16, 2018 Yogi Note. Cross-Defendants deny any allegation suggesting that the October 16, 2018 Yogi Note was for "$30,000,000," as the note is in the amount of $30,188,235. Cross-Defendants admit, on information and belief, that all of the real properties identified as collateral in the October 16, 2018 Yogi Note were owned by entities that were controlled by Nile Niami at the time Yogi Securities executed the October 16, 2018 Yogi Note. Except as so admitted or expressly denied, Cross-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 67, and, on that basis, deny the other allegations contained therein.

a. In response to Paragraph 67(a) of the Cross-Complaint, and on information and belief, Cross-Defendants admit the allegations contained therein.

b. In response to Paragraph 67(b) of the Cross-Complaint, and on information and belief, Cross-Defendants admit the allegations contained therein.

c. In response to Paragraph 67(c) of the Cross-Complaint, and on information and belief, Cross-Defendants deny that the "Stone Ridge Property" "was conveyed to third party Li Jing." Except as so expressly denied, and on information and belief Cross-Defendants admit the allegations contained therein.

d. In response to Paragraph 67(d) of the Cross-Complaint, and on information and belief, Cross-Defendants admit that 627 Carcassonne Road, Los Angeles, CA 90077 was owned by Carcassonne Fine Homes, LLC, which was owned and controlled by Nile Niami at the time Yogi Securities executed the October 16, 2018 Yogi Note.

68. **Paragraph 68:** In response to Paragraph 68 of the Cross-Complaint, Cross-Defendants admit that the October 16, 2018 Yogi Note was secured by several real properties as collateral, which real properties are listed in section 3 of that note. Cross-Defendants also admit

that, of the six real properties identified as collateral in the October 16, 2018 Yogi Note, two were owned, at least in part, by Crestlloyd (the Hillcrest Property and the Airole Property) at the time Yogi Securities executed the October 16, 2018 Yogi Note. Except as so admitted, Cross-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 68, and, on that basis, deny each and every of the other allegations contained therein.

69. **Paragraph 69:** In response to Paragraph 69 of the Cross-Complaint, and on information and belief, Cross-Defendants admit that Yogi knew "that Crestlloyd did not own any of the properties listed as security in the October 16, 2018 Yogi Note other than the Hillcrest Property and the Airole Property, and that public records reflect the same." Except as so admitted, Cross-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 69, and, on that basis, denies each and every of the other allegations contained therein.

70. **Paragraph 70:** Cross-Defendants deny the allegations of Paragraph 70 of the Cross-Complaint.

71. **Paragraph 71:** In response to Paragraph 71 of the Cross-Complaint, Cross-Defendants admit that Yogi did not record any deed of trust relating to the October 16, 2018 Yogi Note until after a Deed of Trust was issued by Crestlloyd to Hankey Capital LLC. Cross-Defendants deny that Yogi "delayed" such recording. Except as so admitted or expressly denied, Cross-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 71, and, on that basis, deny each and every of the other allegations contained therein.

72. **Paragraph 72:** Cross-Defendants deny the allegations of Paragraph 72 of the Cross-Complaint.

73. **Paragraph 73:** In response to Paragraph 73 of the Cross-Complaint, Cross-Defendants admit that the October 16, 2018 Yogi Note contains a "Due on Sale and Encumbrance" clause, in paragraph 10, which states, in part: "[T]he Property shall not be sold, agreed to be sold, conveyed, transferred, assigned, disposed of, or further encumbered . . . without

the written consent of the holder hereof being first obtained, which consent may be withheld in holder's sole and absolute discretion." Except as so admitted, Cross-Defendants deny the other allegations contained in Paragraph 73 of the Cross-Complaint.

**4. The Sale of the Hillcrest Property and Wrongful Diversion of Closing Funds Belonging to Crestlloyd**

74. **Paragraph 74:** Cross-Defendants admit the allegations of Paragraph 74 of the Cross-Complaint.

75. **Paragraph 75:** Cross-Defendants admit the allegations of Paragraph 75 of the Cross-Complaint.

76. **Paragraph 76:** In response to Paragraph 76 of the Cross-Complaint, Cross-Defendants deny that the February 8, 2020 letter agreement sent from Joseph Englanoff to Nile Niami "explains the 'Pay Down to Yogi Securities Holdings' in the Hillcrest Closing Statement." Except as so expressly denied, Cross-Defendants admit the other allegations contained in Paragraph 76 of the Cross-Complaint. Cross-Defendants also state that the payment of "at least $6,435,535.37" resulted in the release of an obligation from Crestlloyd to Yogi Securities and the release of liens against the Airole Property.

77. **Paragraph 77:** In response to Paragraph 77 of the Cross-Complaint, Cross-Defendants admit that $6,435,535.37 "out of the $9,352,824 was . . . credited to Yogi [Securities] as part of the Hillcrest Property sale," resulting in a release of liens on real properties, including a release of liens on the Airole Property. Except as so expressly admitted, Cross-Defendants deny each and every of the other allegations contained in Paragraph 77 of the Cross-Complaint.

78. **Paragraph 78:** In response to Paragraph 78 of the Cross-Complaint, Cross-Defendants deny the allegations contained therein and state that the $6,435,535.37 was "credited to Crestlloyd," in regard to the fact that Crestlloyd was obligated to Yogi Securities on a $5.2M Promissory Note, and the Airole Property was security for payment of that $5.2M Promissory Note.

79. **Paragraph 79:** Cross-Defendants deny the allegations of Paragraph 79 of the Cross-Complaint.

80. **Paragraph 80:** In response to Paragraph 80 of the Cross-Complaint, and on information and belief, Cross-Defendants admit that Trousdale sold the Hillcrest Property to another, third party for approximately $47,000,000, less than a year after Crestlloyd conveyed it to Trousdale. Except as so expressly admitted, Cross-Defendants deny the other allegations contained in Paragraph 80 of the Cross-Complaint.

**5. The Sale of the Londonderry Property**

81. **Paragraph 81:** In response to Paragraph 81 of the Cross-Complaint, and on information and belief, Cross-Defendants admit the allegations contained therein, except that Cross-Defendants are informed and believed that 1369 LE sold the Londonderry Property on or about July 9, 2021.

82. **Paragraph 82:** In response to Paragraph 82 of the Cross-Complaint, and on information and belief, Cross-Defendants admit the allegations contained therein, but deny that "the $8,708,122" was credited toward the Crestlloyd balance due to Yogi Securities. $6,013,000 of the sale proceeds were credited toward the Crestlloyd balance due to Yogi Securities.

83. **Paragraph 83:** In response to Paragraph 83 of the Cross-Complaint, Cross-Defendants admit that "1369 LE pa[id] to Yogi $8,708,122 as part of the closing of the deal," $6,013,000 of which was credited to the Crestlloyd balance to Yogi Securities. Except as so expressly admitted, Cross-Defendants deny the other allegations contained in Paragraph 83 of the Cross-Complaint.

**C. <u>Crestlloyd's Dealings with Hilldun</u>**

84. **Paragraph 84:** Cross-Defendants are not required to admit or deny Paragraph 84 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 84 of the Cross-Complaint and on that basis deny same.

85. **Paragraph 85:** Cross-Defendants are not required to admit or deny Paragraph 85 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 85 of the Cross-Complaint and on that basis deny same.

86. **Paragraph 86:** Cross-Defendants are not required to admit or deny Paragraph 86 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 86 of the Cross-Complaint and on that basis deny same.

87. **Paragraph 87:** Cross-Defendants are not required to admit or deny Paragraph 87 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 87 of the Cross-Complaint and on that basis deny same.

88. **Paragraph 88:** Cross-Defendants are not required to admit or deny Paragraph 88 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 88 of the Cross-Complaint and on that basis deny same.

89. **Paragraph 89:** Cross-Defendants are not required to admit or deny Paragraph 89 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 89 of the Cross-Complaint and on that basis deny same.

90. **Paragraph 90:** Cross-Defendants are not required to admit or deny Paragraph 90 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 90 of the Cross-Complaint and on that basis deny same.

91. **Paragraph 91:** Cross-Defendants are not required to admit or deny Paragraph 91 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 91 of the Cross-Complaint and on that basis deny same.

92. **Paragraph 92:** Cross-Defendants are not required to admit or deny Paragraph 84 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 84 of the Cross-Complaint and on that basis deny same.

**D. Crestlloyd's Dealings with Hilldun**

93. **Paragraph 93:** Cross-Defendants admits the allegations of Paragraph 79 of the Cross-Complaint.

94. **Paragraph 94:** Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 94 of the Cross-Complaint and on that basis deny same.

## CLAIMS FOR RELIEF

### First Claim for Relief

### Recharacterization of Debt as to Inferno

### [11 U.S.C. §502 and 548]

95. **Paragraph 95:** Cross-Defendants are not required to admit or deny Paragraph 95 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 95 of the Cross-Complaint and on that basis deny same.

96. **Paragraph 96:** Cross-Defendants are not required to admit or deny Paragraph 96 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 96 of the Cross-Complaint and on that basis deny same.

97. **Paragraph 97:** Cross-Defendants are not required to admit or deny Paragraph 97 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 97 of the Cross-Complaint and on that basis deny same.

98. **Paragraph 98:** Cross-Defendants are not required to admit or deny Paragraph 98 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 98 of the Cross-Complaint and on that basis deny same.

99. **Paragraph 98:** Cross-Defendants are not required to admit or deny Paragraph 99 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient

knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 99 of the Cross-Complaint and on that basis deny same.

100. **Paragraph 100:** Cross-Defendants are not required to admit or deny Paragraph 100 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 100 of the Cross-Complaint and on that basis deny same.

101. **Paragraph 101:** Cross-Defendants are not required to admit or deny Paragraph 101 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 101 of the Cross-Complaint and on that basis deny same.

102. **Paragraph 102:** Cross-Defendants are not required to admit or deny Paragraph 102 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 102 of the Cross-Complaint and on that basis deny same.

103. **Paragraph 103:** Cross-Defendants are not required to admit or deny Paragraph 103 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 103 of the Cross-Complaint and on that basis deny same.

104. **Paragraph 104:** Cross-Defendants are not required to admit or deny Paragraph 104 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 104 of the Cross-Complaint and on that basis deny same.

105. **Paragraph 105:** Cross-Defendants are not required to admit or deny Paragraph 105 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 105 of the Cross-Complaint and on that basis deny same.

106. **Paragraph 106:** Cross-Defendants are not required to admit or deny Paragraph 106 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient

knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 106 of the Cross-Complaint and on that basis deny same.

107. **Paragraph 107:** Cross-Defendants are not required to admit or deny Paragraph 107 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 107 of the Cross-Complaint and on that basis deny same.

**Second Claim for Relief**

**Equitable Subordination as to Inferno**

**[11 U.S.C. §510 (a) and (c)]**

108. **Paragraph 108:** Cross-Defendants are not required to admit or deny Paragraph 108 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 108 of the Cross-Complaint and on that basis deny same.

109. **Paragraph 109:** Cross-Defendants are not required to admit or deny Paragraph 109 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 109 of the Cross-Complaint and on that basis deny same.

110. **Paragraph 110:** Cross-Defendants are not required to admit or deny Paragraph 110 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 110 of the Cross-Complaint and on that basis deny same.

111. **Paragraph 111:** Cross-Defendants are not required to admit or deny Paragraph 106 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 106 of the Cross-Complaint and on that basis deny same.

112. **Paragraph 112:** Cross-Defendants are not required to admit or deny Paragraph 112 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in

Paragraph 112 of the Cross-Complaint and on that basis deny same.

113. **Paragraph 113:** Cross-Defendants are not required to admit or deny Paragraph 113 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 113 of the Cross-Complaint and on that basis deny same.

**Third Claim for Relief**

**Declaratory Relief as to Defendant Inferno**

114. **Paragraph 114:** Cross-Defendants are not required to admit or deny Paragraph 114 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 114 of the Cross-Complaint and on that basis deny same.

115. **Paragraph 115:** Cross-Defendants are not required to admit or deny Paragraph 115 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 115 of the Cross-Complaint and on that basis deny same.

116. **Paragraph 116:** Cross-Defendants are not required to admit or deny Paragraph 116 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 116 of the Cross-Complaint and on that basis deny same.

117. **Paragraph 117:** Cross-Defendants are not required to admit or deny Paragraph 117 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 117 of the Cross-Complaint and on that basis deny same.

118. **Paragraph 118:** Cross-Defendants are not required to admit or deny Paragraph 118 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 118 of the Cross-Complaint and on that basis deny same.

119. **Paragraph 119:** Cross-Defendants are not required to admit or deny Paragraph 119

of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 119 of the Cross-Complaint and on that basis deny same.

120. **Paragraph 120:** Cross-Defendants are not required to admit or deny Paragraph 120 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 120 of the Cross-Complaint and on that basis deny same.

121. **Paragraph 121:** Cross-Defendants are not required to admit or deny Paragraph 121 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 121 of the Cross-Complaint and on that basis deny same.

**Fourth Claim for Relief**

**Breach of Fiduciary Duty Against Nile Niami, Yvonne Niami, and Ground View**

122. **Paragraph 122:** Cross-Defendants are not required to admit or deny Paragraph 122 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 122 of the Cross-Complaint and on that basis deny same.

123. **Paragraph 123:** Cross-Defendants are not required to admit or deny Paragraph 123 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 123 of the Cross-Complaint and on that basis deny same.

124. **Paragraph 124:** Cross-Defendants are not required to admit or deny Paragraph 124 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 124 of the Cross-Complaint and on that basis deny same.

125. **Paragraph 125:** Cross-Defendants are not required to admit or deny Paragraph 125 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in

Paragraph 125 of the Cross-Complaint and on that basis deny same.

126. **Paragraph 126:** Cross-Defendants are not required to admit or deny Paragraph 126 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 126 of the Cross-Complaint and on that basis deny same.

127. **Paragraph 127:** Cross-Defendants are not required to admit or deny Paragraph 127 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 127 of the Cross-Complaint and on that basis deny same.

128. **Paragraph 128:** Cross-Defendants are not required to admit or deny Paragraph 128 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 128 of the Cross-Complaint and on that basis deny same.

129. **Paragraph 129:** Cross-Defendants are not required to admit or deny Paragraph 129 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 129 of the Cross-Complaint and on that basis deny same.

130. **Paragraph 130:** Cross-Defendants are not required to admit or deny Paragraph 130 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 130 of the Cross-Complaint and on that basis deny same.

131. **Paragraph 131:** Cross-Defendants are not required to admit or deny Paragraph 131 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 131 of the Cross-Complaint and on that basis deny same.

132. **Paragraph 132:** Cross-Defendants are not required to admit or deny Paragraph 132 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in

Paragraph 132 of the Cross-Complaint and on that basis deny same.

133. **Paragraph 133:** Cross-Defendants are not required to admit or deny Paragraph 133 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 133 of the Cross-Complaint and on that basis deny same.

134. **Paragraph 134:** Cross-Defendants are not required to admit or deny Paragraph 134 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 134 of the Cross-Complaint and on that basis deny same.

135. **Paragraph 135:** Cross-Defendants are not required to admit or deny Paragraph 135 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 135 of the Cross-Complaint and on that basis deny same.

136. **Paragraph 136:** Cross-Defendants are not required to admit or deny Paragraph 136 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 136 of the Cross-Complaint and on that basis deny same.

**Fifth Claim for Relief**

**Disallowance of Claim as to Nile Niami and Yvonne Niami**

**[11 U.S.C. §502(b)(1), (b)(4), and (d)]**

137. **Paragraph 137:** Cross-Defendants are not required to admit or deny Paragraph 137 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 137 of the Cross-Complaint and on that basis deny same.

138. **Paragraph 138:** Cross-Defendants are not required to admit or deny Paragraph 138 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 138 of the Cross-Complaint and on that basis deny same.

139. **Paragraph 139:** Cross-Defendants are not required to admit or deny Paragraph 139 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 139 of the Cross-Complaint and on that basis deny same.

**Sixth Claim for Relief**

**Avoidance of Actual Fraudulent Transfer as to Nile Niami, Yvonne Niami, 1369 LE, and Marbella**

**[11 U.S.C. §548(a)(1)(A), 11 U.S.C. §550]**

140. **Paragraph 140:** Cross-Defendants are not required to admit or deny Paragraph 140 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 140 of the Cross-Complaint and on that basis deny same.

141. **Paragraph 141:** Cross-Defendants are not required to admit or deny Paragraph 141 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 141 of the Cross-Complaint and on that basis deny same.

142. **Paragraph 142:** Cross-Defendants are not required to admit or deny Paragraph 142 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 142 of the Cross-Complaint and on that basis deny same.

143. **Paragraph 143:** Cross-Defendants are not required to admit or deny Paragraph 143 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 143 of the Cross-Complaint and on that basis deny same.

144. **Paragraph 144:** Cross-Defendants are not required to admit or deny Paragraph 144 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 144 of the Cross-Complaint and on that basis deny same.

**Seventh Claim for Relief for**

**Avoidance of Actual Fraudulent Transfer as to 1369 LE, and Marbella**

**[Cal. Civ. Code §3439.04]**

145. **Paragraph 145:** Cross-Defendants are not required to admit or deny Paragraph 145 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 145 of the Cross-Complaint and on that basis deny same.

146. **Paragraph 146:** Cross-Defendants are not required to admit or deny Paragraph 146 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 96 of the Cross-Complaint and on that basis deny same.

147. **Paragraph 147:** Cross-Defendants are not required to admit or deny Paragraph 147 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 147 of the Cross-Complaint and on that basis deny same.

148. **Paragraph 148:** Cross-Defendants are not required to admit or deny Paragraph 148 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 148 of the Cross-Complaint and on that basis deny same.

149. **Paragraph 149:** Cross-Defendants are not required to admit or deny Paragraph 149 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 149 of the Cross-Complaint and on that basis deny same.

150. **Paragraph 150:** Cross-Defendants are not required to admit or deny Paragraph 150 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 150 of the Cross-Complaint and on that basis deny same.

/ / /

**Eighth Claim for Relief**

**Avoidance of Constructive Fraudulent Transfer as to 1369 LE, and Marbella, and N:Philanthropy**

**[11 U.S.C. §548(a)(1)(B), 11. U.S.C. §550]**

151. **Paragraph 151:** Cross-Defendants are not required to admit or deny Paragraph 151 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 151 of the Cross-Complaint and on that basis deny same.

152. **Paragraph 152:** Cross-Defendants are not required to admit or deny Paragraph 152 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 152 of the Cross-Complaint and on that basis deny same.

153. **Paragraph 153:** Cross-Defendants are not required to admit or deny Paragraph 153 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 153 of the Cross-Complaint and on that basis deny same.

154. **Paragraph 154:** Cross-Defendants are not required to admit or deny Paragraph 154 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 154 of the Cross-Complaint and on that basis deny same.

155. **Paragraph 155:** Cross-Defendants are not required to admit or deny Paragraph 155 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 155 of the Cross-Complaint and on that basis deny same.

156. **Paragraph 156:** Cross-Defendants are not required to admit or deny Paragraph 156 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 156 of the Cross-Complaint and on that basis deny same.

157. **Paragraph 157:** Cross-Defendants are not required to admit or deny Paragraph 157 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 157 of the Cross-Complaint and on that basis deny same.

158. **Paragraph 158:** Cross-Defendants are not required to admit or deny Paragraph 158 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 158 of the Cross-Complaint and on that basis deny same.

159. **Paragraph 159:** Cross-Defendants are not required to admit or deny Paragraph 159 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 159 of the Cross-Complaint and on that basis deny same.

**Ninth Claim for Relief**

**Avoidance of Constructive Fraudulent Transfer as to Nile Niami, Yvonne Niami, 1369 LE, and Marbella**

**[Cal. Civ. Code §3439.05]**

160. **Paragraph 160:** Cross-Defendants are not required to admit or deny Paragraph 160 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 160 of the Cross-Complaint and on that basis deny same.

161. **Paragraph 161:** Cross-Defendants are not required to admit or deny Paragraph 161 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 161 of the Cross-Complaint and on that basis deny same.

162. **Paragraph 162:** Cross-Defendants are not required to admit or deny Paragraph 162 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 162 of the Cross-Complaint and on that basis deny same.

163. **Paragraph 163:** Cross-Defendants are not required to admit or deny Paragraph 163 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 163 of the Cross-Complaint and on that basis deny same.

164. **Paragraph 164:** Cross-Defendants are not required to admit or deny Paragraph 164 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 164 of the Cross-Complaint and on that basis deny same.

165. **Paragraph 165:** Cross-Defendants are not required to admit or deny Paragraph 165 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 165 of the Cross-Complaint and on that basis deny same.

166. **Paragraph 166:** Cross-Defendants are not required to admit or deny Paragraph 166 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 166 of the Cross-Complaint and on that basis deny same.

167. **Paragraph 167:** Cross-Defendants are not required to admit or deny Paragraph 167 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 167 of the Cross-Complaint and on that basis deny same.

**<u>Tenth Claim for Relief</u>**

**<u>Equitable Indemnification as to Nile Niami, Yvonne Niami, Ground View, and N:Philanthropy</u>**

168. **Paragraph 168:** Cross-Defendants are not required to admit or deny Paragraph 168 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 95 of the Cross-Complaint and on that basis deny same.

169. **Paragraph 169:** Cross-Defendants are not required to admit or deny Paragraph 169

of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 169 of the Cross-Complaint and on that basis deny same.

170. **Paragraph 170:** Cross-Defendants are not required to admit or deny Paragraph 170 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 170 of the Cross-Complaint and on that basis deny same.

171. **Paragraph 171:** Cross-Defendants are not required to admit or deny Paragraph 171 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 171 of the Cross-Complaint and on that basis deny same.

172. **Paragraph 172:** Cross-Defendants are not required to admit or deny Paragraph 172 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 172 of the Cross-Complaint and on that basis deny same.

173. **Paragraph 173:** Cross-Defendants are not required to admit or deny Paragraph 173 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 173 of the Cross-Complaint and on that basis deny same.

**Eleventh Claim for Relief**

**Recharacterization as to Yogi**

**[11 U.S.C. §502]**

174. **Paragraph 174:** Cross-Defendants are not required to admit or deny Paragraph 174 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 173 as if fully set forth herein.

175. **Paragraph 175:** Cross-Defendants are not required to admit or deny Paragraph 175 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants deny

the allegations of Paragraph 175 of the Cross-Complaint.

176. **Paragraph 176:** Cross-Defendants are not required to admit or deny Paragraph 176 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants admit the allegations of Paragraph 176 of the Cross-Complaint.

177. **Paragraph 177:** Cross-Defendants are not required to admit or deny Paragraph 177 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants deny the allegations of Paragraph 177 of the Cross-Complaint.

178. **Paragraph 178:** Cross-Defendants are not required to admit or deny Paragraph 178 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants deny the allegations of Paragraph 178 of the Cross-Complaint.

179. **Paragraph 179:** Cross-Defendants are not required to admit or deny Paragraph 179 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants deny the allegations of Paragraph 179 of the Cross-Complaint.

**Twelfth Claim for Relief**

**Equitable Subordination as to Yogi**

**[11 U.S.C. §510]**

180. **Paragraph 180:** Cross-Defendants are not required to admit or deny Paragraph 180 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 179 as if fully set forth herein.

181. **Paragraph 181:** Cross-Defendants are not required to admit or deny Paragraph 181 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants deny the allegations of Paragraph 181 of the Cross-Complaint.

182. **Paragraph 182:** Cross-Defendants are not required to admit or deny Paragraph 182 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants deny the allegations of Paragraph 182 of the Cross-Complaint.

183. **Paragraph 183:** Cross-Defendants are not required to admit or deny Paragraph 183 of the Cross-Complaint because it does not pertain to them. Nevertheless, Cross-Defendants deny

the allegations of Paragraph 183 of the Cross-Complaint.

**Thirteenth Claim for Relief**

**Avoidance of Actual Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**

**[11 U.S.C. §548(a)(1)(A) and 11 U.S.C. §550]**

184. **Paragraph 184:** Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 183 as if fully set forth herein.

185. **Paragraph 185:** Cross-Defendants deny the allegations of Paragraph 185 of the Cross-Complaint.

186. **Paragraph 186:** Cross-Defendants deny the allegations of Paragraph 186 of the Cross-Complaint.

187. **Paragraph 187:** Cross-Defendants deny the allegations of Paragraph 187 of the Cross-Complaint.

188. **Paragraph 188:** Cross-Defendants deny the allegations of Paragraph 188 of the Cross-Complaint.

**Fourteenth Claim for Relief**

**Avoidance of Actual Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**

**[Cal. Civ. Code § 3439.004]**

189. **Paragraph 189:** Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 188 as if fully set forth herein.

190. **Paragraph 190:** Cross-Defendants deny the allegations of Paragraph 190 of the Cross-Complaint.

191. **Paragraph 191:** Cross-Defendants deny the allegations of Paragraph 191 of the Cross-Complaint.

192. **Paragraph 192:** Cross-Defendants deny the allegations of Paragraph 192 of the Cross-Complaint.

193. **Paragraph 193:** Cross-Defendants deny the allegations of Paragraph 193 of the

Cross-Complaint.

194. **Paragraph 194:** Cross-Defendants deny the allegations of Paragraph 194 of the Cross-Complaint.

**Fifteenth Claim for Relief**

**Avoidance of Constructive Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**

**[11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 550]**

195. **Paragraph 195:** Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 194 as if fully set forth herein.

196. **Paragraph 196:** Cross-Defendants deny the allegations of Paragraph 196 of the Cross-Complaint.

197. **Paragraph 197:** Cross-Defendants deny the allegations of Paragraph 197 of the Cross-Complaint.

198. **Paragraph 198:** Cross-Defendants deny the allegations of Paragraph 198 of the Cross-Complaint.

199. **Paragraph 199:** Cross-Defendants deny the allegations of Paragraph 199 of the Cross-Complaint.

200. **Paragraph 200:** Cross-Defendants deny the allegations of Paragraph 200 of the Cross-Complaint.

**Sixteenth Claim for Relief**

**Avoidance of Constructive Fraudulent Transfer as to Yogi Securities Holdings, LLC; Trousdale Estate LLC; and Joseph Englanoff**

**[Cal. Civ. Code § 3439.005]**

201. **Paragraph 201:** Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 200 as if fully set forth herein.

202. **Paragraph 202:** Cross-Defendants deny the allegations of Paragraph 202 of the Cross-Complaint.

203. **Paragraph 203:** Cross-Defendants deny the allegations of Paragraph 203 of the

Cross-Complaint.

204. **Paragraph 204:** Cross-Defendants deny the allegations of Paragraph 204 of the Cross-Complaint.

205. **Paragraph 205:** Cross-Defendants deny the allegations of Paragraph 205 of the Cross-Complaint.

206. **Paragraph 206:** Cross-Defendants deny the allegations of Paragraph 206 of the Cross-Complaint.

**Seventeenth Claim for Relief**

**Avoidance of Actual Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**

**[11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. § 550]**

207. **Paragraph 207:** Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 206 as if fully set forth herein.

208. **Paragraph 208:** Cross-Defendants deny the allegations of Paragraph 208 of the Cross-Complaint.

209. **Paragraph 209:** Cross-Defendants deny the allegations of Paragraph 209 of the Cross-Complaint.

210. **Paragraph 210:** Cross-Defendants deny the allegations of Paragraph 210 of the Cross-Complaint.

211. **Paragraph 211:** Cross-Defendants deny the allegations of Paragraph 211 of the Cross-Complaint.

212. **Paragraph 212:** Cross-Defendants deny the allegations of Paragraph 212 of the Cross-Complaint.

**Eighteenth Claim for Relief**

**Avoidance of Actual Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**

**[Cal. Civ. Code § 3439.004]**

213. **Paragraph 213:** Cross-Defendants reallege and incorporate herein by reference its

responses to Paragraphs 1 through 212 as if fully set forth herein.

214. **Paragraph 214:** Cross-Defendants deny the allegations of Paragraph 214 of the Cross-Complaint.

215. **Paragraph 215:** Cross-Defendants deny the allegations of Paragraph 215 of the Cross-Complaint.

216. **Paragraph 216:** Cross-Defendants deny the allegations of Paragraph 216 of the Cross-Complaint.

217. **Paragraph 217:** Cross-Defendants deny the allegations of Paragraph 217 of the Cross-Complaint.

218. **Paragraph 218:** Cross-Defendants deny the allegations of Paragraph 218 of the Cross-Complaint.

219. **Paragraph 219:** Cross-Defendants deny the allegations of Paragraph 219 of the Cross-Complaint.

**Nineteenth Claim for Relief**

**Avoidance of Constructive Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff**

**[11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 550]**

220. **Paragraph 220:** Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 219 as if fully set forth herein.

221. **Paragraph 221:** Cross-Defendants deny the allegations of Paragraph 221 of the Cross-Complaint.

222. **Paragraph 222:** Cross-Defendants deny the allegations of Paragraph 222 of the Cross-Complaint.

223. **Paragraph 223:** Cross-Defendants deny the allegations of Paragraph 223 of the Cross-Complaint.

224. **Paragraph 224:** Cross-Defendants deny the allegations of Paragraph 224 of the Cross-Complaint.

225. **Paragraph 225:** Cross-Defendants deny the allegations of Paragraph 225 of the

Cross-Complaint.

226. **Paragraph 226:** Cross-Defendants deny the allegations of Paragraph 226 of the Cross-Complaint.

**<u>Twentieth Claim for Relief</u>**

**<u>Avoidance of Constructive Fraudulent Transfer as to Justine Englanoff; Nicole Englanoff; Jacqueline Englanoff</u>**

**<u>[Cal. Civ. Code § 3439.005]</u>**

227. **Paragraph 227:** Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 226 as if fully set forth herein.

228. **Paragraph 228:** Cross-Defendants deny the allegations of Paragraph 228 of the Cross-Complaint.

229. **Paragraph 229:** Cross-Defendants deny the allegations of Paragraph 229 of the Cross-Complaint.

230. **Paragraph 230:** Cross-Defendants deny the allegations of Paragraph 230 of the Cross-Complaint.

231. **Paragraph 231:** Cross-Defendants deny the allegations of Paragraph 231 of the Cross-Complaint.

232. **Paragraph 232:** Cross-Defendants deny the allegations of Paragraph 232 of the Cross-Complaint.

233. **Paragraph 233:** Cross-Defendants deny the allegations of Paragraph 233 of the Cross-Complaint.

**<u>Twenty-First Claim for Relief</u>**

**<u>Disallowance of Claim as to Yogi</u>**

**<u>[11 U.S.C. § 502(b)(1), and (d)]</u>**

234. **Paragraph 234:** In response to Paragraph 234 of the Cross-Complaint, Cross-Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 233 above, as if fully set forth herein.

235. **Paragraph 235:** In response to Paragraph 235 of the Cross-Complaint, and on

information and belief, Cross-Defendants deny the allegations contained therein.

236. **Paragraph 236:** In response to Paragraph 236 of the Cross-Complaint, Cross-Defendants admit that, "according to the Borrower's Final Closing Statement, when the August 9, 2017 Yogi Note on the Hillcrest Property closed, there were three disbursements made . . . in the amount of $21,000 each: to Justine Englanoff; to Nicole Englanoff; and to Jacqueline Englanoff."

237. **Paragraph 237:** In response to Paragraph 237 of the Cross-Complaint, and on information and belief, Cross-Defendants deny the allegations contained therein.

238. **Paragraph 238:** In response to Paragraph 238 of the Cross-Complaint, Cross-Defendants admit that Yogi did not record any deed of trust relating to the October 16, 2018 Yogi Note until after a Deed of Trust was issued by Crestlloyd to Hankey Capital LLC. Cross-Defendants deny that Yogi "avoided" such recording. Except as so admitted or expressly denied, Cross-Defendants deny the other allegations contained in Paragraph 238 of the Cross-Complaint.

239. **Paragraph 239:** Cross-Defendants deny the allegations of Paragraph 239 of the Cross-Complaint.

240. **Paragraph 240:** Cross-Defendants deny the allegations of Paragraph 239 of the Cross-Complaint.

**Twenty-Second Claim for Relief**

**Avoidance of Constructive Fraudulent Transfers as to Hilldun**

**[11 U.S.C. § 548(a)(1)(B), 11 U.S.C. § 550]**

241. **Paragraph 241:** Cross-Defendants are not required to admit or deny Paragraph 241 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 241 of the Cross-Complaint and on that basis deny same.

242. **Paragraph 242:** Cross-Defendants are not required to admit or deny Paragraph 242 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 242 of the Cross-Complaint and on that basis deny same.

243. **Paragraph 243:** Cross-Defendants are not required to admit or deny Paragraph 243

of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 243 of the Cross-Complaint and on that basis deny same.

244. **Paragraph 244:** Cross-Defendants are not required to admit or deny Paragraph 244 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 244 of the Cross-Complaint and on that basis deny same.

245. **Paragraph 245:** Cross-Defendants are not required to admit or deny Paragraph 245 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 245 of the Cross-Complaint and on that basis deny same.

246. **Paragraph 246:** Cross-Defendants are not required to admit or deny Paragraph 246 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 246 of the Cross-Complaint and on that basis deny same.

247. **Paragraph 247:** Cross-Defendants are not required to admit or deny Paragraph 247 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 247 of the Cross-Complaint and on that basis deny same.

248. **Paragraph 248:** Cross-Defendants are not required to admit or deny Paragraph 248 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 248 of the Cross-Complaint and on that basis deny same.

249. **Paragraph 249:** Cross-Defendants are not required to admit or deny Paragraph 249 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 249 of the Cross-Complaint and on that basis deny same.

250. **Paragraph 250:** Cross-Defendants are not required to admit or deny Paragraph 250

of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 250 of the Cross-Complaint and on that basis deny same.

251. **Paragraph 251:** Cross-Defendants are not required to admit or deny Paragraph 251 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 251 of the Cross-Complaint and on that basis deny same.

**Twenty-Third Claim for Relief**

**Avoidance of Constructive Fraudulent Transfers as to Hilldun**

**[Cal. Civ. Code § 3439.05]**

252. **Paragraph 252:** Cross-Defendants are not required to admit or deny Paragraph 252 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 252 of the Cross-Complaint and on that basis deny same.

253. **Paragraph 253:** Cross-Defendants are not required to admit or deny Paragraph 253 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 253 of the Cross-Complaint and on that basis deny same.

254. **Paragraph 254:** Cross-Defendants are not required to admit or deny Paragraph 254 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 254 of the Cross-Complaint and on that basis deny same.

255. **Paragraph 255:** Cross-Defendants are not required to admit or deny Paragraph 255 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 255 of the Cross-Complaint and on that basis deny same.

256. **Paragraph 256:** Cross-Defendants are not required to admit or deny Paragraph 256 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient

knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 256 of the Cross-Complaint and on that basis deny same.

257. **Paragraph 257:** Cross-Defendants are not required to admit or deny Paragraph 257 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 257 of the Cross-Complaint and on that basis deny same.

258. **Paragraph 258:** Cross-Defendants are not required to admit or deny Paragraph 258 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 258 of the Cross-Complaint and on that basis deny same.

259. **Paragraph 259:** Cross-Defendants are not required to admit or deny Paragraph 259 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 259 of the Cross-Complaint and on that basis deny same.

260. **Paragraph 260:** Cross-Defendants are not required to admit or deny Paragraph 260 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 260 of the Cross-Complaint and on that basis deny same.

261. **Paragraph 261:** Cross-Defendants are not required to admit or deny Paragraph 261 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 261 of the Cross-Complaint and on that basis deny same.

262. **Paragraph 262:** Cross-Defendants are not required to admit or deny Paragraph 262 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 262 of the Cross-Complaint and on that basis deny same.

263. **Paragraph 263:** Cross-Defendants are not required to admit or deny Paragraph 263 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient

knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 263 of the Cross-Complaint and on that basis deny same.

**Twenty-Fourth Claim for Relief**

**Disallowance of Claim as to Hilldun Corporation**

**[11 U.S.C. § 502(b)(1) and (d)]**

264. **Paragraph 264:** Cross-Defendants are not required to admit or deny Paragraph 167 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 167 of the Cross-Complaint and on that basis deny same.

265. **Paragraph 265:** Cross-Defendants are not required to admit or deny Paragraph 167 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 167 of the Cross-Complaint and on that basis deny same.

266. **Paragraph 266:** Cross-Defendants are not required to admit or deny Paragraph 167 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 167 of the Cross-Complaint and on that basis deny same.

267. **Paragraph 267:** Cross-Defendants are not required to admit or deny Paragraph 167 of the Cross-Complaint because it does not pertain to them. Cross-Defendants lack sufficient knowledge and information to form an opinion as to the truth of the allegations set forth in Paragraph 167 of the Cross-Complaint and on that basis deny same.

**Twenty-Fifth Claim for Relief**

**Recovery of Avoided Transfers**

**[11 U.S.C. §§ 544, 548 and 550; Cal. Civ. Code § 3439.07]**

268. **Paragraph 268:** In response to Paragraph 268 of the Cross-Complaint, Cross-Defendants reallege and incorporate herein by reference its responses to Paragraphs 1 through 267 above, as if fully set forth herein.

269. In response to Paragraph 269 of the Cross-Complaint, Cross-Defendants deny the

allegations contained therein to the extent asserted against them and lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted against other parties and, on that basis, denies such other allegations contained therein.

270. In response to Paragraph 270 of the Cross-Complaint, Cross-Defendants deny that Crestlloyd is entitled to recover any sums against Cross-Defendants, by virtue of the Twenty-Fifth Claim for Relief or otherwise. Except as so expressly denied, Cross-Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in Paragraph 270, and, on that basis, denies each and every of the other allegations contained therein.

## III.

## AFFIRMATIVE DEFENSES

1. **First Affirmative Defense (Improper Venue):** The Cross-Complaint is barred in whole or in part under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1409(b) because one or more of the Cross-Defendants is not resident in this District and less than $25,000 is sought to be recovered from said Cross-Defendant(s).

2. **Second Affirmative Defense (Estoppel):** The Cross-Complaint is barred in whole or in part by the doctrine of estoppel.

3. **Third Affirmative Defense (Waiver):** The Cross-Complaint is barred in whole or in part by the doctrine of waiver.

4. **Fourth Affirmative Defense (Failure to State a Claim):** The Cross-Complaint fails to state a claim upon which relief may be granted.

5. **Fifth Affirmative Defense (Laches):** The Cross-Complaint is barred in whole or in part by the doctrine of laches.

6. **Sixth Affirmative Defense (Unclean Hands):** The Cross-Complaint is barred in whole or in part by the doctrine of unclean hands.

7. **Seventh Affirmative Defense (Fraud):** The Cross-Complaint is barred in whole or in part by the fraud committed by Cross-Complainant and/or the Debtor.

8. **Eighth Affirmative Defense (Statute of Limitations):** The Cross-Complaint is barred in whole or in part by applicable statutes of limitation.

9. **Ninth Affirmative Defense (Good Faith for Value):** The Cross-Complaint is barred in whole or in part by Civil Code, § 3439.08 or any analogous state or federal statute or legal doctrine.

10. **Tenth Affirmative Defense (Offset):** The Cross-Complaint is barred in whole or in part by available offsets.

11. **Eleventh Affirmative Defense (Misjoinder of Parties)**: The Cross-Complaint is barred in whole or in part because Cross-Complainant has failed to join necessary and/or indispensable parties.

12. **Twelfth Affirmative Defense (Lack of Subject Matter Jurisdiction):** The Cross-Complaint is barred in whole or in part because the Court lacks subject matter jurisdiction over certain claims.

13. **Thirteenth Affirmative Defense (Lack of Constitutional Authority):** The Cross-Complaint is barred in whole or in part because the Court lacks constitutional authority to enter judgment on certain claims.

14. **Fourteenth Affirmative Defense (Accord and Satisfaction):** The Cross-Complaint is barred in whole or in part by the accord and satisfaction defense.

15. **Fifteenth Affirmative Defense (Failure of Consideration):** The Cross-Complaint is barred in whole or in part by the doctrine of failure of consideration.

16. **Sixteenth Affirmative Defense (Illegality):** The Cross-Complaint is barred in whole or in part by the defense of illegality.

17. **Seventeenth Affirmative Defense (Payment):** The Cross-Complaint is barred in whole or in part by the doctrine of payment.

18. **Eighteenth Affirmative Defense (Release):** The Cross-Complaint is barred in whole or in part because one or more claims have been released.

19. **Nineteenth Affirmative Defense (Res Judicata):** The Cross-Complaint is barred in whole or in part by the doctrine of res judicata.

20. **Twentieth Affirmative Defense (Statute of Frauds):** The Cross-Complaint is barred in whole or in part by the statute of frauds.

21. **Twenty-First Affirmative Defense (Failure to Mitigate Damages):** The Cross-Complaint is barred in whole or in part by Cross-Complainant's failure to mitigate damages.

22. **Twenty-Second Affirmative Defense (Failure of Conditions Precedent):** The Cross-Complaint is barred in whole or in part by the failure of conditions precedent.

23. **Twenty-Third Affirmative Defense (Lack of Capacity):** The Cross-Complaint is barred in whole or in part by Cross-Complainant's lack of capacity.

24. **Twenty-Fourth Affirmative Defense (Privilege):** The Cross-Complaint is barred in whole or in part by applicable privilege(s).

25. **Twenty-Fifth Affirmative Defense (Necessity):** The Cross-Complaint is barred in whole or in part by the doctrine of necessity.

26. **Twenty-Sixth Affirmative Defense (Consent):** The Cross-Complaint is barred in whole or in part by the doctrine of consent.

27. **Twenty-Seventh Affirmative Defense (Good Faith):**The Cross-Complaint is barred in whole or in part by the defense of good faith.

28. **Twenty-Eighth Affirmative Defense (In Pari Delicto):** The Cross-Complaint is barred in whole or in part because the parties sit *in pari delicto*.

29. **Twenty-Ninth Affirmative Defense (Breach of Contract):** The Cross-Complaint is barred in whole or in part by breach of contract.

30. **Thirtieth Affirmative Defense (Excuse):** The Cross-Complaint is barred in whole or in part by the doctrine of excuse.

31. **Thirty-First Affirmative Defense (Novation):** The Cross-Complaint is barred in whole or in part by the doctrine of novation.

32. **Thirty-Second Affirmative Defense (Frustration of Purpose):** The Cross-Complaint is barred in whole or in part by the doctrine of frustration of purpose.

33. **Thirty-Third Affirmative Defense (Impossibility):** The Cross-Complaint is barred in whole or in part by the defense of impossibility.

34. **Thirty-Fourth Affirmative Defense (Impracticability):** The Cross-Complaint is barred in whole or in part by the defense of impracticality.

35. **Thirty-Fifth Affirmative Defense (Mistake of Law or Fact):** The Cross-Complaint is barred in whole or in part by a mistake of law or fact.

36. **Thirty-Sixth Affirmative Defense (Unconscionability):** The Cross-Complaint is barred in whole or in part because of unconscionability.

37. **Thirty-Seventh Affirmative Defense (Litigation Privilege):** The Cross-Complaint is barred in whole or in part by litigation privilege.

38. **Thirty-Eighth Affirmative Defense (Reasonably Equivalent Value):** The Cross-Complaint is barred in whole or in part by the defense of reasonably equivalent value.

39. **Thirty-Ninth Affirmative Defense (Breach of Fiduciary Duty):** The Complaint is barred in whole or in part by Plaintiff's breach of fiduciary duty.

**RESERVATION OF RIGHTS**

Cross-Defendants reserve all of their rights to pursue any and all counterclaims and cross-claims against Cross-Complainant if they later determine that one or more such claims may exist.

**PRAYER**

WHEREFORE, Cross-Defendants respectfully pray for judgment as follows:

1. For dismissal of the Cross-Complaint;
2. For Cross-Complaint to take nothing on its Cross-Complaint;
3. For the costs of suit incurred herein; and
4. For such other and further relief as this Court deems just and proper.

DATED: November 18, 2022

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: [signature]
JOHNNY WHITE
Attorneys for Cross-Defendants Joseph Englanoff, Justine Englanoff, Nicole Englanoff, Jacqueline Englanoff and Trousdale Estate, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11400 West Olympic Boulevard, 9th Floor, Los Angeles, CA 90064-1582.

A true and correct copy of the foregoing document entitled (*specify*): **CROSS-DEFENDANTS JOSEPH ENGLANOFF, JUSTINE ENGLANOFF, NICOLE ENGLANOFF, JACQUELINE ENGLANOFF AND TROUSDALE ESTATE, LLC'S ANSWER TO DEFENDANT CRESTLLOYD LLC'S CROSS-COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 31, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- dbg@lnbyg.com; jmr@lnbyg.com
- steinbergh@gtlaw.com
- rcoy@bg.law
- mfabricant@lavelysinger.com
- kandrassy@swelawfirm.com
- psorrell@lavelysinger.com
- ustpregion16.la.ecf@usdoj.gov
- tma@lnbyg.com; jdg@lnbyg.com
- tmg@jmbm.com
- john.moe@dentons.com
- hrafatjoo@raineslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 31, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Martin D. Singer
Lavely & Singer PC
2049 Century Park East, Suite 2400
Los Angeles, CA 90067-2906

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 31, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 18, 2022 | Jean Lee | /s/ Jean Lee |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |