1  STEVEN T. GUBNER – Bar No. 156593
   JASON B. KOMORSKY - Bar No. 155677
2  RYAN F. COY – Bar No. 324939
   BG LAW LLP
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:  (818) 827-9099
5  Email:      sgubner@bg.law
               jkomorsky@bg.law
6              rcoy@bg.law

7  Attorneys for Defendant and Cross-Defendant
   Hilldun Corporation

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **LOS ANGELES DIVISION**

12

| | |
|---|---|
| 13  In re | Case No.  2:21-bk-18205-DS |
| 14  CRESTLLOYD, LLC, | Chapter 7 |
| 15                          Debtor. | Adv. No. 2:22-ap-01125-DS |
| 16  INFERNO INVESTMENT, INC., a Quebec | |
| 17  corporation, | **CROSS-DEFENDANT HILLDUN** |
|                          Plaintiff, | **CORPORATION'S ANSWER TO CROSS-** |
| 18  v. | **CLAIMANT YOGI SECURITIES** |
|     CRESTLLOYD, LLC, a California limited | **HOLDINGS, LLC'S FIRST AMENDED** |
| 19  liability company; HANKEY CAPITAL, LLC, a | **CROSS-COMPLAINT [ADV. DOCKET** |
|     California limited liability company; YOGI | **NO. 55]** |
| 20  SECURITIES HOLDINGS, LLC, a Nevada | |
|     limited liability company; and HILLDUN | |
| 21  CORPORATION, a New York corporation, | |
| 22                          Defendants. | |
| 23  YOGI SECURITIES HOLDINGS, LLC, a | |
| 24  Nevada limited liability company, | |
|                          Cross-Claimant, | |
| 25  v. | |
|     CRESTLLOYD, LLC, a California limited | |
| 26  liability company; et al., | |
|                          Counter/Cross-Defendants. | |
| 27 | |

28

1

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, as applied in this adversary proceeding by Rule 7008 of the Federal Rules of bankruptcy Procedure, Defendant and Cross-Defendant Hilldun Corporation ("Hilldun"), hereby submits its answer to the *First Amended Counterclaim and Crossclaim of Yogi Securities Holdings, LLC, for Declaratory Relief, an Accounting, Equitable Subordination, Disallowance of Claims and Recharacterization of Claims* (the "Yogi Amended Cross-Complaint," Adv. Docket No. 55) filed by defendant, cross-claimant, and counter-claimant Yogi Securities Holdings, LLC ("Yogi Securities"), as follows:

Except for allegations that are expressly admitted herein, all allegations in the Yogi Amended Cross-Complaint are denied—the use and restatement of the cross-complaint's headings and sub-headings are only utilized for reference and organizational purposes, and their use should not be construed as an admission of any argument.  Most of the cross-complaint's claims and allegations are directed at debtor and cross-defendant Crestlloyd, LLC (the "Debtor"), cross-defendant Hankey Capital, LLC ("Hankey"), and plaintiff and counter-defendant Inferno Investment, Inc. ("Inferno") regarding the related subject property and, thus, Hilldun lacks sufficient knowledge to admit or deny most of the allegations.

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Hilldun hereby states that it consents to the entry of final orders or judgment by the above-captioned bankruptcy court.

## JURISDICTION AND VENUE

1.    The allegations in paragraph 1 contain legal conclusions, and thus, they do not require a response. To the extent a response is required, however, Hilldun admits that the Court has jurisdiction over this matter.

2.    The allegations in paragraph 2 contain legal conclusions, and thus, they do not require a response.

3.    The allegations in paragraph 3 contain legal conclusions, and thus, they do not require a response. To the extent a response is required, however, Hilldun admits that venue is proper in this Court.

2

2853851

4.      The allegations in paragraph 4 contain legal conclusions, and thus, they do not require a response.

## THE PARTIES

5.      The allegations contained in paragraph 5 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such allegations, and on that basis denies the allegations.

6.      The allegations contained in paragraph 6 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such allegations, and on that basis denies the allegations.

7.      The allegations contained in paragraph 7 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such allegations, and on that basis denies the allegations.

8.      The allegations contained in paragraph 8 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, based on information and belief, Hilldun admits the allegations.

9.      As to the allegations in paragraph 9, Hilldun admits such allegations.

## FACTUAL BACKGROUND

10.      As to the allegations in paragraph 10, Hilldun admits that it asserts a secured claim against the subject property.  The remaining allegations in paragraph 10 contain legal conclusions or are not directed at Hilldun, and thus, they do not require a response. To the extent that the remaining allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such allegations, and on that basis denies the allegations.

**A.  The Alleged Inferno Funding**

11.      The allegations contained in paragraph 11 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

3

2853851

1  to the referenced documents for the contents of the documents; (b) denies any characterization of the

2  referenced documents that is inconsistent with the terms and language used in the referenced

3  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

4  remaining allegations, and on that basis denies such allegations.

5       12.  The allegations contained in paragraph 12 are not directed at Hilldun, and therefore,

6  do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

7  to the referenced documents for the contents of the documents; (b) denies any characterization of the

8  referenced documents that is inconsistent with the terms and language used in the referenced

9  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

10  remaining allegations, and on that basis denies such allegations.

11       13.  The allegations contained in paragraph 13 are not directed at Hilldun, and therefore,

12  do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

13  to the referenced documents for the contents of the documents; (b) denies any characterization of the

14  referenced documents that is inconsistent with the terms and language used in the referenced

15  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

16  remaining allegations, and on that basis denies such allegations.

17       14.  The allegations contained in paragraph 14 are not directed at Hilldun, and therefore,

18  do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

19  to the referenced documents for the contents of the documents; (b) denies any characterization of the

20  referenced documents that is inconsistent with the terms and language used in the referenced

21  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

22  remaining allegations, and on that basis denies such allegations.

23       15.  The allegations contained in paragraph 15 are not directed at Hilldun, and therefore,

24  do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

25  to the referenced documents for the contents of the documents; (b) denies any characterization of the

26  referenced documents that is inconsistent with the terms and language used in the referenced

27  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

28  remaining allegations, and on that basis denies such allegations.

2853851

16.     The allegations contained in paragraph 16 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

17.     The allegations contained in paragraph 17 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

18.     The allegations contained in paragraph 18 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

19.     As to the allegations in paragraph 19, Hilldun admits that Yogi Securities, Hankey, and Hilldun assert secured claims against the Debtor in the bankruptcy case.

**B.  The Yogi Securities Loans**

20.     The allegations contained in paragraph 20 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

2853851

21.     The allegations contained in paragraph 21 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

22.     The allegations contained in paragraph 22 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

23.     The allegations contained in paragraph 23 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

24.     The allegations contained in paragraph 24 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

25.     The allegations contained in paragraph 25 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced

1  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

2  remaining allegations, and on that basis denies such allegations.

3      26.    The allegations contained in paragraph 26 are not directed at Hilldun, and therefore,

4  do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

5  to the referenced documents for the contents of the documents; (b) denies any characterization of the

6  referenced documents that is inconsistent with the terms and language used in the referenced

7  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

8  remaining allegations, and on that basis denies such allegations.

9      27.    The allegations contained in paragraph 27 are not directed at Hilldun, and therefore,

10  do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

11  to the referenced documents for the contents of the documents; (b) denies any characterization of the

12  referenced documents that is inconsistent with the terms and language used in the referenced

13  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

14  remaining allegations, and on that basis denies such allegations.

15  **C. The Alleged Hankey Funding**

16      28.    The allegations contained in paragraph 28 are not directed at Hilldun, and therefore,

17  do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

18  to the referenced documents for the contents of the documents; (b) denies any characterization of the

19  referenced documents that is inconsistent with the terms and language used in the referenced

20  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

21  remaining allegations, and on that basis denies such allegations.

22      29.    The allegations contained in paragraph 29 are not directed at Hilldun, and therefore,

23  do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

24  to the referenced documents for the contents of the documents; (b) denies any characterization of the

25  referenced documents that is inconsistent with the terms and language used in the referenced

26  documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

27  remaining allegations, and on that basis denies such allegations.

28

2853851

30.     The allegations contained in paragraph 30 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

31.     The allegations contained in paragraph 28 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

32.     The allegations contained in paragraph 32 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such allegations, and on that basis denies the allegations.

33.     The allegations contained in paragraph 33 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

34.     The allegations contained in paragraph 34 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

2853851

35.     The allegations contained in paragraph 35 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

36.     The allegations contained in paragraph 36 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

37.     The allegations contained in paragraph 37 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

38.     The allegations contained in paragraph 38 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

39.     The allegations contained in paragraph 39 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

2853851

40.     The allegations contained in paragraph 40 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

41.     The allegations contained in paragraph 41 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

**D.  <u>The Hilldun Loan</u>**

42.     As to the allegations contained in paragraph 42, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) admits that N:Philanthropy and the Debtor entered into a guaranty and factoring agreement in favor of Hilldun secured by the Property.

<u>**THE SALE OF THE PROPERTIES**</u>

43.     The allegations contained in paragraph 43 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

44.     The allegations contained in paragraph 44 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the

10

2853851

referenced documents that is inconsistent with the terms and language used in the referenced

documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

remaining allegations, and on that basis denies such allegations.

### THE BANKRUPTCY

45.    As to the allegations contained in paragraph 45, Hilldun admits the allegations.

46.    As to the allegations contained in paragraph 46, Hilldun: (a) admits that Yogi

Securities, Inferno, and Hilldun have filed respective proofs of claim in the bankruptcy case; (b)

refers to the referenced documents for the contents of the documents; (b) denies any characterization

of the referenced documents that is inconsistent with the terms and language used in the referenced

documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

remaining allegations, and on that basis denies such allegations.  Hilldun admits that its proof of

claim asserts a secured claim in the principal amount of $5,000,000.00.

### THE SALE OF THE PROPERTY

47.    The allegations contained in paragraph 47 are legal conclusion, restate the Court's

order, or are not directed at Hilldun, and therefore, do not require a response.  To the extent that the

allegations do require a response, based on information and belief, Hilldun admits the allegations.

48.    The allegations contained in paragraph 48 are not directed at Hilldun, and therefore,

do not require a response.  To the extent that the allegations do require a response, Hilldun lacks

sufficient knowledge and information to form a belief about the truth of such allegations, and on that

basis denies the allegations.

49.    The allegations contained in paragraph 49 are not directed at Hilldun, and therefore,

do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers

to the referenced documents for the contents of the documents; (b) denies any characterization of the

referenced documents that is inconsistent with the terms and language used in the referenced

documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

remaining allegations, and on that basis denies such allegations.

### FIRST CLAIM FOR RELIEF

11

2853851

50.     As to paragraph 50, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

51.     The allegations contained in paragraph 51 are legal conclusions or are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such allegations, and on that basis denies the allegations

52.     The allegations contained in paragraph 52 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

53.     The allegations contained in paragraph 53 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

54.     The allegations contained in paragraph 54 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced documents for the contents of the documents; (b) denies any characterization of the referenced documents that is inconsistent with the terms and language used in the referenced documents; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

55.     The allegations contained in paragraph 55 are legal conclusions or are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such allegations, and on that basis denies the allegations.

2853851

56.    The allegations contained in paragraph 56 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such allegations, and on that basis denies the allegations

57.    The allegations contained in paragraph 31 are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such allegations, and on that basis denies the allegations.

## SECOND CLAIM FOR RELIEF

58.    As to paragraph 58, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

59.    The allegations in paragraph 59 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

60.    The allegations in paragraph 60 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

## THIRD CLAIM FOR RELIEF

61.    As to paragraph 61, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

62.    The allegations contained in paragraph 62 are legal conclusions or are not directed at Hilldun, and therefore, do not require a response.  To the extent that the allegations do require a

2853851

1  response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of such

2  allegations, and on that basis denies the allegations.

3       63.    The allegations in paragraph 63 are not directed at Hilldun, and thus, they do not

4  require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a)

5  refers to the referenced document for the contents of the document; (b) denies any characterization

6  of the referenced document that is inconsistent with the terms and language used in the referenced

7  document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

8  remaining allegations, and on that basis denies such allegations.

9       64.    The allegations in paragraph 64 are not directed at Hilldun, and thus, they do not

10  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

11  sufficient knowledge and information to form a belief about the truth of the remaining allegations,

12  and on that basis denies such allegations.

13       65.    The allegations in paragraph 65 are not directed at Hilldun, and thus, they do not

14  require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a)

15  refers to the referenced document for the contents of the document; (b) denies any characterization

16  of the referenced document that is inconsistent with the terms and language used in the referenced

17  document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

18  remaining allegations, and on that basis denies such allegations.

19       66.    The allegations in paragraph 66 are not directed at Hilldun, and thus, they do not

20  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

21  sufficient knowledge and information to form a belief about the truth of the remaining allegations,

22  and on that basis denies such allegations.

23       67.    The allegations in paragraph 67 are not directed at Hilldun, and thus, they do not

24  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

25  sufficient knowledge and information to form a belief about the truth of the remaining allegations,

26  and on that basis denies such allegations.

27       68.    The allegations in paragraph 68 are not directed at Hilldun, and thus, they do not

28  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

14

2853851

1  sufficient knowledge and information to form a belief about the truth of the remaining allegations,

2  and on that basis denies such allegations.

3       69.    The allegations in paragraph 69 are not directed at Hilldun, and thus, they do not

4  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

5  sufficient knowledge and information to form a belief about the truth of the remaining allegations,

6  and on that basis denies such allegations.

7       70.    The allegations in paragraph 70 are legal conclusions or are not directed at Hilldun,

8  and thus, they do not require Hilldun's response. To the extent that the allegations do require a

9  response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the

10  remaining allegations, and on that basis denies such allegations.

11      71.    The allegations in paragraph 71 are not directed at Hilldun, and thus, they do not

12  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

13  sufficient knowledge and information to form a belief about the truth of the remaining allegations,

14  and on that basis denies such allegations.

15      72.    The allegations in paragraph 72 are not directed at Hilldun, and thus, they do not

16  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

17  sufficient knowledge and information to form a belief about the truth of the remaining allegations,

18  and on that basis denies such allegations.

19                      **FOURTH CLAIM FOR RELIEF**

20      73.    As to paragraph 73, Hilldun incorporates the prior responses to each of foregoing

21  paragraphs as if fully set forth herein.

22      74.    The allegations in paragraph 74 are not directed at Hilldun, and thus, they do not

23  require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a)

24  refers to the referenced document for the contents of the document; (b) denies any characterization

25  of the referenced document that is inconsistent with the terms and language used in the referenced

26  document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

27  remaining allegations, and on that basis denies such allegations.

28

15

2853851

75.     The allegations in paragraph 75 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

76.     The allegations in paragraph 76 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

77.     The allegations in paragraph 77 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

78.     The allegations in paragraph 78 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

79.     The allegations in paragraph 79 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

## FIFTH CLAIM FOR RELIEF

80.     As to paragraph 80, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

81.     The allegations in paragraph 81 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

16

2853851

82. The allegations in paragraph 82 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

83. The allegations in paragraph 83 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

84. The allegations in paragraph 84 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

85. The allegations in paragraph 85 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

## SIXTH CLAIM FOR RELIEF

86. As to paragraph 86, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

87. The allegations in paragraph 87 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

## SEVENTH CLAIM FOR RELIEF

88. As to paragraph 88, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

89. The allegations in paragraph 89 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a)

17

refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

90.    The allegations in paragraph 90 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations

91.    The allegations in paragraph 91 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

92.    The allegations in paragraph 92 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

93.    The allegations in paragraph 93 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

2853851

94.    The allegations in paragraph 94 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

95.    The allegations in paragraph 95 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

96.    The allegations in paragraph 96 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

97.    The allegations in paragraph 97 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

98.    The allegations in paragraph 98 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

2853851

99.　　The allegations in paragraph 99 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

100.　　The allegations in paragraph 100 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

101.　　The allegations in paragraph 101 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

## EIGHTH CLAIM FOR RELIEF

102.　　As to paragraph 102, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

103.　　The allegations in paragraph 103 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

104.　　The allegations in paragraph 104 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

105.　　The allegations in paragraph 105 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

2853851

106.     The allegations in paragraph 106 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

## NINTH CLAIM FOR RELIEF

107.     As to paragraph 107, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

108.     The allegations in paragraph 108 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

## TENTH CLAIM FOR RELIEF

109.     As to paragraph 109, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

110.     The allegations in paragraph 110 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

111.     The allegations in paragraph 111 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

112.     The allegations in paragraph 112 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

2853851

113.    The allegations in paragraph 113 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

114.    The allegations in paragraph 114 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

115.    The allegations in paragraph 115 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

**ELEVENTH CLAIM FOR RELIEF**

116.    As to paragraph 116, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

117.    The allegations in paragraph 117 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

**TWELFTH CLAIM FOR RELIEF**

118.    As to paragraph 118, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

119.    The allegations in paragraph 119 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

2853851

120.    The allegations in paragraph 120 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

121.    The allegations in paragraph 121 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

122.    The allegations in paragraph 122 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

## THIRTEENTH CLAIM FOR RELIEF

123.    As to paragraph 123, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

124.    The allegations in paragraph 124 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

125.    The allegations in paragraph 125 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization

23

2853851

1  of the referenced document that is inconsistent with the terms and language used in the referenced

2  document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

3  remaining allegations, and on that basis denies such allegations.

4       126.    The allegations in paragraph 126 are not directed at Hilldun, and thus, they do not

5  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

6  sufficient knowledge and information to form a belief about the truth of the allegations, and on that

7  basis denies such allegations.

8       127.    The allegations in paragraph 127 are not directed at Hilldun, and thus, they do not

9  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

10  sufficient knowledge and information to form a belief about the truth of the allegations, and on that

11  basis denies such allegations.

12       128.    The allegations in paragraph 128 are not directed at Hilldun, and thus, they do not

13  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

14  sufficient knowledge and information to form a belief about the truth of the allegations, and on that

15  basis denies such allegations.

16       129.    The allegations in paragraph 129 are not directed at Hilldun, and thus, they do not

17  require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks

18  sufficient knowledge and information to form a belief about the truth of the allegations, and on that

19  basis denies such allegations.

20  **FOURTEENTH CLAIM FOR RELIEF**

21       130.    As to paragraph 130, Hilldun incorporates the prior responses to each of foregoing

22  paragraphs as if fully set forth herein.

23       131.    The allegations in paragraph 131 are not directed at Hilldun, and thus, they do not

24  require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a)

25  refers to the referenced document for the contents of the document; (b) denies any characterization

26  of the referenced document that is inconsistent with the terms and language used in the referenced

27  document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the

28  remaining allegations, and on that basis denies such allegations.

24

2853851

132.    The allegations in paragraph 132 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

133.    The allegations in paragraph 133 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

134.    The allegations in paragraph 134 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

135.    The allegations in paragraph 135 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

136.    The allegations in paragraph 136 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

137.    The allegations in paragraph 137 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

2853851

138.    The allegations in paragraph 138 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

**FIFTEENTH CLAIM FOR RELIEF**

139.    As to paragraph 139, Hilldun incorporates the prior responses to each of foregoing paragraphs as if fully set forth herein.

140.    The allegations in paragraph 140 are legal conclusions or are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

141.    The allegations in paragraph 141 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun: (a) refers to the referenced document for the contents of the document; (b) denies any characterization of the referenced document that is inconsistent with the terms and language used in the referenced document; and (c) lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations, and on that basis denies such allegations.

142.    The allegations in paragraph 142 are not directed at Hilldun, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

143.    As to the allegations in paragraph 143, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

144.    The allegations in paragraph 144 are legal conclusions, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

2853851

145.    The allegations in paragraph 145 are legal conclusions, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

146.    The allegations in paragraph 146 are legal conclusions, and thus, they do not require Hilldun's response. To the extent that the allegations do require a response, Hilldun lacks sufficient knowledge and information to form a belief about the truth of the allegations, and on that basis denies such allegations.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

### **(Defective Title)**

The Yogi Amended Cross-Complaint seeks declaratory relief regarding the subject property and priority of liens, but there are, among other allegations, defects in the Debtor's title as described in the pleadings in this action.

### **SECOND AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

The Yogi Amended Cross-Complaint fails to state a claim upon which relief can be granted against Hilldun.

### **THIRD AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

The claims for relief in the Yogi Amended Cross-Complaint are barred in whole or in part by the applicable statute of limitations.

### **FOURTH AFFIRMATIVE DEFENSE**

### **(Breach of Contract)**

The claims for relief in the Yogi Amended Cross-Complaint are subject to contract principles, including breach, recission, and revocation and all the defenses associated therewith. Hilldun reserves its right to assert contractual defenses in common law and case law regarding the claims in the Yogi Amended Cross-Complaint.

2853851

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Waiver and Release)

3       The Debtor's claims and requested relief alleged in the Yogi Amended Cross-Complaint are

4   barred in whole or in part by the doctrines of release and waiver.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Estoppel)

7       The claims for relief in the Yogi Amended Cross-Complaint are barred in whole or in part by

8   the doctrine of estoppel.

9

## SEVENTH AFFIRMATIVE DEFENSE

10

### (Laches)

11      The claims for relief in the Crestlloyd Cross-Complaint are barred in whole or in part by the

12  doctrine of laches.

13

## EIGHTH AFFIRMATIVE DEFENSE

14

### (Accord and Satisfaction)

15      The claims for relief in the Crestlloyd Cross-Complaint are subject in whole or in part to the

16  doctrine of accord and satisfaction.

17

## NINTH AFFIRMATIVE DEFENSE

18

### (Statute of Frauds)

19      The claims for relief in the Yogi Amended Cross-Complaint are barred in whole or in part by

20  the statute of frauds.

21

## **PRAYER FOR RELIEF**

22      WHEREFORE, Hilldun prays and requests that judgment be entered in its favor on all of the

23  Yogi Securities's claims asserted against Hilldun, if any, and on Hilldun's affirmative defenses

24  asserted herein.

25  Dated:  December 1, 2022                    Respectfully submitted,
                                                BG LAW LLP
26

27                                              By:  _/s/ Ryan F. Coy_____  _____
                                                    Steven T. Gubner
28                                                  Ryan F. Coy
                                                    Attorneys for Defendant Hilldun Corporation

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.

A true and correct copy of the foregoing document entitled: **CROSS-DEFENDANT HILLDUN CORPORATION'S ANSWER TO CROSS-CLAIMANT YOGI SECURITIES HOLDINGS, LLC'S FIRST AMENDED CROSS-COMPLAINT [ADV. DOCKET NO. 55]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **December 1, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**   kandrassy@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
- **Todd M Arnold**   tma@lnbyg.com
- **Ryan Coy**   rcoy@bg.law, ecf@bg.law
- **Max Fabricant**   mfabricant@lavelysinger.com
- **Thomas M Geher**   tmg@jmbm.com, bt@jmbm.com; tmg@ecf.courtdrive.com
- **David B Golubchik**   dbg@lnbyg.com, stephanie@lnbyb.com
- **Jonathan Gottlieb**   jdg@lnbyg.com
- **John A Moe**   john.moe@dentons.com, glenda.spratt@dentons.com; derry.kalve@dentons.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Joseph M Rothberg**   jmr@lnbyg.com
- **Paul Sorrell**   psorrell@lavelysinger.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**\*[Delivery to Judge temporarily suspended if under 25 pages, per General Order 21-05]**

Hon. Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Crtrm 1639
Los Angeles, CA 90012

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 1, 2022 | NIKOLA A. FIELDS | /s/ Nikola A. Fields |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**