```
 1                   UNITED STATES BANKRUPTCY COURT

 2             CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

 3                              --oOo--

 4  In Re:                          )  Case No. 2:21-bk-18205-DS
                                    )
 5  CRESTLLOYD, LLC,                )  Chapter 11
                                    )  Los Angeles, California
 6                                  )
    Debtor,                         )  Thursday, 11:30 A.M.
 7                                  )  October 27, 2022
    --------------------------------X
 8  INFERNO INVESTMENT, INC.,       )
                                    )
 9              Plaintiff,          )
                                    )
10              v.                  )  Adv. No. 2:22-ap-01125-DS
                                    )
11  CRESTLLOYD, LLC, et al.,        )
                                    )
12              Defendants.         )
    --------------------------------X
13
                                       CONTINUED HEARING RE: [24]
14                                     DEFENDANT HANKEY CAPITAL,
                                       LLC'S MOTION TO DISMISS
15                                     INFERNO INVESTMENT, INC.'S
                                       ADVERSARY COMPLAINT
16

17                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE DEBORAH SALTZMAN
18                UNITED STATES BANKRUPTCY JUDGE

19

20  APPEARANCES:

21  For the Plaintiff:         PAUL N. SORRELL, ESQ.
                               Lavely & Singer
22                             2049 Century Park East
                               Suite #2400
23                             Los Angeles, California  90067

24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.
```



P 888.272.0022   F 818.343.7119        www.benhyatt.com

| | | |
|---|---|---|
| 1 | For Yogi Securities: | JOHN ARTHUR MOE, II, ESQ. |
| 2 | | Dentons US, LLP |
| | | 601 South Figueroa Street |
| | | Suite #2500 |
| 3 | | Los Angeles, California  90017 |
| 4 | For Hankey Capital, LLC: | HOWARD STEINBERG, ESQ. |
| | | GreenbergTraurig |
| 5 | | 1840 Century Park East |
| | | Suite #1900 |
| 6 | | Los Angeles, California  90067 |
| 7 | Court Recorder: | Dawnette Francis |
| | | U.S. Bankruptcy Court |
| 8 | | Central District of California |
| | | Edward R. Roybal Federal Building |
| 9 | |   and Courthouse |
| | | 255 East Temple Street, Room #940 |
| 10 | | Los Angeles, California  90012 |
| | | (855) 460-9641 |
| 11 | | |
| | Court Transcriptionist: | Ruth Ann Hager, C.E.T.**D-641 |
| 12 | | Ben Hyatt Certified Deposition |
| | |   Reporters |
| 13 | | 17835 Ventura Boulevard, Suite 310 |
| | | Encino, California  91316 |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

P 888.272.0022  F 818.343.7119



www.benhyatt.com

```
Page                                                                  3
 1        LOS ANGELES, CALIFORNIA, THURSDAY, OCTOBER 27, 2022
 2                            11:59 A.M.
 3                             --oOo--
 4        THE COURT:  Okay.  Let's go back to matter #4.20.
 5   This is the Crestlloyd adversary proceeding, Inferno
 6   Investment v. Crestlloyd.  This is a ruling for the parties
 7   on last week's discussion regarding the motion to dismiss
 8   filed by Hankey.
 9        Let me just start with appearances here.
10   Mr. Steinberg, good mor -- good afternoon, though.
11        MR. STEINBERG:  Good afternoon, Your Honor.
12   Howard Steinberg of GreenbergTraurig, appearing on behalf
13   of the defendant Hankey Investments.
14        THE COURT:  Okay.  Mr. Sorrell, good afternoon.
15        MR. SORRELL:  Good afternoon, Your Honor.  Paul
16   Sorrell, Lavely & Singer, appearing on behalf of the
17   plaintiff Inferno Investment, Inc.
18        THE COURT:  Okay.  And we also have Mr. Moe here.
19   Good morning -- or good afternoon.
20        MR. MOE:  Good afternoon.  John Moe of Dentons
21   US, LP, on behalf of Yogi Securities Holdings.
22        THE COURT:  Okay.  Well, I thank you all for
23   coming back today.  I really did want to take a look once
24   again at the complaint and the causes of action and make
25   sure that I gave you a ruling that addressed all the
```

Page 4

1  arguments and would be most helpful to everyone going
2  forward so that we could have a clearer complaint and give
3  the parties better direction.  So I do appreciate you
4  coming back.
5          I'm going to be reading a little bit more than
6  you're used to here because I want to make sure that I get
7  everything that was covered in the papers and in oral
8  argument and I want to make sure that I address everything
9  in the complaint adequately.
10         So I'll first take a step back.  Once again, this
11 is the Hankey Capital motion to dismiss.  This is the
12 complaint filed by Inferno Investment in a 12(b)(6) motion.
13 Obviously we are very much at the pleading stage.  The
14 Court is really limited to assessing what is on the paper
15 on the face of the complaint.
16         And with that in mind, I want to address kind of
17 the two broader arguments that are brought up in the motion
18 first regarding judicial estoppel and secondly regarding
19 what I'll call kind of the appropriateness of declaratory
20 relief of the stand-alone claim and then I'll get to each
21 of the six specific claims for relief.
22         So as of last week on judicial estoppel I'm not
23 persuaded by the motion here.  First of all, I think that
24 the parties both actually applied in large part the wrong
25 standard.  I would look to the *New Hampshire v. Maine* case,

Page 5

1  which I think I cited last week.  That's at 532 U.S. 742.
2  It's 2001 within the Ninth Circuit.  We looked to *Hamilton*
3  *v. State Farm* at 270 F.3d 778, and also I think helpful is
4  the *Spokane Law Enforcement Credit Union v. Barker* case at
5  839 F.3d 1189 setting forth the three-factor test to
6  establish judicial estoppel.
7           I don't see here that under that test the second
8  or third factors have been established here.  I question
9  whether they even could be established at the pleading
10 stage for a 12(b)(6) motion, but whether that is the case
11 or not, I don't see that that's been established here.  I
12 don't think that my ruling -- that I don't find judicial
13 estoppel has been established here in a 12(b)(6) motion
14 would necessarily preclude that argument later on in this
15 proceeding as we go forward.  But for purposes of this
16 motion, I do not find that there is a basis for finding --
17 that the plaintiff would be judicially estopped from making
18 complaints.
19          Secondly, the motion argues broadly with respect
20 to a number of the claims for relief, that declaratory
21 relief is inappropriate as a stand-alone claim.  And this
22 feels as though the argument is one of form over substance
23 because if the movant is arguing that the relative priority
24 lienholders can't be litigated without some statutory or
25 common law cause of action, that is going to be news to a

Page                                                                                 6

1  lot of courts that regularly decide cases regarding the
2  distribution of lien priority.
3             The movant doesn't explain how it would be
4  inappropriate for the Court to make a determination about
5  interpretation of the party's memoranda of agreement, the
6  subordination agreement, and whether it was forged or a
7  general assessment of the relative priority of parties
8  claiming security interests and the proceeds of the sale of
9  the property that was approved by the Court.  I just don't
10 see that this argument is one that would cause the Court to
11 grant a motion to dismiss.
12            Now, that said, we now turn to the specific
13 claims for relief.  I'm going to go through them in order
14 one to six (phonetic).
15            The first claim for relief I will grant the
16 motion in part with leave to amend.  As to the allegations
17 in the first claim for relief regarding the allegedly
18 forged subordination agreement, I'm going to deny the
19 motion.  I don't see that the motion makes an effective
20 argument that the complaint fails to state a claim with
21 respect to substance there.  The only real argument made in
22 the motion relate to the issue that I've already discussed,
23 this declaratory relief type of argument, and I don't think
24 that that is enough -- would sustain a motion to dismiss.
25            So as to the allegedly forged agreement, I think

1  that there are facts that are alleged that would support
2  the cause of action, so the motion is denied.
3           With respect to the next subsection under this
4  claim for relief regarding the lack of compliance with the
5  disbursement requirements of Exhibit D, I'm going to grant
6  the motion here with leave to amend.  It doesn't seem to me
7  that the complaint sets forth any legal theory upon which
8  any alleged failure to follow the procedures set forth in
9  Schedule D would result in any changes of a lienholder's
10 priority.  And I think that the complaint needs to set
11 forth that legal theory and support those allegations so
12 that the movants are in a position to be able to answer.
13          Next, we have -- and this is what I look at as
14 the last subset of valuations in the first claim for
15 relief, these allegations that the memoranda of agreement
16 attached to Claim 7 and Claim 18 doesn't perfect liens
17 against the property.  And here again, I'm going to grant
18 the motion with leave to amend.
19          I want to separate out Claim 17 and Claim 18 just
20 for a moment here because I do look at them differently and
21 obviously they're different claims.  I almost don't know
22 what to say about Claim 17.  The relief requested in the
23 complaint is a declaratory judgment as to whether the
24 security interest related to that claim was perfected, but
25 there is no dispute here that this is a worthless claim.

Page                                                              8

1  So as the claim currently stands, there's no claim --
2  there's no cause of action that's been alleged there.  Now,
3  I don't know if there could be, but the complaint, as it
4  stands, doesn't state a claim upon which relief could be
5  granted.
6           As to Claim 18, I agree with the motion that this
7  is really allegations of legal conclusions.  All the
8  complaint is alleging at this point is that the memorandum
9  of agreement didn't perfect a lien against the property and
10 the Court at this stage can't determine what the factual
11 basis is for Inferno's claims or a legal theory, so I want
12 to give the plaintiff an opportunity to amend the first
13 claim for relief as to that claim as well.
14          The second claim for relief, I'm going to deny
15 the motion to dismiss here.  Again, we're at the pleading
16 stage.  The Court has to look at what is on the face of the
17 document.  Here the allegation -- the allegations in the
18 complaint request declaratory relief to the effect that
19 Inferno didn't subordinate its debt to the defendant
20 lienholder's claims by the MOA and they're, again, kind of
21 in parts here -- two parts.
22          First, there is a reference -- let me make sure I
23 quote this directly here.  "The MOA was prepared in the
24 context and subordination with respect to specific loans to
25 which Inferno agreed in writing to subordinate."  This is

```
     Page                                                              9

 1   from paragraph 46 of the complaint.
 2              I can't conclude that accepting all the
 3   allegations is true in this paragraph and the second claim
 4   for relief and drawing any inferences in favor of the
 5   plaintiff at this stage as it'd have to, that this claim
 6   would have to fail solely on the language of the MOA
 7   itself.  I don't see in the motion to dismiss any authority
 8   presented that the language of the MOA agreement itself
 9   would necessarily create a broad subordination on its own
10   face.  So at the pleading stage I don't see grounds for a
11   motion to dismiss.
12              I also see in the motion with respect to the
13   second claim for relief an argument that the claim has to
14   fail because the allegations of fraud are not pleaded with
15   particularity.  Now, this is interesting because it is the
16   case, of course, that when fraud is alleged there is a
17   heightened standard for the pleading.  But here, the
18   alleged fraud relates to fraud by Crestlloyd, by the
19   debtor, and they have answered the complaint.
20              I don't see in the motion any explanation for why
21   the movant would need specific further allegations to
22   defend allegations of fraud by another defendant.  I don't
23   think that there's anything that would make the movant
24   unable to respond to this complaint as it stands now.  So
25   again, as to the second claim for relief, I'm going to deny
```

Page                                                                    10

1  the motion.
2             As to the third claim for relief, this is another
3  declaratory relief claim that Inferno's claim is senior to
4  other secured creditors, I don't see anything in the motion
5  that is really different from the issues that I've already
6  discussed with respect to declaratory relief just generally
7  being inappropriate for a complaint.  As I said before, I
8  don't think that that is the case here.
9             So I don't see any other basis in the motion
10 beyond that general argument and also any arguments with
11 respect to arguments regarding the second claim for relief
12 where I'm denying the motion.  So again, as to the third
13 claim for relief, I am going to deny the motion to dismiss.
14            The fourth claim for relief has to do with
15 violation of California Business and Professionals Code
16 17200.  This is the unfair business practices section of
17 the Code.  Here I am going to grant the motion and, as I
18 said in our conversations last week, I considered granting
19 this motion without leave to amend, but I am going to grant
20 with leave to amend here at this early stage.  You know,
21 leave to amend should be granted liberally, so I'm going to
22 do that here.
23            And I want to specifically talk about the basis
24 for granting the motion here.  First, there's kind of a
25 standing argument that's made in the motion and I take this

Page 11

1   to mean that there needs to be allegations of a public or
2   consumer interest here that would be protected under
3   California Unfair Business and Professionals Code.
4           Looking at the case law, I think that the most
5   helpful case for the parties to consider is the *Sacramento*
6   *EDM* case and that holding specifically states that there
7   needs to be in a complaint allegations that individual
8   consumers or the public at large were harmed as a result of
9   the alleged conduct.
10          And in this case, the complaint doesn't allege
11  enough facts to show the existence of a public or consumer
12  interest that would be protected by the unfair business
13  practices provisions.  Again, I am granting leave to amend
14  because leave to amend should be granted liberally,
15  particularly when we're talking about the first complaint.
16  But I do wonder whether it's possible to amend the
17  complaint to allege harm within the statute here, but I
18  will grant leave to amend.
19          The second part of the motion here with respect
20  to unfair business practices has to do more with specific
21  allegations of violations of the Code, specifically the
22  motions arguing that there's no alleged statutory
23  violation, there's no allegation of unlawful conduct.
24          The opposition argues that the plaintiff is
25  alleging fraudulent and unfair conduct that would support

1  an unfair business practices claim.  And once again, I do
2  agree with the motion that as it stands the complaint
3  doesn't have sufficient allegations.
4         When I look at paragraph 57 and 58 of the
5  complaint, this is with respect to what Inferno is arguing
6  is allegations of fraudulent conduct, if this is the
7  fraudulent activity, paragraphs 57 and 58, it's not
8  adequate.  These paragraphs don't have the particularity
9  that is needed to satisfy Rule 90 when it comes to claims
10 granted in fraud.
11        When we talk about unfair conduct, which is the
12 other argument that Inferno is making, I do think that the
13 *Celtek* (phonetic) case is the correct standard here.  It is
14 a case involving an action by a competitor alleging anti-
15 competitive practices.  That's exactly what we have here.
16 And I don't think that the standard has been satisfied
17 because the complaint needs to allege not just that the
18 parties are competitors, which I suppose the complaint
19 does, but -- and it doesn't need to just allege that the
20 plaintiff was harmed here, which I suppose it does.  But
21 the complaint has to allege that there is conduct that
22 significantly threatens or harms competition.  That's the
23 *Celtek* task.  That is what needs to be alleged in a
24 complaint that is asserting unfair conduct related to anti-
25 competitive practices.  It's not enough to just say, we're

1  competitors and we're harmed.  There has to be a broader
2  allegation in order to support a claim of unfair business
3  practices.  So as to the fourth claim for relief, again,
4  I'm going to grant the motion with leave to amend here.
5           The fifth claim for relief is the claim for
6  declaratory relief regarding whether the rebates and DIP
7  proceeds are unencumbered.  I don't see anything in the
8  motion beyond, again, the argument on inappropriateness of
9  declaratory relief that would cause me to grant a motion to
10 dismiss the claim.  I don't see any specific arguments
11 regarding the allegations alleged in the fifth claim, so on
12 this, the motion with respect to the fifth claim for relief
13 is denied.
14          Finally, we get to recission, the sixth claim for
15 relief.  Here I will grant with leave to amend.  I'll agree
16 with the motion that recission is not a stand-alone cause
17 of action.  It has to arise out of a specific claim.
18          Now, in briefing related to the motion to
19 dismiss, I was able to discern about what the plaintiff
20 believes or intends is that recission is based on a claim
21 of fraudulent inducement and then recission would be a
22 remedy for that.
23          If that's the case, the complaint needs to allege
24 the elements of fraudulent inducement or some other claim
25 that would be the basis for a recission.  But at this

Page                                                                14

1  point, the Court doesn't see that there is a claim upon
2  which recission could be granted as a remedy.  So I have to
3  grant the motion to dismiss with leave to amend to allege
4  the elements of the cause of action that would support
5  recission as a remedy.
6           There's a bunch of argument made in the motion
7  with respect to meeting the requirements of (9)(b).  Yeah,
8  the Court would have to evaluate whether the heightened
9  pleading standards of (9)(b) are met in the context of a
10 realleged claim, but at this stage I'm not in a position to
11 say whether that's been met or not, because I don't see the
12 claims that have been alleged.
13          So I thank you for your patience in waiting a
14 week and then sitting through what is a little bit of a
15 longer usual reading than I'm used to giving, but that is
16 my ruling on the motion.  I want to make sure there are no
17 questions regarding specifics and then maybe we'll talk to
18 finding on when an amended complaint is due and when an
19 amended responsive pleading is due.
20          Questions, Mr. Steinberg or Mr. Sorrell?
21          MR. STEINBERG:  No, Your Honor.  I think your
22 ruling was clear.  Thank you very much.
23          THE COURT:  Okay.  Thank you.
24          Mr. Sorrell?
25          MR. SORRELL:  Your Honor, I have no questions.  I

```
 1  mean, there are a number of issues I could address and I
 2  was prepared to walk through, you know, chapter and verse
 3  some of the issues where Mr. Steinberg had suggested my
 4  client had fabricated a forgery and so forth, but I've
 5  heard everything you said.  I understand.  It makes sense
 6  and I'm prepared to just talk about a day for an amended
 7  complaint.
 8              THE COURT:  How long do you think you need?
 9              MR. SORRELL:  We don't need a lot of time.  I
10  would say two weeks, Your Honor, three weeks.  If we can
11  have three weeks, that would be sufficient.
12              THE COURT:  That's fine with me and I think that
13  that's -- you know, I'm always happy to give more than two
14  weeks when we have, you know, a complaint like this that,
15  you know, has some detail to it and also obviously involves
16  a lot of money that the parties are very concerned about.
17              So let's have an amended complaint then three
18  weeks after entry of the order.
19              Mr. Steinberg, if you would lodge an order, you
20  know, granting the motion in part with leave to amend,
21  amended complaint to be filed three weeks after entry of
22  the order.  And then for a responsive pleading, you know,
23  again, the rules would be two weeks, but perhaps a little
24  more would be appropriate here.  Mr. Steinberg?
25              MR. STEINBERG:  Yeah, I'd appreciate it if we'd
```

```
Page                                                                16
 1  get a little bit more.  Then we get into the holiday season
 2  is the only --
 3              THE COURT:  You want to do three weeks for that
 4  as well?
 5              MR. STEINBERG:  How about three weeks, three
 6  weeks, three weeks.
 7              MR. SORRELL:  All right.  That will be fine, Your
 8  Honor.
 9              THE COURT:  Okay.  If you could include that in
10  the order that would be great.  And I believe at this point
11  do we have -- just looking to see -- no, we didn't keep --
12  yeah, we had our status conference already set to that
13  December date, I believe, to go along with the various
14  other --
15              MR. SORRELL:  I think it was, December 1, Your
16  Honor.
17              THE COURT:  Yeah.  I suspect that date will
18  probably change for everyone, but we'll kind of see where
19  we are when we go forward.
20              MR. SORRELL:  All right.  Very well.  Thank you
21  very much.
22              THE COURT:  Okay.  Thank you so much, everyone.
23              MR. SORRELL:  Thank you.
24              THE COURT:  Mr. Steinberg, I'll look for the
25  order from you in three weeks, three weeks, and I'll get
```



```
                                                                  Page      17
 1   that entered.  Thank you.
 2              MR. STEINBERG:  Terrific.
 3              ATTORNEYS:  Thank you, Your Honor.
 4              THE COURT:  Okay.  That's it for today.  We're
 5   adjourned.
 6   (At 12:23 p.m.)
 7                       *  *  *  *  *  *
 8              I certify that the foregoing is a correct
 9   transcript from the electronic sound recording of the
10   proceedings in the above-entitled matter.
11
12   [signature: Ruth Ann Hager]
13
14   _____        Date:  12/1/2022
15   RUTH ANN HAGER, C.E.T.**D-641
16
17
18
19
20
21
22
23
24
25
```

P 888.272.0022  F 818.343.7119



www.benhyatt.com