DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JOSEPH M. ROTHBERG (State Bar No. 286363)
JONATHAN D. GOTTLIEB (State Bar No. 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JMR@LNBYG.COM
JDG@LNBYG.COM

Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>    Debtor and Debtor-in-Possession | Case No.: 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. Proceeding No.: 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL LLC, a California limited liability company, YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; and HILLDUN CORPORATION, a NEW YORK CORPORATION,<br><br>    Defendants. | **DEFENDANT CRESTLLOYD LLC'S ANSWER TO PLAINTIFF INFERNO INVESTMENT INC.'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: June 9, 2022<br>FAC Filed: November 28, 2022 |

Defendant Crestlloyd, LLC (referred to herein as "Crestlloyd", the "Debtor" or "Defendant"), by and through the undersigned counsel, set forth their Answer and Affirmative Defenses to Plaintiff Inferno Investment, Inc.'s ("Plaintiff" or "Inferno")'s First Amended Complaint [Adv. Docket No. 110] (the "FAC"), as follows:

## ANSWER

1. Answering paragraph 1 of the FAC, Crestlloyd admits that Plaintiff at one time made a loan to Crestlloyd, and that Crestlloyd at one time owned real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property"), and denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

2. Answering paragraph 2 of the FAC, Crestlloyd admits that this is an adversary proceeding wherein Plaintiff seeks a judicial determination that its debt is not subordinated, and denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

3. Answering paragraph 3 of the FAC, Crestlloyd admits that it believes the 2016 Memorandum of Agreement (the "MOA") between Crestlloyd and Inferno subordinated Inferno's debt, and denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

4. Answering paragraph 4 of the FAC, these allegations pertain to other Defendants and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and on these grounds denies the allegations contained therein.

5. Answering paragraph 5 of the FAC, Crestlloyd denies the allegations contained therein.

6. Answering paragraph 6 of the FAC, Crestlloyd admits that this Court has jurisdiction over this matter.

7. Answering paragraph 7 of the FAC, Crestlloyd admits that this adversary proceeding is brought pursuant to Rule 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure

8. Answering paragraph 8 of the FAC, Crestlloyd admits that venue is proper.

9. Answering paragraph 9 of the FAC, Crestlloyd admits this proceeding is a "core" proceeding.

10. Answering paragraph 10 of the FAC, Crestlloyd admits that Inferno flied Proof of Claim No. 11 on or about January 4, 2022 but lacks sufficient knowledge or information to form a belief as to the truth of all other allegations contained therein and, on these grounds, denies all other allegations contained therein.

11. Answering paragraph 11 of the FAC, Crestlloyd admits the allegations therein.

12. Answering paragraph 12 of the FAC, these allegations pertain to other Defendants and not Crestlloyd and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and on these grounds denies the allegations contained therein.

13. Answering paragraph 13 of the FAC, these allegations pertain to other Defendants and not Crestlloyd and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein and, on these grounds, denies the allegations contained therein.

14. Answering paragraph 14 of the FAC, these allegations pertain to other Defendants and not Crestlloyd and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein and, on these grounds, denies the allegations contained therein.

15. Answering paragraph 15 of the FAC, Crestlloyd admits that Nile Niami is one of Crestlloyd's principals, that Crestlloyd bought the Property, that Inferno provided funding to help finance the purchase of the Property, and that Inferno accepted the risk of loaning funds to Crestlloyd, but except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph and on these grounds denies all other allegations contained therein.

16. Answering paragraph 16 of the FAC, Crestlloyd admits that there are documents to evidence loans from Inferno, Inferno Realty L.P., and Maybach Holdings Corporation Inc., but except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph and on these grounds denies all other allegations contained therein.

17. Answering paragraph 17 of the FAC, Crestlloyd admits that on November 10, 2015, Crestlloyd and Inferno recorded a Modification and Supplement to Deed of Trust but except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph and on these grounds denies all other allegations contained therein.

18. Answering paragraph 18 of the FAC, Crestlloyd admits the allegations therein.

19. Answering paragraph 19 of the FAC, Crestlloyd admits that the MOA speaks for itself.  Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph and on these grounds denies all other allegations contained therein.

20. Answering paragraph 20 of the FAC, Crestlloyd denies the allegations therein.

21. Answering paragraph 21 of the FAC, Crestlloyd admits the allegations therein.

22. Answering paragraph 22 of the FAC, Crestlloyd admits that the Construction Loan Agreement provided that Hankey Capital was lending $82.5 million to Crestlloyd.  Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph and on these grounds denies all other allegations contained therein.

23. Answering paragraph 23 of the FAC, Crestlloyd denies the allegations therein.

24. Answering paragraph 24 of the FAC, Crestlloyd lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on these grounds denies all allegations contained therein.

25. Answering paragraph 25 of the FAC, Crestlloyd lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on these grounds denies all allegations contained therein.

26. Answering paragraph 26 of the FAC, Crestlloyd lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on these grounds denies all allegations contained therein...

27. Answering paragraph 27 of the FAC, Crestlloyd lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on these grounds denies all allegations contained therein.

28. Answering paragraph 28 of the FAC, Crestlloyd lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on these grounds denies all allegations contained therein.

29. Answering paragraph 29 of the FAC, Crestlloyd lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on these grounds denies all allegations contained therein.

30. Answering paragraph 30 of the FAC, Crestlloyd admits that Yogi made loans to Crestlloyd, that Crestlloyd signed a Secured Promissory Note to pay Yogi for the loans it made to Crestlloyd, and that Yogi filed Proof of Claim No. 15 in this action. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

31. Answering paragraph 31 of the FAC, Crestlloyd denies the allegations therein.

32. Answering paragraph 32 of the FAC, Crestlloyd admits that it filed the instant voluntary Chapter 11 bankruptcy petition on or around October 26, 2021, and that it obtained Court approval for the post-petition loan of $12,000,000 from Hankey. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

33. Answering paragraph 33 of the FAC, Crestlloyd admits that Hankey filed proofs of claim nos. 17, 18, and 20 in Crestlloyd's chapter 11 case. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

34. Answering paragraph 34 of the FAC, Crestlloyd admits that Yogi filed proof of claim no. 15 in Crestlloyd's chapter 11 case. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

35. Answering paragraph 35 of the FAC, Crestlloyd admits that Hilldun filed proof of claim no. 9 in Crestlloyd's chapter 11 case. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein. Answering paragraph 36 of the FAC, Crestlloyd admits that the Court approved the sale of the Property for $126,000,000 plus $11,970,000 attributable to the buyers' premium, and that Crestlloyd received net proceeds of $119,943,690.74. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

36. Answering paragraph 36 of the FAC, Crestlloyd admits that this Court entered a sale order on March 28, 2022, the contents of which Court Order speak for itself. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

37. Answering paragraph 37 of the FAC, Crestlloyd admits that this Court entered an order on May 27, 2022, the contents of which Court Order speaks for itself. Crestlloyd denies the remainder of allegations in this paragraph.

38. Answering paragraph 38 of the FAC, Crestlloyd incorporates its admissions and denials as set forth above.

39. Answering paragraph 39 of the FAC, Crestlloyd admits the allegations therein, subject to the fact that several subordination agreements were made concerning Inferno's debt.

40. Answering paragraph 40 of the FAC, Crestlloyd denies the allegations therein.

41. Answering paragraph 41 of the FAC, Crestlloyd denies the allegations therein.

42. Answering paragraph 42 of the FAC, Crestlloyd denies the allegations therein.

43. Answering paragraph 43 of the FAC, Crestlloyd denies the allegations therein.

44. Answering paragraph 44 of the FAC, Crestlloyd incorporates its admissions and denials as set forth above.

45. Answering paragraph 45 of the FAC, Crestlloyd admits the allegations therein, subject to the fact that several subordination agreements were made concerning Inferno's debt.

46. Answering paragraph 46 of the FAC, Crestlloyd denies the allegations therein.

47. Answering paragraph 47 of the FAC, Crestlloyd denies the allegations therein.

48. Answering paragraph 48 of the FAC, Crestlloyd denies the allegations therein.

49. Answering paragraph 49 of the FAC, Crestlloyd incorporates its admissions and denials as set forth above.

50. Answering paragraph 50 of the FAC, Crestlloyd admits the allegations therein, subject to the fact that several subordination agreements were made concerning Inferno's debt.

51. Answering paragraph 51 of the FAC, Crestlloyd denies the allegations therein.

52. Answering paragraph 52 of the FAC, Crestlloyd denies the allegations therein.

53. Answering paragraph 53 of the FAC, Crestlloyd denies the allegations therein.

54. Answering paragraph 54 of the FAC, Crestlloyd denies the allegations therein.

55. Answering paragraph 55 of the FAC, Crestlloyd incorporates its admissions and denials as set forth above.

56. Answering paragraph 56 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies these allegations contained therein.

57. Answering paragraph 57 of the FAC, Crestlloyd admits that Hankey made Crestlloyd loans pursuant to the Construction Loan Agreement. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

58. Answering paragraph 58 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on these grounds denies all allegations contained therein.

59. Answering paragraph 59 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies all allegations contained therein.

60. Answering paragraph 60 of the FAC, these allegations concern the actions of another party Hankey, and therefore Crestlloyd lacks information to be able to admit the allegations contained therein, and on that basis denies the allegations.

61. Answering paragraph 61 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies all allegations contained therein.

62. Answering paragraph 62 of the FAC, these allegations concern the actions of another party Hankey, and therefore Crestlloyd lacks information to be able to admit the allegations contained therein, and on that basis denies the allegations.

63. Answering paragraph 63 of the FAC, Crestlloyd incorporates its admissions and denials as set forth above.

64. Answering paragraph 64 of the FAC, Crestlloyd admits that it obtained Court authority to borrow up to $12 million secured by a first priority lien against the Property. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

65. Answering paragraph 65 of the FAC, Crestlloyd admits that the Court has not made a finding as to whether the DIP Loan Proceeds are unencumbered or not. Crestlloyd denies the remainder of the allegations in this paragraph.

66. Answering paragraph 66 of the FAC, Crestlloyd admits that the Court has not yet made a finding as to whether the Rebate is unencumbered. Except as expressly admitted herein, Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

67. Answering paragraph 67 of the FAC, these allegations concern Inferno's opinions on the outcome of the Property's sale, and speculation related to the same and Crestlloyd lacks sufficient knowledge or information to admit or deny all other allegations in this paragraph and on these grounds denies all other allegations contained therein.

68. Answering paragraph 68 of the FAC, it appears evident from Inferno's FAC that there is a dispute as to how the Rebate and DIP Loan Proceeds should be distributed. Crestlloyd admits that there appears to be such a dispute.

69. Answering paragraph 69 of the FAC, Crestlloyd incorporates its admissions and denials as set forth above.

70. Answering paragraph 70 of the FAC, Crestlloyd denies the allegations therein.

71. Answering paragraph 71 of the FAC, these allegations concern the actions of another party, Nile Niami, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies all allegations contained therein.

72. Answering paragraph 72 of the FAC, Crestlloyd denies the allegations therein.

73. Answering paragraph 73 of the FAC, Crestlloyd denies the allegations therein.

74. Answering paragraph 74 of the FAC, Crestlloyd denies the allegations therein.

75. Answering paragraph 75 of the FAC, Crestlloyd denies the allegations therein.

76. Answering paragraph 76 of the FAC, Crestlloyd denies that Inferno did not agree to subordinate under the MOA. Crestlloyd lacks sufficient knowledge or information to admit

or deny the remainder of the allegations in this paragraph on those grounds denies all allegations contained therein.

77. Answering paragraph 77 of the FAC, Crestlloyd admits that it has taken the position that Inferno's lien and claim are subordinate to others. Crestlloyd denies the remainder of the allegations therein.

78. Answering paragraph 78 of the FAC, Crestlloyd admits that it received millions of dollars in loans to be used for construction and development of the Airole Property. Crestlloyd denies remainder of the allegations therein.

79. Answering paragraph 79 of the FAC, Crestlloyd denies the allegations therein.

80. Answering paragraph 80 of the FAC, Crestlloyd denies the allegations therein.

81. Answering paragraph 81 of the FAC, Crestlloyd lacks sufficient knowledge or information to admit or deny the allegations in this paragraph concerning Inferno's knowledge, and on those grounds denies all allegations contained therein.

82. Answering paragraph 82 of the FAC, Crestlloyd denies the allegations therein.

83. Answering paragraph 83 of the FAC, Crestlloyd denies the allegations therein.

84. Answering paragraph 84 of the FAC, Crestlloyd denies the allegations therein.

85. Answering paragraph 85 of the FAC, Crestlloyd denies the allegations therein.

86. Answering paragraph 86 of the FAC, Crestlloyd incorporates its admissions and denials as set forth above.

87. Answering paragraph 87 of the FAC, Crestlloyd admits that it had contacts with the Debtor at various times, which included loan agreements. Crestlloyd lacks sufficient knowledge or information to admit or deny the allegations in this paragraph concerning Inferno's knowledge, and on those grounds denies all allegations contained therein.

88. Answering paragraph 88 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies all allegations contained therein.

89. Answering paragraph 89 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies all allegations contained therein.

90. Answering paragraph 90 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies all allegations contained therein.

91. Answering paragraph 91 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies all allegations contained therein.

92. Answering paragraph 92 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies all allegations contained therein.

93. Answering paragraph 93 of the FAC, these allegations concern the actions of another party Hankey, and Crestlloyd lacks sufficient knowledge or information to admit or deny these allegations and on these grounds denies all allegations contained therein.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**
### **(Failure to State a Claim)**

94. Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

### **Second Affirmative Defense**
### **(Accord / Satisfaction)**

95. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and/or satisfaction, insofar as the Plaintiff will received what full recovery it is entitled to pursuant to the MOA.

### **Third Affirmative Defense**

### (Waiver)

96. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, as Plaintiff entered into several agreements after the MOA was signed with Crestlloyd, and not once claimed that it did not agree to "subordinate indefinitely" despite the fact that Plaintiff had many opportunities to earlier clarify this in subsequent agreements.

### Fourth Affirmative Defense
### (Estoppel)

97. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, as Plaintiff entered into several agreements after the MOA was signed with Crestlloyd, and not once claimed that it did not agree to "subordinate indefinitely" despite the fact that Plaintiff had many opportunities to earlier clarify this in subsequent agreements.

/ / /

### Fifth Affirmative Defense
### (Failure to Mitigate)

98. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### Sixth Affirmative Defense
### (Impossibility)

99. Plaintiff's claim for recission is barred, in whole or in part, by the doctrine of impossibility, as it is no longer possible to "rescind" the MOA. failure to mitigate damages.

### Seventh Affirmative Defense
### (Money Damages Sufficient)

100. Plaintiff's claim for recission is improper. If Plaintiff is indeed able to prove any breach or failure of the contract between Plaintiff and Crestlloyd, money damages would be sufficient.

### Eighth Affirmative Defense
### (Ratification)

101. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification, insofar as Plaintiff, by conduct, ratified the series of agreements between itself Crestlloyd.

### Ninth Affirmative Defense
### (In Pari Delicto and Unclean Hands)

102. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of *in pari delicto* and unclean hands.

### RESERVATION OF RIGHTS

103. Crestlloyd has not knowingly or intentionally waived any applicable defenses, and it reserves all rights to assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds. Crestlloyd reserves all rights to amend or seek to amend its Answer and Affirmative Defenses.

### PRAYER FOR RELIEF

WHEREFORE, Crestlloyd prays for a judgment hereon ordering the following relief:

**On the First Claim for Relief:**

1. For judgment denying Inferno's request for declaratory relief.

**On the Second Claim for Relief:**

2. For judgment denying Inferno's request for declaratory relief.

**On the Third Claim for Relief:**

3. For judgment denying Inferno's request for declaratory relief.

**On the Fourth Claim for Relief:**

4. Crestlloyd makes no prayer as this claim for relief is directed at other parties.

**On the Fifth Claim for Relief:**

5. For judgment denying Inferno's request for declaratory relief.

**On the Seventh Claim for Relief:**

6. Crestlloyd makes no prayer as this claim for relief is directed at other parties.

**As to All Claims for Relief:**

7. For costs of suit permitted under applicable law; and

8. For any such other and further relief as is just and proper

Dated: December 12, 2022    LEVENE, NEALE, BENDER, YOO
                                                          & GOLUBCHIK L.L.P.

By:_____
    DAVID B. GOLUBCHIK
    TODD M. ARNOLD
    JOSEPH M. ROTHBERG
    JONATHAN D. GOTTLIEB
    LEVENE, NEALE, BENDER,
    YOO & GOLUBCHIK L.L.P.
    Attorneys for Crestlloyd, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 2818 La Cienega Avenue, Los Angeles, California 90034.

A true and correct copy of the foregoing document entitled **DEFENDANT CRESTLLOYD LLC'S ANSWER TO PLAINTIFF INFERNO INVESTMENT INC.'S FIRST AMENDED COMPLAINT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 12, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold    tma@lnbyg.com
- Ryan Coy    rcoy@bg.law, ecf@bg.law
- Max Fabricant    mfabricant@lavelysinger.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- Jonathan Gottlieb    jdg@lnbyg.com
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Joseph M Rothberg    jmr@lnbyg.com
- Paul Sorrell    psorrell@lavelysinger.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com

**2. SERVED BY UNITED STATES MAIL**: On **December 12, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 12, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 12, 2022 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**