**MARTIN D. SINGER (BAR NO. 78166)**
**PAUL N. SORRELL (BAR NO. 126346)**
**MAX D. FABRICANT (BAR NO. 333859)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com
psorrell@lavelysinger.com
mfabricant@lavelysinger.com

**KYRA E. ANDRASSY (BAR NO. 207959)**
**SMILEY WANG-EKVALL, LLP**
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone: (714) 445-1000
Email: kandrassy@swelawfirm.com

Attorneys for Plaintiff and Counter-Defendant
INFERNO INVESTMENT, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; and HILLDUN CORPORATION, a New York corporation,<br><br>Defendants. | **ANSWER OF PLAINTIFF AND COUNTER-DEFENDANT INFERNO INVESTMENT, INC. TO SECOND AMENDED COUNTERCLAIM AND CROSSCLAIM OF YOGI SECURITIES HOLDINGS, LLC**<br><br>Judge: Hon. Deborah J. Saltzman<br><br>Action Filed: June 9, 2022 |

| |
|---|
| YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company,<br><br>Counter/Cross-Complainant,<br><br>v.<br><br>CRESTLLOYD, LLC, a California Limited Liability Company; HANKEY CAPITAL, LLC, a California limited liability company; INFERNO INVESTMENT, INC., a Quebec corporation; and HILLDUN CORPORATION, a New York corporation,<br><br>Counter/Cross-Defendants. |
| AND RELATED CROSS-ACTIONS. |

Plaintiff and Counter-Defendant Inferno Investment, Inc. ("Inferno"), in response to the Second Amended Counterclaim and Crossclaim of Yogi Securities Holdings, LLC For Declaratory Relief, An Accounting, Equitable Subordination, and Disallowance of Claims and Recharacterization of Claims, filed January 30, 2023 as Docket No. 155 in this case (the "Amended Counterclaim"), hereby admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. Inferno admits the allegations set forth in Paragraph 1 of the Amended Counterclaim.

2. Inferno admits the allegations set forth in Paragraph 2 of the Amended Counterclaim.

3. Inferno admits the allegations set forth in Paragraph 3 of the Amended Counterclaim.

4. Inferno admits the allegations set forth in Paragraph 4 of the Amended Counterclaim.

## THE PARTIES

5. Answering Paragraph 5 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 5 of the Amended Counterclaim and, on that basis, denies such allegations.

6. Answering Paragraph 6 of the Amended Counterclaim, Inferno admits and alleges that Crestlloyd is the Debtor in this Chapter 11 bankruptcy proceeding which remains pending. Inferno lacks information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 6 of the Amended Counterclaim and, on that basis, denies such allegations.

7. Answering Paragraph 7 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 7 of the Amended Counterclaim and, on that basis, denies such allegations.

8. Answering Paragraph 8 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 8 of Amended Counterclaim and, on that basis, denies such allegations.

9. Answering Paragraph 9 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 9 of the Amended Counterclaim and, on that basis, denies such allegations.

## FACTUAL BACKGROUND

10. Answering Paragraph 10 of the Amended Counterclaim, Inferno admits and alleges that it loaned money and extended credit to Crestlloyd for construction of “The One,” secured by the Property, and that Inferno’s lending and participation preceded involvement of any other Defendant. Inferno further admits and alleges that Defendants Hankey, Hilldun and Yogi Securities contend that they made loans to Crestlloyd secured by the Property as well. Inferno lacks information sufficient to

enable it to admit or deny the remaining allegations set forth in Paragraph 10 of the Counterclaim and, on that basis, denies such allegations.

**A. The Alleged Inferno Funding**

11. Inferno is informed and believes that the allegations set forth in Paragraph 11 of the Amended Counterclaim are true and, on that basis, admits those allegations.

12. Inferno admits the allegations set forth in Paragraph 12 of the Amended Counterclaim.

13. Inferno admits the allegations set forth in Paragraph 13 of the Amended Counterclaim.

14. Inferno admits the allegations set forth in Paragraph 14 of the Amended Counterclaim.

15. Answering Paragraph 15 of the Amended Counterclaim, Inferno admits and alleges that the Promissory Note referenced in Paragraph 12 of the Amended Counterclaim was reduced to provide that the face amount was $7,000,000.00. Inferno further admits and alleges that the Promissory Note's "modifications" included language typed into the Promissory Note reflected on Exhibit D signed by Julien Remillard, Director of Inferno Investments, Inc, a Canadian Corporation. Inferno further admits and alleges that this "modified" Promissory Note referenced in Paragraph 15 of the Amended Counterclaim is attached as Exhibit D of the Amended Counterclaim. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 15 of the Amended Counterclaim.

16. Answering Paragraph 16 of the Amended Counterclaim, Inferno admits and alleges that it acquired all right, title and interest of Inferno Realty and Maybach in these transactions and that, on or about October 21, 2015, it entered into a Modification and Supplement to Deed of Trust with Crestlloyd, which identified an amount then allegedly owed as $10,925,545. Inferno further admits and alleges that this "Modified Inferno Deed of Trust" secures the Promissory

Note referenced in Paragraph 11 of the Amended Counterclaim and the Modified Promissory Note referenced in Paragraph 15 of the Amended Counterclaim, and that the total amount secured by the Modified Inferno Deed of Trust is $10,295,545. Inferno further admits and alleges that this "Modified Inferno Deed of Trust" is attached as Exhibit E of the Amended Counterclaim. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 16 of the Amended Counterclaim.

17. Answering Paragraph 17 of the Amended Counterclaim, Inferno admits and alleges that it entered into a document dated as of January 1, 2016, entitled "Memorandum of Agreement," a copy of which is attached as Exhibit F to the Amended Counterclaim ("the MOA"), that contained language referenced therein. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 17 of the Amended Counterclaim, and admits, repeats and realleges the allegations in its Complaint regarding the MOA and its amendments.

18. Answering Paragraph 18 of the Amended Counterclaim, Inferno admits the allegations in Paragraph 18 of the Amended Counterclaim, and further admits, repeats and realleges the allegations in its Complaint regarding the MOA and its amendments.

19. Answering Paragraph 19 of the Amended Counterclaim, Inferno admits that Hankey, Hilldun and Yogi Securities allege in Crestlloyd's bankruptcy case that they loaned money to Crestlloyd. Except as expressly admitted herein, Inferno denies the allegations of Paragraph 19 of the Amended Counterclaim.

**B. <u>The Yogi Securities Loans</u>**

20. Answering Paragraph 20 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 20 of the Amended Counterclaim and, on that basis, denies such allegations.

21. Answering Paragraph 21 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Amended Counterclaim and, on that basis, denies such allegations.

22. Answering Paragraph 22 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 22 of the Amended Counterclaim and, on that basis, denies such allegations.

23. Answering Paragraph 23 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 23 of the Amended Counterclaim and, on that basis, denies such allegations.

24. Answering Paragraph 24 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 24 of the Amended Counterclaim and, on that basis, denies such allegations.

25. Answering Paragraph 25 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 25 of the Amended Counterclaim and, on that basis, denies such allegations.

26. Answering Paragraph 26 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 26 of the Amended Counterclaim and, on that basis, denies such allegations.

27. Answering Paragraph 27 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 27 of the Amended Counterclaim and, on that basis, denies such allegations.

28. Answering Paragraph 28 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 28 of the Amended Counterclaim and, on that basis, denies such allegations.

29. Answering Paragraph 29 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 29 of the Amended Counterclaim and, on that basis, denies such allegations.

30. Answering Paragraph 30 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 30 of the Amended Counterclaim and, on that basis, denies such allegations.

31. Answering Paragraph 31 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 31 of the Amended Counterclaim and, on that basis, denies such allegations.

32. Answering Paragraph 32 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 32 of the Amended Counterclaim and, on that basis, denies such allegations.

33. Answering Paragraph 33 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 33 of the Amended Counterclaim and, on that basis, denies such allegations.

**C. The Alleged Hankey Funding And The Interrelationship Between The Hankey Funding And The Increased Yogi Securities Funding**

34. Answering Paragraph 34 of the Amended Counterclaim, Inferno is informed and believes, and thereon admits and alleges, that Crestlloyd needed substantial funding to complete construction of improvements to the Property in approximately September of 2018.

35. Answering Paragraph 35 of the Amended Counterclaim, Inferno admits the allegations that Crestlloyd entered into an agreement with Hankey to borrow $82,500,000 as a construction loan for the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 35 of the Amended Counterclaim and, on that basis, denies such allegations.

36. Answering Paragraph 36 of the Amended Counterclaim, Inferno admits the allegations that Crestlloyd entered into an agreement with Hankey to borrow $82,500,000 as a construction loan for the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to admit or deny the

allegations set forth in Paragraph 36 of the Amended Counterclaim and, on that basis, denies such allegations.

37. Answering Paragraph 37 of the Amended Counterclaim, Inferno admits the allegations that Crestlloyd entered into an agreement with Hankey to borrow $82,500,000 as a construction loan for the Property. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 37 of the Amended Counterclaim and, on that basis, denies such allegations.

38. Answering Paragraph 38 of the Amended Counterclaim, Inferno admits the allegations that Crestlloyd entered into an agreement with Hankey to borrow $82,500,000 as a construction loan for the Property. Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 38 of the Amended Counterclaim and, on that basis, denies such allegations.

39. Answering Paragraph 39 of the Amended Counterclaim, Inferno admits the allegations that Crestlloyd entered into an agreement with Hankey to borrow $82,500,000 as a construction loan for the Property. Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 39 of the Amended Counterclaim and, on that basis, denies such allegations.

40. Answering Paragraph 40 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 40 of the Amended Counterclaim and, on that basis, denies such allegations.

41. Answering Paragraph 41 of the Amended Counterclaim, Inferno denies the allegations in Paragraph 41 of the Amended Counterclaim, and further repeats and realleges the allegations in the Complaint concerning the alleged Subordination Agreement, including the forgery of its representative's alleged signatures, and the priority of Inferno's claims over the claims of all other creditors of Crestlloyd.

42. Answering Paragraph 42 of the Amended Counterclaim, Inferno admits and alleges that Hankey increased its loan without notifying or obtaining consent

from Inferno. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 42 of the Amended Counterclaim and, on that basis, denies such allegations.

43. Answering Paragraph 43 of the Amended Counterclaim, Inferno admits and alleges that Hankey Capital increased the principal balance of its loan to Crestlloyd from $82,500,000 to $91,000,000. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 43 of the Amended Counterclaim.

44. Answering Paragraph 44 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 44 of the Amended Counterclaim and, on that basis, denies such allegations.

45. Answering Paragraph 45 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 45 of the Amended Counterclaim and, on that basis, denies such allegations.

46. Answering Paragraph 46 of the Amended Counterclaim, Inferno admits the allegations that Hankey Capital made the decision not to record any documents in regard to, and not to disclose to Inferno, the increase in the amount of the Hankey loan or the profit participation, so as to conceal and not to inform Inferno of the increases. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 46 of the Amended Counterclaim and, on that basis, denies such allegations.

47. Answering Paragraph 47 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 47 of the Amended Counterclaim and, on that basis, denies such allegations.

48. Answering Paragraph 48 of the Amended Counterclaim, Inferno admits and alleges that Hankey Capital increased the purported principal balance of its advances to Crestlloyd from $91,000,000 to $106,000,000. Except as admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 48 of the Amended Counterclaim and, on that basis, denies such allegations.

49. Answering Paragraph 49 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 49 of the Amended Counterclaim and, on that basis, denies such allegations.

50. Answering Paragraph 50 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 50 of the Amended Counterclaim and, on that basis, denies such allegations.

51. Answering Paragraph 51 of the Amended Counterclaim, Inferno admits and alleges that Hankey Capital made the decision to conceal and not to inform Inferno of the second increase in the amount of the Hankey loan before the increased loan was funded or the third profit participation agreement was executed. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 51 of the Amended Counterclaim and, on that basis, denies such allegations.

52. Answering Paragraph 52 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 52 of the Amended Counterclaim and, on that basis, denies such allegations.

53. Answering Paragraph 53 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in

Paragraph 53 of the Amended Counterclaim and, on that basis, denies such allegations.

54. Answering Paragraph 54 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 54 of the Amended Counterclaim and, on that basis, denies such allegations.

**D. <u>The Construction Loan Agreement</u>**

55. Inferno admits the allegations set forth in Paragraph 55 of the Amended Counterclaim.

56. Inferno admits the allegations set forth in Paragraph 56 of the Amended Counterclaim.

57. Inferno admits the allegations set forth in Paragraph 57 of the Amended Counterclaim.

58. Inferno admits the allegations set forth in Paragraph 58 of the Amended Counterclaim.

59. Inferno admits the allegations set forth in Paragraph 59 of the Amended Counterclaim.

60. Inferno admits the allegations set forth in Paragraph 60 of the Amended Counterclaim.

61. Inferno admits the allegations set forth in Paragraph 61 of the Amended Counterclaim.

62. Inferno admits the allegations set forth in Paragraph 62 of the Amended Counterclaim.

63. Answering Paragraph 63 of the Amended Counterclaim, Inferno admits and alleges that Hankey controlled, scrutinized and approved disbursements to Crestlloyd through Hankey personnel and/or through a third party agency retained by Hankey, but failed to monitor and/or control all disbursements. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable

it to admit or deny the allegations alleged in Paragraph 63 of the Amended Counterclaim and, on that basis, denies such allegations.

64. Answering Paragraph 64 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 64 of the Amended Counterclaim and, on that basis, denies such allegations.

65. Answering Paragraph 65 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 65 of the Amended Counterclaim and, on that basis, denies such allegations.

66. Answering Paragraph 66 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 66 of the Amended Counterclaim and, on that basis, denies such allegations.

67. Answering Paragraph 67 of the Amended Counterclaim, Inferno admits and alleges that it is informed and believes that Hankey failed to make some disbursements and refused to make other disbursements that should have been approved. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 67 of the Amended Counterclaim and, on that basis, denies such allegations.

**E. <u>The Hilldun Loan</u>**

68. Answering Paragraph 68 of the Amended Counterclaim, Inferno lacks information sufficient to admit or deny the allegations set forth in Paragraph 68 of the Amended Counterclaim and, on that basis, denies such allegations.

**<u>THE SALE OF THE PROPERTIES</u>**

69. Answering Paragraph 69 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in

Paragraph 69 of the Amended Counterclaim and, on that basis, denies such allegations.

70. Answering Paragraph 70 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 70 of the Amended Counterclaim and, on that basis, denies such allegations.

**THE BANKRUPTCY**

71. Inferno admits the allegations of Paragraph 71 of the Amended Counterclaim.

72. Answering Paragraph 72 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations in Paragraph 72 of the Amended Counterclaim and, on that basis, denies such allegations.

**THE SALE OF THE PROPERTY**

73. Inferno admits the allegations of Paragraph 73 of the Amended Counterclaim.

74. Inferno admits the allegations set forth in Paragraph 74 of the Amended Counterclaim.

75. Answering Paragraph 75 of the Amended Counterclaim, Inferno admits the allegations of Paragraph 75 of the Amended Counterclaim, except that the motion was filed on May 24, 2022 and is Docket No. 325 (not 326).

**FIRST CLAIM FOR RELIEF**

COUNTERCLAIM AGAINST INFERNO FOR DECLARATORY RELIEF TO THE EFFECT THAT INFERNO'S PURPORTED LIEN SHOULD BE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

76. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75 of this Second Amended Answer and incorporates them as though set forth in full herein.

77. Answering Paragraph 77 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in

Paragraph 77 of the Amended Counterclaim and, on that basis, denies such allegations.

78. Answering Paragraph 78 of the Amended Counterclaim, Inferno admits and alleges that, as stated in the Complaint, the context of the MOA including its amendments was to implement the agreement that the parties would authorize subordination only of any additional debt that was fully disclosed and to which they agreed in writing. Inferno further admits and alleges that the parties actually conducted themselves in this manner, such that Inferno's consent was sought to subordinate obligations under the MOA. Inferno declined in February 2021 to subordinate to an increased loan facility by Hankey Capital. None of the debts alleged by Defendants were the subject of subordination under the MOA. Inferno further admits and alleges that the MOU contains the language quoted in Paragraph 78. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 78 of the Amended Counterclaim.

79. Answering Paragraph 79 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 79 of the Amended Counterclaim and, on that basis, denies such allegations.

80. Inferno denies the allegations set forth in Paragraph 80 of the Amended Counterclaim.

81. Answering Paragraph 81 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by the competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 81 of the Amended Counterclaim.

82. Answering Paragraph 82 of the Amended Counterclaim, Inferno admits and alleges that its secured debt priority higher than any debt of Yogi Securities, but

denies that Yogi's alleged debt constitutes a lien. At no time did Crestlloyd ever request that Yogi Securities alleged debt (or lien) be subordinated by Inferno. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 82 of the Amended Counterclaim and, on that basis, denies such allegations.

83. Answering Paragraph 83 of the Amended Counterclaim, Inferno denies that any secured lien referenced in Paragraph 83 of the Amended Counterclaim constitutes a lien instead of a debt. Except as expressly denied herein, lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 83 of the Amended Counterclaim and, on that basis, denies such allegations.

## **SECOND CLAIM FOR RELIEF**

### COUNTERCLAIM AND CROSSCLAIM FOR AN ACCOUNTING FROM INFERNO AND CRESTLLOYD ON ALL DISBURSEMENTS FROM INFERNO TO CRESTLLOYD AND ON THE AMOUNT DUE FROM CRESTLLOYD TO INFERNO

84. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75 of this Second Amended Answer and incorporates them as though set forth in full herein.

85. Answering Paragraph 85 of the Amended Counterclaim, Inferno repeats and realleges its allegations regarding the alleged transactions contained in Paragraphs 10 through 18 above.

86. Inferno denies the allegations set forth in Paragraph 86 of the Amended Counterclaim.

## THIRD CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT THE ENTIRETY OF HANKEY'S PURPORTED LIEN SHOULD BE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

87. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75 of this Second Amended Answer and incorporates them as though set forth in full herein.

88. Answering Paragraph 88 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 88 of the Amended Counterclaim and, on that basis, denies such allegations.

89. Answering Paragraph 89 of the Amended Counterclaim, Inferno admits and alleges that Hankey substantially increased its $82,500,000 loan to $91,000,000, including the execution by Hankey and Crestlloyd of the Modification of Deed of Trust attached to the Amended Counterclaim as Exhibit JJ that was never recorded, and the execution of the second Profit Participation Agreement attached to the Amended Counterclaim as Exhibit KK, of which a notice (*i.e.*, a "Memorandum Of Agreement") was not recorded. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 89 of the Amended Counterclaim and, on that basis, denies such allegations.

90. Answering Paragraph 90 of the Amended Counterclaim, Inferno admits and alleges that Hankey recorded nothing in connection with and at the time of the increase in the loan to $91,000,000 that occurred on or about December 10, 2019 and nothing in connection with and at the time of the second Profit Participation Agreement. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 90 of the Amended Counterclaim and, on that basis, denies such allegations.

91. Answering Paragraph 91 of the Amended Counterclaim, Inferno admits the allegations set forth in Paragraph 91 of the Amended Counterclaim.

92. Answering Paragraph 92 of the Amended Counterclaim, Inferno admits and alleges that Hankey further increased its $91,000,000 loan to $106,000,000 and that the second Profit Participation Agreement includes the language referenced in Paragraph 92 of the Amended Counterclaim. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 92 of the Amended Counterclaim and, on that basis, denies such allegations.

93. Answering Paragraph 93 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 93 of the Amended Counterclaim and, on that basis, denies such allegations.

94. Answering Paragraph 94 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 94 of the Amended Counterclaim and, on that basis, denies such allegations.

95. Answering Paragraph 95 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 95 of the Amended Counterclaim and, on that basis, denies such allegations.

96. Answering Paragraph 96 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 96 of the Amended Counterclaim and, on that basis, denies such allegations.

97. Answering Paragraph 97 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in

Paragraph 97 of the Amended Counterclaim and, on that basis, denies such allegations.

98. Answering Paragraph 98 of the Amended Counterclaim, Inferno admits and alleges that Hankey completely controlled and approved all disbursements, utilizing Hankey personnel, scrutinizing each requested disbursement, consistent with the language in the $82,500,000 Construction Loan Agreement, and Exhibit D thereto, and the First Modification Of Construction Loan Agreement. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 98 of the Amended Counterclaim and, on that basis, denies such allegations.

99. Answering Paragraph 99 of the Amended Counterclaim, Inferno admits and alleges that Hankey “slow paid” disbursements and in some instances refused to allow some disbursements that should have been approved, which impacted Crestlloyd’s construction of improvements to the Property and imperiled the Property as security for other secured lenders. Except as expressly alleged and admitted herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 99 of the Amended Counterclaim and, on that basis, denies such allegations.

100. Answering Paragraph 100 of the Amended Counterclaim, Inferno admits and alleges that Hankey Capital’s conduct created the conditions alleged in Paragraph 100 of the Amended Counterclaim. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 100 of the Amended Counterclaim and, on that basis, denies such allegations.

101. Answering Paragraph 101 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 101 of the Amended Counterclaim and, on that basis, denies such allegations.

102. Answering Paragraph 102 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 102 of the Amended Counterclaim and, on that basis, denies such allegations.

103. Answering Paragraph 103 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 103 of the Amended Counterclaim and, on that basis, denies such allegations.

104. Answering Paragraph 104 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 104 of the Amended Counterclaim and, on that basis, denies such allegations.

105. Answering Paragraph 105 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 105 of the Amended Counterclaim and, on that basis, denies such allegations.

## FOURTH CLAIM FOR RELIEF

### CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF THE ENTIRETY OF HANKEY'S CLAIM TO YOGI SECURITIES' CLAIM

106. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75 and 88 through 100 of this Second Amended Answer and incorporates them as though set forth in full herein.

107. Inferno admits the allegations alleged in Paragraph 107 of the Amended Counterclaim.

108. Inferno admits the allegations alleged in Paragraph 108 of the Amended Counterclaim.

109. Answering Paragraph 109 of the Amended Counterclaim, Inferno admits and alleges that Hankey Capital's engaged in the unfair, predatory and improper lending practices alleged in Paragraph 109 of the Amended Counterclaim. Except as expressly admitted and alleged herein, lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 109 of the Amended Counterclaim and, on that basis, denies such allegations.

110. Answering Paragraph 110 of the Amended Counterclaim, admits the allegations set forth in Paragraph 110 of the Amended Counterclaim.

111. Answering Paragraph 111 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 111 of the Amended Counterclaim and, on that basis, denies such allegations.

112. Answering Paragraph 112 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 112 of the Amended Counterclaim and, on that basis, denies such allegations.

## FIFTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT PRINCIPAL AND INTEREST, FEES AND COSTS INCLUDED IN HANKEY'S PURPORTED LIEN, RELATED TO HANKEY'S MODIFICATIONS OF DECEMBER 10, 2019 AND AUGUST 20, 2020, ARE SUBORDINATED TO THE LIEN OF YOGI SECURITIES

113. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75 and 88 through 101 of this Second Amended Answer and incorporates them as though set forth in full herein.

114. Answering Paragraph 114 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in

Paragraph 114 of the Amended Counterclaim and, on that basis, denies such allegations.

115. Answering Paragraph 115 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 115 of the Amended Counterclaim and, on that basis, denies such allegations.

116. Answering Paragraph 116 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 116 of the Counterclaim.

117. Answering Paragraph 117 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 117 of the Amended Counterclaim and, on that basis, denies such allegations.

118. Answering Paragraph 118 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 118 of the Amended Counterclaim and, on that basis, denies such allegations.

**SIXTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S CLAIM TO YOGI SECURITIES' CLAIM IN REGARD TO THE AMOUNT OF PRINCIPAL AND INTEREST, FEES AND COSTS RELATED TO HANKEY'S PURPORTED LOAN MODIFICATIONS OF DECEMBER 10, 2019 AND AUGUST 20, 2020

119. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75, 88 through 102, and 107 through 109 of this Second Amended Answer and incorporates them as though set forth in full herein.

120. Answering Paragraph 120 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 120 of the Amended Counterclaim and, on that basis, denies such allegations.

121. Answering Paragraph 121 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 121 of the Amended Counterclaim and, on that basis, denies such allegations.

## SEVENTH CLAIM FOR RELIEF

### CLAIM AGAINST CRESTLLOYD FOR AN ACCOUNTING ON ALL DISBURSEMENTS FROM HANKEY TO CRESTLLOYD FOR CONSTRUCTION OF IMPROVEMENTS TO THE PROPERTY, AND ON THE AMOUNT DUE FROM CRESTLLOYD TO HANKEY IN REGARD TO CRESTLLOYD ABIDING BY THE TERMS OF THE CONSTRUCTION AGREEMENT

122. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75 and 98-100 of this Second Amended Answer and incorporates them as though set forth in full herein.

123. Answering Paragraph 123 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 123 of the Amended Counterclaim and, on that basis, denies such allegations.

124. Answering Paragraph 124 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 124 of the Amended Counterclaim and, on that basis, denies such allegations.

125. Answering Paragraph 125 of the Amended Counterclaim, Inferno admits the allegations set forth in Paragraph 125 of the Amended Counterclaim.

## EIGHTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST HANKEY FOR DECLARATORY RELIEF TO THE EFFECT THAT A PORTION OF HANKEY'S PURPORTED LIEN SHOULD BE SUBORDINATED TO THE LIEN OF YOGI SECURITIES TO THE EXTENT THAT HANKEY'S ALLEGED LOANS WERE NOT USED FOR CONSTRUCTION OF IMPROVEMENTS TO THE PROPERTY

126. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75, 88-101 and 123-123 of this Amended Answer and incorporates them as though set forth in full herein.

127. Answering Paragraph 127 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 127 of the Amended Counterclaim and, on that basis, denies such allegations.

128. Answering Paragraph 128 of the Amended Counterclaim, Inferno admits the allegations set forth in Paragraph 128 of the Amended Counterclaim.

129. Answering Paragraph 129 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 129 of the Counterclaim.

130. Answering Paragraph 130 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 130 of the Amended Counterclaim and, on that basis, denies such allegations.

131. Answering Paragraph 131 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 131 of the Amended Counterclaim and, on that basis, denies such allegations.

**NINTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR EQUITABLE SUBORDINATION OF HANKEY'S CLAIM TO THE CLAIM OF YOGI SECURITIES TO THE EXTENT HANKEY'S PURPORTED LOAN WAS NOT USED FOR CONSTRUCTION OF IMPROVEMENTS TO THE PROPERTY

132. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75, 88-102, 107-109, and 128 this Second Amended Answer and incorporates them as though set forth in full herein.

133. Answering Paragraph 133 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 133 of the Amended Counterclaim and, on that basis, denies such allegations.

**TENTH CLAIM FOR RELIEF**

CROSSCLAIM AGAINST HANKEY FOR DISALLOWANCE OF HANKEY’S ALLEGED SECURED CLAIM ARISING FROM THE AUGUST 2020 PROFIT PARTICIPATION AGREEMENT

134. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75 of this Second Amended Answer and incorporates them as though set forth in full herein.

135. Answering Paragraph 135 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 135 of the Amended Counterclaim and, on that basis, denies such allegations.

136. Answering Paragraph 136 of the Amended Counterclaim, Inferno admits the allegations set forth in Paragraph 136 of the Amended Counterclaim.

137. Answering Paragraph 137 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 137 of the Amended Counterclaim and, on that basis, denies such allegations.

138. Answering Paragraph 138 of the Amended Counterclaim, Inferno admits the allegations set forth in Paragraph 138 of the Amended Counterclaim.

139. Answering Paragraph 139 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 139 of the Amended Counterclaim and, on that basis, denies such allegations.

## **ELEVENTH CLAIM FOR RELIEF**

### CROSSCLAIM AGAINST INFERNO FOR RECHARACTERIZATION OF THE CLAIM OF INFERNO FROM DEBT TO EQUITY

140. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75 and 78-80 of this Second Amended Answer and incorporates them as though set forth in full herein.

141. Answering Paragraph 141 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 141 of the Amended Counterclaim.

142. Answering Paragraph 142 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 142 of the Amended Counterclaim.

143. Answering Paragraph 143 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 143 of the Amended Counterclaim.

144. Answering Paragraph 144 of the Amended Counterclaim, Inferno admits the allegations set forth in Paragraph 144 of the Amended Counterclaim.

145. Answering Paragraph 145 of the Amended Counterclaim, Answering Paragraph 145 of the Amended Counterclaim, Inferno is informed and believes and thereon admits and alleges that the Memorandum contains the language from the Memorandum quoted in Paragraph 145. Except as expressly admitted and alleged herein, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 145 of the Amended Counterclaim and, on that basis, denies such allegations.

146. Answering Paragraph 146 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 146 of the Amended Counterclaim.

147. Answering Paragraph 147 of the Amended Counterclaim, Inferno denies the allegations set forth in Paragraph 147 of the Amended Counterclaim.

148. Answering Paragraph 148 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 148 of the Amended Counterclaim and, on that basis, denies such allegations.

## TWELFTH CLAIM FOR RELIEF

CROSSCLAIM AGAINST CRESTLLOYD FOR DECLARATORY RELIEF TO THE EFFECT THAT THE REBATE AND THE DIP LOAN PROCEEDS ARE ENCUMBERED

149. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 75 of this Second Amended Answer and incorporates them as though set forth in full herein.

150. Answering Paragraph 150 of the Amended Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations alleged in Paragraph 150 of the Amended Counterclaim and, on that basis, denies such allegations.

151. Answering Paragraph 151 of the Amended Counterclaim, Inferno is informed and believes that the allegations in Paragraph 151 of the Amended Counterclaim are accurate and, on that basis, admits such allegations.

152. Answering Paragraph 152 of the Amended Counterclaim, Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 152 of the Amended Counterclaim.

153. Answering Paragraph 153 of the Amended Counterclaim, Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has

priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 153 of the Amended Counterclaim.

154. Answering Paragraph 154 of the Amended Counterclaim, Inferno admits and alleges that 28 U.S.C. 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure confer jurisdiction to determine validity, priority and extent of liens alleged by competing lienholders, including Inferno and Defendants. Except as expressly admitted and alleged herein, Inferno denies the allegations set forth in Paragraph 154 of the Amended Counterclaim.

155. Answering Paragraph 155 of the Amended Counterclaim, Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 155 of the Amended Counterclaim.

156. Answering Paragraph 156 of the Amended Counterclaim, Inferno denies that Yogi Securities is a secure lienholder or that Yogi Securities' lien has priority. Except as expressly denied herein, Inferno admits the allegations in Paragraph 156 of the Amended Counterclaim.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

157. As a First Affirmative Defense to the Amended Counterclaim, Inferno alleges that the Amended Counterclaim fails to state a claim on which relief can be granted in the First, Second and Fourteenth Claims for Relief alleged in the Amended Counterclaim.

## SECOND AFFIRMATIVE DEFENSE

**(Priority of Claim)**

158. As a Second Affirmative Defense to the Amended Counterclaim, Inferno alleges that its interest as a lender in the property is first in time vis a vis other claimants and its lien was recorded prior to the claims of other claimants.

Furthermore, there is no basis for subordination of Inferno's claim. Accordingly, Inferno's claim has priority over all other claims alleged and the Amended Counterclaim is barred on that basis.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

159. As a Third Affirmative Defense to the Amended Counterclaim, Inferno alleges that the Amended Counterclaim is barred, in whole or in part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

160. As a Fourth Affirmative Defense to the Amended Counterclaim, Inferno alleges that the Amended Counterclaim is barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

161. As a Fifth Affirmative Defense to the Amended Counterclaim, Inferno alleges that Yogi Securities is guilty of unclean hands with regard to the matters at issue, including with respect to its lack of monitoring of loan funds to be used for construction of "The One," and is, therefore, barred from seeking any recovery thereon.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

162. As a Sixth Affirmative Defense to the Amended Counterclaim, Inferno alleges that the Counterclaim is barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

163. As a Seventh Affirmative Defense to the Amended Counterclaim, Inferno alleges that Yogi Securities is not entitled to any relief sought against Inferno, including the relief sought in the Amended Counterclaim, as granting Yogi

Securities such relief would unjustly enrich Yogi Securities despite its wrongful or inequitable conduct and unjustly impose a loss on Inferno.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Acts of Independent Third Parties)**

164. As an Eighth Affirmative Defense to the Amended Counterclaim, Inferno alleges that Yogi Securities is barred from proceeding on its claims against Inferno because the issues of which it complains were caused by the acts of third parties including Hankey Capital's unfair business practices as alleged in Inferno's Complaint, not Inferno.

**NINTH AFFIRMATIVE DEFENSE**

**(Justification)**

165. As a Ninth Affirmative Defense to the Amended Counterclaim, Inferno alleges that its conduct in regard to the matters alleged in the Amended Counterclaim was justified and, therefore, Yogi Securities is barred from obtaining relief against Inferno.

**TENTH AFFIRMATIVE DEFENSE**

**(In Pari Delicto)**

166. As a Tenth Affirmative Defense to the Amended Counterclaim, Inferno alleges that Yogi Securities is barred from recovery by its own conduct, actions and omissions, which render Yogi Securities at a minimum in pari delicto with Inferno, and barring Yogi Securities from obtaining relief against Inferno.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unrecorded Property Interest – Civil Code Section 1214)**

167. As an Eleventh Affirmative Defense to the Amended Counterclaim, Inferno alleges that to the extent that Yogi Securities alleges any interest in property that is unrecorded, it is invalid pursuant to governing California law including California Civil Code Section 1214 which provides that "[e]very conveyance of real property or an estate for years therein, other than a lease for a term not exceeding

one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

## TWELFTH AFFIRMATIVE DEFENSE

**(Additional Defenses)**

168. Inferno presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated affirmative defenses. Inferno, therefore, reserves the right to assert additional affirmative defenses discovered at a later date.

## PRAYER FOR RELIEF

WHEREFORE, Inferno prays for judgment on the Amended Counterclaim as follows:

1. That Counterclaimant take nothing by reason of the Amended Counterclaim, that all orders requesting subordination, recharacterization or declaratory relief regarding the obligation of Yogi Securities to Inferno be denied, and that judgment be rendered in favor of Inferno on all issues raised in the Amended Counterclaim;

2. That Inferno be awarded costs of suit incurred in defense of this action; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3. That Inferno be granted such other and further relief as the Court deems proper.

DATE: February 21, 2023

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
PAUL N. SORRELL
MAX D. FABRICANT

By: /s/ Paul N. Sorrell
PAUL N. SORRELL
Attorneys for Plaintiff and Counter-Defendant INFERNO INVESTMENT, INC.