DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JOSEPH M. ROTHBERG (State Bar No. 286363)
JONATHAN D. GOTTLIEB (State Bar No. 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JMR@LNBYG.COM
JDG@LNBYG.COM

Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>Debtor and Debtor-in-Possession | Case No.: 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. Proceeding No.: 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL LLC, a California limited liability company, YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; and HILLDUN CORPORATION, a NEW YORK CORPORATION,<br><br>Defendants. | **DEFENDANT CRESTLLOYD LLC'S ANSWER TO COUNTERCLAIMANT YOGI SECURITIES HOLDINGS, LLC'S SECOND AMENDED COUNTERCLAIM AND CROSSCLAIM**<br><br>Second Amended Crossclaims<br>Filed: January 30, 2023 |

YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company;

Counter/Cross-Complainant,

v.

CRESTLLOYD LLC, a California Limited Liability Company; HANKEY CAPITAL, LLC, a California Limited Liability Company; INFERNO INVESTMENT, INC., a Quebec Corporation; and HILLDUN CORPORATION, a New York corporation,

Counter/Cross-Defendants,

Defendant Crestlloyd, LLC (referred to herein as "Crestlloyd", the "Debtor" or "Defendant"), by and through the undersigned counsel, set forth their Answer and Affirmative Defenses to Counter-claimant / Cross-Claimant Yogi Securities Holdings LLC's ("Yogi" or "Counterclaimant") Second Amended Counterclaims [Adv. Docket No. 155] (the "Counterclaim"), as follows:

## ANSWER

1. As to paragraph 1 of the Counterclaim, Crestlloyd admits that this Court has jurisdiction over this matter.

2. As to paragraph 2 of the Counterclaim, Crestlloyd admits that this adversary proceeding is brought pursuant to Rule 7001 *et seq*. of the Federal Rules of Bankruptcy Procedure

3. As to paragraph 3 of the Counterclaim, Crestlloyd admits that venue is proper.

4. As to paragraph 4 of the Counterclaim, Crestlloyd admits this proceeding is a "core" proceeding.

5. As to paragraph 5 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

6. As to paragraph 6 of the Counterclaim, Crestlloyd admits the allegations therein.

7. As to paragraph 7 of the Counterclaim, these allegations pertain to another party, Hankey Capital LLC ("Hankey") and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

8. As to paragraph 8 of the Counterclaim, these allegations pertain to another party, Inferno Investment, Inc. ("Inferno"), and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

9. As to paragraph 9 of the Counterclaim, these allegations pertain to another party, Hilldun Corporation ("Hilldun"), and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

10. As to paragraph 10 of the Counterclaim, Crestlloyd admits that Inferno and Hankey have asserted they loaned money or extended credit to Crestlloyd in connection with the real property located at 944 Airole Way, Los Angeles, California 90079 ("the Airole Property"). On information and belief, Crestlloyd additionally admits that Yogi has asserted it lent money or extended credit to Crestlloyd at one time. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

11. As to paragraph 11 of the Counterclaim, on information and belief, Crestlloyd admits that it executed a Promissory Note in favor of Inferno on or about March 13, 2013. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

12. As to paragraph 12 of the Counterclaim, on information and belief, Crestlloyd admits that it executed a Promissory Note in favor of Inferno and Maybach Holdings Corporation, Inc. on or about March 13, 2013. On information and belief, Crestlloyd further admits that that the Deed of Trust, instrument number 2013-0384037, was recorded at the Los Angeles County Recorder's Office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

13. As to paragraph 13 of the Counterclaim, on information and belief, Crestlloyd admits that an Assignment of Deed of trust was recorded with the Los Angeles County

Recorder's office as instrument number 2015-01375606. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

14. As to paragraph 14 of the Counterclaim, on information and belief, Crestlloyd admits that an Assignment of Deed of Trust was recorded with the Los Angeles County Recorder's office as instrument number 2015-1375607. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

15. As to paragraph 15 of the Counterclaim, on information and belief, Crestlloyd admits that Inferno reduced the claimed balance of its note to $7,00,000. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

16. As to paragraph 16 of the Counterclaim, on information and belief, Crestlloyd admits that a Modification of Deed of trust was recorded with the Los Angeles County Recorder's office as instrument number 2015-1375608. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

17. As to paragraph 17 of the Counterclaim, on information and belief, Crestlloyd admits that Crestlloyd and Inferno entered into a Memorandum of Understanding (the "MOA") on or about January 1, 2016.

18. As to paragraph 18 of the Counterclaim, on information and belief, Crestlloyd admits the allegations contained in that paragraph.

19. As to paragraph 19 of the Counterclaim, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph given the language contained therein and the timeframes alleged.

20. As to paragraph 20 of the Counterclaim, Crestlloyd admits that a promissory note was executed and delivered to Yogi in August 2017. On information and belief, Crestlloyd admits that instrument number 2017-0931482 was recorded with the Los Angeles County Recorder's office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

21. As to paragraph 21 of the Counterclaim, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph given the language contained therein and the timeframes alleged.

22. As to paragraph 22 of the Counterclaim, on information and belief, Crestlloyd admits that Crestlloyd executed and delivered a Secured Promissory Note in favor of Yogi Securities on or about October 16, 2018.

23. As to paragraph 23, of the Counterclaim, on information and belief, Crestlloyd admits that Crestlloyd executed and delivered a Deed of Trust dated October 16, 2018. On information and belief, Crestlloyd additionally admits instrument nos. 2018-0527856, 2018-0527857, and 2018-0527858 were recorded in Los Angeles County Recorder's Office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

24. As to paragraph 24 of the Counterclaim, on information and belief, Crestlloyd admits that Crestlloyd executed and delivered a Deed of Trust dated October 16, 2018. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

25. As to paragraph 25 of the Counterclaim, on information and belief, Crestlloyd admits that instrument number 2018-1126580 was recorded with the Los Angeles County Recorder's office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

26. As to paragraph 26, of the Counterclaim, on information and belief, Crestlloyd admits that Crestlloyd executed and delivered a Deed of Trust dated October 16, 2008, concerning the real property located at 1175 North Hillcrest Road, Beverley Hills, CA 90210 (the "<u>Hillcrest Property</u>"). On information and belief, Crestlloyd additionally admits that the deeds of trust numbered 2018-1065783, 2018-1065788, 2018-5789, 2018-1065790, 2018-5787 all were recorded at the Los Angeles County Recorder's office on October 19, 2018. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

27. As to paragraph 27 of the Counterclaim, on information and belief, Crestlloyd admits that instruments numbered 2017-0931482, 2018-1065780, 2018-1065781, 2018-1065782, 2018-0527857, 2018-027858 were recorded at the Los Angeles County Recorder's office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

28. As to paragraph 28 of the Counterclaim, on information and belief, Crestlloyd additionally admits that instrument number 2019-0889046 was recorded in Los Angeles County Recorder's Office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

29. As to paragraph 29 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Second Amendment of Note and Deeds of Trust with Yogi on or about August 17, 2019. On information and belief, Crestlloyd additionally admits that instrument number 2019-0907091 was recorded in Los Angeles County Recorder's Office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

30. As to paragraph 30 of the Counterclaim, on information and belief, Crestlloyd admits instruments numbered 2018-08389829 and 2018-0689830 were recorded at the Los Angeles County Recorder's office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

31. As to paragraph 31 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Fourth Amendment of Note and Deeds of Trust with Yogi on or about September 18, 2019. On information and belief, Crestlloyd additionally admits that instrument number 2019-0989746 was recorded at the Los Angeles County Recorder's office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

32. As to paragraph 32 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Fifth Amendment of Note and Deeds of Trust with Yogi on or about October 22, 2019. On information and belief, Crestlloyd additionally admits that instrument

number 2019-1154393 was recorded at the Los Angeles County Recorder's office on October 28, 2019. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

33. As to paragraph 33 of the Counterclaim, Crestlloyd denies the allegations therein.

34. As to paragraph 34 of the Counterclaim, Crestlloyd admits that in September of 2018 it required substantial funding to complete construction of improvements to the Airole Property. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

35. As to paragraph 35 of the Counterclaim, Crestlloyd admits that Hankey agreed to advance funds to Crestlloyd. Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

36. As to paragraph 36 of the Counterclaim, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

37. As to paragraph 37 of the Counterclaim, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

38. As to paragraph 38 of the Counterclaim, on information and belief, Crestlloyd admits that instruments numbered 2018-0527856 and 2018-1122917 were recorded with the Los Angeles County Recorder's office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

39. As to paragraph 39 of the Counterclaim, Crestlloyd admits that it entered into a Construction Loan Agreement with Hankey. On information and belief, Crestlloyd further admits that on or about October 2018, Hankey and Crestlloyd entered into a Security Agreement and a Profit Participation Agreement. On information and belief, Crestlloyd additionally admits that instrument number 2018-1122919 was recorded at the Los Angeles County Recorder's office on November 6, 2018. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

40. As to paragraph 40 of the Counterclaim, on information and belief, admits that Yogi Security's documents described in the Counterclaim as the "11/7/2018 Yogi Deed of

Trust" and the "11/6/2018 Hankey Deed of Trust" were recorded at the Los Angeles County Recorder's office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

41. As to paragraph 41 of the Counterclaim, on information and belief, Crestlloyd admits that Hankey and Inferno entered into a subordination agreement. On information and belief, Crestlloyd further admits that instrument number 2018-1122920 was recorded with the Los Angeles County Recorder's office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

42. As to paragraph 42 of the Counterclaim, on information and believe, Crestlloyd admits that Hankey provided Crestlloyd funds. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

43. As to paragraph 43 of the Counterclaim, on information and believe, Crestlloyd admits that Hankey provided Crestlloyd funds. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

44. As to paragraph 44 of the Counterclaim, Crestlloyd admits that on or about December 10, 2019, Hankey agreed to advance additional funds to Crestlloyd. Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

45. As to paragraph 45 of the Counterclaim, Crestlloyd admits that on or about December 2019, Hankey and Crestlloyd entered into a Profit Participation Agreement. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

46. As to paragraph 46 of the Counterclaim, these allegations pertain to other parties, and therefore Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

47. As to paragraph 47 of the Counterclaim, Crestlloyd admits that on or about December 10, 2019, Hankey agreed to advance additional funds to Crestlloyd. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

48. As to paragraph 48 of the Counterclaim, Crestlloyd admits that Hankey agreed to advance additional funds to Crestlloyd in August 2020. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

49. As to paragraph 38 of the Counterclaim, Crestlloyd admits that Crestlloyd executed an Amended and Restated Promissory Note in August 2020. On information and belief, Crestlloyd additionally admits that instrument number 2020-1030024 was recorded with the Los Angeles County Recorder's office. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

50. As to paragraph 39 of the Counterclaim, Crestlloyd admits that Crestlloyd executed a third Profit Participation Agreement with Hankey in August 2020. On information and belief, Crestlloyd additionally admits that instrument Number 2020-01030294 was recorded at the Los Angeles County Recorder's Office on August 31, 2020. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

51. As to paragraph 51 of the Counterclaim, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

52. As to paragraph 52 of the Counterclaim, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

53. As to paragraph 53 of the Counterclaim, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

54. As to paragraph 54 of the Counterclaim, these allegations pertain to other parties Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

55. As to paragraph 55 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Construction Loan Agreement with Hankey. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

56. As to paragraph 56 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Construction Loan Agreement with Hankey. On information and belief, Crestlloyd additionally admits that the language quoted appears in the Construction Loan

Agreement. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

57. As to paragraph 57 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Construction Loan Agreement with Hankey. On information and belief, Crestlloyd additionally admits that the language quoted appears in the Construction Loan Agreement. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

58. As to paragraph 58 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Construction Loan Agreement with Hankey. On information and belief, Crestlloyd additionally admits that the language quoted appears in the Construction Loan Agreement. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

59. As to paragraph 59 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Construction Loan Agreement with Hankey. On information and belief, Crestlloyd additionally admits that the language quoted appears in the Construction Loan Agreement. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

60. As to paragraph 60 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Construction Loan Agreement with Hankey. On information and belief, Crestlloyd additionally admits that the language quoted appears in the Construction Loan Agreement. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

61. As to paragraph 61 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Construction Loan Agreement with Hankey. On information and belief, Crestlloyd additionally admits that the language quoted appears in the Construction Loan Agreement. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

62. As to paragraph 62 of the Counterclaim, on information and belief, Crestlloyd admits that it entered into a Construction Loan Agreement with Hankey. On information and belief, Crestlloyd additionally admits that the language quoted appears in the First Modification of Construction Loan Agreement. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

63. As to paragraph 63 of the Counterclaim, these allegations pertain to other parties Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

64. As to paragraph 64, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

65. As to paragraph 65, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

66. As to paragraph 66, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

67. As to paragraph 67, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

68. As to paragraph 68 of the Counterclaim, Crestlloyd admits that Crestlloyd executed a $5,000,000 guaranty in favor of Hilldun in connection with a loan made by Hilldun to N.Philanthropy LLC ("N.Philanthropy"). On information and belief, Crestlloyd additionally admits that instrument number 2020-1058770 was recorded at the Los Angeles County Recorder's Office on September 4, 2020. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

69. As to paragraph 69 of the Counterclaim, on information and belief, Crestlloyd admits that the Hillcrest Property, Stone Ridge Property, Londonderry Property, Bellagio Property, and Carcassonne Property were sold. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

70. As to paragraph 70 of the Counterclaim, on information and belief Crestlloyd admits that instrument numbers 2021-0076458, 2021-0076455, 2021-0076456, and 2021-0076457 were recorded with the Los Angeles County Recorder's Office on January 14, 2021.

Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

71. As to paragraph 71 of the Counterclaim, Crestlloyd admits the allegations contained therein.

72. As to paragraph 72 of the Counterclaim, Crestlloyd admits that Inferno filed Proof of Claim No. 11. Crestlloyd additionally admits that Hankey filed Proof of Claim Nos. 17, 18, and 20. Crestlloyd additionally admits that Yogi filed Proof of Claim No. 27. Crestlloyd additionally admits that Hilldun filed Proof of Claim No. 9. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

73. As to paragraph 73 of the Counterclaim, Crestlloyd admits the allegations contained therein.

74. As to paragraph 74 of the Counterclaim, Crestlloyd admits that certain obligations, such as the Debtor in Possession Loan and mechanics liens were paid after the sale of the subject property located at 944 Airole Way, Los Angeles, CA 90079 (the "Airole Property"). Due to the vagaries of the rest of the language in this paragraph, Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

75. As to paragraph 75 of the Counterclaim, Crestlloyd admits the allegations contained therein.

## RESPONSES TO YOGI'S CLAIMS FOR RELIEF

### Responses to Yogi's First Claim for Relief

76. As to paragraph 76 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

77. As to paragraph 77 of the Counterclaim, Crestlloyd admits that the relief sought from the Counterclaim appears to be for a Declaratory Judgment. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

78. As to paragraph 78 of the Counterclaim, Crestlloyd admits the allegations contained therein.

79. As to paragraph 79 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

80. As to paragraph 80 of the Counterclaim, Crestlloyd admits the allegations contained therein.

81. As to paragraph 81 of the Counterclaim, Crestlloyd admits the allegations contained therein.

82. As to paragraph 82 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

83. As to paragraph 83 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

**Responses to Yogi's Second Claim for Relief**

84. As to paragraph 84 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

85. As to paragraph 85 of the Counterclaim, Crestlloyd incorporates its admissions and denials regarding paragraph 10 through 18.

86. As to paragraph 86 of the Counterclaim, Crestlloyd denies the allegations therein.

**Responses to Yogi's Third Claim for Relief**

87. As to paragraph 87 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

88. As to paragraph 88 of the Counterclaim, Crestlloyd admits that Yogi appears to seek a Declaratory Judgment through the Counterclaim. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

89. As to paragraph 89 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

90. As to paragraph 90 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

91. As to paragraph 91 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

92. As to paragraph 92 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

93. As to paragraph 93 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

94. As to paragraph 94 of the Counterclaim, Crestlloyd incorporates its admissions and denials regarding paragraphs 42, 46, 47, 51, and 53. Crestlloyd denies / lacks sufficient information to admit or deny the remainder of the allegations in this paragraph.

95. As to paragraph 95 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

96. As to paragraph 96 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

97. As to paragraph 97 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

98. As to paragraph 98 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

99. As to paragraph 99 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

100. As to paragraph 100 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

101. As to paragraph 101 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

102. As to paragraph 102 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

103. As to paragraph 103 of the Counterclaim, Crestlloyd admits that the Court has the power to determine the validity, priority, and extend of liens and secured interests in real property. On information and belief, Crestlloyd denies/lacks sufficient information to admit the remainder of the allegations in this paragraph.

104. As to paragraph 104 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

105. As to paragraph 105 of the Counterclaim, Crestlloyd admits that Yogi appears to seek a declaration from this Court regarding the effect of Hankey's debt and whether it is subordinated to the debt of Yogi Securities.

**Responses to Yogi's Fourth Claim for Relief**

106. As to paragraph 106 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

107. As to paragraph 107 of the Counterclaim, Crestlloyd admits that Hankey and Yogi filed proofs of claim in this matter, which proofs of claim speak for themselves.

108. As to paragraph 108 of the Counterclaim, this is a legal statement about equitable subordination under the bankruptcy code; Crestlloyd admits to the statement contained therein.

109. As to paragraph 109 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

110. As to paragraph 110 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

111. As to paragraph 111 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

112. As to paragraph 112 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

**Responses to Yogi's Fifth Claim for Relief**

113. As to paragraph 113 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

114. As to paragraph 114 of the Counterclaim, Crestlloyd admits that it appears Yogi seeks to obtain a Declaratory Judgment through the Counterclaim.

115. As to paragraph 115 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

116. As to paragraph 116 of the Counterclaim, this is a legal conclusion regarding California Code of Civil Procedure §106 and 28 U.S.C. 2201.

117. As to paragraph 117 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

118. As to paragraph 118 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

**Responses to Yogi's Sixth Claim for Relief**

119. As to paragraph 119 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

120. As to paragraph 120 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

121. As to paragraph 121 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

**Responses to Yogi's Seventh Claim for Relief**

122. As to paragraph 122 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

123. As to paragraph 120 of the Counterclaim, Crestlloyd denies the allegations contained therein.

124. As to paragraph 124, Crestlloyd denies/lacks sufficient information to admit or deny the allegations in this paragraph.

125. As to paragraph 125 of the Counterclaim, Crestlloyd denies the allegations contained therein.

**Responses to Yogi's Eighth Claim for Relief**

126. As to paragraph 126 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

127. As to paragraph 127 of the Counterclaim, Crestlloyd admits that Yogi seeks to obtain a Declaratory Judgment by and through the Counterclaim. Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the facts alleged therein, and therefore, denies the same.

128. As to paragraph 128 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

129. As to paragraph 129 of the Counterclaim, Crestlloyd admits that the Court has the power to make the determinations so described. Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the facts alleged therein, and therefore, denies the same.

130. As to paragraph 130 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

131. As to paragraph 131 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

**Responses to Yogi's Ninth Claim for Relief**

132. As to paragraph 132 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

133. As to paragraph 133 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

**Responses to Yogi's Tenth Claim for Relief**

134. As to paragraph 134 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

135. As to paragraph 135 of the Counterclaim, Crestlloyd incorporates by references its admissions and denials in response to paragraphs 39, 45, and 50, above.

136. As to paragraph 136 of the Counterclaim, Crestlloyd admits that it obtained disbursements on its loan from Hankey. Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the facts alleged therein, and therefore, denies the same.

137. As to paragraph 137 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

138. As to paragraph 138 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

139. As to paragraph 139 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

**Responses to Yogi's Eleventh Claim for Relief**

140. As to paragraph 140 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

141. As to paragraph 141 of the Counterclaim, on information and belief, Crestlloyd admits these allegations.

142. As to paragraph 142 of the Counterclaim, the documents executed between Crestlloyd and Inferno speak for themselves.

143. As to paragraph 143 of the Counterclaim, Crestlloyd admits this allegation.

144. As to paragraph 144 of the Counterclaim, Crestlloyd denies/lacks sufficient information to admit to the allegations contained in the paragraph herein.

145. As to paragraph 145 of the Counterclaim, the documents executed between Crestlloyd and Inferno speak for themselves.

146. As to paragraph 146 of the Counterclaim, these allegations pertain to other parties and Crestlloyd lacks sufficient knowledge or information to form a belief as to the truth of any facts alleged therein, and therefore, denies the same.

147. As to paragraph 147 of the Counterclaim, on information and belief, Crestlloyd admits that Inferno's interest should be categorized as equity.

148. As to paragraph 148 of the Counterclaim, on information and belief, Crestlloyd admits that Inferno's interest should be categorized as equity.

**Responses to Yogi's Twelfth Claim for Relief**

149. As to paragraph 149 of the Counterclaim, Crestlloyd incorporates its admissions and denials as set forth above.

150. As to paragraph 150 of the Counterclaim, Crestlloyd admits that Yogi seeks to obtain a declaratory judgment in this action. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

151. As to paragraph 151 of the Counterclaim, Crestlloyd admits that this Court authorized Crestlloyd to borrow up to $12,000,000 by way of the DIP Loan from Hankey. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph due to the specific wording used in this paragraph, such as the timing of the drawdown and amounts claimed spent.

152. As to paragraph 152 of the Counterclaim, Crestlloyd admits that as of the time of this filing, Crestlloyd is holding unused funds from the DIP Loan from Hankey. Crestlloyd further admits that the Court has not made any determination as to whether any unused DIP funds are encumbered or not.

153. As to paragraph 153 of the Counterclaim, Crestlloyd admits that Crestlloyd received a buyers' premium rebate from the sale of the Airole Property. Crestlloyd admits that it asserts that any buyers' premium rebate is unencumbered. Crestlloyd denies the remainder of the allegations in this paragraph.

154. As to paragraph 154 of the Counterclaim, Crestlloyd admits that the Court has the power to determine the validity, priority, and extent of liens and secured interests under the quoted section of the Bankruptcy Code. On information and belief, Crestlloyd denies/lacks sufficient information to admit whether the Court has the power to determine the extent of Crestlloyd's interests "involved in the Fifteenth claim for Relief."

155. As to paragraph 155 of the Counterclaim, Crestlloyd admits that a controversy exists between Yogi and Crestlloyd about whether any unused DIP Loan Proceeds are secured.

156. As to paragraph 156 of the Counterclaim, Crestlloyd admits that Yogi appears to seek declaratory relief. Crestlloyd denies/lacks sufficient information to admit or deny the remainder of allegations in this paragraph.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

**(Failure to State a Claim)**

Yogi's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

**Second Affirmative Defense**

**(Accord / Satisfaction)**

Yogi claims are barred, in whole or in part, by the doctrines of accord and/or satisfaction, insofar as the Plaintiff will received what full recovery it is entitled to pursuant to the agreements between Crestlloyd and Yogi.

**Third Affirmative Defense**

**(Waiver)**

Yogi's claims are barred, in whole or in part, by the doctrine of waiver, to the extent that Yogi knew of other agreements between Crestlloyd and the third parties described herein.

**Fourth Affirmative Defense**

**(Ratification)**

Yogi's claims are barred, in whole or in part, by the doctrine of ratification, insofar as Plaintiff, by conduct, ratified the series of agreements between itself, Crestlloyd, and third parties that made agreements with Crestlloyd.

**Fifth Affirmative Defense**

**(In Pari Delicto and Unclean Hands)**

Yogi's claims are barred, in whole or in part, by the equitable doctrines of *in pari delicto* and unclean hands.

**RESERVATION OF RIGHTS**

Crestlloyd has not knowingly or intentionally waived any applicable defenses, and it

reserves all rights to assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds. Crestlloyd reserves all rights to amend or seek to amend its Answer and Affirmative Defenses.

## PRAYER FOR RELIEF

WHEREFORE, Crestlloyd prays for a judgment hereon ordering the following relief:

**On the First Claim for Relief:**

1. This claim for relief is not directed toward Crestlloyd; Crestlloyd makes no prayer as this claim for relief is directed at other parties. Crestlloyd reserves all rights to respond as appropriate should the Counterclaim be amended or the need to respond otherwise arise.

**On the Second Claim for Relief:**

2. For judgment denying Yogis' request for an accounting.

**On the Third Claim for Relief:**

3. This claim for relief is not directed toward Crestlloyd; Crestlloyd makes no prayer as this claim for relief is directed at other parties. Crestlloyd reserves all rights to respond as appropriate should the Counterclaim be amended or the need to respond otherwise arise.

**On the Fourth Claim for Relief:**

4. This claim for relief is not directed toward Crestlloyd; Crestlloyd makes no prayer as this claim for relief is directed at other parties. Crestlloyd reserves all rights to respond as appropriate should the Counterclaim be amended or the need to respond otherwise arise.

**On the Fifth Claim for Relief:**

5. This claim for relief is not directed toward Crestlloyd; Crestlloyd makes no prayer as this claim for relief is directed at other parties. Crestlloyd reserves all rights to respond as appropriate should the Counterclaim be amended or the need to respond otherwise arise.

**On the Sixth Claim for Relief:**

6. This claim for relief is not directed toward Crestlloyd; Crestlloyd makes no prayer as this claim for relief is directed at other parties. Crestlloyd reserves all rights to respond as appropriate should the Counterclaim be amended or the need to respond otherwise arise.

**On the Seventh Claim for Relief:**

7. For judgment denying Yogis' request for an accounting.

**On the Eighth Claim for Relief:**

8. This claim for relief is not directed toward Crestlloyd; Crestlloyd makes no prayer as this claim for relief is directed at other parties. Crestlloyd reserves all rights to respond as appropriate should the Counterclaim be amended or the need to respond otherwise arise.

**On the Ninth Claim for Relief:**

9. This claim for relief is not directed toward Crestlloyd; Crestlloyd makes no prayer as this claim for relief is directed at other parties. Crestlloyd reserves all rights to respond as appropriate should the Counterclaim be amended or the need to respond otherwise arise.

**On the Tenth Claim for Relief:**

10. This claim for relief is not directed toward Crestlloyd; Crestlloyd makes no prayer as this claim for relief is directed at other parties. Crestlloyd reserves all rights to respond as appropriate should the Counterclaim be amended or the need to respond otherwise arise.

**On the Eleventh Claim for Relief:**

11. This claim for relief is not directed toward Crestlloyd; Crestlloyd makes no prayer as this claim for relief is directed at other parties. Crestlloyd reserves all rights to respond as appropriate should the Counterclaim be amended or the need to respond otherwise arise.

**On the Twelfth Claim for Relief:**

12. For judgment denying Yogi's request for Declaratory Relief.

**As to All Claims for Relief:**

1. For costs of suit permitted under applicable law; and

2. For any such other and further relief as is just and proper

Dated: February 21, 2023

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By:______________________________
DAVID B. GOLUBCHIK

TODD M. ARNOLD
JOSEPH M. ROTHBERG
JONATHAN D. GOTTLIEB
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
Attorneys for Crestlloyd, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **Defendant Crestlloyd Llc's Answer To Counterclaimant Yogi Securities Holdings, LLC's Second Amended Counterclaim And Crossclaim** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 21, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold tma@lnbyg.com
- Ryan Coy rcoy@bg.law, ecf@bg.law
- Max Fabricant mfabricant@lavelysinger.com
- Thomas M Geher tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- David B Golubchik dbg@lnbyg.com, stephanie@lnbyb.com
- Jonathan Gottlieb jdg@lnbyg.com
- John A Moe john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Hamid R Rafatjoo hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Joseph M Rothberg jmr@lnbyg.com
- Paul Sorrell psorrell@lavelysinger.com
- Howard Steinberg steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Johnny White JWhite@wrslawyers.com, jlee@wrslawyers.com

**2. SERVED BY UNITED STATES MAIL**: On **February 21, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 21, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 21, 2023 | Rebecka Merritt | */s/ Rebecka Merritt* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |