**MARTIN D. SINGER (BAR NO. 78166)**
**PAUL N. SORRELL (BAR NO. 126346)**
**MAX D. FABRICANT (BAR NO. 333859)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email:  mdsinger@lavelysinger.com
        psorrell@lavelysinger.com
        mfabricant@lavelysinger.com

**KYRA E. ANDRASSY (BAR NO. 207959)**
**SMILEY WANG-EKVALL, LLP**
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone: (714) 445-1000
Email:  kandrassy@swelawfirm.com

Attorneys for Plaintiff and Counter-Defendant
INFERNO INVESTMENT, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:21-bk-18205-DS |
| CRESTLLOYD, LLC, | Chapter 11 |
| Debtor. | Adv. No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation, | **PLAINTIFF AND COUNTER-DEFENDANT INFERNO INVESTMENT, INC.'S ANSWER TO HANKEY CAPITAL, LLC'S COUNTERCLAIM** |
| Plaintiff, | |
| v. | |
| CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; and HILLDUN CORPORATION, a New York corporation, | Action Filed:  June 9, 2022 |
| Defendants. | |
| AND RELATED CROSS-ACTIONS. | |

1

ANSWER TO HANKEY CAPITAL, LLC'S COUNTERCLAIM

Plaintiff and Counter-Defendant Inferno Investment, Inc. ("Inferno"), in response to the Hankey Capital, LLC's ("Hankey") Counterclaim For Declaratory Relief and Recharacterization of Inferno's Claims, filed July 26, 2023 as Docket No. 222 in this case ("Hankey's Counterclaim"), hereby admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. Inferno admits the allegations set forth in Paragraph 1 of Hankey's Counterclaim.

2. Inferno admits the allegations set forth in Paragraph 2 of Hankey's Counterclaim.

3. Answering Paragraph 3 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 3 of Hankey's Counterclaim, and, on that basis, denies such allegations.

## THE PARTIES

4. Inferno admits the allegations set forth in Paragraph 4 of Hankey's Counterclaim.

5. Inferno admits the allegations set forth in Paragraph 5 of Hankey's Counterclaim.

## FACTUAL BACKGROUND

**A.     Hankey's Loans to Crestlloyd**

6. Answering Paragraph 6 of Hankey's Counterclaim Inferno admits that in 2018, Debtor Crestlloyd, LLC owned the property at 944 Airole Way in Los Angeles, California (the "Property") and was working to construct a luxury home thereon. Except as expressly admitted herein, Inferno lacks information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 6 of Hankey's Counterclaim, and, on that basis, denies such allegations.

7. Inferno admits the allegations set forth in Paragraph 7 of Hankey's Counterclaim.

8. Answering Paragraph 8 of Hankey's Counterclaim, Inferno admits that Hankey agreed to loan Debtor $82,500,000 for construction of the Property and then subsequently modified the loan on two occasions to increase the principal of the loan to $91,000,000 and later to $106,000,000 in or around December 2019 and August 2020, respectively. Except as expressly admitted herein, Inferno lacks information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 8 of Hankey's Counterclaim, and, and, on that basis, denies such allegations.

9. Answering Paragraph 9 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 9 of Hankey's Counterclaim, and, on that basis, denies such allegations.

**B.    Inferno's Loans to Crestlloyd**

10. Inferno admits the allegations set forth in Paragraph 10 of Hankey's Counterclaim.

11. Inferno admits the allegations set forth in Paragraph 11 of Hankey's Counterclaim.

12. Inferno admits the allegations set forth in Paragraph 12 of Hankey's Counterclaim.

13. Inferno admits the allegations set forth in Paragraph 13 of Hankey's Counterclaim.

14. Answering Paragraph 14 of Hankey's Counterclaim, Inferno admits that in 2015, it reduced the principal amount of its loan to Debtor Crestlloyd LLC from $14,040,000 to $7,000,000, which is documented in a Modification and Supplement to Deed of Trust recorded on November 10, 2015. Inferno denies the allegation set forth in Paragraph 14 of Hankey's Counterclaim that it reduced the principal amount of this loan from $14,040,000 to $7,000,000 "for no apparent consideration whatsoever."

15.  Inferno admits the allegations set forth in Paragraph 15 of Hankey's Counterclaim.

**C.  Inferno Enters Into the MOA and Subordination Agreement**

16.  Answering Paragraph 16 of Hankey's Counterclaim, Inferno admits that it entered into a document dated as of January 1, 2016, entitled "Memorandum of Agreement" ("the MOA"), that contained language referenced therein. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 16 of Hankey's Counterclaim, and admits, repeats, and realleges the allegations in its Second Amended Complaint regarding the MOA and its amendments.

17.  Inferno denies the allegations set forth in Paragraph 17 of Hankey's Counterclaim.

18.  Inferno denies the allegations set forth in Paragraph 18 of Hankey's Counterclaim.

19.  Answering Paragraph 19 of Hankey's Counterclaim, Inferno admits that it contends its claim for $20,902,106.12 has priority over Hankey's claim for $122,638,623.41. Inferno denies the allegation set forth in Paragraph 19 of Hankey's Counterclaim that it contends its claim for $20,902,106.12 has priority over Hankey's claim for $122,638,623.41 "despite" the Subordination Agreement and the MOA.

**FIRST CLAIM FOR RELIEF AGAINST INFERNO**

**(For Declaratory Relief That Inferno's Claim is Subordinated to Hankey's Claim)**

20.  Inferno repeats and realleges the allegations contained in Paragraphs 1 through 19 of this Answer to Hankey's Counterclaim and incorporates them as though set forth fully herein.

21.  Answering Paragraph 21 of Hankey's Counterclaim, Inferno admits that it seeks to recover pursuant to its Proof of Claim No. 11 for $20,902,106.12, which is the sum it claims is due and owing pursuant to its promissory notes. Except

4

ANSWER TO HANKEY CAPITAL, LLC'S COUNTERCLAIM

as expressly admitted herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 21 of Hankey's Counterclaim, and, on that basis, denies such allegations.

22. Answering Paragraph 22 of Hankey's Counterclaim, Inferno admits that it contends the following, among other things: (a) the MOA's provisions only authorize subordination of Inferno's debts to loans where Debtor Crestlloyd LLC and Inferno specifically agree to subordination of that particular loan in writing, and (b) that the Subordination Agreement entered into between Debtor Crestlloyd LLC, Hankey, and Inferno is of no force and effect because the signature of Inferno's principal, Julien Rouillard, was forged. Inferno denies the allegation in Paragraph 22 of Hankey's Counterclaim that an actual controversy exists over the priority of Hankey's and Inferno's deeds of trust.

23. Answering Paragraph 23 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 23 of Hankey's Counterclaim, and, on that basis, denies such allegations.

24. Answering Paragraph 24 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 24 of Hankey's Counterclaim, and, on that basis, denies such allegations.

25. Answering Paragraph 25 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 25 of Hankey's Counterclaim, and, on that basis, denies such allegations.

**SECOND CLAIM FOR RELIEF AGAINST INFERNO**

**(For Recharacterization of Inferno's Claim As Equity Under 11 U.S.C. § 502)**

26. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 19 of this Answer to Hankey's Counterclaim and incorporates them as though set forth fully herein.

27. Inferno admits the allegations set forth in Paragraph 27 of Hankey's Counterclaim.

28. Inferno denies the allegations set forth in Paragraph 28 of Hankey's Counterclaim.

29. Inferno denies the allegations set forth in Paragraph 29 of Hankey's Counterclaim.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

30. As a First Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey's Counterclaim fails to state a claim on which relief can be granted in the First and Second Claims for Relief alleged therein.

## SECOND AFFIRMATIVE DEFENSE
### (Priority of Claim)

31. As a Second Affirmative Defense to Hankey's Counterclaim, Inferno alleges that its interest as a lender in the Property is first in time vis a vis other claimants and its lien was recorded prior to the claims of other claimants. Furthermore, there is no basis for subordination of Inferno's claim. Accordingly, Inferno's claim has priority over all other claims alleged and Hankey's Counterclaim is barred on that basis.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

32. As a Third Affirmative Defense to Hankey's Counterclaim, Inferno alleges that the First and Second Counterclaims in Hankey's Counterclaim are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

33. As a Fourth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that the First and Second Counterclaims in Hankey's Counterclaim are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

34. As a Fifth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey is guilty of unclean hands with regard to the matters at issue, including with respect to its lack of monitoring of loan funds to be used for construction of "The One," and, therefore, it is barred from seeking any recovery thereon.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

35. As a Sixth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that the First and Second Claims for Relief are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

36. As a Seventh Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey is not entitled to any relief sought against Inferno, including the relief sought in Hankey's Counterclaim, as granting Hankey such relief would unjustly enrich Hankey despite its wrongful or inequitable conduct and unjustly impose a loss on Inferno.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts of Independent Third Parties)

37. As an Eighth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey is barred from proceeding on its claims against Inferno because the issues of which it complains were caused by the acts of third parties including other lenders' and the Debtor's unfair business practices as alleged in Inferno's Second Amended Complaint, not Inferno.

## NINTH AFFIRMATIVE DEFENSE

### (Justification)

38. As a Ninth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that its conduct in regard to the matters alleged in Hankey's Counterclaim was justified and, therefore, Hankey is barred from obtaining relief against Inferno.

## TENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

39. As a Tenth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey is barred from recovery by its own conduct, actions, and omissions, which render Hankey at a minimum in pari delicto with Inferno, and barring Hankey from obtaining relief against Inferno.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unrecorded Property Interest – Civil Code Section 1214)

40. As an Eleventh Affirmative Defense to Hankey's Counterclaim, Inferno alleges that to the extent that Hankey alleges any interest in property that is unrecorded, it is invalid pursuant to governing California law including California Civil Code Section 1214 which provides that "[e]very conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

## TWELFTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

41. Inferno presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated affirmative defenses. Inferno, therefore, reserves the right to assert additional affirmative defenses discovered at a later date.

## PRAYER FOR RELIEF

**WHEREFORE**, Inferno prays for judgment on Hankey's Counterclaim as follows:

1. That Hankey take nothing by reason of its Counterclaim, that all orders requesting subordination, recharacterization, or declaratory relief regarding the obligation of Hankey to Inferno be denied, and that judgment be rendered in favor of Inferno on all issues raised in the Hankey's Counterclaim;

2. That Inferno be awarded costs of suit incurred in defense of this action; and

3. That Inferno be granted such other and further relief as the Court deems proper.

DATE: August 16, 2023

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
PAUL N. SORRELL
MAX D. FABRICANT

By: /s/ Paul N. Sorrell
PAUL N. SORRELL
Attorneys for Plaintiff and Counter-Defendant INFERNO INVESTMENT, INC.