Hamid R. Rafatjoo (SBN 181564)
hrafatjoo@raineslaw.com
**RAINES FELDMAN LITTRELL LLP**
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
T: 310.440.4100
F: 310.691.1367

Attorneys for Cross-Defendants Nile Niami, Ground View LLLP, 1369 Londonderry Estate LLC and Marbella Construction, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11 |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL LLC, a California limited liability company, YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; and HILLDUN CORPORATION, a New York Corporation,<br><br>Defendants. | Adv. Case No. 2:22-ap-01125-DS<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR CROSS-DEFENDANTS NILE NIAMI, GROUND VIEW LLLP, 1369 LONDONDERRY ESTATE LLC AND MARBELLA CONSTRUCTION, INC.**<br><br>[LBR 2091-1(a) and 9013-1(p)(4)]<br><br>[No Hearing Required]<br><br>Judge: The Hon. Deborah J. Saltzman |
| AND RELATED CROSS-ACTIONS. | |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUTPCY JUDGE, CROSS-DEFENDANTS NILE NIAMI, GROUND VIEW LLLP, 1369 LONDONDERRY ESTATE LLC AND MARBELLA CONSTRUCTION, INC, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES THAT HAVE MADE AN APPEARANCE IN THIS CASE AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on December 22, 2023, Raines Feldman Littrell LLP ("**RFL**") filed its *Notice of Motion and Motion for Leave to Withdraw as Counsel for Cross-Defendants Nile Niami, Ground View LLLP, 1369 Londonderry Estate LLC and Marbella Construction, Inc.* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that RFL requests the Court to grant the Motion without a hearing as provided in Local Bankruptcy Rules ("**LBR**") 2091-1(a) and 9013-1(p)(4).

The Motion is based upon the legal and factual grounds set forth in the Motion, attached hereto.

**PLEASE TAKE FURTHER NOTICE that RFL will promptly lodge an Order that the Court may use to rule on the Motion, as the Court may rule on the Motion without a hearing and without an opportunity for any party to file a request for hearing.**

Dated:  December 22, 2023            RAINES FELDMAN LITTRELL LLP


                                     By:   /s/ Hamid R. Rafatjoo
                                          Hamid R. Rafatjoo
                                     Counsel for *Nile Niami, Ground View LLLP, 1369 Londonderry Estate LLC and Marbella Construction, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF RELEVANT FACTS AND DISCUSSION**

On November 14, 2022, Cross-Defendants Nile Niami, Ground View LLLP, 1369 Londonderry Estate LLC and Marbella Construction, Inc. (collectively, the "**Cross-Defendants**") filed an *Answer to Defendant Crestlloyd LLC's Cross-Complaint* [Dkt. No. 100].

Raines Feldman Littrell LLP ("RFL") appeared as counsel for the Cross-Defendants. As set forth in the attached Declaration of Hamid R. Rafatjoo (the "**Rafatjoo Declaration**"), there has been an irreparable break in the relationship that is essential to a properly functioning attorney-client relationship. Withdrawal is appropriate under such circumstances. If the Court concludes that additional information regarding the nature of the breakdown is necessary to decide the Motion, counsel requests the opportunity to present such evidence *in camera* to protect the confidential nature of the relationship between counsel and its client. *See, e.g., Manfredi & Levine v. Superior Court* (1998) 66 Cal. App. 4th 1128, 1133 (general description of situation sufficient to support withdrawal where there is no reason to doubt counsel's good faith; in camera hearing may be held to obtain further non-privileged facts supporting the motion where necessary); *Aceves v. Superior Court*, (1996) 51 Cal. App. 4th 584.

In moving to withdraw, there is no foreseeable prejudice, and RFL's withdrawal will not delay or prejudice these proceedings. Starting on September 12, 2023, RFL filed motions to withdraw as counsel from various cases relating to Niles Niami and related entities. RFL inadvertently did not file a motion to withdraw as counsel in this matter. No later than September 12, 2023, the Cross-Defendants learned of RFL's withdrawal and RFL's willingness to facilitate the transfer of the Cross-Defendants file to new counsel. Concurrently with the filing of this Motion, on December 22, 2023 RFL again encouraged the Cross-Defendants to locate replacement counsel.

RFL is ready, willing, and able to cooperate in a smooth transaction of the bankruptcy file and will make the client file available to Cross-Defendants or Cross-Defendants' replacement counsel promptly upon the granting of this Motion.

RFL's withdrawal will not delay or prejudice these proceedings. The following are the upcoming deadlines in the Case affecting the Cross-Defendants:

        March 7, 2024 at 11:30 a.m. – continued Status Conference

There are no other deadlines pertinent to the Cross-Defendants scheduled in this Case at this time.

## II. CAUSE EXISTS FOR AN ORDER GRANTING LEAVE FOR THE FIRM TO WITHDRAW AS COUNSEL OR RECORD FOR CROSS-DEFENDANTS

Local Bankruptcy Rule 9013-1(p) provides:

> The following motions may be determined *without a hearing* after notice provided in the corresponding LBR cited [emphasis added].

    (4) Motion to Withdraw as Counsel [LBR 2091-1(a)]

Local Bankruptcy Rule 2091-1(a)(1) provides that, in the absence of a substitution of counsel, an attorney seeking to withdraw from representation of an entity or individual in a bankruptcy case must file a motion requesting authorization to withdraw.

A federal court has the authority to permit an attorney to withdraw from an action at any time for good and sufficient cause, and upon reasonable notice. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."); *see also Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941).

Rule 1.16 of the California Rules of Professional Conduct sets forth when an attorney shall or may withdraw from representing a client. Rule 1.16(b) states that "a lawyer may withdraw from representing a client" in several circumstances, including:

> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

> (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence *of other good cause for withdrawal.*

This Motion is brought on the grounds that the relationship of trust and confidence so necessary to the effective and proper functioning of an attorney-client relationship has ceased to exist and, in the good faith judgment of counsel, has been permanently and irreparably damaged. As a result, the Firm has determined that it can no longer effectively represent Ms. Girardi and has sought permission to be relieved.

The breakdown in the attorney-client relationship has long been recognized as a ground for authorizing the attorney to withdraw. *See, e.g. Rus, Miliband & Smith v. Conkle & Olesten* (2003) 113 Cal. App. 4th 656, 673 ("The law can afford to take a relatively permissive attitude toward withdrawals qua withdrawals. If attorney and client cannot agree, how can they litigate together? There is no need to unequally yoke a union when one of the parties clearly wants out."). Due to the breakdown of the relationship between the RFL and the Cross-Defendants set forth in the attached Rafatjoo Declaration, cause exists for this Court to enter an Order granting leave for the Firm to withdraw as counsel of record in the Case.

### III. CONCLUSION

Based on the foregoing, RFL respectfully requests that this Court enter an Order granting RFL leave to withdraw as counsel for the Cross-Defendants in the Case, and for such other relief as this Court deems just and proper.

Dated: December 22, 2023        RAINES FELDMAN LITTRELL LLP

By: /s/ Hamid R. Rafatjoo
Hamid R. Rafatjoo
Counsel for *Nile Niami, Ground View LLLP, 1369 Londonderry Estate LLC and Marbella Construction, Inc.*

**DECLARATION OF HAMID R. RAFATJOO**

I, Hamid R. Rafatjoo, declare as follows:

1. I am a partner in Raines Feldman Littrell LLP ("**RFL**") counsel of record for Cross-Defendants Nile Niami, Ground View LLLP, 1369 Londonderry Estate LLC and Marbella Construction, Inc. (collectively, the "**Cross-Defendants**"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the Motion to which this Declaration is attached.

2. There has been an irreparable break in the relationship between RFL and Cross-Defendants that is essential to a properly functioning attorney-client relationship. While I do not believe the precise nature of the breakdown can be described without potentially violating the attorney-client privilege or breaching client confidentiality, I am prepared to respond to any questions the court may have *in camera*, if necessary, subject to the limits imposed by case law.

3. Starting on September 12, 2023, RFL filed motions to withdraw as counsel from various cases relating to Niles Niami and related entities. RFL inadvertently did not file a motion to withdraw as counsel in this matter. No later than September 12, 2023, RFL notified the Cross-Defendants of its withdrawal and willingness to facilitate transfer the Cross-Defendants' client file to new counsel. Concurrently with the filing of the Motion on December 22, 2023, I notified the Cross-Defendants that RFL had filed a Motion to withdraw in the Case and encouraged the Cross-Defendants to locate new counsel, alerting Cross-Defendants to the potential consequences of not timely securing replacement counsel. As of the date of this Declaration, the Cross-Defendants have not identified new counsel to RFL.

4. RFL's withdrawal will not delay or prejudice these proceedings. The following are the upcoming deadlines affecting the Cross-Defendants in the Case:

    March 7, 2024 at 11:30 a.m. – continued Status Conference

5. There are no other deadlines pertinent to the Cross-Defendants scheduled in the Case at this time.

-5-

6. I, therefore, believe that RFL's withdrawal at this time will not unreasonably prejudice the Cross-Defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of December, 2023, at Los Angeles, California.

/s/ Hamid R. Rafatjoo
Hamid R. Rafatjoo

-6-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 19th Floor, Los Angeles, Ca 90067


A true and correct copy of the foregoing document entitled (*specify*): MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR CROSS-DEFENDANTSZ NILE NIAMI, GROUND VIEW LLLP, 1369 LONDONBERRY ESTATE LLC AND MARBELLA CONSTRUCTION, INC.
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 22, 2023 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**   kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**   tma@lnbyg.com
- **Ryan Coy**   rcoy@bg.law, ecf@bg.law
- **Max Fabricant**   mfabricant@lavelysinger.com
- **Thomas M Geher**   tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **David B Golubchik**   dbg@lnbyg.com, dbg@lnbyg.com
- **Jonathan Gottlieb**   jdg@lnbyg.com
- **John A Moe**   john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Joseph M Rothberg**   jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Paul Sorrell**   psorrell@lavelysinger.com, mdsinger@lavelysinger.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 22, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Nile Niami
c/o Douglas Witkins
Skyline Development
4470 W. Sunset Blvd., #352
Los Angeles, CA 90027

Ground View LLLP
c/o Ingenuity Management, Inc.
1135 terminal Way, Suite 209
Reno, NV 89502

1369 Londonderry Estate LLC
c/o LegalZoom.com, Inc.
101 N. Brand Blvd., 11th Floor
Glendale, CA 91203

Marbela Construction, Inc.
c/o LegalZoom.com, Inc.
101 N. Brand Blvd., 11th Floor
Gendale, CA 91203

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/22/2023 | Bambi Clark | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                               F 9013-3.1.PROOF.SERVICE