**MARTIN D. SINGER (BAR NO. 78166)**
**PAUL N. SORRELL (BAR NO. 126346)**
**MAX D. FABRICANT (BAR NO. 333859)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com
psorrell@lavelysinger.com
mfabricant@lavelysinger.com

**SHARON Z. WEISS (BAR NO. 169446)**
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2276
Email: sharon.weiss@bclplaw.com

Attorneys for Plaintiff and Counter-Defendant
INFERNO INVESTMENT, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br>v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability Company; and HILLDUN CORPORATION, a New York corporation,<br><br>Defendants. | **PLAINTIFF AND COUNTER-DEFENDANT INFERNO INVESTMENT, INC.'S AMENDED ANSWER TO HANKEY CAPITAL, LLC'S AMENDED COUNTERCLAIM**<br><br>Action Filed: June 9, 2022 |
| AND RELATED CROSS-ACTIONS. | |

Plaintiff and Counter-Defendant Inferno Investment, Inc. ("Inferno"), in response to the Hankey Capital, LLC's ("Hankey") "Counterclaim Against Inferno Investment, Inc. For Declaratory Relief and Recharacterization" filed December 27, 2024 as Docket No. 297 ("Hankey's Counterclaim"), hereby admits, denies, and alleges as follows:

**JURISDICTION AND VENUE**

1. Inferno admits the allegations set forth in Paragraph 1 of Hankey's Counterclaim.

2. Inferno admits the allegations set forth in Paragraph 2 of Hankey's Counterclaim.

3. Answering Paragraph 3 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 3 of Hankey's Counterclaim, and, on that basis, denies such allegations.

**THE PARTIES**

4. Inferno admits the allegations set forth in Paragraph 4 of Hankey's Counterclaim.

5. Inferno admits the allegations set forth in Paragraph 5 of Hankey's Counterclaim.

**FACTUAL BACKGROUND**

**A. Hankey's Loans to Crestlloyd**

6. Answering Paragraph 6 of Hankey's Counterclaim, Inferno admits that in 2018, Debtor Crestlloyd, LLC was the owner of property at 944 Airole Way in Los Angeles, California (the "Property") and was working to construct a luxury home thereon. Except as expressly admitted herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 6 of Hankey's Counterclaim, and, on that basis, denies such allegations.

7. Inferno admits and alleges that the $82,500,000 loan is no longer secured. Except as expressly admitted and alleged, Inferno admits the allegations set forth in Paragraph 7 of Hankey's Counterclaim.

8. Answering Paragraph 8 of Hankey's Counterclaim, Inferno admits that Hankey agreed to loan Debtor $82,500,000 for construction of the Property and then subsequently modified the loan on two occasions to increase the principal of the loan to $91,000,000 and later to $106,000,000, in or around December 2019 and August 2020, respectively. Except as expressly admitted herein, Inferno lacks information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 8 of Hankey's Counterclaim, and, and, on that basis, denies such allegations.

9. Answering Paragraph 9 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 9 of Hankey's Counterclaim, and, on that basis, denies such allegations.

**B. <u>Inferno's Loans to Crestlloyd</u>**

10. Inferno admits the allegations set forth in Paragraph 10 of Hankey's Counterclaim.

11. Inferno admits the allegations set forth in Paragraph 11 of Hankey's Counterclaim.

12. Inferno admits the allegations set forth in Paragraph 12 of Hankey's Counterclaim.

13. Inferno admits the allegations set forth in Paragraph 13 of Hankey's Counterclaim.

14. Answering Paragraph 14 of Hankey's Counterclaim, Inferno admits that in 2015, it reduced the security on its loan to Debtor Crestlloyd LLC from $14,040,000 to $7,000,000, which is documented in a Modification and Supplement to Deed of Trust recorded on November 10, 2015. The balance of the loan beyond $7 million was to constitute an unsecured loan going forward. The security was

reduced, but the indebtedness remained. Inferno denies the allegation set forth in Paragraph 14 of Hankey's Counterclaim that it reduced the principal amount of this loan from $14,040,000 to $7,000,000 "for no apparent consideration whatsoever."

15. Inferno admits the allegations set forth in Paragraph 15 of Hankey's Counterclaim.

**C. <u>Inferno Enters Into the MOA and Subordination Agreement</u>**

16. Answering Paragraph 16 of Hankey's Counterclaim, Inferno admits that it entered into a document dated as of January 1, 2016, entitled "Memorandum of Agreement" ("the MOA"), that contained language referenced therein. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 16 of Hankey's Counterclaim, and admits, repeats, and realleges the allegations in its Second Amended Complaint regarding the MOA and its amendments.

17. Inferno denies the allegations set forth in Paragraph 17 of Hankey's Counterclaim.

18. Inferno denies the allegations set forth in Paragraph 18 of Hankey's Counterclaim, and further alleges that any signature of an Inferno representative on the Subordination Agreement was forged.

19. Answering Paragraph 19 of Hankey's Counterclaim, Inferno admits that it contends its claim for $20,902,106.12 has priority over Hankey's claim for $122,638,623.41. Inferno denies the argumentative allegation set forth in Paragraph 19 of Hankey's Counterclaim that it contends its claim for $20,902,106.12 has priority over Hankey's claim for $122,638,623.41 "despite" the Subordination Agreement and the MOA.

**FIRST CLAIM FOR RELIEF AGAINST INFERNO**

**(For Declaratory Relief That Inferno's Claim is Subordinated to Hankey's Claim)**

20. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 19 of this Answer to Hankey's Counterclaim, and incorporates them as though set forth fully herein.

21. Answering Paragraph 21 of Hankey's Counterclaim, Inferno admits that Hankey seeks to recover pursuant to its Proof of Claim No. 11 for $20,902,106.12, which is the sum it claims is due and owing pursuant to its promissory notes. Except as expressly admitted herein, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 21 of Hankey's Counterclaim, and, on that basis, denies such allegations.

22. Answering Paragraph 22 of Hankey's Counterclaim, Inferno admits and alleges that it contends the following, among other things: (a) the MOA's provisions in context only authorize subordination of Inferno's debts to loans where Debtor Crestlloyd LLC and Inferno specifically agree to subordination of that particular loan in writing, and (b) that the Subordination Agreement is of no force and effect because the alleged signature of Inferno's principal, Julien Remillard, was forged. Except as expressly admitted and alleged herein, Inferno denies the allegations of Paragraph 22 of Hankey's Counterclaim.

23. Answering Paragraph 23 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 23 of Hankey's Counterclaim, and, on that basis, denies such allegations.

24. Answering Paragraph 24 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 24 of Hankey's Counterclaim, and, on that basis, denies such allegations.

25. Answering Paragraph 25 of Hankey's Counterclaim, Inferno lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 25 of Hankey's Counterclaim, and, on that basis, denies such allegations.

**SECOND CLAIM FOR RELIEF AGAINST INFERNO**

**(For Recharacterization of Inferno's Claim As Equity Under 11 U.S.C. § 502)**

26. Inferno repeats and realleges the allegations contained in Paragraphs 1 through 19 of this Answer to Hankey's Counterclaim, and incorporates them as though set forth fully herein.

27. Inferno admits the allegations set forth in Paragraph 27 of Hankey's Counterclaim.

28. Inferno denies the allegations set forth in Paragraph 28 of Hankey's Counterclaim.

29. Inferno denies the allegations set forth in Paragraph 29 of Hankey's Counterclaim.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

30. As a First Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey's Counterclaim fails to state a claim on which relief can be granted in the First and Second Claims for Relief alleged therein.

**SECOND AFFIRMATIVE DEFENSE**

**(Priority of Claim)**

31. As a Second Affirmative Defense to Hankey's Counterclaim, Inferno alleges that its interest as a lender in the Property is first in time vis a vis all other claimants, and that its lien was recorded prior to the claims of all other claimants. Furthermore, there is no basis for subordination of Inferno's claim. Accordingly, Inferno's claim has priority over all other claims alleged and Hankey's Counterclaim is barred on that basis.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

32. As a Third Affirmative Defense to Hankey's Counterclaim, Inferno alleges that the First and Second Counterclaims in Hankey's Counterclaim are barred, in whole or in part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

33. As a Fourth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that the First and Second Counterclaims in Hankey's Counterclaim are barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

34. As a Fifth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey is guilty of unclean hands with regard to the matters at issue, including with respect to its lack of monitoring of loan funds to be used for construction of "The One," and, therefore, it is barred from seeking any recovery thereon.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

35. As a Sixth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that the First and Second Claims for Relief are barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

36. As a Seventh Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey is not entitled to any relief sought against Inferno, including the relief sought in Hankey's Counterclaim, as granting Hankey such relief would

unjustly enrich Hankey despite its wrongful or inequitable conduct and unjustly impose a loss on Inferno.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Acts of Independent Third Parties)**

37. As an Eighth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey is barred from proceeding on its claims against Inferno because the issues of which it complains were caused by the acts of third parties including other lenders and the Debtor's unfair business practices as alleged in Inferno's Second Amended Complaint, not Inferno.

**NINTH AFFIRMATIVE DEFENSE**

**(Justification)**

38. As a Ninth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that its conduct in regard to the matters alleged in Hankey's Counterclaim was justified and, therefore, Hankey is barred from obtaining relief against Inferno.

**TENTH AFFIRMATIVE DEFENSE**

**(In Pari Delicto)**

39. As a Tenth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Hankey is barred from recovery by its own conduct, actions, and omissions, which render Hankey at a minimum in pari delicto with Inferno, and barring Hankey from obtaining relief against Inferno.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unrecorded Property Interest – Civil Code Section 1214)**

40. As an Eleventh Affirmative Defense to Hankey's Counterclaim, Inferno alleges that to the extent that Hankey alleges any interest in property that is unrecorded, it is invalid pursuant to governing California law including California Civil Code Section 1214 which provides that "[e]very conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any

part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

## TWELFTH AFFIRMATIVE DEFENSE

**(Hankey Capital's Lack of Priority Due to Failure to Document and Record its Security Interest)**

41. Inferno hereby incorporates by reference the allegations in its Third Amended Complaint filed November 27, 2024 as Docket No. 289 in this case.[1]

42. As a Twelfth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that the Second Note to Hankey Capital superseded and replaced the First Note. The Second Note does not recite that it is secured by the Deed of Trust, as the Deed of Trust requires. The Second Note does not refer to the Deed of Trust at all. Once the First Note was extinguished by the Second Note, no security interest thereafter could exist in favor of Hankey Capital under the Deed of Trust, because the Deed of Trust was null and void as a matter of law. The Second Note is not secured by the Deed of Trust. Nor is there any basis for a secured claim based on the Third Note.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Inferno's Debt is Not Subordinated to Hankey Capital's Debt Because the Alleged Subordination Agreement is Forged, Null and Void)**

43. Inferno hereby incorporates by reference the allegations in its Third Amended Complaint filed November 27, 2024 as Docket No. 289 in this case.

44. As a Thirteenth Affirmative Defense to Hankey's Counterclaim, the alleged Subordination Agreement advanced by Hankey Capital is a forgery. Inferno did not sign the Subordination Agreement relating to the Hankey Capital debt. A forged document is null and void under California law, and creates no security

[1] Defined terms used in these affirmative defenses are incorporated from Inferno's Third Amended Complaint.

interest even if recorded. The Subordination Agreement has no legal effect whatsoever. Inferno is entitled to a declaration that Inferno's debt is not subordinated to and in fact has priority over Hankey Capital's debt because Inferno never signed an agreement to subordinate.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Inferno's Secured Debt Is Not Subordinated Due to Substantial Modifications to Hankey Capital's Loan That Materially Increased the Risk of Default Without Inferno's Consent)**

45. Inferno hereby incorporates by reference the allegations in its Third Amended Complaint filed November 27, 2024 as Docket No. 289 in this case.

46. As a Fourteenth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that Inferno is entitled to a determination that its secured obligation is not subordinated to, and has priority over, any secured claim asserted by Hankey Capital because Hankey Capital made substantial, material modifications to its loan, including optional loan advances and extensions of the deadlines for repayment by Debtor, that materially and adversely affected Inferno's rights as a junior lienholder. These modifications were made unilaterally by Hankey Capital knowing of Inferno's secured rights and without Inferno's consent. Hankey Capital made not only the Hankey Initial Loan, but substantial additional loan commitments referenced thereafter, lending additional millions to Debtor at exorbitant interest rates and substantially increasing the loan balance and repayment deadlines without the knowledge or consent of Inferno or agreement by Inferno to subordinate to the additional loans. The changes substantially impaired Inferno's security interest by significantly increasing its financial risk.

47. Exacerbating the danger to which Inferno and other lienholders were exposed by these substantial modifications, Inferno is informed and believes that Hankey Capital refused to comply with its own disbursement requirements in the Construction Loan Agreement to protect the asset embodied by the Property, or

ensure that construction of the Property was completed with its loan proceeds as agreed. Hankey Capital failed to monitor or require compliance with the Construction Loan Agreement including its Exhibit D or other reasonable disbursement procedures which led to dissipation of Debtor's assets and damaged all of Debtor's creditors. This conduct ultimately precipitated the filing of this bankruptcy proceeding.

48. It is undisputable that the Hankey Initial Loan was to be used to complete construction, and Hankey Capital agreed in the Construction Loan Agreement that it would be sufficient. Had that occurred, all secured creditors of Debtor would have been paid from the sale of the Property. Instead, Hankey Capital allowed Debtor to use proceeds from the Hankey Capital loan for other properties of Nile Niami and Yvonne Niami and/or for their personal benefit, and lent millions more. Hankey Capital did not care if Debtor used loan funds to benefit the Property because it wanted to increase Debtor's reliance on and obligations to Hankey Capital and obtain significant increased default rate interest which put other creditors at risk. Hankey Capital's conduct put Debtor in danger of default and ultimately resulted in the filing of this bankruptcy action. Based on Hankey Capital's conduct, it lost any priority it might otherwise have over Inferno's secured debt, in its entirety. This entire bankruptcy proceeding is attributable to Hankey Capital's conduct, and the equities require that its entire obligation forfeit any alleged priority. Alternatively, the Court should order that the additional loan modifications and extensions of the loan as alleged in Paragraphs 27 and 28 of the Third Amended Complaint (all sums over and above the Hankey Initial Loan Amount) have no priority over Inferno's secured claim based on the facts alleged above.

**FIFTEENTH CLAIM FOR RELIEF**

**(Inferno's Secured Debt Is Not Subordinated to Hankey Capital's Additional Optional Advances)**

49. Inferno hereby incorporates by reference the allegations in its Third Amended Complaint filed November 27, 2024 as Docket No. 289 in this case.

50. As a Fifteenth Affirmative Defense to Hankey's Counterclaim, Inferno alleges that, even assuming Inferno's debt could be deemed subordinate to a secured claim of Hankey Capital, such as pursuant to the Subordination Agreement, there is no basis to subordinate Inferno's secured claim to any claim premised on the additional optional advances made by Hankey Capital as referenced in the Third Amended Complaint, all of which were made with knowledge of Inferno's security interest and without Inferno's consent. There was no requirement that Hankey Capital make additional advances on its loan. Yet Hankey Capital made multiple optional advances, including the advances in December 2019 and August 2020, knowing of Inferno's secured interest and without Inferno's consent. These optional advances are subordinate to Inferno's lien under California law.

51. The additional loan advances that were made without Inferno's knowledge or consent substantially increased Debtor's principal balance to Hankey Capital, significantly increased the interest rates payable by Debtor, extended the term of Debtor's loans and increased the risk of default. These substantial modifications, made without Inferno's knowledge or consent, substantially impaired Inferno's security interest and significantly increased its financial risk.

52. Inferno is informed and believes that Hankey Capital refused to comply with requirements imposed to protect the asset embodied by the Property, particularly its own disbursement requirements in the Construction Loan Agreement, or to ensure that construction of the Property was completed with its loan proceeds as agreed. Hankey Capital's failure to monitor and require compliance with the Construction Loan Agreement including Exhibit D or other reasonable disbursement

procedures led to dissipation of Debtor's assets and damaged all of Debtor's creditors. Indeed, this conduct ultimately precipitated the filing of this bankruptcy proceeding.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Violation of the Parties' Material Intent to Recharacterize)**

53. The transaction between Inferno and Debtor was a bona fide loan agreement, characterized by the essential elements of a loan, creation of a debtor-creditor relationship, required repayment of principal and interest. The loan was documented through a formal written agreement signed by both parties outlining the terms and conditions of the loan. Recharacterization of the loan as equity as requested by Hankey Capital would be a violation of the obvious material intent of the parties and contrary to the interests of justice.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

54. Inferno presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated affirmative defenses. Inferno, therefore, reserves the right to assert additional affirmative defenses discovered at a later date.

**PRAYER FOR RELIEF**

**WHEREFORE**, Inferno prays for judgment on Hankey's Counterclaim as follows:

1. That Hankey take nothing by reason of its Counterclaim, that all orders requesting subordination, recharacterization, or declaratory relief made by Hankey be denied, and that judgment be rendered in favor of Inferno on all issues raised in the Hankey's Counterclaim;

2. That the Court prioritize Debtor's secured debts as pleaded herein, and that Inferno's debt be deemed of highest priority and of a priority higher than any secured interest of Hankey as alleged;

3. That Inferno be awarded costs of suit incurred in defense of this action; and

4. That Inferno be granted such other and further relief as the Court deems proper.

DATE: January 17, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
PAUL N. SORRELL
MAX D. FABRICANT

By: /s/ Paul N. Sorrell
PAUL N. SORRELL
Attorneys for Plaintiff and Counter-Defendant INFERNO INVESTMENT, INC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906

A true and correct copy of the foregoing document entitled (*specify*):
**PLAINTIFF AND COUNTER-DEFENDANT INFERNO INVESTMENT, INC.'S AMENDED ANSWER TO HANKEY CAPITAL, LLC'S AMENDED COUNTERCLAIM**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 17, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 17, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 17, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 17, 2025 | Lisa Carpenter | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906.

On the date indicated below, I served the foregoing document described as:

**PLAINTIFF AND COUNTER-DEFENDANT INFERNO INVESTMENT, INC.'S AMENDED ANSWER TO HANKEY CAPITAL, LLC'S AMENDED COUNTERCLAIM**

on the interested parties in this action by placing [ ] the original document OR [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

*See attached service list.*

**[X]** **BY ELECTRONIC SERVICE:** I caused the document(s) to be sent to each interested party at the email addresses listed on the attached service list.

**[X]** **BY MAIL:**

**[X]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed January 17, 2025 at Los Angeles, California.

______________________________
Lisa Carpenter

## SERVICE LIST

| | |
|---|---|
| David B. Golubchik, Esq.<br>Todd M. Arnold, Esq.<br>Joseph M. Rothberg, Esq.<br>Jonathan Gottlieb, Esq.<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>dbg@lnbyg.com;<br>tma@lnbyg.com;<br>jmr@lnbyg.com;<br>jdg@lnbyg.com | *Attorneys for Defendant, Counter-Claimant and Counter-Defendant Crestlloyd, LLC* |
| Thomas M. Geher, Esq.<br>JEFFER MANGELS BUTLER & MITCHELL LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>tmg@jmbm.com | *Attorneys for Defendant, Counter-Claimant and Counter-Defendant Hankey Capital, LLC* |
| Howard J. Steinberg, Esq.<br>Eric V. Rowen, Esq.<br>Matthew R. Gershman, Esq.<br>GREENBERG TRAURIG, LLP<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067-2121<br>steinbergh@gtlaw.com | *Attorneys for Defendant, Counter-Claimant and Counter-Defendant Hankey Capital, LLC* |
| John W. Lucas, Esq.<br>Alan J. Kornfeld, Esq.<br>PACHULSKI STANG ZIEHL & JONES<br>One Sansome Street, Suite 3430<br>San Francisco, CA 94104<br>jlucas@pszjlaw.com<br>akornfeld@pszjlaw.com | *Attorneys for Defendant, Counter-Defendant and Counter-Claimant Yogi Securities Holdings, LLC* |
| Steve Gubner, Esq.<br>Jerry Bregman, Esq.<br>Jessica S. Wellington, Esq.<br>BG LAW LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>sgubner@bg.law<br>jbregman@bg.law<br>jwellington@bg.law | *Attorneys for Defendant and Counter-Defendant Hilldun Corporation* |

Johnny White, Esq.
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
11400 West Olympic Blvd., 9th Floor
Los Angeles, CA 90064
JWhite@wrslawyers.com

*Attorneys for Cross Defendants Trousdale Estate LLC; Jacqueline Englanoff; Joseph Englanoff; Justine Englanoff; and Nicole Englanoff*

Sharon Z. Weiss, Esq.
BRYAN CAVE LEIGHTON
PAISNER LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
sharon.weiss@bclplaw.com

*Attorneys for Plaintiff Inferno Investment, Inc.*