1  Richard M. Pachulski (CA Bar No. 90073)
   Alan J. Kornfeld (CA Bar No. 130063)
2  Henry C. Kevane (CA Bar No. 125757)
   John W. Lucas (CA Bar No. 271038)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
4  Los Angeles, California 90067-4003
   Telephone: 310-277-6910
5  Facsimile:  310-201-0760
   E-mail: rpachulski@pszjlaw.com
6         akornfeld@pszjlaw.com
          hkevane@pszjlaw.com
7         jlucas@pszjlaw.com

8  *Attorneys for Yogi Securities Holdings, LLC*

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

               **LOS ANGELES DIVISION**

11 In re

12 CRESTLLOYD, LLC,                          Case No. 2:21-bk-18205-DS

13              Debtor.                       Chapter 11

14 _____       Adv. No. 2:22-ap-01125-DS

15 INFERNO INVESTMENT, INC., a Quebec        **DEFENDANT YOGI SECURITIES**
   corporation,                              **HOLDINGS, LLC'S ANSWER TO**
16                                           **HANKEY CAPITAL, LLC'S**
                                             **CROSSCLAIM**
17              Plaintiff,

18         vs.

19 CRESTLLOYD, LLC, a California limited
20 liability company; HANKEY CAPITAL LLC,
   a California limited liability company, YOGI
21 SECURITIES HOLDINGS, LLC, a Nevada
   limited liability company; and HILLDUN
22 CORPORATION, a New York corporation,

23              Defendants.

24 _____

25 AND RELATED CROSS-ACTIONS.

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4935-0288-1809.4 96887.00001

Defendant Yogi Securities Holdings, LLC ("Yogi" or "Defendant"), by and through its undersigned attorneys, hereby answers the Cross-Claim (the "CC") filed on December 27, 2024 [ECF No. 296] by Hankey Capital, LLC ("Hankey"), and each purported claim for relief alleged therein, as follows:

**JURISDICTION AND VENUE**

1.      In response to Paragraph 1 of the CC, Yogi admits the allegations contained therein.

2.      In response to Paragraph 2 of the CC, Yogi admits the allegations contained therein.

3.      In response to Paragraph 3 of the CC, Yogi admits the allegations contained therein.

**THE PARTIES**

4.      In response to Paragraph 4 of the CC, and on information and belief, Yogi admits the allegations contained therein.

5.      In response to Paragraph 5 of the CC, Yogi admits the allegations contained therein.

**FACTUAL BACKGROUND**

A.      **Hankey's Loan to Crestlloyd**

6.      In response to Paragraph 6 of the CC, and on information and belief, Yogi admits the allegations contained therein.

7.      In response to Paragraph 7 of the CC, and on information and belief, Yogi admits the allegations contained therein, provided, however, that Yogi does not respond to the last sentence of Paragraph 7, which is a legal conclusion and therefore requires no response.

8.      In response to Paragraph 8 of the CC, contains legal conclusions and therefore, no response is required and to the extent a response is required, Yogi denies each and every allegation contained therein.

9.      In response to Paragraph 9 of the CC, Yogi admits that "[o]n around January 14, 2022, Hankey filed its proof of claim 20 for which it seeks recovery in this bankruptcy in the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1  amount of $122,638,623.41, plus accruing interest, fees, and costs."  Except as so expressly

2  admitted, Yogi denies each and every of the other allegations contained within Paragraph 9 of the

3  CC.

4  **B.    Yogi's Loans to Crestlloyd**

5      10.    In response to Paragraph 10 of the CC, Yogi admits that "in October 2018,

6  Crestlloyd executed a Secured Promissory Note in favor of Yogi in the principal amount of

7  $30,188,235.  Yogi . . . did not record the Deed of Trust in connection with the $30,188,235

8  Secured Promissory Note until after Hankey recorded the Hankey Deed of Trust."  In response to

9  the allegation that "Yogi deliberately delayed recording," Yogi states that it recorded its deed of

10  trust one day after the Hankey Deed of Trust was recorded, in accordance with agreements

11  between Hankey and Yogi, and Crestlloyd and Yogi.  Except as so expressly admitted or stated,

12  Yogi denies each and every of the other allegations contained within Paragraph 10 of the CC.

13      11.    In response to Paragraph 11 of the CC, Yogi admits that the $30,188,235 Secured

14  Promissory Note, which is secured by "Yogi's November 7, 2018 Deed of Trust (attached to

15  Yogi's Complaint as Exhibit O)," states, in pertinent part:  "In order to insure the continued

16  creditworthiness and expertise of the owner of the Property and in order to allow the holder of this

17  Note an opportunity to review and evaluate the same, undersigned agrees, for itself and subsequent

18  owners of the Property, that the Property shall not be sold, agreed to be sold, conveyed,

19  transferred, assigned, disposed of, or further encumbered, whether voluntarily, involuntarily, by

20  operation of law or otherwise, without the written consent of the holder hereof being first

21  obtained, which consent may be withheld in holder's sole and absolute discretion."  Paragraph 11

22  otherwise contains legal conclusions and therefore, no response is required and to the extent any

23  further response is required, Yogi denies each and every of the other allegations contained within

24  Paragraph 11 of the CC.

25      12.    In response to Paragraph 12 of the CC, Yogi admits the allegations contained

26  therein.

27      13.    In response to Paragraph 13 of the CC, Yogi admits that, at the direction of Nile

28  Niami, "on or around May 2, 2019, Yogi disbursed the sum of $186,640 to Marbella Construction,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1  Inc., and in or around June 2019, Yogi disbursed the sum of $613,306 to [First Republic Bank for]

2  Contemporary Vista, LLC." Yogi lacks knowledge or information sufficient to form a belief as to

3  the truth or falsity of the allegation that "Crestlloyd had no interest" in the "real property" owned

4  by Marbella Construction, Inc. and/or Contemporary Vista, LLC referenced in Paragraph 13 of the

5  CC, and, on that basis, denies this allegation.  Paragraph 13 otherwise contains legal conclusions

6  and therefore, no response is required, and to the extent any further response is required, except as

7  so expressly admitted or denied on information and belief, Yogi denies each and every of the other

8  allegations contained within Paragraph 13 of the CC.

9       14.    In response to Paragraph 14 of the CC, Yogi admits that "[p]ursuant to the

10  $30,188,235 Secured Promissory Note in favor of Yogi," "(i) upon the sale of the Bellagio

11  Property . . . $10,000,000.00 shall be due and payable, (ii) upon the sale of the Carcassonne

12  Property . . . . $15,000,000.00 shall be due and payable, (iii) upon the sale of the Stone Ridge

13  Property . . . $5,000,000.00 shall be due and payable and (iv) upon the sale of the Londonberry

14  Property . . . $10,000,000.00 shall be due and payable."  In response to Paragraph 14 of the CC,

15  Yogi admits that "Yogi [could have been] paid as much as $40,000,000 upon the sale of the Non-

16  Crestlloyd Properties." Except as so expressly admitted, Yogi denies each and every of the other

17  allegations contained within Paragraph 14 of the CC.

18       15.    In response to Paragraph 15 of the CC, Yogi denies each and every allegation

19  contained therein and further states that $6,013,000 "of the sale proceeds from that sale were

20  applied to a . . . loan for which the Londonderry Property [**was**] pledged as security." (Emphasis

21  added.)

22       16.    In response to Paragraph 16 of the CC, Yogi admits that it "increased the principal

23  amount of and interest on its loan to Crestlloyd without providing [prior] notice to Hankey."  In

24  response to Paragraph 16 of the CC, Yogi admits that "on or about April 20, 2018, Marbella and

25  Londonderry executed and delivered a $5,200,000 Secured Promissory Note in favor of Yogi, and

26  each of Marbella and Londonderry executed and delivered Deeds of Trust in connection with the

27  $5,200,000 Secured Promissory Note, which were recorded."  Except as so expressly admitted,

28  Yogi denies each and every of the other allegations contained within Paragraph 16 of the CC.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

17.     In response to Paragraph 17 of the CC, Yogi admits that "Crestlloyd, Marbella, Londonderry, and Yogi entered into a Fourth Amendment of Note and Deed of Trust related to the $5,200,000 Secured Promissory Note, which added the Property as security for the $5,200,000 Secured Promissory Note," provided, however, Yogi does not respond to remaining allegations which are legal conclusions and requires no response, and to the extent any further response is required, Yogi denies each and every of the other allegations contained within Paragraph 17 of the CC.

## C.     The Sale of the Hillcrest Property and the Non-Crestlloyd Properties

18.     In response to Paragraph 18 of the CC, Yogi admits that "on or around February 7, 2020, the Hillcrest Property sold for $38,325,000 by Debtor to an entity . . . owned by [Yogi's] principal[ ], Trousdale Estate."  Yogi further admits and states that "of that sum, $6,435,535.37 was credited toward Yogi's $5,200,000 Secured Promissory Note, even though the Hillcrest Property had not been pledged as security for that Note and Crestlloyd was not the Borrower on that Note," but Crestlloyd added the Property as collateral for the $5,200,000 Secured Promissory Note.  Except as so expressly admitted, Yogi denies each and every of the other allegations contained within Paragraph 18 of the CC.

19.     In response to Paragraph 19 of the CC, Yogi admits that "on or about November 24, 2020, fewer than ten months after purchasing the Hillcrest Property, Trousdale sold the Hillcrest Property to a third party for the sum of $47,000,000."  Except as so expressly admitted, Yogi denies each and every of the other allegations contained within Paragraph 19 of the CC.

20.     In response to Paragraph 20 of the CC, Yogi admits that "on or about February 9, 2021, the Londonderry Property was sold."  Yogi also admits that it could have been paid "$10,000,000 upon the sale of the Londonderry Property," if, among other things (a) there had not been senior encumbrances on the "Londonderry Property"; and (b) if Yogi was not paid in connection with a deed of trust it held on the Londonderry Property by way of an assignment. Except as so expressly admitted or stated, Yogi denies each and every of the other allegations contained within Paragraph 20 of the CC.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

21.     In response to Paragraph 21 of the CC, Yogi admits the allegations contained therein.

22.     In response to Paragraph 22 of the CC, Yogi denies the allegations contained therein and further states that $15,740,346.44 of the funds that Yogi received were used "to reduce Crestlloyd's obligations on the $30,188,235 Secured Promissory Note."

23.     In response to Paragraph 23 of the CC, Yogi admits that it "submitted proof of claim number 27 in this bankruptcy case based on the $30,188,235 Secured Promissory Note" asserting a claim for "$24,385,366.77."  Except as so expressly admitted, Yogi denies each and every of the other allegations contained within Paragraph 23 of the CC.

## FIRST CLAIM FOR RELIEF AGAINST YOGI

### For Equitable Subordination

24.     In response to Paragraph 24 of the CC, Yogi realleges and incorporates herein by reference its responses to Paragraphs 1 through 23 above as if fully set forth herein.

25.     In response to Paragraph 25 of the CC, Yogi admits the allegations contained therein.

26.     In response to Paragraph 26 of the CC, states that the allegations in Paragraph 26 of the CC contain a legal conclusion that requires no response, and on that basis, Yogi denies each and every allegation contained in paragraph 26 of the CC.

27.     In response to Paragraph 27 of the CC, Yogi denies the each and every allegation contained therein.

28.     In response to Paragraph 28 of the CC, Yogi admits that "upon the sale of the Hillcrest Property, $6,435,535.37 of the sale proceeds were used to pay down the outstanding balance on the $5,200,000 Secured Promissory Note, even though the Hillcrest Property was not pledged as security for that Note and Crestlloyd was not the borrower on that Note.  Rather, that loan was owed by two different entities, Londonderry and Marbella."  Yogi also admits that "[t]he proceeds of th[e] sale [of the Hillcrest Property] were not applied in full to Crestlloyd's outstanding loan balance due to Yogi under the $30,188,235 Secured Promissory Note that

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1   underlies Yogi's proof of claim 27 in this matter."  Yogi does not respond to remaining allegations

2   which are legal conclusions and requires no response, and to the extent any further response is

3   required, Yogi denies each and every of the other allegations contained within Paragraph 28 of the

4   CC.

5           29.     In response to Paragraph 29 of the CC, Yogi admits that "upon the sale of the

6   Hillcrest Property and the Non-Crestlloyd Properties. . . Yogi [received an approximate] total of . .

7   . [$15,740,346.44] from the proceeds of those sales to pay down the outstanding loan balance due

8   to Yogi under the $30,188,235 Secured Promissory Note," because, among other things, that

9   amount was all that was available after senior encumbrances on the Hillcrest Property and the

10  "Non-Crestlloyd Properties" were satisfied. Yogi does not respond to remaining allegations which

11  are legal conclusions and requires no response, and to the extent any further response is required,

12  Yogi denies each and every of the other allegations contained within Paragraph 29 of the CC.

13          30.     In response to Paragraph 30 of the CC, Yogi denies each and every allegation

14  contained therein.

15                              **AFFIRMATIVE DEFENSES**

16          Yogi asserts the following defenses to the CC.  Yogi reserves the right to restate or delete

17  any affirmative defense or add additional affirmative defenses.  By listing any matter as an

18  affirmative defense, Yogi does not assume the burden of proving any matter upon which Hankey

19  or any other party bears the burden of proof under applicable law, and the matters set forth below

20  are not an admission of any allegation in the CC.

21                          **FIRST AFFIRMATIVE DEFENSE**

22

23          **(Failure to State a Claim Upon Which Relief Can Be Granted)**

24          The CC, and each purported claim for relief therein, fails to state a claim upon which relief

25  can be granted against Yogi.

26

27

28

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

The CC, and each purported claim for relief therein against Yogi, is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, and 343, and all other applicable limitations, statutes, and requirements.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

Hankey consented to and approved of the acts and omissions alleged in the CC against Yogi.  Therefore, Hankey is barred, in whole or in part, from pursuing each purported claim for relief contained in the CC against Yogi.

## FOURTH AFFIRMATIVE DEFENSE

### (Implied Consent)

Hankey, through its actions and conduct, impliedly consented to and approved of the acts and omissions alleged in the CC against Yogi.  Therefore, Hankey is barred, in whole or in part, from pursuing each purported claim for relief contained in the CC against Yogi.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

The CC, and each purported claim for relief therein against Yogi, is barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

The CC, and each purported claim for relief therein against Yogi, is barred in whole or in part by the doctrine of laches.

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

**(Good Faith)**

3

The CC, and each purported claim for relief therein against Yogi, is barred in whole or in

4

part because Yogi at all times acted fairly and in good faith, and all actions taken with regard to

5

Hankey and the Property, as that term is defined in the CC, were taken for lawful business reasons

6

and in good faith.

7

**EIGHTH AFFIRMATIVE DEFENSE**

8

**(Estoppel)**

9

10

The CC, and each purported claim for relief therein against Yogi, is barred in whole or in

11

part by the doctrines of collateral estoppel, equitable estoppel, judicial estoppel, and/or any other

12

applicable estoppel or preclusion doctrines.

13

**NINTH AFFIRMATIVE DEFENSE**

14

**(Justification)**

15

At all relevant times, Yogi's conduct was justified and in good faith.

16

**TENTH AFFIRMATIVE DEFENSE**

17

**(Release)**

18

19

Hankey's purported claim against Yogi is barred by Hankey's release of its purported

20

claim.

21

**ELEVENTH AFFIRMATIVE DEFENSE**

22

**(Unclean Hands)**

23

Hankey's purported claim against Yogi is barred in whole or in part because Hankey

24

comes into court with unclean hands.

25

26

27

28

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

## TWELFTH AFFIRMATIVE DEFENSE

### (Ratification And Consent)

The CC, and the purported claim for relief therein against Yogi, is barred under the doctrines of ratification and consent.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Accord & Satisfaction)

The CC, and the purported claim for relief therein against Yogi, is barred under the doctrine of accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Hankey has suffered no legally cognizable damages as a result of the conduct alleged in the CC as against Yogi.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Speculative Losses or Damages)

Hankey's purported claim against Yogi is barred, in whole or in part, because Hankey's claimed losses and/or damages, if any, are too speculative to be ascertainable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset)

Any damages awarded to Hankey against Yogi should be reduced by the value of compensation or benefits it received.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Mitigation)

At all times and places mentioned in the CC, Hankey failed to make reasonable efforts to mitigate damages, if and to the extent any damages exist.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Election of Remedies)

The CC, and each purported claim for relief therein against Yogi, is barred and precluded by reason of the doctrine of election of remedies because Hankey seeks inconsistent remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The CC, and each purported claim for relief therein against Yogi, is barred in whole or in part because Hankey would be unjustly enriched if it were to recover any sum in this action from Yogi.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Equity)

The CC, and each purported claim for relief therein against Yogi, is barred in whole or in part because it would be inequitable to hold Yogi liable to Hankey.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Damages Not Recoverable Under Theories Pled)

Hankey's purported claim is barred, in whole or in part, to the extent Hankey seeks damages which are not properly recoverable under the theories set forth in the CC.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Public Policy)

Hankey's purported claim is barred, in whole or in part, to the extent any recovery would be contrary to public policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Hankey's alleged injuries, damages, or losses, to the extent any exist and are asserted against Yogi, are barred or limited by Hankey's own contributory negligence.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Yogi denies that Hankey has sustained any injury, damages, or losses by reason of any act, error, or omission on the part of Yogi.  If, however, it is established that Hankey has sustained any injury, damages, or losses, and that Yogi is liable in any amount or at all, to the extent any such injury, damages, or losses were proximately caused or contributed to by negligence and other improper acts on the part of Hankey or others, then the amount of any such injury, damages, or losses must be apportioned according to the respective comparative fault among all those persons whose negligence or improper acts caused and contributed to any such alleged injuries, damages, or losses.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

Yogi has not knowingly or voluntarily waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  Yogi further reserves the right to amend its answer and/or defenses accordingly and/or to delete defenses that Yogi determines are not applicable during the course of subsequent discovery.

## PRAYER

WHEREFORE, Yogi prays for judgment as follows:

1.    That Hankey takes nothing by way of its CC or any purported claims stated therein;

2.    That the Court dismiss Hankey's CC and each purported claim for relief therein against Yogi with prejudice;

3.    That the Court award Yogi all of its costs and attorneys' fees, to the extent allowed by law, incurred in connection with this action; and

1        4.    That the Court award Yogi such other and further relief as this Court deems just

2    and proper.

3    Dated:  January 31, 2025             PACHULSKI STANG ZIEHL & JONES LLP

4

5                        By    */s/ John W. Lucas*
                           John W. Lucas

6

7                             *Attorneys for Yogi Securities Holdings, LLC*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is **One Sansome Street, Suite 3430, San Francisco, CA  94104**

A true and correct copy of the foregoing document entitled (*specify*)**:    DEFENDANT YOGI SECURITIES HOLDINGS, LLC'S ANSWER TO HANKEY CAPITAL, LLC'S CROSSCLAIM** was served in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:    Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 31, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:    On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):    Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 31, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 31, 2025 | | /s/ Patricia Jeffries |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   **Case 2:22-ap-01125-DS**

- **Kyra E Andrassy**    kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Todd M Arnold**    tma@lnbyg.com
- **Ryan Coy**    ryan.coy@saul.com,
  hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com
- **Max Fabricant**    mfabricant@lavelysinger.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **David B Golubchik**    dbg@lnbyg.com, dbg@lnbyg.com
- **Jonathan Gottlieb**    jdg@lnbyg.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **John A Moe**    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Joseph M Rothberg**    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Paul Sorrell**    psorrell@lavelysinger.com, mdsinger@lavelysinger.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law
- **Johnny White**    JWhite@wrslawyers.com, jlee@wrslawyers.com

2. **SERVED BY FIRST CLASS U.S. MAIL**

| | | |
|---|---|---|
| *Attorneys for Defendant, Counter-Claimant and Counter-Defendant Crestlloyd, LLC*<br>David B. Golubchik, Esq.<br>Todd M. Arnold, Esq.<br>Joseph M. Rothberg, Esq.<br>Jonathan Gottlieb, Esq.<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034 | *Attorneys for Defendant, Counter-Claimant and Counter-Defendant Hankey Capital, LLC*<br>Thomas M. Geher, Esq.<br>JEFFER MANGELS BUTLER & MITCHELL LLP<br>1900 Avenue of the Stars<br>7th Floor<br>Los Angeles, CA 90067 | *Attorneys for Defendant, Counter-Claimant and Counter-Defendant Hankey Capital, LLC*<br>Howard J. Steinberg, Esq.<br>Eric V. Rowen, Esq.<br>Matthew R. Gershman, Esq.<br>GREENBERG TRAURIG, LLP<br>1840 Century Park East<br>Suite 1900<br>Los Angeles, CA 90067-2121 |
| *Attorneys for Defendant and Counter-Defendant Hilldun Corporation*<br>Steve Gubner, Esq.<br>Jerry Bregman, Esq.<br>Jessica S. Wellington, Esq.<br>BG LAW LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367 | *Attorneys for Plaintiff and Counter-Defendant Inferno Investment, Inc.*<br>Martin D. Singer<br>Paul S. Sorrell<br>Max D. Fabricant<br>LAVELY & SINGER PROFESSIONAL CORPORATION<br>2049 Century Park East<br>Suite 2400<br>Los Angeles, CA 90067-2906 | *Attorneys for Plaintiff and Counter-Defendant Inferno Investment, Inc.*<br>Sharon Z. Weiss<br>BRYAN CAVE LEIGHTON PAISNER LLP<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401-2386 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

**3.  SERVED BY EMAIL**:

| | | |
|---|---|---|
| LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.<br>David B. Golubchik<br>DBG@lnbyg.com<br>Joseph M. Rothberg<br>jmr@lnbyg.com | JEFFER MANGELS BUTLER & MITCHELL LLP<br>Thomas Geher<br>TGeher@JMBM.com | GREENBERG TRAURIG<br>Howard Steinberg<br>steinbergh@gtlaw.com |
| BG LAW<br>Steven T. Gubner<br>sgubner@bg.law | LAVELEY & SINGER PC<br>Paul Sorrell<br>psorrell@lavelysinger.com<br>Lisa Carpenter<br>LCarpenter@lavelysinger.com<br>Martin Singer<br>msinger@lavelysinger.com | BRYAN CAVE LEIGHTON PAISNER LLP<br>Sharon Weiss<br>sharon.weiss@bclplaw.com; |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW