Howard J. Steinberg (SBN CA 89291)
Eric V. Rowen (SBN CA 106234)
Matthew R. Gershman (SBN CA 253031)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700/Facsimile: 310.586.7800

Thomas M. Geher (SBN CA 130588)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: 310-203-8080/Facsimile: 310-203-0567

Attorneys for Hankey Capital, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>    Debtor,<br><br>INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Bk. No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS<br><br>**NOTICE OF MOTION AND MOTION OF HANKEY CAPITAL, LLC TO COMPEL RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS TO YVONNE NIAMI AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[*Filed concurrently with Declaration of Howard J. Steinberg*]<br><br>DATE:    August 19, 2025<br>TIME:    1:00 p.m.<br>CTRM:    1639<br><br>JUDGE:   Hon. Deborah J. Saltzman<br><br>Action Filed: June 9, 2022 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 19, 2025 at 1:00 p.m. in Courtroom 1639 of the above-captioned court located at 255 East Temple Street, Los Angeles, California 90012, Defendant and Counter/cross-claimant Hankey Capital, LLC ("Hankey") will move, and hereby does move, for an order under Federal Rules of Civil Procedure 26, 34, 37, and 45, as made applicable by Federal Rules of Bankruptcy Procedure 7026, 7034, and 7037, and 9016 compelling Yvonne Niami ("Yvonne") to respond to Hankey's subpoena to produce documents ("Subpoena") and produce documents without objection, as well as to pay Hankey's attorneys' fees and costs associated with the bringing of this Motion to obtain compliance with Yvonne's discovery obligations. Due to Yvonne's noncooperation, Hankey was unable to prepare the joint stipulation required by Local Bankruptcy Rule 7026-1(c).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the concurrently filed declaration of Howard J. Steinberg, all pleadings and files in this adversary proceeding, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rule 9013-1(f), anyone who wishes to oppose this Motion must do so in a writing that complies with the rules of practice and procedure before the United States Bankruptcy Court for the Central District of California, and must ensure that such opposition is filed with the Court no later than fourteen (14) days before the hearing on the Motion, or August 5, 2025. Failure to timely file and serve a written opposition may result in the Motion being resolved without oral argument and the striking of an untimely written opposition. The opposition must be served on Hankey's counsel at the following address:

> Howard J. Steinberg, Esq.
> Greenberg Traurig, LLP
> 1840 Century Park East, Suite 1900
> Los Angeles, CA 90067

DATED: July 15, 2025                    GREENBERG TRAURIG, LLP


By  _/s/ Howard J. Steinberg_
    Howard J. Steinberg
    Attorneys for Defendant and Cross-Claimant
    Hankey Capital, LLC

I. **INTRODUCTION**

This Motion is the result of a central figure in this litigation, Yvonne Niami ("Yvonne")[1], ignoring and not producing a single document in response a subpoena to produce documents ("Subpoena") served by Hankey Capital, LLC ("Hankey"), each of which was properly tailored to obtain evidence crucial to Hankey's preparation of its claims and defenses in this adversary proceeding. Yvonne and her husband Nile Niami ("Nile," and collectively with Yvonne, the "Niamis")[2], were at all relevant times in control of Debtor Crestlloyd, LLC ("Debtor" or "Crestlloyd"). Hankey loaned Crestlloyd the principal sum of $106,000,000, secured by a Construction Deed of Trust on real property at 944 Airole Way in Los Angeles, California (the "Property"). Crestlloyd itself has produced under 400 documents to date, making the discovery to one of its principals, Yvonne, all the more important. Indeed, there are many documents one would have expected Crestlloyd to have produced; that they have not done so suggests those documents may instead be in Yvonne's possession. Yvonne must therefore be compelled to produce all responsive documents in her possession, custody, and control.

Hankey is the senior lienholder on the Property. Yet two of Debtor's other creditors, Yogi Securities Holdings, LLC ("Yogi") and Inferno Investment, Inc. ("Inferno"), have each claimed that Hankey's debt should be subordinated to their own liens. While Hankey maintains there is no legal or factual basis for Hankey's lien to be subordinated, Hankey has also asserted affirmative defenses and counter- and cross-claims that raise numerous factual and equitable issues related to the relationships between and among Crestlloyd, its affiliates, and their principals, the Niamis; Yogi, its affiliates, and their principal, Joseph Englanoff; and Inferno, its affiliates, and their principal, Julien Remillard. Among other things, Hankey alleges that Inferno agreed to subordinate its debt to Hankey and is estopped to claim otherwise, as well as that Inferno's debt should be wholly recharacterized because it is in fact a disguised equity contribution—not debt. (Dkt. 297.) As to Yogi, Hankey alleges that Yogi engaged in a series of

---

[1] Yvonne is a party to this adversary proceeding and is currently in default.
[2] To avoid confusion due to the fact that both Nile and Yvonne have the same surname, Hankey refers to the Niamis by their first names throughout this document. This usage is intended solely for the sake of clarity and is not intended to convey any informality or disrespect.

inequitable transactions, failing to apply sums it received to reduce Crestlloyd's debt to it despite being contractually obligated to do so, which both necessitates that Yogi's lien be equitably subordinated to Hankey's and establishes numerous equitable defenses against Yogi's claim of lien priority. (Dkt. 296.)

Yvonne is intimately involved in these questionable transactions and will necessarily be in possession of documents and information crucial to Hankey's ability to establish the inequitable conduct of both Yogi and Inferno, including the truth of the financial relationship between Crestlloyd and Inferno, as well as shedding light on what funds Yogi received that should have been—but were not—applied to reduce Crestlloyd's indebtedness to Yogi and why. These documents would not merely help Hankey's claims and defenses—they are essential. Without them, there is a crater in Hankey's ability to prepare its case. Yvonne has no legitimate basis on which to refuse to produce documents and nor has she asserted one. Accordingly, Yvonne has waived all objections to each document request in the Subpoena and she should be ordered to provide responses and produce documents immediately without objection, as well as to pay Hankey's attorneys' fees and costs associated with the bringing of this Motion.

## II.    DISCOVERY AT ISSUE

On April 4, 2025, Hankey personally served Yvonne with a subpoena to produce documents ("Subpoena"), consisting of 132 document requests ("RFPs"). (Declaration of Howard J. Steinberg ["Steinberg Decl."] Ex. A.) Each RFP was properly tailored to seek information directly relevant to the facts and circumstances in dispute and to assist Hankey in preparing its claims and defenses. Yvonne's responses were due to be served no later than April 25, 2025. *See id.*; Fed. R. Civ. P. 6, 45.

The April 25, 2025, response date came and went with no response from Yvonne. On May 7, 2025, Hankey's counsel sent a meet-and-confer letter to Yvonne informing her of the failure to timely serve responses. (Steinberg Decl. Ex. B.) After receiving no response, Hankey sent a second letter to Yvonne on May 21, 2025, in a final good-faith effort to resolve the dispute without court intervention. (*Id.* Ex. C.) As of the time of this filing, Hankey has still received no response from Yvonne. (*Id.* ¶ 6.) Yvonne's noncooperation has made it impossible for Hankey to prepare the joint stipulation required by Local Bankruptcy Rule 7026-1(c). (*Id.*)

//

//

### III. LEGAL DISCUSSION

**A. Yvonne Waived All Objections to the RFPs by Failing to Timely Respond, and Responses to the RFPs Must Be Provided and Documents Must Be Produced**

Yvonne did not timely serve responses to the RFPs. Thus, all objections to the RFPs are waived. *See* Fed. R. Civ. P. 6, 45; *Richmark Corp v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection."). As detailed above, Yvonne was the principal of Debtor and her conduct and relationships to other Debtor-affiliates entities and with Inferno, Yogi, and their affiliates and principals, is at the center of many disputes that must be resolved in this litigation. Thus, documents in her possession, custody, or control are crucial to this adversary proceeding. "[D]iscovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). In the Ninth Circuit, "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Id.* Parties are entitled to broad discovery, "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) ("[T]he scope of permissible discovery under Rule 26 is 'broad.'") (citation omitted). Indeed, "[i]nformation … need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Even though "[t]he party seeking to compel discovery has the burden of establishing that the information is relevant," "[o]nce that showing is made, or if relevance is plain from the face of the request, the party resisting discovery then has the burden of showing that discovery should be allowed and of clarifying, explaining, and supporting its objections." *Moore v. Superway Logistics, Inc.*, No. 117CV01480DADBAM, 2019 WL 2285392, at *2 (E.D. Cal. May 29, 2019). Here, the RFPs are relevant, and Yvonne cannot meet her burden to justify her outright refusal to respond to the Subpoena.

**B. The RFPs All Seek Relevant Documents That Should Be Produced.**

Substantial issues concerning the characterization of the alleged debt and application of monies received from Crestlloyd occurred among and between Crestlloyd, Yogi, Inferno, and their respective principals and affiliates. Hankey is entitled to explore the full extent of those issues, as well as other facts

that bear on its ability to defend its lien priority and to trace the funds from its and others' loans to Crestlloyd that were intended for the Property, including:

- Yogi's cross-collateralizing and cross-defaulting loans to Debtor and non-Debtor entities affiliated with Crestlloyd or Yvonne.
- Yogi's failure to apply proceeds from the sale of properties that secured its $30 million note to reduce that obligation.
- Yogi's application of the proceeds from the sale of another Debtor-owned property to pay down obligations of non-Debtor entities.
- Yogi and/or its principals (including Joseph Englanoff) purchasing Debtor-owned property through an entity called Trousdale and selling the property in less than one year for a 22.6% profit of $8,675,000.
- Yogi's control over, among other things, Debtor's ability to sell, transfer, encumber, and alter the Property.
- The nature of the relationship between Crestlloyd and Inferno, including the execution and interpretation of a Subordination Agreement and Memorandum of Understanding and their impact on lien priority.
- The allegation that Hankey was required to but failed to ensure that disbursements under Hankey's loan were used for construction of improvements to the Property
- The allegations that Yogi and Inferno each lacked knowledge of and did not consent to Hankey's modifications to its loans to Crestlloyd.

Hankey's RFPs to Yvonne are specifically tailored to seek documents and communications relating to the issues set forth in the parties' pleadings and as detailed above. Such documents are crucial for Hankey to adequately prepare its claims and defenses:

- RFP No. 1 seeks documents and communications regarding Crestlloyd's relationship with Trousdale, which is relevant to its purchase of and immediate profit on Debtor-owned property.
- RFP Nos. 2-6 seek documents and communications about loans to Debtor or Yvonne from Yogi, Inferno, and Hankey.

- RFP Nos. 7-18, 25-28, 31-43, 125, and 130 seek documents and communications with Yogi, Inferno, and Hankey, including regarding agreements with Crestlloyd or Yvonne and regarding the use or disbursement of loan proceeds or capital contributions.

- RFP No. 19 seeks documents and communications relating to the priority of liens against the Property—the central issue in this adversary proceeding.

- RFP Nos. 20-24 seek documents and communications sufficient to show Yvonne's ownership interests in entities other than Crestlloyd, and Yvonne or those entities' purchases and sales of real property, which is information Hankey needs to identify entities that may have wrongly come into receipt of loan proceeds intended for the Property.

- RFP Nos. 29-30 seek documents and communications showing any loan or capital contribution made by Yogi or Inferno to Yvonne, her husband Nile, or their entities, so that Hankey can attempt to trace the funds that were spent by Crestlloyd, including whether they were wrongly redirected to Yvonne, her husband Nile, or any other entities under their control.

- RFP Nos. 44-49 seek documents and communications regarding the payments and disbursement of proceeds from the sale of all real property pledged as security for Yogi's $30 million note on which it seeks to recover in full here from the proceeds from sale of the Property.

- RFP Nos. 50-53 seek documents and communications relating to Yvonne, her husband Nile, and any of their entities' transfers of real or personal property to Joseph Englanoff (Yogi's principal), Englanoff's relatives, or any entity Englanoff owns or controls. These RFPs are relevant to discover any indirect payments from Debtor to Yogi, through their principals.

- RFP Nos. 54-59 seek agreements and amendments thereto between Crestlloyd, on the one hand, and Yvonne, her husband Nile, or any of their entities, on the other hand.

- RFP Nos. 60-65 seek communications with Yvonne, on the one hand, and Yogi's and Inferno's principals and their relatives, on the other hand—information that is crucial to understanding the relationship between the Niamis and Yogi and Inferno.

- RFP No. 66 seeks documents and communications with Nigel Gibbs, the notary public who notarized the Subordination Agreement. This RFP is relevant to discover information about the validity of the Subordination Agreement and Inferno's claim that a signature on the Subordination Agreement was forged.
- RFP Nos. 67-124 seek documents and communications relating to allegations made in Crestlloyd's Cross-Complaint.
- RFP No. 126 seeks communications between Crestlloyd, on the one hand, and Yvonne, on the other hand. These RFPs will shed light on the corporate separateness of Crestlloyd and other entities owned or controlled by the Niamis, as well as the investigation into tracing of funds that were spent by Crestlloyd.
- RFP No. 127 seeks communications between the Niamis relating to Debtor, the Property, and the properties pledged as security for Yogi's $30 million note.
- RFP Nos. 128-129 seek communications between Yvonne or Crestlloyd, on the one hand, and Joseph Englanoff or his entities, on the other hand, which documents should shed light at minimum on Yogi's understanding of its own lien priority against the Property.
- RFP Nos. 131-132 seek communications between Yvonne and Yogi relating to loans by Hankey and the timing of recording any deed of trust against the Property, which is also relevant to Yogi's understanding of its own lien priority against the Property.

In short, all these RFPs seek documents about factual and legal issues relevant to Hankey's claims and defenses in the adversary proceeding where Yvonne is not only a defaulted party, but the principal of the Debtor and of several other entities whose property and conduct are relevant to determining key factual disputes. And given the minimal production of documents from Crestlloyd, the Niamis may be the best or only source of many of these documents. Yvonne waived all objections to the RFPs and should be compelled to respond to each RFP and produce responsive documents without objection.

**C. Yvonne Should Be Ordered to Reimburse Hankey's Fees and Costs Incurred in Bringing this Motion**

In addition to being ordered to produce documents without objection, Yvonne should be ordered to reimburse Hankey for the fees and costs incurred in bringing this Motion. Federal Rule of Civil

Procedure 37(a)(5)(A), as made applicable by Federal Rule of Bankruptcy Procedure 7037, provides that the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Yvonne provided no response to Hankey's Subpoena—conduct that is in no way justified and that has forced Hankey to bring this Motion in the face of Yvonne's silence. There is no possible justification for Yvonne's outright refusal to respond to discovery, and she should be ordered to reimburse Hankey's fees and costs incurred in bringing the instant Motion, in the amount of $12,600. (Steinberg Decl. ¶¶ 7-10.)

### IV. CONCLUSION

For the foregoing reasons, the Court should find that Yvonne's failure to respond to the properly tailored Subpoena served on her resulted in a waiver of all objections, compel Yvonne to produce written responses and documents immediately without objection, and order Yvonne to pay the fees and costs Hankey incurred in the bringing of the instant Motion to obtain compliance with Yvonne's discovery obligations.

DATED: July 15, 2025                    GREENBERG TRAURIG, LLP

                                        By  /s/ Howard J. Steinberg
                                            Howard J. Steinberg
                                            Attorneys for Defendant and Cross-Claimant
                                            Hankey Capital, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Greenberg Traurig LLP, 1840 Century Park East, Suite 1900, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF HANKEY CAPITAL, LLC TO COMPEL RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS TO YVONNE NIAMI AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/15/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kyra E Andrassy     kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
Todd M Arnold     tma@lnbyg.com
Ryan Coy     ryan.coy@saul.com, hannah.richmond@saul.com;  Shelly.Guise@saul.com; LitigationDocketing@saul.com;ryan.coy@ecf.courtdrive.com
Max Fabricant     mfabricant@lavelysinger.com
Thomas M Geher     tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
David B Golubchik     dbg@lnbyg.com, dbg@lnbyg.com
Jonathan Gottlieb     jdg@lnbyg.com
Jeffrey Huron     jeff.huron@stinson.com, ebailon@dykema.com;slara@dykema.com;DocketLA@dykema.com
John W Lucas     jlucas@pszjlaw.com, ocarpio@pszjlaw.com
John A Moe     john.moe@dentons.com, kathryn.howard@dentons.com; derry.kalve@dentons.com; DOCKET.GENERAL.LIT.LOS@dentons.com
Nicholas David Moss     nmoss@molinolawfirm.com
Joseph M Rothberg     jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
Paul Sorrell     psorrell@lavelysinger.com, mdsinger@lavelysinger.com
Howard Steinberg     steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Sharon Z. Weiss     sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
Jessica Wellington     jwellington@bg.law, ecf@bg.law
Johnny White     JWhite@wrslawyers.com, jlee@wrslawyers.com

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
ACTIVE 705722580v1

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 07/15/2025 | Terrine Pearsall | /s/ Terrine Pearsall |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
ACTIVE 705722580v1