Richard M. Pachulski (CA Bar No. 90073)
Henry C. Kevane (CA Bar No. 125757)
John W. Lucas (CA Bar No. 271038)
Beth E. Levine (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: rpachulski@pszjlaw.com
      hkevane@pszjlaw.com
      jlucas@pszjlaw.com
      blevine@pszjlaw.com

*Attorneys for Yogi Securities Holdings, LLC*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>    Debtor.<br><hr>INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL LLC, a California limited liability company, YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,<br><br>    Defendants.<br><hr>AND RELATED CROSS-ACTIONS. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS<br><br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

4918-1241-4560.7 96887.00001

This Stipulated Protective Order (the "Protective Order") is entered into by and among Yogi Securities Holdings, LLC; Trousdale Estate, LLC; Joseph Englanoff; Hankey Capital, LLC, Inferno Investment, Inc., Hilldun Corporation, and Crestlloyd, LLC (collectively, the "Parties").

The Parties, by their undersigned counsel, hereby stipulate to the following provisions:

## DEFINITIONS

1. "Adversary Proceeding" means the above-captioned adversary proceeding.

2. "Bankruptcy Case" means the above-captioned bankruptcy case of debtor Crestlloyd, LLC.

3. "Confidential Information" means non-public information that is designated as Confidential or Highly Confidential in accordance with this Protective Order.

4. "Court" means the United States Bankruptcy Court for the Central District of California.

5. "Counsel" means Outside Counsel of Record and House Counsel (as well as their support staff).

6. "Designating Party" means a Party or Non-Party that designates information or items in disclosures, productions, or in responses to discovery as Confidential or Highly Confidential information.

7. "ESI" is an abbreviation of "electronically stored information" and shall have the same meaning and scope as in Federal Rule of Civil Procedure 34(a)(1)(A).

8. "House Counsel" means attorneys who are employees of a party to the Adversary Proceeding. House counsel does not include Outside Counsel of Record or any other outside counsel.

9. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Adversary Proceeding.

10. "Outside Counsel of Record" is an external attorney or law firm officially designated by the court as a party's legal representative, who is authorized to receive and handle confidential information disclosed during litigation under the Protective Order's terms, and includes support staff.

11. "Party" means any party to the Adversary Proceeding, including all of its officers, directors, employees, House Counsel, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

12. "Permitting Inspection" in response to a request for production under Federal Rule of Civil Procedure 34 has the same meaning as otherwise set forth in Federal Rule of Civil Procedure 34, without regard to whether the materials are made available in hard copy or made accessible online in a digital copy.

13. "Privileged Material" means any Document, ESI, or related information that is protected from disclosure by a privilege or other immunity from discovery, including without limitation the attorney-client or the work product privilege (as those terms are defined by Federal Rule of Evidence 502(g)), the joint defense or common interest privilege, or any other statutory privilege or protection.

14. "Producing Party" means a Party or Non-Party that produces Confidential Information in connection with the Adversary Proceeding.

15. "Receiving Party" means a person who receives Confidential Information directly or indirectly from a Producing Party.

**SCOPE**

16. All documents, ESI, items, and other information produced in the course of discovery in connection with this Adversary Proceeding, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively, "Documents"), shall be subject to this Protective Order. The protections conferred by this Protective Order shall also cover copies, extracts, or excerpts from Documents produced in the Adversary Proceeding, the substance thereof, as well as any testimony that reveals Confidential Information or Privileged Material.

**DESIGNATING AND CHALLENGING DESIGNATIONS**

17. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection under the

appropriate legal standards so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

18.     Documents may be designated "CONFIDENTIAL" if, at the time they are disclosed or produced in discovery, the Producing Party has a good faith belief that information in the Documents is not in the public domain, or if in the public domain, not properly in the public domain, and such information qualifies for protection under the appropriate legal standards; including but not limited to (a) confidential research, development, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (b) personal financial or other private information that would be properly redacted from any public court filing pursuant to Fed. R. Civ. P. 5.2; or (c) information protected by the provisions of the Privacy Act, 5 U.S.C. 552a.

19.     Documents may be designated "HIGHLY CONFIDENTIAL" if they contain extremely sensitive Confidential Information, disclosure of which to another would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information includes, but is not limited to, the private health and medical information of individuals and information protected by the Privacy Act, 5 U.S.C. 552a, or highly sensitive financial or trade secret information.

20.     Documents may be designated as Confidential Information for protection under this Protective Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page of the Document that contains the protected material and on all copies in a manner that will not interfere with the legibility of the Document. To the extent a Document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the Document is not practicable, the producing party may designate the Document as confidential by cover letter or slip sheet, or by affixing a label to the production media containing the Document. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the Documents are produced or disclosed. For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

21. Any copies that are made of any Documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of Documents that do not contain substantial portions or images of the text of Documents designated as Confidential or Highly Confidential and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

22. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

23. A Party shall not be obligated to challenge the propriety of a designation information as Confidential or Highly Confidential at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any Party disagrees with the designation of any information as confidential, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party may object in writing to the Party who designated the document or information as confidential. The designating party shall respond to such objection in writing within five (5) business days (the "Objection Deadline"). If the objecting Party still disputes the designation, the objecting Party shall move the Court, within seven (7) days after the later of (a) the date the objecting Party disputed the designation or (b) the Objection Deadline, for an order vacating the confidential status of the disputed information. The disputed information shall remain Confidential

or Highly Confidential Information unless and until the Court orders otherwise. Objections shall be heard by the Court in advance of any hearing or trial.

### DEPOSITIONS

24. Unless stated otherwise on the record at the time the deposition testimony is taken as set forth in this Paragraph, all deposition testimony taken within the scope of this Protective Order shall be treated as Highly Confidential Information for a period of 10 days after the deposition. If an exhibit was previously produced during discovery, such exhibit shall have the designation as it exists at the time the exhibit is introduced or referenced during the deposition. Otherwise, such exhibits shall also be treated as Highly Confidential for a period of 10 days after the deposition. No later than the 10th day after the party is deposed, a party may serve a Notice of Designation to all Parties of record and the court reporter for the deposition in question as to specific pages and lines of the transcript and exhibits that are designated as Confidential or Highly Confidential, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Protective Order. After the receipt of any errata, the party which noticed the deposition shall request the court reporter to provide a revised final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential in the lower left-hand corner of each designated page.

### USE OF CONFIDENTIAL INFORMATION

25. Unless otherwise agreed to by the Designating Party or ordered by the Court, a Receiving Party may use Confidential or Highly Confidential material solely for the purpose of prosecuting, defending, or attempting to settle the Adversary Proceeding. Such material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Adversary Proceeding has been terminated, a Receiving Party must comply with the provisions of section 41 below. Confidential information must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Protective Order. For the avoidance of doubt, filing unredacted Confidential or Highly Confidential material on the publicly accessible docket shall be a *per se* violation of this Protective Order unless the Court has denied a Party's request to file that material under seal.

26. Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    the Receiving Party's Outside Counsel of Record to whom disclosure is reasonably necessary for the Adversary Proceeding;

    (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Adversary Proceeding and who have been advised of the existence of this Protective Order and its terms.

    (c)    Experts, consultants, and their employees to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters and their staff, professional trial consultants, and professional vendors, to whom disclosure is reasonably necessary for this Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)    during their depositions, actual or potential witnesses, and their attorneys, in the Adversary Proceeding to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

    (g)    the author of a Document containing the information or any person who had copy of the Document containing the information in its possession, custody, or control prior to the commencement of the Adversary Proceeding;

    (h)    mediators and/or other third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, to whom disclosure is reasonably necessary for this Adversary

Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

27. Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record to whom disclosure is reasonably necessary for the Adversary Proceeding;

(b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for the Adversary Proceeding and who have been advised of the existence of this Protective Order and its terms;

(c) Experts, consultants, and their employees to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and professional vendors, to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, actual or potential witnesses, and their attorneys, in the Adversary Proceeding to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(g) the author of a Document containing the information or any person who had copy of the Document containing the information in its possession, custody, or control prior to the commencement of the Adversary Proceeding;

(h) mediators and/or other third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, to whom disclosure is reasonably necessary for this Adversary

Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

28. Nothing in this Protective Order shall be construed to limit the use of any Document(s) in the Adversary Proceeding provided that the Parties take reasonably necessary advanced precautions to avoid the public disclosure of material designated as Confidential and Highly Confidential. A Party that intends to present, or that anticipates that another Party may present, such information at a hearing, shall bring that issue to the Court's and Parties' attention as soon as practicable. The Court may thereafter make such orders as are necessary to govern the use of such Documents at hearings.

## **RULE 502(D) PROVISIONS**

29. Pursuant to Federal Rule of Evidence 502(d), the disclosure or production to a Receiving Party of any Documents, communications, or information shall not, for the purposes of this proceeding or any other proceeding, constitute a waiver of the attorney-client privilege or work-product protection, applicable to: (a) those Documents, communications, or information; or (b) any other Documents, communications, or information with a related subject matter. Permitting Inspection of communications and other Documents that may contain Privileged Material does not constitute waiver of any privilege.

30. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

31. The Producing Party shall be permitted to request from any Receiving Party the return or destruction of Documents, communications, or information produced under this Protective Order on the basis that such Documents, communications, or information are Privileged Material. Prior to, or contemporaneously with, such a request, the Producing Party shall provide the Receiving Party with a list that (i) reasonably identifies each Document, communication, or information that the Producing Party believes contains Privileged Material; and (ii) provides, with respect to each Document, communication, or information, a good-faith basis for the Producing Party's assertion of privilege.

32. If the Producing Party makes such a request to a Receiving Party for the return or destruction of Privileged Material, the Receiving Party shall, within five business days, return or destroy all copies of the Privileged Material, and provide to Counsel for the Producing Party a certification of Counsel that all such information has been returned or destroyed. Nothing in this Protective Order shall change any obligation of a Producing Party to preserve Documents.

33. Nothing in this Protective Order shall prevent the Receiving Party from challenging the privilege or protection asserted by the Producing Party and moving for an order compelling production of the Privileged Material. Any such motion shall be filed under seal and shall not assert as a ground for entering such an order the production of Privileged Material pursuant to this Protective Order.

34. A Producing Party may not rely on its own disclosure or production of privileged or work product materials under this Protective Order as a basis to seek disqualification of a Receiving Party or its Counsel.

## MISCELLANEOUS PROVISIONS

35. If a Receiving Party is served with a subpoena or an order issued in any other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than three days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the receiving party has in its possession, custody or control Confidential Information received from the Producing Party.

36. The terms of this Protective Order are applicable to information produced by a Non-Party in the Adversary Proceeding and designated as Confidential or Highly Confidential as set forth above. Such information produced by Non-Parties in connection with the Adversary Proceeding is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

37. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A).

38. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

39. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

40. In accordance with Local Bankruptcy Rule and The Central Guide Rule 5003-2(c), Confidential Information may only be filed under seal pursuant to a Court order authorizing the sealing of the Confidential Information at issue. For the purposes of the Adversary Proceeding, the Court's entry of an order approving this Protective Order shall automatically authorize any Party to file under seal Confidential Information covered by this Protective Order without the need to first file a separate motion and obtain an order; *provided, however*, that any Party wishing to file Confidential Information under seal in the Adversary Proceeding must promptly (i) file a notice of intent to file under seal at the same time it files any Confidential Information that is covered by this Protective Order, and (ii) otherwise comply with Local Bankruptcy Rule and The Central

Guide Rule 5003-2(c) (a "<u>Motion to Seal</u>"). If the Court approves the Motion to Seal then no further action is required. If the Court does not approve the Motion to Seal or does so with limitations then the moving party must refile the pleadings with the sealed Confidential Information as required by the Court.

41. After final disposition of the Adversary Proceeding, within 60 days of a written request by the Designating Party, each Receiving Party must return all Confidential Information to the Producing Party or destroy such material. As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order. Notwithstanding the above, after final disposition of the Adversary Proceeding, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

42. The Parties shall act in good faith in complying with this Protective Order.

43. This Protective Order shall survive the termination of this action. This Court shall retain jurisdiction over all persons subject to this Protective Order to interpret or enforce the provisions of this Protective Order.

44. This Protective Order is not intended to alter the terms of the Stipulated Protective Order entered into by and among Hankey Capital LLC and Evirum Inc. d.b.a. Inferno Investment,

Inc. in the Bankruptcy Case [Bankruptcy Case Docket No. 663] (the "September Protective Order"), and all rights and obligations with respect to the information provided pursuant to the September Protective Order remain in full force and effect.

Dated: November 24, 2025        PACHULSKI STANG ZIEHL & JONES LLP

By _____
Richard M. Pachulski
Henry C. Kevane
John W. Lucas
Beth E. Levine

*Attorneys for Yogi Securities Holdings, LLC*

Dated: November 24, 2025        Wolf, Rifkin, Shapiro, Schulman & Rabkin

By _____
Johnny White

*Attorneys for Trousdale Estate LLC*

Dated: November 24, 2025        Wolf, Rifkin, Shapiro, Schulman & Rabkin

By _____
Johnny White

*Attorneys for Joseph Englanoff*

Dated: November __, 2025        GREENBERG TRAURIG, LLP

By _____
Howard J. Steinberg
Eric V. Rowen
Matthew R. Gershman

*Attorneys for Hankey Capital, LLC*

Dated: November __, 2025        BRYAN CAVE LEIGHTON PAISNER LLP

4918-1241-4560.7 96887.00001        13

Inc. in the Bankruptcy Case [Bankruptcy Case Docket No. 663] (the "September Protective Order"), and all rights and obligations with respect to the information provided pursuant to the September Protective Order remain in full force and effect.

Dated: November __, 2025

PACHULSKI STANG ZIEHL & JONES LLP

By _____
Richard M. Pachulski
Henry C. Kevane
John W. Lucas
Beth E. Levine

*Attorneys for Yogi Securities Holdings, LLC*

Dated: November __, 2025

Wolf, Rifkin, Shapiro, Schulman & Rabkin

By _____
Johnny White

*Attorneys for Trousdale Estate LLC*

Dated: November __, 2025

Wolf, Rifkin, Shapiro, Schulman & Rabkin

By _____
Johnny White

*Attorneys for Joseph Englanoff*

Dated: November 20, 2025

GREENBERG TRAURIG, LLP

By _____
Howard J. Steinberg
Eric V. Rowen
Matthew R. Gershman

*Attorneys for Hankey Capital, LLC*

Dated: November 24, 2025

BRYAN CAVE LEIGHTON PAISNER LLP

By _Sharon Z. Weiss_ (signed)
Sharon Z. Weiss

*Attorneys for Inferno Investment, Inc.*

Dated: November __, 2025

STINSON LLP

By _____
Jeff Huron

*Attorneys for Inferno Investment, Inc.*

Dated: November __, 2025

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP

By _____
David B. Golubchik
Joseph M. Rothberg

*Attorneys for Crestlloyd, LLC*

Dated: November __, 2025

BG LAW

By _____
Steven T. Gubner

*Attorneys for Hilldun*

4918-1241-4560.7 96887.00001

14

|     |                              |                                                          |
|-----|------------------------------|----------------------------------------------------------|
|     |                              | By _____                        |
|     |                              | Sharon E. Weiss                                          |
|     |                              | *Attorneys for Inferno Investment, Inc.*                 |
|     | Dated: November 20, 2025     | STINSON LLP                                              |
|     |                              | By  *Jeff Huron* (Signed by, FBAFB4F9C8F84CC...)  11/20/2025 |
|     |                              | Jeff Huron                                               |
|     |                              | *Attorneys for Inferno Investment, Inc.*                 |
|     | Dated: November __, 2025     | LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP               |
|     |                              | By _____                        |
|     |                              | David B. Golubchik                                       |
|     |                              | Joseph M. Rothberg                                       |
|     |                              | *Attorneys for Crestlloyd, LLC*                          |
|     | Dated: November __, 2025     | BG LAW                                                   |
|     |                              | By _____                        |
|     |                              | Steven T. Gubner                                         |
|     |                              | *Attorneys for Hilldun*                                  |

4918-1241-4560.7 96887.00001

14

|  |  |
|---|---|
|  | By _____<br>Sharon E. Weiss<br><br>*Attorneys for Inferno Investment, Inc.* |
| Dated: November __, 2025 | STINSON LLP<br><br>By _____<br>Jeff Huron<br><br>*Attorneys for Inferno Investment, Inc.* |
| Dated: November 20, 2025 | LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP<br><br>By /s/ *signature*<br>David B. Golubchik<br>Joseph M. Rothberg<br><br>*Attorneys for Crestlloyd, LLC* |
| Dated: November __, 2025 | BG LAW<br><br>By _____<br>Steven T. Gubner<br><br>*Attorneys for Hilldun* |

|     |     |
| --- | --- |
|     | By _____ |
|     | Sharon E. Weiss |
|     | *Attorneys for Inferno Investment, Inc.* |
| Dated: November __, 2025 | STINSON LLP |
|     | By _____ |
|     | Jeff Huron |
|     | *Attorneys for Inferno Investment, Inc.* |
| Dated: November __, 2025 | LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP |
|     | By _____ |
|     | David B. Golubchik |
|     | Joseph M. Rothberg |
|     | *Attorneys for Crestlloyd, LLC* |
| Dated: November 20, 2025 | BG LAW LLP |
|     | By /s/ *(signature)* |
|     | Steven T. Gubner |
|     | Jessica S. Wellington |
|     | *Attorneys for Hilldun* |

4918-1241-4560.7 96887.00001

14

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for Central District on California on _____ in adversary proceeding no. 2:22-ap-01125-DS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceeding related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4918-1241-4560.7 96887.00001