| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Richard M. Pachulski (CA Bar No. 90073)<br>Henry C. Kevane (CA Bar No. 125757)<br>John W. Lucas (CA Bar No. 271038)<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003<br>Telephone: 310.277.6910<br>Facsimile: 310.201.0760<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for:* Yogi Securities Holdings, LLC | FOR COURT USE ONLY |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>    Debtor(s) | CASE NO.: 2:21-bk-18205-DS<br><br>CHAPTER: 11 |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL LLC, a California limited liability company, YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,<br><br>    Defendants. | ADV NO. 2:22-ap-01125-DS<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY ADVERSARY PROCEEDING RE:** (*title of motion[1]*)<br><br>***[PROPOSED] STIPULATED PROTECTIVE ORDER*** |

PLEASE TAKE NOTE that the order titled   ***Stipulated Protective Order***

was lodged on (*date*)   November 24, 2025   and is attached hereto as **Exhibit A**.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**One Sansome Street, 34th Floor, Suite 3430 San Francisco, CA  94104-4436**

A true and correct copy of the foregoing document entitled (*specify*):  ***NOTICE OF LODGMENT OF STIPULATED
PROTECTIVE ORDER*** will be served or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**November 24, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses
stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **_____**, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 13, 2025**, I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in
writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a
declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the
document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 24, 2025 | Hung Phan | /s/ Hung Phan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
4926-1131-8396.1 96887.00001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   **Case 2:22-ap-01125-DS**

- Kyra E Andrassy    kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- Todd M Arnold    tma@lnbyg.com
- Ryan Coy    ryan.coy@blankrome.com
- Max Fabricant    mfabricant@lavelysinger.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Jonathan Gottlieb    jdg@lnbyg.com
- Jeffrey Huron    jeff.huron@stinson.com, ebailon@dykema.com;slara@dykema.com;DocketLA@dykema.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- John A Moe    john.moe@dentons.com,
  kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- Nicholas David Moss    nmoss@molinolawfirm.com
- Joseph M Rothberg    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Sharon Z. Weiss    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.law
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4926-1131-8396.1 96887.00001

# EXHIBIT A

1 | Richard M. Pachulski (CA Bar No. 90073)
Henry C. Kevane (CA Bar No. 125757)
2 | John W. Lucas (CA Bar No. 271038)
Beth E. Levine (Admitted *Pro Hac Vice*)
3 | PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
4 | Los Angeles, California 90067-4003
Telephone: 310-277-6910
5 | Facsimile:  310-201-0760
E-mail: rpachulski@pszjlaw.com
6 |         hkevane@pszjlaw.com
        jlucas@pszjlaw.com
7 |         blevine@pszjlaw.com

8 | *Attorneys for Yogi Securities Holdings, LLC*

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

11 | In re

12 | CRESTLLOYD, LLC,

13 |                 Debtor.

14 |

15 | INFERNO INVESTMENT, INC., a Quebec corporation,

16 |

17 |                 Plaintiff,

18 |         vs.

19 | CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL LLC, a California limited liability company, YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,

23 |                 Defendants.

24 |

25 | AND RELATED CROSS-ACTIONS.

Case No. 2:21-bk-18205-DS

Chapter 11

Adv. No. 2:22-ap-01125-DS

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1    This Stipulated Protective Order (the "Protective Order") is entered into by and among

2    Yogi Securities Holdings, LLC; Trousdale Estate, LLC; Joseph Englanoff; Hankey Capital, LLC,

3    Inferno Investment, Inc., Hilldun Corporation, and Crestlloyd, LLC (collectively, the "Parties").

4    The Parties, by their undersigned counsel, hereby stipulate to the following provisions:

5    <u>**DEFINITIONS**</u>

6    1.    "Adversary Proceeding" means the above-captioned adversary proceeding.

7    2.    "Bankruptcy Case" means the above-captioned bankruptcy case of debtor

8    Crestlloyd, LLC.

9    3.    "Confidential Information" means non-public information that is designated as

10    Confidential or Highly Confidential in accordance with this Protective Order.

11    4.    "Court" means the United States Bankruptcy Court for the Central District of

12    California.

13    5.    "Counsel" means Outside Counsel of Record and House Counsel (as well as their

14    support staff).

15    6.    "Designating Party" means a Party or Non-Party that designates information or

16    items in disclosures, productions, or in responses to discovery as Confidential or Highly

17    Confidential information.

18    7.    "ESI" is an abbreviation of "electronically stored information" and shall have the

19    same meaning and scope as in Federal Rule of Civil Procedure 34(a)(1)(A).

20    8.    "House Counsel" means attorneys who are employees of a party to the Adversary

21    Proceeding. House counsel does not include Outside Counsel of Record or any other outside

22    counsel.

23    9.    "Non-Party" means any natural person, partnership, corporation, association, or

24    other legal entity not named as a Party to the Adversary Proceeding.

25    10.    "Outside Counsel of Record" is an external attorney or law firm officially

26    designated by the court as a party's legal representative, who is authorized to receive and handle

27    confidential information disclosed during litigation under the Protective Order's terms, and

28    includes support staff.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

11.     "Party" means any party to the Adversary Proceeding, including all of its officers, directors, employees, House Counsel, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

12.     "Permitting Inspection" in response to a request for production under Federal Rule of Civil Procedure 34 has the same meaning as otherwise set forth in Federal Rule of Civil Procedure 34, without regard to whether the materials are made available in hard copy or made accessible online in a digital copy.

13.     "Privileged Material" means any Document, ESI, or related information that is protected from disclosure by a privilege or other immunity from discovery, including without limitation the attorney-client or the work product privilege (as those terms are defined by Federal Rule of Evidence 502(g)), the joint defense or common interest privilege, or any other statutory privilege or protection.

14.     "Producing Party" means a Party or Non-Party that produces Confidential Information in connection with the Adversary Proceeding.

15.     "Receiving Party" means a person who receives Confidential Information directly or indirectly from a Producing Party.

**SCOPE**

16.     All documents, ESI, items, and other information produced in the course of discovery in connection with this Adversary Proceeding, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively, "Documents"), shall be subject to this Protective Order.  The protections conferred by this Protective Order shall also cover copies, extracts, or excerpts from Documents produced in the Adversary Proceeding, the substance thereof, as well as any testimony that reveals Confidential Information or Privileged Material.

**DESIGNATING AND CHALLENGING DESIGNATIONS**

17.     The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection under the

appropriate legal standards so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

18.     Documents may be designated "CONFIDENTIAL" if, at the time they are disclosed or produced in discovery, the Producing Party has a good faith belief that information in the Documents is not in the public domain, or if in the public domain, not properly in the public domain, and such information qualifies for protection under the appropriate legal standards; including but not limited to (a) confidential research, development, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (b) personal financial or other private information that would be properly redacted from any public court filing pursuant to Fed. R. Civ. P. 5.2; or (c) information protected by the provisions of the Privacy Act, 5 U.S.C. 552a.

19.     Documents may be designated "HIGHLY CONFIDENTIAL" if they contain extremely sensitive Confidential Information, disclosure of which to another would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information includes, but is not limited to, the private health and medical information of individuals and information protected by the Privacy Act, 5 U.S.C. 552a, or highly sensitive financial or trade secret information.

20.     Documents may be designated as Confidential Information for protection under this Protective Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page of the Document that contains the protected material and on all copies in a manner that will not interfere with the legibility of the Document. To the extent a Document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the Document is not practicable, the producing party may designate the Document as confidential by cover letter or slip sheet, or by affixing a label to the production media containing the Document. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the Documents are produced or disclosed. For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

21.     Any copies that are made of any Documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of Documents that do not contain substantial portions or images of the text of Documents designated as Confidential or Highly Confidential and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

22.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

23.     A Party shall not be obligated to challenge the propriety of a designation information as Confidential or Highly Confidential at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any Party disagrees with the designation of any information as confidential, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party may object in writing to the Party who designated the document or information as confidential. The designating party shall respond to such objection in writing within five (5) business days (the "Objection Deadline").  If the objecting Party still disputes the designation, the objecting Party shall move the Court, within seven (7) days after the later of (a) the date the objecting Party disputed the designation or (b) the Objection Deadline, for an order vacating the confidential status of the disputed information. The disputed information shall remain Confidential

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1    or Highly Confidential Information unless and until the Court orders otherwise.  Objections shall

2    be heard by the Court in advance of any hearing or trial.

3    ## DEPOSITIONS

4      24. Unless stated otherwise on the record at the time the deposition testimony is taken

5    as set forth in this Paragraph, all deposition testimony taken within the scope of this Protective

6    Order shall be treated as Highly Confidential Information for a period of 10 days after the

7    deposition. If an exhibit was previously produced during discovery, such exhibit shall have the

8    designation as it exists at the time the exhibit is introduced or referenced during the deposition.

9    Otherwise, such exhibits shall also be treated as Highly Confidential for a period of 10 days after

10   the deposition. No later than the 10th day after the party is deposed, a party may serve a Notice of

11   Designation to all Parties of record and the court reporter for the deposition in question as to

12   specific pages and lines of the transcript and exhibits that are designated as Confidential or Highly

13   Confidential, and thereafter only those portions identified in the Notice of Designation shall be

14   protected by the terms of this Protective Order. After the receipt of any errata, the party which

15   noticed the deposition shall request the court reporter to provide a revised final copy of the

16   transcript that reflects any designations of pages of the transcript as Confidential or Highly

17   Confidential in the lower left-hand corner of each designated page.

18   ## USE OF CONFIDENTIAL INFORMATION

19     25. Unless otherwise agreed to by the Designating Party or ordered by the Court, a

20   Receiving Party may use Confidential or Highly Confidential material solely for the purpose of

21   prosecuting, defending, or attempting to settle the Adversary Proceeding. Such material may be

22   disclosed only to the categories of persons and under the conditions described in this Protective

23   Order. When the Adversary Proceeding has been terminated, a Receiving Party must comply with

24   the provisions of section 41 below. Confidential information must be stored and maintained by the

25   Receiving Party at a location and in a secure manner that ensures access is limited to the persons

26   authorized under this Protective Order.  For the avoidance of doubt, filing unredacted Confidential

27   or Highly Confidential material on the publicly accessible docket shall be a *per se* violation of this

28   Protective Order unless the Court has denied a Party's request to file that material under seal.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

26.  Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record to whom disclosure is reasonably necessary for the Adversary Proceeding;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Adversary Proceeding and who have been advised of the existence of this Protective Order and its terms.

(c)  Experts, consultants, and their employees to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff, professional trial consultants, and professional vendors, to whom disclosure is reasonably necessary for this Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, actual or potential witnesses, and their attorneys, in the Adversary Proceeding to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(g)  the author of a Document containing the information or any person who had copy of the Document containing the information in its possession, custody, or control prior to the commencement of the Adversary Proceeding;

(h)  mediators and/or other third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, to whom disclosure is reasonably necessary for this Adversary

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

27.    Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record to whom disclosure is reasonably necessary for the Adversary Proceeding;

(b)    House Counsel of the Receiving Party to whom disclosure is reasonably necessary for the Adversary Proceeding and who have been advised of the existence of this Protective Order and its terms;

(c)    Experts, consultants, and their employees to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and professional vendors, to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, actual or potential witnesses, and their attorneys, in the Adversary Proceeding to whom disclosure is reasonably necessary for the Adversary Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(g)    the author of a Document containing the information or any person who had copy of the Document containing the information in its possession, custody, or control prior to the commencement of the Adversary Proceeding;

(h)    mediators and/or other third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, to whom disclosure is reasonably necessary for this Adversary

1    Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound"

2    (Exhibit A).

3    28.    Nothing in this Protective Order shall be construed to limit the use of any

4    Document(s) in the Adversary Proceeding provided that the Parties take reasonably necessary

5    advanced precautions to avoid the public disclosure of material designated as Confidential and

6    Highly Confidential. A Party that intends to present, or that anticipates that another Party may

7    present, such information at a hearing, shall bring that issue to the Court's and Parties' attention as

8    soon as practicable. The Court may thereafter make such orders as are necessary to govern the use

9    of such Documents at hearings.

10    **RULE 502(D) PROVISIONS**

11    29.    Pursuant to Federal Rule of Evidence 502(d), the disclosure or production to a

12    Receiving Party of any Documents, communications, or information shall not, for the purposes of

13    this proceeding or any other proceeding, constitute a waiver of the attorney-client privilege or

14    work-product protection, applicable to: (a) those Documents, communications, or information; or

15    (b) any other Documents, communications, or information with a related subject matter.

16    Permitting Inspection of communications and other Documents that may contain Privileged

17    Material does not constitute waiver of any privilege.

18    30.    This Protective Order shall be interpreted to provide the maximum protection

19    allowed by Federal Rule of Evidence 502(d).

20    31.    The Producing Party shall be permitted to request from any Receiving Party the

21    return or destruction of Documents, communications, or information produced under this

22    Protective Order on the basis that such Documents, communications, or information are Privileged

23    Material.  Prior to, or contemporaneously with, such a request, the Producing Party shall provide

24    the Receiving Party with a list that (i) reasonably identifies each Document, communication, or

25    information that the Producing Party believes contains Privileged Material; and (ii) provides, with

26    respect to each Document, communication, or information, a good-faith basis for the Producing

27    Party's assertion of privilege.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1       32.     If the Producing Party makes such a request to a Receiving Party for the return or

2  destruction of Privileged Material, the Receiving Party shall, within five business days, return or

3  destroy all copies of the Privileged Material, and provide to Counsel for the Producing Party a

4  certification of Counsel that all such information has been returned or destroyed.  Nothing in this

5  Protective Order shall change any obligation of a Producing Party to preserve Documents.

6       33.     Nothing in this Protective Order shall prevent the Receiving Party from challenging

7  the privilege or protection asserted by the Producing Party and moving for an order compelling

8  production of the Privileged Material.  Any such motion shall be filed under seal and shall not

9  assert as a ground for entering such an order the production of Privileged Material pursuant to this

10  Protective Order.

11       34.     A Producing Party may not rely on its own disclosure or production of privileged

12  or work product materials under this Protective Order as a basis to seek disqualification of a

13  Receiving Party or its Counsel.

14                     **MISCELLANEOUS PROVISIONS**

15       35.     If a Receiving Party is served with a subpoena or an order issued in any other

16  litigation that would compel disclosure of any material or document designated in this action as

17  Confidential Information, the Receiving Party must so notify the Designating Party, in writing,

18  immediately and in no event more than three days after receiving the subpoena or order.  Such

19  notification must include a copy of the subpoena or court order. The Receiving Party also must

20  immediately inform in writing the party who caused the subpoena or order to issue in the other

21  litigation that some or all of the material covered by the subpoena or order is the subject of this

22  Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order

23  promptly to the party in the other action that caused the subpoena to issue. The Designating Party

24  shall bear the burden and the expense of seeking protection in that court of its Confidential

25  Information, and nothing in these provisions should be construed as authorizing or encouraging a

26  Receiving Party in this action to disobey a lawful directive from another court.  The obligations

27  set forth in this paragraph remain in effect while the receiving party has in its possession, custody

28  or control Confidential Information received from the Producing Party.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

36.     The terms of this Protective Order are applicable to information produced by a Non-Party in the Adversary Proceeding and designated as Confidential or Highly Confidential as set forth above. Such information produced by Non-Parties in connection with the Adversary Proceeding is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

37.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A).

38.     Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

39.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

40.     In accordance with Local Bankruptcy Rule and The Central Guide Rule 5003-2(c), Confidential Information may only be filed under seal pursuant to a Court order authorizing the sealing of the Confidential Information at issue.  For the purposes of the Adversary Proceeding, the Court's entry of an order approving this Protective Order shall automatically authorize any Party to file under seal Confidential Information covered by this Protective Order without the need to first file a separate motion and obtain an order; *provided, however*, that any Party wishing to file Confidential Information under seal in the Adversary Proceeding must promptly (i) file a notice of intent to file under seal at the same time it files any Confidential Information that is covered by this Protective Order, and (ii) otherwise comply with Local Bankruptcy Rule and The Central

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1  Guide Rule 5003-2(c) (a "Motion to Seal"). If the Court approves the Motion to Seal then no

2  further action is required. If the Court does not approve the Motion to Seal or does so with

3  limitations then the moving party must refile the pleadings with the sealed Confidential

4  Information as required by the Court.

5       41.    After final disposition of the Adversary Proceeding, within 60 days of a written

6  request by the Designating Party, each Receiving Party must return all Confidential Information to

7  the Producing Party or destroy such material. As used in this subdivision, "all Confidential

8  Information" includes all copies, abstracts, compilations, summaries, and any other format

9  reproducing or capturing any of the Confidential Information.  Whether the Confidential

10  Information is returned or destroyed, the Receiving Party must submit a written certification to the

11  Producing Party (and, if not the same person or entity, the Designating Party) by the 60 day

12  deadline that (1) identifies (by category, where appropriate) all the Confidential Information that

13  was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

14  abstracts, compilations, summaries or any other format reproducing or capturing any of the

15  Confidential Information.  Notwithstanding this provision, Outside Counsel are entitled to retain

16  an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

17  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

18  and consultant and expert work product, even if such materials contain Confidential Information.

19  Any such archival copies that contain or constitute Confidential Information remain subject to this

20  Protective Order.  Notwithstanding the above, after final disposition of the Adversary Proceeding,

21  the confidentiality obligations imposed by this Protective Order shall remain in effect until a

22  Designating Party agrees otherwise in writing or a court order otherwise directs.

23       42.    The Parties shall act in good faith in complying with this Protective Order.

24       43.    This Protective Order shall survive the termination of this action.  This Court shall

25  retain jurisdiction over all persons subject to this Protective Order to interpret or enforce the

26  provisions of this Protective Order.

27       44.    This Protective Order is not intended to alter the terms of the Stipulated Protective

28  Order entered into by and among Hankey Capital LLC and Evirum Inc. d.b.a. Inferno Investment,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

Inc. in the Bankruptcy Case [Bankruptcy Case Docket No. 663] (the "September Protective Order"), and all rights and obligations with respect to the information provided pursuant to the September Protective Order remain in full force and effect.

Dated:  November 24, 2025              PACHULSKI STANG ZIEHL & JONES LLP

                                      By  _____
                                         Richard M. Pachulski
                                         Henry C. Kevane
                                         John W. Lucas
                                         Beth E. Levine

                                         *Attorneys for Yogi Securities Holdings, LLC*

Dated:  November 24, 2025              Wolf, Rifkin, Shapiro, Schulman & Rabkin

                                      By  _____
                                         Johnny White

                                         *Attorneys for Trousdale Estate LLC*

Dated:  November 24, 2025              Wolf, Rifkin, Shapiro, Schulman & Rabkin

                                      By  _____
                                         Johnny White

                                         *Attorneys for Joseph Englanoff*

Dated:  November __, 2025              GREENBERG TRAURIG, LLP

                                      By  _____
                                         Howard J. Steinberg
                                         Eric V. Rowen
                                         Matthew R. Gershman

                                         *Attorneys for Hankey Capital, LLC*

Dated:  November __, 2025              BRYAN CAVE LEIGHTON PAISNER LLP

1  Inc. in the Bankruptcy Case [Bankruptcy Case Docket No. 663] (the "September Protective

2  Order"), and all rights and obligations with respect to the information provided pursuant to the

3  September Protective Order remain in full force and effect.

4

   Dated:  November __, 2025              PACHULSKI STANG ZIEHL & JONES LLP

5

6                                         By  _____

7                                             Richard M. Pachulski
                                              Henry C. Kevane
8                                             John W. Lucas
                                              Beth E. Levine
9

10                                            *Attorneys for Yogi Securities Holdings, LLC*

11

   Dated:  November __, 2025              Wolf, Rifkin, Shapiro, Schulman & Rabkin
12

13

14                                        By  _____
                                              Johnny White
15
                                              *Attorneys for Trousdale Estate LLC*
16

   Dated:  November __, 2025              Wolf, Rifkin, Shapiro, Schulman & Rabkin
17

18                                        By  _____
                                              Johnny White
19

20                                            *Attorneys for Joseph Englanoff*

21  Dated:  November 20, 2025             GREENBERG TRAURIG, LLP

22

23                                        By  _____

24                                            Howard J. Steinberg
                                              Eric V. Rowen
25                                            Matthew R. Gershman

26                                            *Attorneys for Hankey Capital, LLC*

27

28  Dated:  November 24, 2025            BRYAN CAVE LEIGHTON PAISNER LLP

By _____
Sharon Z. Weiss

*Attorneys for Inferno Investment, Inc.*

Dated:  November __, 2025            STINSON LLP


By _____
Jeff Huron

*Attorneys for Inferno Investment, Inc.*

Dated:  November __, 2025            LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK LLP


By _____
David B. Golubchik
Joseph M. Rothberg

*Attorneys for Crestlloyd, LLC*


Dated:  November __, 2025            BG LAW


By _____
Steven T. Gubner

*Attorneys for Hilldun*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1

2
By _____

3
Sharon E. Weiss

4
*Attorneys for Inferno Investment, Inc.*

5

6
Dated:  November 20, 2025    STINSON LLP

7
Signed by:

By    *Jeff Huron*    11/20/2025
FBAFB4F9C8F84CC...

8
Jeff Huron

9
*Attorneys for Inferno Investment, Inc.*

10

11
Dated:  November __, 2025    LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK LLP

12

13
By _____

14
David B. Golubchik
Joseph M. Rothberg

15
*Attorneys for Crestlloyd, LLC*

16

17

18
Dated:  November __, 2025    BG LAW

19

20
By _____

21
Steven T. Gubner

22
*Attorneys for Hilldun*

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1

2          By _____
3               Sharon E. Weiss

4               *Attorneys for Inferno Investment, Inc.*

5

6    Dated:  November __, 2025        STINSON LLP

7

8          By _____
               Jeff Huron

9               *Attorneys for Inferno Investment, Inc.*

10

11   Dated:  November 20, 2025        LEVENE, NEALE, BENDER, YOO &
                                      GOLUBCHIK LLP
12

13         By _____
14               David B. Golubchik
                 Joseph M. Rothberg
15
                 *Attorneys for Crestlloyd, LLC*
16

17

18   Dated:  November __, 2025        BG LAW

19

20         By _____
               Steven T. Gubner
21
                 *Attorneys for Hilldun*
22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1

2          By _____

3              Sharon E. Weiss

4              *Attorneys for Inferno Investment, Inc.*

5

6    Dated:  November __, 2025          STINSON LLP

7

8          By _____

9              Jeff Huron

             *Attorneys for Inferno Investment, Inc.*

10

11   Dated:  November __, 2025          LEVENE, NEALE, BENDER, YOO &
                                        GOLUBCHIK LLP

12

13         By _____

14             David B. Golubchik
               Joseph M. Rothberg

15             *Attorneys for Crestlloyd, LLC*

16

17

18   Dated:  November 20, 2025          BG LAW LLP

19

20         By _____

             Steven T. Gubner

21             Jessica S. Wellington
               *Attorneys for Hilldun*

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States Bankruptcy Court for Central District on California on _____ in

adversary proceeding no. 2:22-ap-01125-DS.  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order. I further agree to submit to the jurisdiction of the United States Bankruptcy Court

for the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action. I

hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceeding related to

enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____