Richard M. Pachulski (CA Bar No. 90073)
Alan J. Kornfeld (CA Bar No. 130063)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
E-mail: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
jlucas@pszjlaw.com

*Attorneys for Yogi Securities Holdings, LLC*



**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11 |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL LLC, a California limited liability company, YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,<br><br>Defendants. | Adv. No. 2:22-ap-01125-DS<br><br>**NOTICE OF MOTION AND MOTION OF CROSS-DEFENDANT YOGI SECURITIES HOLDINGS, LLC TO EXTEND DEADLINES IN THE COURT'S JUNE 3, 2026, SCHEDULING ORDER AND DECLARATION OF HEATHER SILVER IN SUPPORT THEREOF**<br><br>Date: November 17, 2026<br>Time: 1:00 p.m.<br>Place: Courtroom 1639<br><br>255 E. Temple Street<br>Los Angeles, CA 90012 |
| AND RELATED CROSS-ACTIONS | |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Cross-Defendant Yogi Securities Holdings, LLC ("**<u>Yogi</u>**"), hereby moves (the "**<u>Motion</u>**") the Court for entry of order further extending the

deadlines in the Court's *Order Approving Stipulation to Extend Deadlines in the Court's February Scheduling Order* [Adv. Docket No. 450] as set forth in the Memorandum of Points and Authorities annexed hereto, and the declaration of Heather Silver (the "**Silver Declaration**") in support of the Motion.

**PLEASE TAKE FURTHER NOTICE** that, as further described below, the hearing on the Motion will be held on **November 17, 2026, at 1:00 p.m.**, or as soon thereafter as the matter may be heard (the "**Hearing**"), before the Honorable Deborah J. Saltzman, United States Bankruptcy Judge, in Courtroom 1639 of the above-captioned Court.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice, the Memorandum of Points and Authorities, and the Silver Declaration, each attached hereto, each filed contemporaneously herewith, the pleadings and other papers filed in this adversary proceeding and in the chapter 11 case to which it relates, and such further evidence and argument as may be presented at or prior to the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(f), objections and responses, if any, to the Motion shall be filed with the Court and served on Yogi's counsel at least fourteen (14) days prior to the hearing date.**

Dated: October 27, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By ______________________________
John W. Lucas
*Attorneys for Yogi Securities Holdings, LLC*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Cross-Defendant Yogi Securities Holdings, LLC ("**Yogi**"), in the above-captioned adversary proceeding ("**Adversary Proceeding**"), brings this motion ("**Motion**") for entry of an order further extending the deadlines in the Court's *Order Approving Stipulation to Extend Deadlines in the Court's February Scheduling Order by 105 days* (the "**June Scheduling Order**") [Adv. Docket No. 450]. Annexed hereto is the declaration of Heather J. Silver (the "**Silver Declaration**") filed in support of the Motion.

Prior to filing this Motion, Yogi confirmed that Hankey Capital, LLC ("**Hankey**"), Crestlloyd, LLC (the "**Debtor**"), Trousdale, LLC ("**Trousdale**"), and Joseph Englanoff ("**Englanoff**") each agree to the extension as set forth herein. Inferno Investment, Inc. ("**Inferno**"), however, did not consent, which is why Yogi is filing a motion as opposed to submitting a stipulation for the Court's consideration.

### A. The Scheduling Orders

On September 19, 2024, the Court entered a scheduling order [Adv. Docket No. 283] (the "**Original Scheduling Order**"), which, among other things, set certain discovery deadlines. The Original Scheduling order has been extended by stipulation on three separate occasions, the most recent being the June Scheduling Order on June 3, 2026.

The June Scheduling Order set forth the following deadlines:

| Event | Deadline |
|---|---|
| Close of Fact Discovery | December 7, 2026 (Monday) |
| Initial Expert Disclosures & Reports | December 30, 2026 (Wednesday) |
| Rebuttal Expert Disclosures & Reports | January 25, 2027 (Monday) |
| Close of Expert Discovery | March 25, 2027 (Thursday) |
| Deadline to File Dispositive Motions | April 15, 2027 (Thursday) |

**B. Current Status of the Adversary Proceeding**

The past six to ten months of this Adversary Proceeding has been punctuated with many starts and stops. For example, on January 8, 2026, Yogi filed a motion for partial summary judgment [Adv. Docket Nos. 372-376]. The foregoing summary judgment motion has been continued several times. Most recently, Yogi and Hankey continued the hearing on the partial summary judgment motion from its previously scheduled date of October 15, 2026 to May 6, 2027 [Adv. Docket No. 460].

On April 28, 2026, the parties participated in a mediation conducted by the Hon. Lee Bogdanoff (ret). While that mediation did not result in a settlement, the parties have attempted to engage in further settlement discussions that have not yet resulted in partial or complete resolutions of the claims in this Adversary Proceeding.

Prior to and after the mediation, the parties in this Adversary Proceeding have propounded discovery against other the other parties, and also against numerous third parties, which has not always resulted in fulsome or complete productions from the parties. For example, as set forth in greater detail in the Silver Declaration (Paras. 3 and 9), the Debtor did not produce source documents with respect to the loans for the Airole Property and those related to non-Debtor affiliates that involved numerous other high-end developments that at times were cross-collateralized. This has required certain parties to subpoena bank records for the purpose of reviewing and reconstructing transactions involving dozens of bank accounts to determine sources and uses of cash proceeds.

Hankey has served numerous sets of discovery requests on Inferno, Yogi, and Trousdale. In turn, Inferno and Yogi have served numerous sets of discovery requests on Hankey. *See* Silver Declaration (Para. 13). Yogi and Hankey have served one set of discovery on the Debtor. *See* Silver Declaration (Para. 13). Yogi has served numerous sets of discovery requests on Inferno, and Inferno has served numerous sets of discovery requests on Yogi. *See* Silver Declaration (Para. 13). In addition, Hankey issued more than 45 subpoenas to third parties including contractors and sub-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

contractors on the Property, and Yogi also issued nearly forty subpoenas. Hankey and Yogi continue to receive documents and responses related to their third-party discovery. *See* Silver Declaration (Para. 10).

In response to these discovery requests, the parties have objected to the requests for various reasons. In some instances, the parties have resolved certain objections through meeting and conferring, granting extensions, narrowing the request, and by making further productions. While the parties have attempted to narrow or eliminate the disputes entirely, the pending discovery disputes are not completely resolved. In addition, certain of the parties recently propounded new discovery for which the deadline(s) to respond has not yet expired. *See* Silver Declaration (Para. 11). Plus, it is likely that each of the parties expect to propound further discovery. *See* Silver Declaration (Paras. 11 and 12). At the end of the day, there are a host of outstanding discovery disputes between the parties in this Adversary Proceeding that require more time to resolve. Absent consensual resolution, each party will need to bring the disputed discovery to the Court's attention for resolution.

Yogi is actively engaged in trying to resolve the discovery disputes directed at Yogi. For example, engaged a discovery vendor that imaged Yogi's electronic devices. Yogi also developed a set of search terms that it is using to identify potentially relevant, non-privileged documents, and sent the search terms to both Hankey and Inferno for their input. Yogi is currently reviewing the imaged information and upon completion will prepare a supplemental production to all the parties in this Adversary Proceeding. In addition to the supplemental production, Yogi is also amending its interrogatory responses to Inferno.

Yogi has various unresolved discovery disputes with Inferno arising from Inferno's responses to Yogi's document requests, interrogatories, and requests for admissions. For example, Inferno objected to Yogi's discovery requests as: (a) "burdensome, oppressive, overbroad, duplicative, and designed solely to harass.", (b) "vague, ambiguous and/or unintelligible.", and (c) privileged, "confidential" or "proprietary." Further, Inferno denied numerous requests for

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

admissions, which included unqualified representations made by Inferno's counsel on the record before the Court during the sale hearing.

Inferno's various discovery objections are troubling for many reasons. For example, Inferno refuses to amend its general objections or confirm whether and to what extent it is withholding the production of discoverable information on the basis of its general/boilerplate objections. Assuming that any of Yogi's requests were "vague" or "ambiguous," Inferno has an obligation to show such vagueness or ambiguity, and Inferno has failed to do such. Similarly, boilerplate objections based on the requests being "overly burdensome" or "harassing" require the objecting party to respond to the extent not objectionable, which, again, Inferno has failed to do. Further, Inferno objects to the production of certain information on the basis of it being "confidential and proprietary" in the face of a protective order [Adv. Docket No. 367] that the parties negotiated for the specific purpose of disclosing confidential information. Inferno will not confirm whether any documents are being withheld on this basis and why the protective order does not address the objection. Also, Inferno's document productions recycle the same production of documents that it produced in its initial disclosures pursuant to Rule 26 (*i.e.*, no new documents). Inferno's productions do not contain "electronically stored information." Last, Inferno has refused to produce a privilege log in response to any documents that are being withheld on the basis of privilege.

As set forth in the Silver Declaration, Hankey also diligently pursued discovery from Inferno. On August 31, 2026, Hankey sent a meet and confer letter to Inferno regarding Inferno's responses to Hankey's Second, Third, Fourth, and Fifth Sets of Requests for Production, First Set of Requests for Admissions, and First and Second Sets of Interrogatories. *See* Silver Declaration (Para. 15). Attached as Exhibits 1, 2, and 3 to the Silver Declaration are copies of the letters between Hankey and Inferno regarding their outstanding discovery disputes.

As set forth in the Silver Declaration (Para. 18), the disputes are material and relate to the completeness of the parties' document collections, privilege logs, and substantive responses to requests for admission and interrogatories. The parties will endeavor to resolve these disputes

without Court intervention but completing the meet-and-confer process and, if necessary, presenting the disputes to the Court cannot reasonably be accomplished in sufficient time to permit completion of the resulting productions and depositions before the December 7, 2026, fact-discovery cutoff.

## II.

## RELIEF REQUESTED

By this Motion, Yogi, along with the consent of Hankey, the Debtor, Trousdale, and Englanoff, seek entry of an order extending all deadlines in the June Scheduling Order as follows:

| **Event** | **Deadline** |
|---|---|
| Close of Fact Discovery | March 31, 2027 (Wednesday) |
| Initial Expert Disclosures & Reports | April 23, 2027 (Friday) |
| Rebuttal Expert Disclosures & Reports | May 19, 2027 (Wednesday) |
| Close of Expert Discovery | July 7, 2027 (Wednesday) |
| Deadline to File Dispositive Motions | July 28, 2027 (Wednesday) |

## III.

## ARGUMENT

As set forth herein and the Silver Declaration, Yogi believes that there is cause to extend the deadlines set forth in the June Scheduling Order because, as noted above, there are several pending discovery disputes, the parties expect to propound additional discovery, and there has only been one deposition taken during the life of this Adversary Proceeding. While Inferno does not consent to the extension of the deadlines in the June Scheduling Order, Yogi believes that the extension will ultimately benefit all the parties, including Inferno, because it will enable the parties the time necessary to attempt to resolve their pending discovery disputes without having to resort to the Court.

As noted above, there has only been one deposition taken in this Adversary Proceeding. Once the discovery disputes are resolved, or adjudicated by the Court, Yogi expects that there will

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

be numerous depositions (that have yet to be scheduled), which will require more time before the current discovery cutoff expires on December 7, 2026.

Yogi and the other parties supporting this Motion will attempt to resolve these discovery disputes consensually. However, if the parties are not able to reach resolutions with respect to their respective discovery disputes, they will be required to seek relief from the Court. As noted above, all the parties in this Adversary Proceeding (other than Inferno) support the extension. However, Inferno should not be able to use the upcoming deadlines set forth in the June Scheduling Order as a means to evade the discovery responses that it must provide either consensually or with the assistance of the Court.

## IV.

## CONCLUSION

For the reasons set forth herein, Yogi respectfully requests that the Court enter an order granting the Motion extending all deadlines in the June Scheduling Order as follows:

| **Event** | **Deadline** |
|---|---|
| Close of Fact Discovery | March 31, 2027 (Wednesday) |
| Initial Expert Disclosures & Reports | April 23, 2027 (Friday) |
| Rebuttal Expert Disclosures & Reports | May 19, 2027 (Wednesday) |
| Close of Expert Discovery | July 7, 2027 (Wednesday) |
| Deadline to File Dispositive Motions | July 28, 2027 (Wednesday) |

Dated: October __, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By ______________________________
John W. Lucas
*Attorneys for Yogi Securities Holdings, LLC*